UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DARRYL T. COGGINS,

              Plaintiff,

      - against -

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
JAMES VARA, in his individual and official
capacity, and POLICE OFFICER CRAIG
BUONORA, in his individual and official
capacity, and JOHN DOES "1-10", in their
individual and official capacity,

              Defendants.
-------------------------------------------------------------X

**07-CV-3624**
**(JFB)(AKT)**

## MEMORANDUM OF LAW

Laurence Jeffrey Weingard (LW2618)
John A. McGrath (JM8942)
*The Law Offices of*
*Laurence Jeffrey Weingard*
**Attorneys for Defendant**
**Police Offficer Craig Buonora**
250 West 57th Street, Suite 401
New York, New York 10107
(212) 974-5200

# TABLE OF CONTENTS

Table of Authorities                                                              ii

Preliminary Statement                                                             2

Statement of Facts                                                                2

Argument                                                                          6

    I.       Buonora is Absolutely Immune from Liability      6
              Under 42 U.S.C. §§ 1981 and 1983 for His
              Perjured Testimony Before the Grand Jury

    II.      Plaintiff's Counts Predicated on State Intentional   10
              Torts are Untimely and Should be Dismissed

    III.     Plaintiff's Claim of Negligence as Against          14
              Craig Buonora Must be Dismissed as a
              Matter of Law

    IV.     Plaintiff has Failed to Plead with Specificity       15

    V.      The Court May Properly Grant Officer Buonora's       16
              Rule 56 Motion Prior to Discovery

Conclusion                                                                        20

# TABLE OF AUTHORITIES

**Federal Statutes**

42 United States Code Section 1981   2,6,9,11,14, 19, 20

42 United States Code Section 1983   2,6,7,8,9,10,11,14,16,19,20


**Federal Rules**

Federal Rule of Civil Procedure 9   2,16

Federal Rule of Civil Procedure 12(b)(6)   2,16

Federal Rule of Civil Procedure 56   2,16,17,18,19


**United States Supreme Court Cases**

*Briscoe v. LaHue*, 460 U.S. 325 (1983)   7,8,9,10,15,19

*Butz v. Economou*, 438 U.S. 478 (1978)   7

*Imbler v. Pachtman*, 424 U.S. 409 (1976)   8

*Malley v. Briggs*, 475 U.S. 335 (1986)   8,9,10,15,19

*Pierson v. Ray*, 386 U.S. 547 (1967)   8


**Other Federal Cases**

*Brill v. Lante Corp.*, 119 F.3d 1266, 1275 (7th Cir. 1997)   18

*Browning v. Clinton*, 292 F.3d 235 (D.C. Circuit 2002)   16

*Contemporary Mission v. New York Times*,
  665 F.Supp. 248, 269 (S.D.N.Y. 1987)   18

*Contemporary Mission, Inc. v. U.S. Postal Service,*
    648 F.2d 97(2nd Cir. 1981)                                    18

*Daloia v. Rose,* 849 F.2d 74 (2nd Cir. 1988)                      9

*Dunning v. Quander,* 508 F.3d 8 (D.C. Circuit 2007)              18

*Exxon Corp. v. FTC,* 663 F.2d 120 (D.C. Circuit 1980)           18

*Federal Republic of Germany v. Eliconfon,*
536 F.Supp. 813 (E.D.N.Y. 1978),
*aff'd sub nom, Kuntsammlungen Zu Weimar v. Eliconfon,*
678 F.2d 1150 (2nd Cir. 1982)                                     18

*Fennell v. First Step Designs, Ltd.,* 83 F.3d 526 (1st Cir. 1996)   17

*Greiner v. County of Greene,* 811 F.Supp 796 (N.D.N.Y. 1993)    12

*Heingling v. Colapinto,* 946 F.Supp. 260 (S.D.N.Y. 1996)        11

*Hellstrom, M.D. v. U.S. Dept. of Veteran Affairs,*
    201 F.3d 94 (2nd Cir. 2000)                                   19

*Holt v. Castandeda,* 832 F.2d 123 (9th Cir. 1987),
    *cert. denied,* 108 S.Ct. 1275 (1988)                          9

*Jastrzebski v. City of New York,* 423 F.Supp. 669 (S.D.N.Y. 1976)  12

*Jones v. Coughlin,* 45 F.3d 677 (2nd Cir. 1995)                  19

*Kincaid v. Eberle,* 712 F.2d 1023 (7th Cir. 1983)(*per curiam*),
    *cert. denied* 464 U.S. 1018 (1983)                            9

*Lettis v. U.S. Postal Service,* 39 F.Supp.2d 181 (E.D.N.Y. 1998)  12

*Macko v. Byron,* 760 F.2d 95 (6th Cir. 1985)(*per curiam*)        9

*Manliguez v. Joseph* 226 F.Supp2d 377 (E.D.N.Y. 2002)           12

*Meiselman v. Richardson,* 743 F.Supp. 143 (E.D.N.Y. 1990)       11

*Mejia v. City of New York,* 228 F.Supp.2d 234 (E.D.N.Y. 2002)   11,12

*Meloff v. New York Life Ins. Co.*, 51 F.3d 372 (2nd Cir. 1995)    19

*Pentagen Technologies Intern. Ltd. v. U.S.*,
    172 F.Supp.2d 464 (S.D.N.Y. 2001)    11

*Resolution Trust v. North Bridge Assoc.*,
    22 F.3d 1198 (1st Cir. 1994)    17

*San Filippo v. U.S. Trust Co.*, 737 F.2d 246 (2nd Cir. 1984)    9

*Strang v. U.S. Arms Control & Disarmament Agency*,
    864 F.2d 859 (D.C. Cir. 1989)    18

*Sutera v. Schering Corp.*, 73 F.3d 13 (2nd Cir. 1995)    19

*Travelers Insurance Company v. Broadway West Street Associates*,
    164 F.R.D. 154 (S.D.N.Y. 1995)    18

*White v. Frank*, 855 F.2d 957 (2nd Cir. 1988)    9,10,15,19

*Williams v. Hepting*, 844 F.2d 138 (3rd Cir. 1988)    9

**New York State Statutes**

Civil Practice Law and Rules Section 215(3)    11,12

General Municipal Law Section 50    13

**New York State Cases**

*Beninati v. Nicotra*, 239 A.D.2d 242 (1st Dept. 1997)    11

*Bosone v. County of Suffolk*, 274 A.D.2d 532 (2nd Dept. 2000)    13

*Drug Research Corporation v. Curtis Publishing Co.*,
    7 N.Y.2d 435 (1960)    16

*Havell v. Islam*, 292 A.D.2d 210 (1st Dept. 2002)    13,14

*Wright v. City of Newburgh*, 259 A.D.2d 485 (2nd Dept. 1999)    13

## PRELIMINARY STATEMENT

This lawsuit is an attempt by Darryl T. Coggins to gain financially from his alleged criminal behavior due to the fact that the criminal proceedings against him were dismissed when it was discovered that Police Officer Craig Buonora had testified falsely as to who had discovered a handgun found at the location where Coggins had fled police during the course of a field sobriety test. The complaint is predicated on allegations of civil rights violations, conspiracy and New York State intentional torts.

As explained below, the Complaint should be dismissed in its entirety as to Officer Craig Buonora at the pleading stage pursuant to Federal Rule of Civil Procedure 12(b)(6), Federal Rule of Civil Procedure 56 and Federal Rule of Civil Procedure 9. Even accepting Coggins' applications as true for purposes of this motion, based solely on the complaint and the documentary evidence submitted with this motion (ie. the official police reports, Nassau County Court documents and the transcript of the grand jury testimony), each of Coggins' claims suffers from fundamental and independent legal defects. Dismissal of Coggins' claims under 42 U.S.C. §§ 1981, 1983 prior to discovery is appropriate because Coggins will not be able to establish any discoverable issue which would alter the facts as presented in the documentary evidence submitted herewith. Accordingly, Police Officer Craig Buonora respectfully requests that the Court grant this motion.

## STATEMENT OF FACTS

Plaintiff Darryl T. Coggins ("Coggins"), the driver of a vehicle containing himself and two passengers, was pulled over by Nassau County Police Officer James Vara ("Vara") at

approximately 4:30 AM on the morning of October 9, 2004 at the intersection of Jericho Turnpike and Holland Avenue in Floral Park, Nassau County, New York. (Exhibit "A" to Weingard Affidavit, Arrest Report, p.3). Vara radioed for assistance and Nassau County Police Officer Craig Buonora ("Buonora") arrived on the scene at approximately 4:40 AM. An unidentified Floral Park Police Department Officer was also present when Buonora arrived. (Buonora Affidavit, paras. 4, 5).

Coggins, as he was being given a field sobriety test, fled the scene on foot, leaving behind his photo New York State Driver's License. (Exhibit "A" to Weingard Affidavit, Arrest Report, p.3). Vara and Buonora gave chase. Buonora shortly returned to the scene of the vehicle stop where the Floral Park Officer had remained with the two other occupants of the vehicle. A loaded .380 caliber magazine was found next to the Coggins' vehicle's front passenger door. (Buonora Affidavit, para. 4). Vara was unable to catch Coggins, who escaped after jumping over a fence in a nearby driveway. (Exhibit "A" to Weingard Affidavit, Arrest Report, p.3). After a time, the Floral Park Officer and Vara (who had ceased his foot pursuit as well and returned to the vehicle) left the stopped vehicle and Buonora remained with the two passengers. At approximately 5:00 AM, a Floral Park Officer informed everyone that he had located a loaded, defaced 9mm High-Point pistol near the fence Coggins had jumped over to escape the scene. (Buonora Affidavit, para. 5). Both canine and ESU units were called to the location. (Exhibit "A" to Weingard Affidavit, Arrest Report, p.3) Buonora was ordered to sign off duty at approximately 7:40 AM, just after the end of his regularly scheduled tour and he left the scene. (Buonora Affidavit, para. 6).

At approximately 4:00 PM on October 9, 2004, Coggins appeared at the 3rd Precinct in Nassau County and surrendered himself with counsel present. (Exhibit "A" to Weingard Affidavit, Arrest Report, pp. 1-4). Nassau County Detective Alexander Barnych ("Barnych") effectuated the arrest of Coggins at that time. The arrest report indicates that Barnych interviewed Vara and the remaining passengers during the course of his investigation. (Exhibit "A" to Weingard Affidavit, Arrest Report, pp. 1-4). Two felony complaints were filed against Coggins by Barnych and Sergeant Mitchell Tepperman charging him with violating New York State Penal Law Sections 265.02(3) (Criminal Possession of a Weapon in the Third Degree) and 265.02(4) (Criminal Possession of a Weapon in the Third Degree). (Exhibits "C,D" to Weingard Affidavit, Felony Complaints).

Coggins was subsequently arraigned on the felony complaints, pleading not guilty. After several adjournments, the matter was presented to a Grand Jury in March 2005 by Assistant District Attorney Mindy Plotkin. (Exhibit "G" to Weingard Affidavit, partial transcript of Grand Jury proceedings in *People of the State of New York v. Darryl T. Coggins*; Coggins Complaint, para. 23). Officers Vara and Buonora, along with others, testified before the Grand Jury. Buonora testified, falsely, in the Grand Jury that he had located the loaded, defaced 9mm Hi-Point pistol and secured it until he was relieved by a Floral Park Officer. (Buonora Affidavit, para. 11). Upon information and belief, Vara also testified falsely during the course of his testimony before the Grand Jury, but was subsequently granted transactional immunity when he testified against Officer Buonora. (Weingard Affidavit, para. 5). In fact, upon information and belief, Officer Vara sought a departmental commendation for his claim that he had located the

-4-

defaced, loaded 9mm Hi-Point pistol (a commendation that Officer Buonora did not seek). The Grand Jury returned a true bill and Coggins was indicted under Indictment Number 663N-2005 for two counts of Criminal Possession of a Weapon in the Third Degree and one count of Resisting Arrest. (Coggins Complaint, para. 22).

The criminal case against Coggins was dismissed on motion of the Nassau County District Attorney during the course of evidentiary hearings when the false testimony of Buonora came to light. (Coggins Complaint, para. 27). Buonora never testified at the evidentiary hearings. (Buonora Affidavit, para. 13).

On September 8, 2005 Buonora was indicted by a Nassau County Grand Jury on one count of violating New York State Penal Law Section 210.15 (Perjury in the First Degree). (Exhibit "I" to Weingard Affidavit, *People of the State of New York v. Craig T. Buonora*, Indictment Number 1957N-05). As indicated, upon information and belief, Vara made a deal with the Nassau County District Attorney's Office and, after it had been agreed that he would be granted transactional immunity, testified before the Grand Jury considering charges against Buonora. (Weingard Affidavit, para. 5).

Buonora subsequently pleaded guilty, pursuant to a plea agreement with the Nassau County District Attorney's Office, to one count of Perjury in the Third Degree, a class "A" misdemeanor and received a one thousand dollar ($1,000.00) fine, a court surcharge in the amount of one hundred-forty dollars ($140.00), a crime victim's assistance fee in the amount of

twenty dollars ($20.00) and a conditional discharge. (Exhibit "J" to Weingard Affidavit, certified copy of criminal disposition of Craig T. Buonora). He was granted a Certificate of Relief from Civil Disabilities at the time of his sentencing. (Exhibit "K" to Weingard Affidavit). Following disciplinary proceedings which resulted in substantial fines and disciplinary probation, all of which Buonora complied with and successfully completed, he remains employed as a Nassau County Police Officer, currently assigned to desk duty. (Weingard Affidavit, para. 4; Buonora Affidavit, para. 3).

## ARGUMENT

### I. BUONORA IS ABSOLUTELY IMMUNE FROM LIABLITY UNDER 42 U.S.C. §§ 1981 and 1983 FOR HIS PERJURED TESTIMONY BEFORE THE GRAND JURY

There is no provision of 42 U.S.C. §§ 1981, 1983 that specifically address whether police officers can be held liable in a civil forum for the testimony they give during the course of a criminal proceeding that is the basis for the suit under this federal statute. Accordingly, one must look to the common law to determine whether a police officer is immune from liability under such suits.

It is well settled in common law that a witness in a criminal proceeding can not be held civilly liable for the testimony the witness gives during the course of the proceeding. This concept is based firmly upon English common law and the belief that,

> [C]ontroversies sufficiently intense to erupt in litigation are not easily capped by a judicial decree. The loser in one forum will frequently seek another . . . . Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation.

-6-

*Butz v. Economou*, 438 U.S. 478, 512 (1978); *cf. King v. Skinner*, Lofft 54, 56, 98 Eng. Rep. 529 (K.B. 1772).

Justice Stevens, in writing the opinion of the Court in the seminal case of *Briscoe v. LaHue*, 460 U.S. 325 (1983), specifically noted that at common law all persons who were integral parts of the judicial process were "provided absolute immunity from subsequent damages liability." *Id.* at 335. The *Briscoe* decision dealt specifically with the question of whether a police officer who testified falsely at trial could be held liable for damages under 42 U.S.C. § 1983.

> When a police officer appears as a witness, he may reasonably be viewed as acting like any other witness sworn to tell the truth – in which event he can make a strong claim to witness immunity; alternatively, he may be regarded as an official performing a critical role in the judicial process, in which event he may seek the benefit afforded to other governmental participants in the same proceeding. Nothing in the language of the statute suggests that such a witness belongs in a narrow, special category lacking protection against damages suits.

*Id.* at 335.

Justice Stevens went on to analyze whether anything within the legislative history of 42 U.S.C. § 1983 would lead the Court to carve out such a narrow special category for police officers. His learned analysis was in the negative. "The debates of the 42nd Congress do not support petitioners' contention that Congress intended to provide a §1 damages remedy against police officers or any other witnesses." *Id.* at 341.

Finally, the plaintiff in *Briscoe* argued that the Supreme Court should not grant absolute immunity to a police officer who commits perjury. (There was an allegation of perjury in the underlying *Briscoe* action. For purposes of the motion upon which the Court granted *certiorari*, in considering the facts of the case, the Court assumed that the officer in question had perjured

himself while offering trial testimony). The Court rejected the argument and refused to create

such a narrow exception. "A police officer on the witness stand performs the same functions as

any other witness; he is subject to compulsory process, takes an oath, responds to questions . . .

and may be prosecuted subsequently for perjury." *Id.* at 342. The Court recognized that,

"[s]ubjecting . . . police officers to damages liability under § 1983 for their testimony might

undermine not only their contribution to the judicial process but also the effective performance of

their other public duties." *Id.* at 343.

The fact that the testifying officer in *Briscoe*, who was presumed to have lied on the

stand, was irrelevant to the Court's holding.

> The principles set forth in *Pierson v. Ray*, 386 U.S. 547 (1967) to protect judges
> and in *Imbler v. Pachtman*, 424 U.S. 409 (1976) to protect prosecutors also apply
> to witnesses, who perform a somewhat different function in the trial process but
> whose participation in bringing the litigation to a just — *or possibly unjust* —
> conclusion is equally indispensable [emphasis added].

*Id.* at 345.

Three years after *Briscoe*, the Supreme Court made a distinction between an officer who

initiates criminal proceedings and one who merely testifies at a judicial proceeding. A police

officer may be held liable under 42 U.S.C. § 1983 when the officer has acted as a "complaining

witness." *Malley v. Briggs*, 475 U.S. 335 (1986). The relevant question before the Court in

*Malley* was whether an officer who had prepared a complaint and supporting affidavit leading to

an unconstitutional arrest was absolutely immune from civil liability. Once again, the Court

looked to the common law to determine whether an officer had absolute immunity from civil

liability. The Court held that as it had been at common law, an officer who initiated a criminal

proceeding was subject to qualified immunity and could be liable civilly. *Id.* at 342.

The absence of immunity for being a complaining witness "is in marked contrast to the availability of immunity where liability is asserted solely because of an officer's role in testifying at a judicial proceeding." *White v. Frank*, 855 F.2d 957, 961 (2nd Cir. 1988). The Second Circuit has afforded the "*Briscoe*" grant of absolute immunity for testimony to pretrial suppression hearings, *Daloia v. Rose*, 849 F.2d 74 (2nd Cir. 1988), and indicated that immunity would be available to grand jury witnesses, *San Filippo v. U.S. Trust Co.*, 737 F.2d 246 (2nd Cir. 1984). Other Circuits have similarly held that the *Briscoe* grant of absolute immunity is available to officials who testify falsely at various types of pretrial proceedings. See, *Williams v. Hepting*, 844 F.2d 138 (3rd Cir. 1988)(adversarial pre-trial proceeding); *Holt v. Castandeda*, 832 F.2d 123 (9th Cir. 1987), *cert. denied*, 108 S.Ct. 1275 (1988)(adversarial pre-trial proceeding); *Macko v. Byron*, 760 F.2d 95 (6th Cir. 1985)(*per curiam*)(grand jury); *Kincaid v. Eberle*, 712 F.2d 1023 (7th Cir. 1983)(*per curiam*), *cert. denied* 464 U.S. 1018 (1983)(grand jury).

In the instant case Police Officer's Buonora's sole role in the prosecution of Coggins was Buonora's testimony before the grand jury and as such he is entitled to absolute immunity from civil liability under 42 U.S. §§ 1981,1983. *Briscoe v. LaHue*, 460 U.S. 325 (1983). Buonora was not the officer who initially pulled over Coggins (Vara); he was not the arresting officer (Barnych); he was not interviewed by the arresting officer (Vara by Barnych); he did not sign the felony complaints (Barnych and Tepperman); nor was he in any way involved in an abuse of process or malicious prosecution of Coggins. (Exhibit "A" to Weingard Affidavit, Arrest Report, pp. 1-4). See, *Malley v. Briggs*, 475 U.S. 335 at (1986); *White v. Frank*, 855 F.2d 957 (2nd Cir. 1988). Buonora responded to the scene of the car stop as an assisting officer. Approximately three hours later he was sent off duty. The next time he took part in the case was when he was

ordered to testify in the grand jury. (Buonora Affidavit, paras. 4, 6-10). There is none and there can be no basis to determine that Buonora is a "complaining witness" and not entitled to absolute immunity. *Malley v. Briggs*, 475 U.S. 335 (1986); *White v. Frank*, 855 F.2d 957 (2nd Cir. 1988).

The fact that Buonora's testimony before the grand jury was false does not deny him absolute immunity from civil liability. As the *Briscoe* Court noted, a police officer is like any other witness who takes the stand and offers an oath and then lies. *Briscoe v. LaHue*, 460 U.S. 342. The officer should not be subject to civil liability because the officer is subject to prosecution for perjury. In this matter, the Court's holding in *Briscoe* is both prophetic as well as precedential: Police Officer Craig Buonora testified falsely before the grand jury and was prosecuted for perjury. Accordingly, given the fact that Officer Buonora is absolutely immune from civil liability, the complaint against him must be dismissed in its entirety.

## II. PLAINTIFF'S COUNTS PREDICATED ON STATE INTENTIONAL TORTS ARE UNTIMELY AND SHOULD BE DISMISSED

In the unlikely event that this Court concludes that Officer Buonora's claim to absolute immunity is inapplicable here, we turn next to other relevant issues regarding the complaint.

First, plaintiff alleges in his complaint four counts predicated on causes of action which are intentional torts:

| | | |
|---|---|---|
| Count Four | - | Fraudulent Misrepresentation |
| Count Five | - | Abuse of Process and Malicious Prosecution |
| Count Six | - | False Arrest/False Imprisonment |
| Count Eight | - | State Law Intentional Infliction of Emotional Distress |

Assuming, for purposes of the motion, that all of plaintiff's claims are true, the statute of limitations for each of these causes of action ran long before plaintiff filed his action. Plaintiff was arrested on October 9, 2004 and the criminal charges against him were dismissed fifteen months later ("Fifteen months later, in the face of clear perjury and manufactured evidence, the charges filed against Plaintiff were dismissed on motion of the District Attorney" (Coggins' Complaint, para. 27). Plaintiff initiated this suit on August 28, 2007. While his claims predicated on 42 U.S.C. §§ 1981, 1983 and state law negligence are within the three year statute of limitations, his causes of action predicated on state law intentional torts are untimely and should be dismissed. *See*, *Meiselman v. Richardson*, 743 F.Supp. 143 (E.D.N.Y. 1990) (holding that New York State's three year general negligence statute of limitations is applicable to federal actions brought under 42 U.S.C. § 1983.

Plaintiff's allegations contained in Count Five of his complaint sound in abuse of process and malicious prosecution. The New York State Civil Practice Law and Rules provides a one year time period in which to bring such allegations. *See*, CPLR § 215(3). *See also, Pentagen Technologies Intern. Ltd. v. U.S.*, 172 F.Supp.2d 464 (S.D.N.Y. 2001)(statute of limitations for New York State abuse of process claim is one year); *Heingling v. Colapinto,* 946 F.Supp. 260 (S.D.N.Y. 1996) (statute begins running at time criminal complaint is filed); *Beninati v. Nicotra*, 239 A.D.2d 242 (1st Dept. 1997)(abuse of process claim begins to run, at latest when criminal prosecution is terminated); *Mejia v. City of New York*, 228 F.Supp.2d 234 (E.D.N.Y. 2002) (cause of action for malicious prosecution accrues on the date that the criminal proceeding is terminated in favor of the plaintiff). Accordingly, taking the facts in the best light available to plaintiff, the statute for his claims that he was subject to abuse of process and malicious

prosecution began to run in January 2006, more than one year prior to August 28, 2007.

Likewise, plaintiff's allegations of false arrest/false imprisonment contained within Count Six of his complaint are time barred as they were brought after the one year statute had run. *See*, CPLR § 215(3). *See also, Mejia v. City of New York*, 228 F.Supp.2d 234 (E.D.N.Y. 2002) (cause of action for false arrest begins to run on date plaintiff was released on bail); *Greiner v. County of Greene*, 811 F.Supp 796 (N.D.N.Y. 1993) (plaintiff's causes of action for false arrest and malicious prosecution are subject to one year statute of limitations, not three year statute of limitations for federal civil rights actions); *Jastrzebski v. City of New York*, 423 F.Supp. 669 (S.D.N.Y. 1976) (the section of the CPLR providing for a one year statute of limitations to claims of false imprisonment and malicious prosecution also apply to claims of false arrest). Once again, taking plaintiff's allegations as true for purposes of the motion, the one year statute of limitations for plaintiff's claims in Count Six began to run in January 2006, clearly more than a year prior to the date plaintiff initiated this action, August 28, 2007.

The Plaintiff's allegations contained within Count Eight of his complaint allege that the defendants intentionally inflicted emotional distress. The time period for bringing such an action is one year. *See*, CPLR § 215(3). *See also, Manliguez v. Joseph* 226 F.Supp2d 377 (E.D.N.Y. 2002) (statute begins to run one year from date of last act complained of); *Lettis v. U.S. Postal Service*, 39 F.Supp.2d 181 (E.D.N.Y. 1998) (New York's one year statute of limitations applies to claims of intentional infliction of emotional distress). Plaintiff cannot argue that the defendants, especially Police Officer Craig Buonora, took any actions that intentionally inflicted emotional distress subsequent to the date on which criminal proceedings against the plaintiff were terminated. Given that plaintiff failed to file his action until August 28, 2007, more than

one year after January 2006, plaintiff's claims in Count Eight are time barred.

Plaintiff has titled his allegations in Count Four, "State Law Fraudulent Misrepresentation." While he alleges that in some manner, without specifically alleging facts in support thereof, that defendants Vara and Buonora were negligent or reckless in giving false testimony before the Grand Jury, the pleading sounds as an intentional tort. Specifically, the gravamen of the allegation is "[t]hat the false representations, false arrest, false imprisonment and violations of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a *clear and intentional abuse of process* causing Plaintiff damages. [emphasis added]" (Plaintiff's Complaint, Count Four, paragraph 69). Accordingly, the application of New York's intentional tort statute of limitations is applicable to the allegations contained within this count. *Havell v. Islam*, 292 A.D.2d 210 (1st Dept. 2002).

For the reasons set forth above, to the extent this allegation is a second pleading of an "abuse of process", such allegations are time barred. In the event that the claim is for damages for an unspecified intentional tort, New York's one year statute of limitations is still applicable. *See, Id.*

In the event that the Court applies the one year, ninety day statute of limitations found in New York State General Municipal Law § 50 to the claims against Mr. Buonora, the statute of limitations on such claims has also run its course. See, *Bosone v. County of Suffolk*, 274 A.D.2d 532 (2nd Dept. 2000); *Wright v. City of Newburgh*, 259 A.D.2d 485 (2nd Dept. 1999). Taking the allegations in plaintiff's complaint in the light most favorable to plaintiff, the one year, ninety day time period began running in January 2006, more than one year and ninety days prior to the

plaintiff's date of filing, August 28, 2007. Accordingly, even under this longer statute of limitations, plaintiff's allegations contained within Counts Four, Five, Six and Eight of plaintiff's complaint are time barred.

### III. PLAINTIFF'S CLAIM OF NEGLIGENCE AS AGAINST CRAIG BUONORA MUST BE DISMISSED AS A MATTER OF LAW

Coggins' complaint, in Count Seven, alleges that Police Officer Craig Buonora is liable for damages to plaintiff under a New York State theory of negligence. Coggins states, that

> [t]he defendants VARA and BUONORO [sic] had a duty under 42 U.S.C. 1981 and 1983, as well as under the Fourth, Fifth, Sixth and Fourteenth Amendments, and under New York State Law and their own rules and regulations, to prevent and cease the wrongful detainment, false arrest, false imprisonment, malicious and false charging and prosecuting, as well as a duty to hire, to train, to investigate, supervise and discipline Defendants VARA, BUONORO [sic] and JOHN DOES "1-10" and prevent other wrongful acts that were committed against plaintiff DARRYL T. COGGINS.

Plaintiff's Complaint, Count Seven, Paragraph 84

Specifically, plaintiff alleges that Officer Buonora is liable for,

> [i]n actively inflicting and failing to prevent the above stated abuses incurred by DARRYL T. COGGINS, all of the defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, detained custody and arrest without Miranda warnings, and other due process violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C. 1983 and by the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution.

Plaintiff's Complaint, Count Seven, Paragraph 85

Coggins' allegation of "negligence" is merely an attempted restatement of his claims under 42 U.S.C. §§ 1981, 1983. See, *Havell v. Islam*, 292 A.D.2d 210 (1st Dept. 2002). As such,

this count should be dismissed as to Officer Buonora as he is immune from civil liability due to the fact that his only role in the prosecution of Coggins was his testimony before the Grand Jury. *See*, Point I, *supra*; *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Malley v. Briggs*, 475 U.S. 335 (1986) ; *White v. Frank*, 855 F.2d 957 (2nd Cir. 1988).

In the event that the Court should accept Coggins' attempt to label the claim as one for negligence, this count should also be dismissed as against Officer Buonora as a matter of law. There can be no dispute that the only role played by Officer Buonora in the criminal proceedings against Coggins was his false testimony in the Grand Jury. Officer Buonora was indicted for and plead guilty to intentionally perjuring himself before the Grand Jury. Taken in the light most favorable to the plaintiff, Officer Buonora's actions can not be construed as "negligent." Accordingly, Coggins' claim that he was damaged as a result of Officer Buonora's negligence should be dismissed.

## IV. PLAINTIFF HAS FAILED TO PLEAD WITH SPECIFICITY

Plaintiff alleges, throughout his complaint (*See*, Plaintiff's Complaint, Counts One, Two, Five, Seven) that he is entitled to special damages. Specifically Coggins seeks "loss of income", "loss of other employment benefits", "loss of career opportunities", "great financial expense", "attorneys fees", "investigation expenses", "other expenses," "lost business opportunities", "other expenses incurred in the attempt to clear the plaintiff from these charges" and "lost wages". (Coggins' Complaint Paragraphs 38, 54, 76, 86). Rather than delineate his actual damages, Coggins has chosen to allege that for each of the eight counts of his complaint, he has been damaged in the amount of ten million dollars ($10,000,000.00) for a total of eighty million

dollars ($80,000,000.00). It is well settled law within the State of New York that in alleging round sums, without any attempt at itemization, plaintiff's allegations must be deemed allegations of general damages. *See*, *Drug Research Corporation v. Curtis Publishing Co.*, 7 N.Y.2d 435 (1960).

The Federal Rules of Civil Procedure require that a plaintiff pleading special damages plead such damages with specificity. *See*, F.R.C.P. 9(g). The purpose of F.R.C.P. 9 is to allow the defendants an opportunity to effectively evaluate their trial and/or settlement strategy. *See*, *Browning v. Clinton*, 292 F.3d 235 (D.C. Circuit 2002). Plaintiff's failure to abide by Rule 9 prevents such an opportunity. Accordingly, plaintiff's counts numbered One, Two, Five and Seven should be dismissed as a matter of law.

## V. THE COURT MAY PROPERLY GRANT OFFICER BUONORA'S RULE 56 MOTION PRIOR TO DISCOVERY

As set forth more fully above, the documentary evidence presented herewith establishes that Officer Buonora is entitled to absolute immunity with respect to Coggins' 42 U.S.C. §§ 1981, 1983 claims. See, Point I, *supra*. Similarly, Coggins' claim of "negligence" under New York State law is either merely a rehashing of his federal civil rights claims or factually barred as Officer Buonora can not be found to have "negligently" committed perjury before the Grand Jury. See, Point III, *supra*. Coggins' pendant claims sounding in New York State intentional tort are time barred and dismissible on the pleadings alone. See, F.R.C.P. 12(b)(6); Point II, *supra*.

The documents upon which Officer Buonora establishes his right to absolute immunity are full complete copies of the records maintained by the Nassau County Police Department and

the County Court, County of Nassau in the ordinary course of business. The records are made at or about the time that the information contained therein is gathered or produced. The information contained within the Nassau County Police Department documents is time stamped and digitally signed by the entering individual. The documents, having been printed in August 2005, were not produced in anticipation of this litigation. See, Exhibits " A to F" to Weingard Affidavit. The documents maintained by the County Court, County of Nassau are certified copies of the documents and similarly self authenticating. See, Exhibits "J,K" to Weingard Affidavit. Accordingly, the documents, along with the affidavits of Buonora and Weingard are admissible pursuant to Federal Rule of Civil Procedure 56(e).

It is anticipated that Coggins will argue that it is premature to grant summary judgment to Officer Buonora before any discovery has been completed. While discovery is generally considered to be broad, it is not a fishing expedition. See, *Fennell v. First Step Designs, Ltd.*, 83 F.3d 526 (1st Cir. 1996)(where discovery was denied where non-moving party did not "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exists" (citing *Resolution Trust v. North Bridge Assoc.*, 22 F.3d 1198 (1st Cir. 1994) at 1203). Coggins must demonstrate with specificity that there is discoverable information that refutes Officer Buonora's sworn affidavit and the business records of the Nassau County Police Department as well as the official records of the County Court, County of Nassau. Each of the business records corroborates the statements contained within Officer Buonora's affidavit and establishes his right to summary judgment at this time.

While Coggins may argue that he is entitled to discovery pursuant to F.R.C.P. 56(f) prior to this Court deciding the instant motion, such discovery must not be based upon the existence of

some theoretical factual issue. *Travelers Insurance Company v. Broadway West Street Associates*, 164 F.R.D. 154 (S.D.N.Y. 1995)("A Rule 56(f) application must be rejected where the evidence sought is almost certainly non-existant or is the object of pure speculation.") *Id.* at 161 (citing *Exxon Corp. v. FTC*, 663 F.2d 120 (D.C. Circuit 1980)(Rule 56(f) application properly denied where "there [were] simply no facts in record" to support existence of party's proposed discovery); *Contemporary Mission v. New York Times*, 665 F.Supp. 248, 269 (S.D.N.Y. 1987)(Rule 56(f) is "not a license for a fishing expedition"). "Rather, a party must identify specific issues of material fact which are likely to be disclosed if it is granted a reasonable opportunity to pursue the additional discovery." *Travelers* at 161. See also, *Federal Republic of Germany v. Eliconfon*, 536 F.Supp. 813 (E.D.N.Y. 1978), *aff'd sub nom*, *Kuntsammlungen Zu Weimar v. Eliconfon*, 678 F.2d 1150 (2nd Cir. 1982); *Contemporary Mission, Inc. v. U.S. Postal Service*, 648 F.2d 97(2nd Cir. 1981)(party denied additional discovery under F.R.C.P. 56(f) because it failed to justify its allegations)("A bare assertion that the evidence supporting a [party's] allegation is in the hands of the [other party] is insufficient to justify a motion for summary judgment under Rule 56(f).").

It is well established that a party may move for summary judgment pursuant to F.R.C.P. 56 at any time during the course of an action, even prior to discovery. See, F.R.C.P. 56(b); *Brill v. Lante Corp.*, 119 F.3d 1266, 1275 (7th Cir. 1997)(a Court may decide summary judgment "during discovery so long as the record reveals no genuine issue of material fact"); *Dunning v. Quander*, 508 F.3d 8 (D.C. Circuit 2007)(denying discovery where "the plaintiff has failed to provide reasons 'why discovery was necessary'" citing *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859 (D.C. Cir. 1989).

The Second Circuit has generally held that summary judgment prior to a plaintiff having

an opportunity to conduct discovery may be improper. *Hellstrom, M.D. v. U.S. Dept. of Veteran

Affairs*, 201 F.3d 94 (2nd Cir. 2000). However, the Court does acknowledge that in rare instances

summary judgment may "be granted against a plaintiff who has not been afforded the opportunity

to conduct discovery." *Id.* at 97. See *Sutera v. Schering Corp.*, 73 F.3d 13 (2nd Cir. 1995);

*Meloff v. New York Life Ins. Co.*, 51 F.3d 372 (2nd Cir. 1995); *Jones v. Coughlin*, 45 F.3d 677 (2nd

Cir. 1995).

The instant case is one of the rare instances contemplated by the 2nd Circuit. The

evidence submitted herewith is admissible at trial and establishes that no material issue of fact

exists that would establish that Officer Buonora was a "complaining witness" and thus not

entitled to absolute immunity from damages under 42 U.S.C. §§ 1981, 1983. *Briscoe v. LaHue*,

460 U.S. 325 (1983); *Malley v. Briggs*, 475 U.S. 335 (1986) ; *White v. Frank*, 855 F.2d 957 (2nd

Cir. 1988). Coggins will not be able to establish through any reasonable means of discovery

facts that contradict the admissible documentary evidence submitted herewith.

In the instant matter, Officer Buonora, unlike Officer Vara, has been denied a defense as

well as indemnity by the County of Nassau and discovery as to Officer Buonora's role can not

show that he acted as the "complaining witness" in the arrest and/or prosecution of Coggins.

Officer Buonora, who has been forced by the County of Nassau to foot his own bill for defense

costs and who is absolutely immune from damages under 42 U.S.C. §§ 1981, 1983 will be

extraordinarily burdened and, in our view, irreparably harmed by the costs of discovery.

Accordingly, given that Coggins can not and will not be able to demonstrate that discovery will

lead to admissible evidence demonstrating that Officer Buonora is not entitled to summary

judgment pursuant to F.R.C.P. 56, the Court should grant Officer Buonora's motion at this time. On these facts, any other holding would constitute an abuse of the Court's discretion.

## CONCLUSION

Coggins, driving a vehicle registered to himself, having fled, leaving his photo New York State Driver's License, from the scene of a traffic stop where both a loaded, defaced 9mm Hi-Point pistol and a loaded .380 caliber magazine were found, alleges that Office Buonora is liable for civil damages under 42 U.S.C. §§ 1981, 1983, New York State theories of abuse of process, malicious prosecution, false arrest and negligence. For the reasons set forth above, each and every one of the allegations against Officer Buonora must be dismissed as a matter of law. In light of the fact that the irrefutable evidence submitted within the motion demonstrates that Coggins will not be able to obtain evidence which demonstrates that material issues of fact exist, summary judgment is proper, even though discovery has not yet commenced.

New York, New York
January 24, 2008

Respectfully submitted,

Laurence Jeffrey Weingard (LW2618)
John A. McGrath (JM8942)

LAW OFFICES OF
LAURENCE JEFFREY WEINGARD
250 West 57th Street, Suite 401
New York, New York 10107
(212) 974-5200

*Attorneys for Defendant*
*Police Officer Craig Buonora*