EXHIBIT "A"

**Sector 305　Level 9**
SECURESIGNED BY SGT MITCHELL TEPPERMAN, 7385TEPPE ON 10/09/04 AT 17:11

## PERSONAL DATA

| | |
|---|---|
| Name | COGGINS DARRYL T |
| Address | 56 WOODS AVE　ROOSEVELT, NY　11575 |
| Phone | 516-608-2934 |
| Born | 01/25/1981　ROCKVILLE CENTER,NY |
| Age | 23 |
| SocSec | 105641110 |
| Marital Status | S |
| CitizenShip | USA |
| OLN-St | 888948840 NY |
| Agency# | 0432692 |
| State# | |
| FBI# | |
| Occupation | PREVOCATIONAL SUPERVISOR |
| Employer / School | UNITED CEREBAL PALSEY/ROOSEVEL |
| School-Grade | 14 |
| Description | M　BN　　　68　　147 |
| Eyes | BROWN　　　　　　　Glasses |
| Hair | MEDIUM　BRAIDED　BLACK |
| Skin Complexion | DARK　　　　Posture　ERECT |
| Build | AVERAGE　　　Speech　NORMAL |
| Nose | NORMAL　　　　Ears　NORMAL |
| Mouth | NORMAL　　　　Teeth　NORMAL |
| Fingerprint# | |
| Prob/Parole/Mental | NO/NO/NO |
| Priors | DIS/CON 2000　NCPD |
| S.M.T/Clothing | "TAMEL"RIGHT FOREARM."THOU SHALL LOVE THY FATHER"ON BACK/ WHITE TEE SHIRT,BLUE JEANS, BLACK SNEAKERS |
| Gang | ID How/By |

## ARREST DATA

| | |
|---|---|
| Arrest# | 204AR0017759 |
| Alternate# | |
| Time Arrested | 10/09/2004 15:50 |
| How | COMPLAINT |
| Arrested By | 6356BARNY　BARNYCH ALEXANDER J　　3SQ NY0290030 |
| Hold For | |
| Who Notified | |
| Arrested Where | 3RD SQD 214 HILLSIDE AVE　WILLISTON PK |
| Sector | 305 |
| Time Booked | 10/09/2004 15:55 |
| Pod/Bed | COURT / 16 |
| Booked By | 6356BARNY, 7224OCCHI |
| Scheduled Release | |
| Time Released | 10/10/2004 09:53 |
| How | 10 |
| Released By | 6019KUTT |
| To Whom | |

Sector 305   Level 9
SECURESIGNED BY SGT MITCHELL TEPPERMAN, 7385TEPPE ON 10/09/04 AT 17:11

## MORE CORE

| | |
|---|---|
| Miranda Time | 10/09/2004 16:00 |
| By | 6356BARNY |
| ID Where/How | AT P.O.O. DEFENDANT ADMITTED |
| ID Date | 10/09/2004 |
| Search By | 6356BARNY |
| How | ARREST |
| NCIC Check | NEG/6356 |
| NCIC# | |
| Prints | Y |
| Photos | Y |

| | | |
|---|---|---|
| Phone Call | OFFERED | |
| 1st Call Time | 10/09/2004 16:05 | Phone  516-508-0124 |
| 2nd Call Time | | Phone |
| BAC Taken By | | |
| Test #1 | | BAC |
| Test #2 | | BAC |
| Bail Comments | | |

Weapons Comments

Witness Comments

## TESTIMONIALS

**DEFENDANT**
Nature of Testimony    when asked about the laceration to his  left forearm the defendant stated to investigating detective "it happened when I went over the fence"

**ARREST DET    BARNYCH ALEXANDER J              6356BARNY**
Nature of Testimony    responded to scene, interviewed P.O. Vara, interviewed remaining passengers of subject vehicle, processed arrest

**ASSIST DET    FANNON MICHAEL J               6987FANNO**
Nature of Testimony    crime scene detective who recovered ring from back yard of 5 hinsdale ave.  photgraphed scene.

**ASSIST DET    OCCHINO NICHOLAS               7224OCCHI**
Nature of Testimony    responded to scene assisted in interviews of P.O. Vara, and remaining witnesses/passengers of subject auto

**ASSIST PO    VARA JAMES                   8204VARA**
Nature of Testimony    observed initial vtl violation, conducted car stop, performed sfst, chased subject on foot, recovered loaded handgun and loaded magazine for second gun. identified subject who ran, as same subject in photo driver license left behind.

## OFFENSES

| | | |
|---|---|---|
| 10/09/2004 15:50 | PENAL LAW, 265.02 (4)  CRIM POSS WEAPON 3RD SUB 4 | FELONY (D) |
| Occurred Where | JERICHO TURNPIKE/HOLLAND AVE FLORAL PARK | |
| Court | FIRST DISTRICT          NOBOND          0.00     Return  10/10/2004 | |
| CR# | 204CR0082564      NCIC  5290          Warrant/Docket# | |

**Sector 305   Level 9**
SECURESIGNED BY SGT MITCHELL TEPPERMAN, 7385TEPPE ON 10/09/04 AT 17:11

---

*OFFENSES  (continued...)*

| | | |
|---|---|---|
| 10/09/2004 15:50 | PENAL LAW, 265.02 (3) CRIM POSS WEAPON 3RD SUB 3 | FELONY (D) |
| Occurred Where | JERICHO TURNPIKE/HOLLAND AVE FLORAL PARK | |
| Court | FIRST DISTRICT                    NOBOND | Return  10/10/2004 |
| CR# | 204CR0082564          NCIC  5212 | Warrant/Docket# |

---

*CONTACTS*

| | | | | | |
|---|---|---|---|---|---|
| ATTORNEY | GOLDSTEIN LAWRENCE | M  W | DOB | | SocSec |
| Address | 129 HILTON AVE  HEMPSTEAD, NY  11550 | | | | Phone  516-483-4300 |
| Comments | SURRENDERED DEFENDANT | | | | |

---

*NARRATIVE*

P.O. Vara, while on routine patrol at approximately 0430 hours on 10/09/04, observed the above listed vehicle w/b on Jericho Tpke in New Hyde Park,NY operating at a high rate of speed. (55mph in a 35mph zone)  A car stop was conducted and the vehicle stopped on Jericho Tpke and Holland Ave in Floral Park.  Upon approaching the vehicle P.O. Vara observed that subject Darryl T Coggins was in operation of the vehicle.  Passenger Aaron Simmons was in the front passenger seat and passenger Jovan Bates was in the rear of the vehicle seated directly behind the driver. P.O. Vara detected a strong odor of an alcoholic beverage on the operator's breath, impaired motor skills and glassy bloodshot eyes.  Subject was then asked to exit the vehicle and a SFST and a PBT were conducted at scene.  At this time the subject then began to get agitated and while attempting to place the subject into custody he fled on foot e/b on Jericho Tpke to Holland Ave.  He then fled n/b on Holland Ave.  While the subject was running he was holding his left hand to his left side as if he was holding something.  The subject then ran in the rear yard of 6 Holland Ave and jumped over a 4ft chain link fence.  From the beginning of the foot pursuit up until this point P.O. Vara was no more than 3 or 4 feet from the subject.  As the subject jumped over the fence P.O. Vara heard a noise similar to metal hitting the ground and  took his eyes off of the subject to look down at the noise and observed a black object laying on the ground on the subject's side of the fence. This black object, was a loaded Hi-Point 9mm  automatic handgun colored black. This handgun was safeguarded by P.O. Vara as he broadcast a radio description for the defendant. This 9mm pistol was later observed to have its serial number obliterated rendering untraceble for ownership. The defendant  fled through the rear yards on Holland Ave and P.O. Vara then lost sight of the subject .  A search was conducted with negative results.  Further investigation revealed a loaded magazine clip next to the front passenger door of the above listed vehicle.  A search of the building rooftop at 329 Jericho Tpke, a sewer drain and a mailbox were conducted in attempt to locate the handgun that this clip belonged to.  P.O. Vara interviewed the remaining subject at the scene who gave proper identification and identified the defendant as the operator of the car at the time of the original stop.  In addition, P.O. Vara had the photo driver's license of the defendant prior to his fleeing.

On Saturday 10-09-2004 the defendant surrendered to the Third Squad in the presence of his attorney.  The defendant was read his Miranda rights from PDCN form 233 and acknowledged these rights by signing the PDCN form 233 card.  The defendant gave no written statement but identified the following property as his as it was being secured. A black mens wallet with papers and identification belonging to the defendant, a motorola cell phone, color photograph of the defendant with his two year old daughter, and a yellow metal and multi- stoned ring.  All items except for the ring were recovered from the defendant's auto and were observed in plain sight prior to the impound of the vehicle.  The metal ring was recovered in the rear yard of 5 Hinsdale Avenue, Floral Park.

**Sector 305    Level 9**
SECURESIGNED BY SGT MITCHELL TEPPERMAN, 7385TEPPE ON 10/09/04 AT 17:11

*NARRATIVE  (continued...)*

     records bureau  6241 notified

# EXHIBIT "B"

---

*DEFENDANT(S)*

| 204AR0017759 | **COGGINS DARRYL T** | DOB 01/25/1981 | SocSec 105641110 | Agency# 0432692 |
|---|---|---|---|---|
| | 56 WOODS AVE  ROOSEVELT, NY  11575 | | | Phone 516-608-2934 |

| | PENAL LAW, 265.02 (4) CRIM POSS WEAPON 3RD SUB 4 | | FELONY D | NTA# | 10/10/2004 |
|---|---|---|---|---|---|
| | PENAL LAW, 265.02 (3) CRIM POSS WEAPON 3RD SUB 3 | | FELONY D | NTA# | 10/10/2004 |

---

*PERSON(S) INVOLVED*

| OTHER | **BATES JOVAN N** | DOB 08/26/1983 | SocSec 059681908 | H-Phone 516-644-3535 |
|---|---|---|---|---|
| | 133 MADISON AVE  GARDEN CITY PARK, NY  11040 | | | W-Phone |
| OTHER | **SIMMONS AARON L** | DOB 09/16/1975 | SocSec U | H-Phone |
| | 45 RUTLAND RD  FREEPORT, NY  11520 | | | W-Phone |

---

*TESTIMONIALS*

**COGGINS DARRYL T**

| BARNYCH ALEXANDER J | 6356BARNY | DET | Unit 3SQ | Chart |
|---|---|---|---|---|
| ARREST DET | NO STATEMENT | | | |

responded to scene, interviewed P.O. Vara, interviewed remaining passengers of subject vehicle, processed arrest

| FANNON MICHAEL J | 6987FANNO | DET | Unit FEB | Chart |
|---|---|---|---|---|
| ASSIST DET | NO STATEMENT | | | |

crime scene detective who recovered ring from back yard of 5 hinsdale ave.  photgraphed scene.

| OCCHINO NICHOLAS | 7224OCCHI | DET | Unit 3SQ | Chart |
|---|---|---|---|---|
| ASSIST DET | NO STATEMENT | | | |

responded to scene assisted in interviews of P.O. Vara, and remaining witnesses/passengers of subject auto

| VARA JAMES | 8204VARA | PO | Unit 003 | Chart |
|---|---|---|---|---|
| ASSIST PO | NO STATEMENT | | | |

observed initial vtl violation, conducted car stop, performed sfst, chased subject on foot, recovered loaded handgun and loaded magazine for second gun. identified subject who ran, as same subject in photo driver license left behind.

---

*DEFENDANT(S) ADMISSIONS*

**COGGINS DARRYL T**

ORAL STATEMENT GIVEN 3RD SQUAD ON 10/09/2004 16:10 TO 6356BARNY
when asked about the laceration to his  left forearm the defendant stated to investigating detective "it happened when I went over the fence"

---

*INJURIES*

---

*DATE, TIME & LOCATION OF INCIDENT*

10/09/2004 04:35    JERICHO TURNPIKE/HOLLAND AVE,  FLORAL PARK

---

*DATE, TIME & LOCATION OF ARREST(S)*

**COGGINS DARRYL T**

10/09/2004 15:50    3RD SQD 214 HILLSIDE AVE,  WILLISTON PK

---

*NOTIFICATION(S)*

**COGGINS DARRYL T**                                    DA Notified  N

---

*ARREST NARRATIVE*

WRITTEN BY 6356BARNY ON 10/09/04

P.O. Vara, while on routine patrol at approximately 0430 hours on 10/09/04, observed the above listed vehicle w/b on Jericho Tpke in New Hyde Park,NY operating at a high rate of speed. (55mph in a 35mph zone)  A car stop was

*ARREST NARRATIVE  (continued...)*

conducted and the vehicle stopped on Jericho Tpke and Holland Ave in Floral Park.  Upon approaching the vehicle P.O. Vara observed that subject Darryl T Coggins was in operation of the vehicle.  Passenger Aaron Simmons was in the front passenger seat and passenger Jovan Bates was in the rear of the vehicle seated directly behind the driver.  P.O. Vara detected a strong odor of an alcoholic beverage on the operator's breath, impaired motor skills and glassy bloodshot eyes.  Subject was then asked to exit the vehicle and a SFST and a PBT were conducted at scene.  At this time the subject then began to get agitated and while attempting to place the subject into custody he fled on foot e/b on Jericho Tpke to Holland Ave.  He then fled n/b on Holland Ave.  While the subject was running he was holding his left hand to his left side as if he was holding something.  The subject then ran in the rear yard of 6 Holland Ave and jumped over a 4ft chain link fence.  From the beginning of the foot pursuit up until this point P.O. Vara  was no more than 3 or 4 feet from the subject.  As the subject jumped over the fence P.O. Vara heard a noise similar to metal hitting the ground and  took his eyes off of the subject to look down at the noise and observed a black object laying on the ground on the subject's side of the fence.  This black object, was a loaded Hi-Point 9mm  automatic handgun colored black.  This handgun was safeguarded by P.O. Vara as he broadcast a radio description for the defendant.  This 9mm pistol was later observed to have its serial number obliterated rendering untraceble for ownership.  The defendant  fled through the rear yards on Holland Ave and P.O. Vara then lost sight of the subject .  A search was conducted with negative results.  Further investigation revealed a loaded magazine clip next to the front passenger door of the above listed vehicle.  A search of the building rooftop at 329 Jericho Tpke, a sewer drain and a mailbox were conducted in attempt to locate the handgun that this clip belonged to.  P.O. Vara interviewed the remaining subject at the scene who gave proper identification and identified the defendant as the operator of the car at the time of the original stop.  In addition, P.O. Vara had the photo driver's license of the defendant prior to his fleeing.

On Saturday 10-09-2004 the defendant surrendered to the Third Squad in the presence of his attorney.  The defendant was read his Miranda rights from PDCN form 233 and acknowledged these rights by signing the PDCN form 233 card.  The defendant gave no written statement but identified the following property as his as it was being secured.  A black mens wallet with papers and identification belonging to the defendant, a motorola cell phone, color photograph of the defendant with his two year old daughter, and a yellow metal and multi- stoned ring.  All items except for the ring were recovered from the defendant's auto and were observed in plain sight prior to the impound of the vehicle.  The metal ring was recovered in the rear yard of 5 Hinsdale Avenue, Floral Park.

records bureau  6241 notified

---

### PROPERTY / EVIDENCE

| | | |
|---|---|---|
| EVIDENCE | YELLOW METAL AND MULTI-STONE RING RECOVERED DURING FOOT PURSUIT | $1.00 |
| EVIDENCE | MISCELLANOUS PAPERS AND DOCUMENTS WITH DEFENDANT'S IDENTIFICATION AND PHOTOS | $1.00 |
| EVIDENCE | LOADED PISTOL MAGAZINE WITH .380 CALIBER AMMUNITION | $1.00 |
| EVIDENCE | LOADED HI- POINT 9MM PISTOL WITH DEFACED SERIAL NUMBER | $1.00 |
| OTHER | MISCELLANEOUS PAPERS | $1.00 |
| OTHER | WALLET WITH CONTENTS | $1.00 |
| OTHER | CELL PHONE | $1.00 |

### VEHICLES / IMPOUNDS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| SUSP-VH | CRJ7395 | NY | 06 | 99 MAZD | BLACK | | $1.00 |

### DEFENDANT(S) B.A.C.

| | | | | |
|---|---|---|---|---|
| **COGGINS DARRYL T** | By | Test#1 . | Test#2 . | |

### DEFENDANT(S) IDENTIFICATION

| | | | |
|---|---|---|---|
| **COGGINS DARRYL T** | By DEFENDANT | AT P.O.O. DEFENDANT ADMITTED | 10/09/2004 16:00 |

### DEFENDANT(S) MIRANDA

| | | |
|---|---|---|
| **COGGINS DARRYL T** | By 6356BARNY | 10/09/2004 16:00 |

*DEFENDANT(S) SEARCH*

**COGGINS DARRYL T**          By 6356BARNY          Justification   ARREST

*DEFENDANT(S) PHONE CALLS*

**COGGINS DARRYL T**          10/09/2004 16:05   516-508-0124

*REMARKS*

Prepared By              Desk Officer              Squad Supervisor

# EXHIBIT "C"

# DISTRICT COURT -- FELONY COMPLAINT

Citation#
Arrest# 204AR0017759
Date / Time of Arrest 10/09/2004 at 15:50

CR# 204CR0082564
Return Date 10/10/2004
Court Docket _____

DOB
01/25/1981

Age
23

Offense

265.02 (4)

CRIM
POSS WEAPON
3RD SUB 4

D
FELONY

Sector
FP

Prepared By
6356BARNY

## FIRST DISTRICT

THE PEOPLE OF THE STATE OF NEW YORK AGAINST

DARRYL T COGGINS
56 WOODS AVE
ROOSEVELT NY 11575

IN THE STATE OF NEW YORK COUNTY OF NASSAU: DET ALEXANDER J BARNYCH, SHIELD# \783, BEING A MEMBER OF THE NASSAU COUNTY POLICE DEPT DEPOSES AND SAYS THAT ON OR ABOUT THE 9TH DAY OF OCTOBER, 2004, AT ABOUT 3:50 PM, AT JERICHO TURNPIKE/HOLLAND AVE FLORAL PARK, THE DEFENDANT DID VIOLATE NEW YORK STATE PENAL LAWSECTION(s) §265.02 (4) .

§ 265.02 CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE. A PERSON IS GUILTY OF CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE WHEN: (4) SUCH PERSON POSSESSES ANY LOADED FIREARM. SUCH POSSESSION SHALL NOT, EXCEPT AS PROVIDED IN SUBDIVISION ONE OR SEVEN, CONSTITUTE A VIOLATION OF THIS SECTION IF SUCH POSSESSION TAKES PLACE IN SUCH PERSON'S HOME OR PLACE OF BUSINESS.

TO WIT:   Your deponent states that at the aforesaid time and place of occurrence the defendant, Darryl T. Coggins was in possession of a loaded and defaced Hi-Point 9mm pistol. This pistol was recovered during a foot pursuit of the defendant by P.O. Vara after the defendant was stopped for a vehicle and Traffic Law violation which P.O. Vara had observed and stopped the defendant for..

The above is based upon information and belief.  The source of this information and belief was the interviews of P.O Vara regarding his observations, the interviews of the passengers of the defendant's vehicle who were present at the time of the vehicle stop, the recovery of the weapon by P.O. Vara along with the recovery of several items of identification left at the scene which identified the defendant as the perpetrator.

* ANY FALSE STATEMENT MADE HEREIN IS PUNISHABLE AS A CLASS A MISDEMEANOR, PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

SUBSCRIBED BEFORE ME THIS
9TH DAY OF OCTOBER 2004.

_____
DET ALEXANDER J BARNYCH

_____
SGT  MITCHELL TEPPERMAN

# EXHIBIT "D"

# DISTRICT COURT -- FELONY COMPLAINT

Citation#
Arrest#  204AR0017759
Date / Time of Arrest  10/09/2004  at  15:50

CR#  204CR0082564
Return Date  10/10/2004

Court Docket  _____

DOB
01/25/1981
Age
23

Offense

265.02 (3)

CRIM
POSS WEAPON
3RD SUB 3

D
FELONY

Sector
FP

Prepared By
6356BARNY

FIRST DISTRICT

THE PEOPLE OF THE STATE OF NEW YORK AGAINST

DARRYL T COGGINS
56 WOODS AVE
ROOSEVELT NY 11575

IN THE STATE OF NEW YORK COUNTY OF NASSAU: DET ALEXANDER J BARNYCH, SHIELD# \783, BEING A MEMBER OF THE NASSAU COUNTY POLICE DEPT DEPOSES AND SAYS THAT ON OR ABOUT THE 9TH DAY OF OCTOBER, 2004, AT ABOUT 3:50 PM, AT JERICHO TURNPIKE/HOLLAND AVE FLORAL PARK, THE DEFENDANT DID VIOLATE NEW YORK STATE PENAL LAWSECTION(s) §265.02 (3) .

§ 265.02 CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE. A PERSON IS GUILTY OF CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE WHEN:  (3) HE KNOWINGLY HAS IN HIS POSSESSION A MACHINE-GUN, FIREARM, RIFLE OR SHOTGUN WHICH HAS BEEN DEFACED FOR THE PURPOSE OF CONCEALMENT OR PREVENTION OF THE DETECTION OF A CRIME OR MISREPRESENTING THE IDENTITY OF SUCH MACHINE-GUN, FIREARM, RIFLE OR SHOTGUN.

TO WIT:   Your deponent states that at the aforesaid time and place of occurrence the defendant, Darryl T. Coggins was in possession of a loaded and defaced Hi-Point 9mm pistol. This pistol was recovered during a foot pursuit of the defendant by P.O. Vara after the defendant was stopped for a vehicle and Traffic Law violation which P.O. Vara had observed and stopped the defendant for..

The above is based upon information and belief.  The source of this information and belief was the interviews of P.O Vara regarding his observations, the interviews of the passengers of the defendant's vehicle who were present at the time of the vehicle stop, the recovery of the weapon by P.O. Vara along with the recovery of several items of identification left at the scene which identified the defendant as the perpetrator.

* ANY FALSE STATEMENT MADE HEREIN IS PUNISHABLE AS A CLASS A MISDEMEANOR, PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

SUBSCRIBED BEFORE ME THIS
9TH DAY OF OCTOBER 2004.

_____
DET ALEXANDER J BARNYCH

_____
SGT  MITCHELL TEPPERMAN

EXHIBIT "E"

Arrest#    204AR0017759      Date-Time    10/09/2004 15:50

THE PEOPLE OF STATE OF NEW YORK AGAINST:
DARRYL T COGGINS, DOB 01/25/1981

Please take notice that the PEOPLE, pursuant to section 710.30 of the Criminal Procedure Law, intend to use all statements or admissions made by the Defendant to a law enforcement official and subsequent identification testimony reflected herein.


## STATEMENT AND/OR ADMISSION

The following statement(s) were made by the Defendant to the noted officer at the time and place specified. (The first line indicates the type of statement. The second line indicates where it was made, the date and time it was made and to whom it was made. This is followed by the statement itself.)

ORAL STATEMENT
    Where: 3RD SQUAD                 Date-Time: 10/09/2004 16:10   To Whom: 6356BARNY
when asked about the laceration to his left forearm the defendant stated to investigating detective "it happened when I went over the fence"


## IDENTIFICATION

The following identification was made of Defendant:

DATE/TIME - 10/09/2004 / 16:00

ID BY WHOM - DEFENDANT

WHERE/HOW - AT P.O.O. DEFENDANT ADMITTED

EXHIBIT "F"

Sector FP   Level 6
SECURESIGNED BY SGT MITCHELL TEPPERMAN, 7385TEPPE ON 10/09/04 AT 11:43

## CORE DATA

| | |
|---|---|
| Case Report# | 204CR0082564 |
| Other# | IMP3-734-04          DD3-5573-04          JG |
| Master CR# | |
| Classification | 265.02 (4)  CRIM POSS WEAPON 3RD SUB 4 |
| Ranking | FELONY |
| Reported As | VTL INVESTIGATION |
| Time Reported | (SAT) 10/09/2004 08:22 |
| Taken By | 4192CFERG |
| Reported How | ONVIEW |
| Time of Occurrence | 10/09/2004 04:35 (SAT)                    To |
| Injuries | N |
| Weapons | Y |
| Stolen Property$ | Stolen Vehicle$ |
| Damaged Property$ | Damaged Vehicle$ |
| Scene | JERICHO TURNPIKE/HOLLAND AVE  FLORAL PARK |
| Sector | FP |
| Premise | 47 |
| Time Dispatched | 10/09/2004 04:35 (SAT) |
| Time On Scene | 04:35                    8204VARA   VARA JAMES |
| Time Cleared Scene | |
| Assigned To | 3SQ                    6356BARNY |
| Cleared | 10/11/2004          ARREST--ADULT |

## MORE CORE

| | |
|---|---|
| Pattern | |
| Time-Of-Day | U |
| Weather Condition | U |
| Forms Prepared | PDCN 94A |

## MEMBERS

ASSIGNED   BARNYCH ALEXANDER J  (6356BARNY)

## OFFENSES

| | | |
|---|---|---|
| 10/09/2004 15:50 | PENAL LAW, 265.02 (4)  CRIM POSS WEAPON 3RD SUB 4 | FELONY (D) |
| Arrest# | 204AR0017759 | |
| 10/09/2004 15:50 | PENAL LAW, 265.02 (3)  CRIM POSS WEAPON 3RD SUB 3 | FELONY (D) |
| Arrest# | 204AR0017759 | |

Sector FP    Level 6
SECURESIGNED BY SGT MITCHELL TEPPERMAN, 7385TEPPE ON 10/09/04 AT 11:43

---

*NAMES*

| | | | | | |
|---|---|---|---|---|---|
| ARRESTEE | COGGINS DARRYL T | M BN  68    147 | DOB 01/25/1981 | SocSec | 105641110 |
| Address | 56 WOODS AVE  ROOSEVELT, NY  11575 | | | Home Phone | 516-608-2934 |
| Employer | | Occupation  SECURITY GUARD | | Work Phone | |
| State#/NCIC# | / | Arrest#  204AR0017759 | | Deposed | N |
| Gang | | ID How/By | | | |

| | | | | | |
|---|---|---|---|---|---|
| OTHER | BATES JOVAN N | F  BN | DOB 08/26/1983 | SocSec | 059681908 |
| Address | 133 MADISON AVE  GARDEN CITY PARK, NY  11040 | | | Home Phone | 516-644-3535 |
| Employer | | Occupation | | Work Phone | |
| State#/NCIC# | / | Arrest# | | Deposed | N |
| Gang | | ID How/By | | | |

| | | | | | |
|---|---|---|---|---|---|
| OTHER | SIMMONS AARON L | M  BU | DOB 09/16/1975 | SocSec | U |
| Address | 45 RUTLAND RD  FREEPORT, NY  11520 | | | Home Phone | |
| Employer | | Occupation | | Work Phone | |
| State#/NCIC# | / | Arrest# | | Deposed | N |
| Gang | | ID How/By | | | |

---

*PROPERTY*

| | | | | |
|---|---|---|---|---|
| EVIDENCE | JEWELRY/PRECIOUS METALS | Qty  1 | Value | $1.00 |
| Description | YELLOW METAL AND MULTI-STONE RING RECOVERED DURING FOOT PURSUIT | | | |
| Make | | Model | Evidence# | |
| SerialNo | | OwnerNo | State#/NCIC#  / | |

| | | | | |
|---|---|---|---|---|
| EVIDENCE | PERSONAL PAPERS | Qty  3 | Value | $1.00 |
| Description | MISCELLANOUS PAPERS AND DOCUMENTS WITH DEFENDANT'S IDENTIFICATION AND PHOTOS | | | |
| Make | | Model | Evidence# | |
| SerialNo | | OwnerNo | State#/NCIC#  / | |

| | | | | |
|---|---|---|---|---|
| EVIDENCE | OTHER PROPERTY | Qty  1 | Value | $1.00 |
| Description | LOADED PISTOL MAGAZINE WITH .380 CALIBER AMMUNITION | | | |
| Make | | Model | Evidence# | |
| SerialNo | | OwnerNo | State#/NCIC#  / | |

| | | | | |
|---|---|---|---|---|
| EVIDENCE | FIREARMS | Qty  1 | Value | $1.00 |
| Description | LOADED HI- POINT 9MM PISTOL WITH DEFACED SERIAL NUMBER | | | |
| Make | | Model | Evidence# | |
| SerialNo | | OwnerNo | State#/NCIC#  / | |

| | | | | |
|---|---|---|---|---|
| OTHER | PERSONAL PAPERS | Qty  1 | Value | $1.00 |
| Description | MISCELLANEOUS PAPERS | | | |
| Make | | Model | Evidence# | |
| SerialNo | | OwnerNo | State#/NCIC#  / | |

Sector FP    Level 6
SECURESIGNED BY SGT MITCHELL TEPPERMAN, 7385TEPPE ON 10/09/04 AT 11:43

---

*PROPERTY  (continued...)*

| | | | | | |
|---|---|---|---|---|---|
| OTHER | PURSES, HANDBAGS, WALLET | | Qty  1 | Value | $1.00 |
| Description | WALLET WITH CONTENTS | | | | |
| Make | | Model | | Evidence# | |
| SerialNo | | OwnerNo | | State#/NCIC#  / | |

| | | | | | |
|---|---|---|---|---|---|
| OTHER | OTHER PROPERTY | | Qty  1 | Value | $1.00 |
| Description | CELL PHONE | | | | |
| Make | | Model | | Evidence# | |
| SerialNo | | OwnerNo | | State#/NCIC#  / | |

---

*VEHICLES*

| | | | |
|---|---|---|---|
| SUSP-VH | CRJ7395       NY      06 | Value | $1.00 |
| Make | 99 MAZD  BLACK | VIN | JM1TA2210X1515645 |
| Registered To | COGGINS MARY | State-Entry# | |
| Address | 56 WOODS AVE  ROOSEVELT, NY  11575 | NCIC-Entry# | |

---

*PRELIMINARY  WRITTEN BY 8204VARA  ON 10/09/2004*

xxx

---

*PRELIMINARY  WRITTEN BY 8204VARA  ON 10/09/2004*

I PO Vara, while on routine patrol at approximately 0430 hrs on 10/09/04, observed the above listed vehicle w/b on Jericho Tpke in New Hyde Park operating at a high rate of speed. (55mph in a 35mph zone) A car stop was conducted and the vehicle stopped on Jericho Tpke and Holland Ave in Floral Park.  Upon approaching the vehicle I observed that subject Darryl T Coggins was in operation of the vehicle.  Other Simmons was in the front passenger seat and other Bates was in the rear of the vehicle seated directly behind the driver.  I detected a strong odor of an alcoholic beverage on the operator's breath,impaired motor skills and glassy bloodshot eyes.  Subject was then asked to exit the vehicle and a SFST and a PBT were conducted at scene.  At this time the subject then began to get aggitated and while attempting to place the subject into custody he fled on foot e/b on Jericho Tpke to Holland Ave.  He then fled n/b on Holland Ave.  While the subject was running he was holding his left hand to his left side as if he was holding something.  The subject then ran in the rear yard of 6 Holland Ave and jumped over a 4ft chain link fence.  From the beginning of the foot pursuit up until this point I was no more than 3 or 4 feet from the subject.  As the subject jumped over the fence I heard a noise similar to metal hitting the ground and I took my eyes off of the subject to look down at the noise and observed a black object laying on the ground on the subject's side of the fence.  This black object, through later investigation, was revealed to be a loaded black automatic handgun.  The subject fled through the rear yards on Holland Ave and I lost sight of the subject .  A search was conducted with negative results.  Further investigation revealed a loaded magazine clip next to the front passenger door of the above listed vehicle.  A search of the bulding rooftop at 329 Jericho Tpke, a sewer drain and a mailbox were conducted in attempt to locate the handgun that this clip belonged to.  3rd sqd detectives at scene and continuing investgation. Sgt Gieschen at scene. Crime scene ans ESU also at scene.  Vehicle was impounded to North Shore towing at. 265 E. Shore Rd in Manhasset.  Impound number #3-734-04.
RMP 318

**Sector FP    Level 6**
SECURESIGNED BY SGT MITCHELL TEPPERMAN, 7385TEPPE ON 10/09/04 AT 11:43

*DD NARRATIVE   WRITTEN BY 6356BARNY ON 10/09/2004*
### *** RECORD SECURED ***

EXHIBIT "G"

1                  March 17, 2005

2        gentlemen, is Officer Buonora of the Third

3        Precinct.

4                  (The witness entered the Grand Jury

5        chamber.)

6                  MS. PLOTKIN:  If you would step into

7        the witness box, remain standing, raise your

8        right hand, face the Grand Jury foreperson and

9        be sworn in.

10                 THE FOREPERSON:  Do you swear that

11       the evidence you shall give to the Grand

12       Inquest upon this Complaint against Darryl

13       Coggins shall be the truth, the whole truth and

14       nothing but the truth, so help you God?

15                 THE WITNESS:  I do.

16                 MS. PLOTKIN:  Please be seated.

17                 THE WITNESS:  (Complying.)

18 EXAMINATION BY

19 MS. PLOTKIN:

20       Q     Mr. Buonora, if you would state your full

21 name for the record, spell your full name, and then

22 give your rank, shield and command.

23       A     Craig Thomas Buonora, B-U-O-N-O-R-A.

24       Q     What is your rank, shield and command and

25 first name?

1                    March 17, 2005

2        A     C-R-A-I-G.

3              It's Police Officer, Third Precinct.

4    Shield 406.

5        Q     How long have you been a member of the

6    Nassau County Police Department, Officer?

7        A     Approximately eight years.

8        Q     What is your present assignment?

9        A     Presently, I'm assigned days in 316, New

10   Cassel.

11       Q     Is that a patrol assignment?

12       A     Yes, it's patrol.

13       Q     Officer, I'll direct your attention to

14   October 9th of 2004, at approximately 4:40 in the

15   morning.

16             Were you working on that date and time?

17       A     Yes.

18       Q     What was your tour of duty?

19       A     1900 to 0700, 7 o'clock at night to

20   7 o'clock in the morning.

21       Q     Were you working alone or with a partner

22   that night?

23       A     I was working alone.

24       Q     Were you in uniform or plain clothes?

25       A     Uniform.

1          March 17, 2005

2     Q     Did there come a time that you received a

3   radio transmission?

4     A     Yes, I did.

5     Q     Without telling the members of the Grand

6   Jury the contents of that transmission, what, if

7   anything, did you do in response?

8     A     I went to assist a fellow officer to a

9   traffic stop.

10    Q     Where exactly did you go to assist him?

11    A     Jericho Turnpike and Holland in Floral

12  Park, I believe that is.

13    Q     Just so the record is clear, that's in

14  Nassau County, State of New York?

15    A     Yes.

16    Q     You arrived in your patrol car?

17    A     Yes.

18    Q     That was a marked vehicle, we

19  established?

20    A     Yes.

21    Q     What, if anything, did you observe when

22  you arrived there?

23    A     As I pulled my patrol car up behind the

24  other officer's patrol car, I observed him with the

25  person on the sidewalk.

1      March 17, 2005

2   Q  Could you describe the person that the

3 officer was with?

4   A  A gentleman, was a male black, roughly, I

5 guess, in his twenties.

6   Q  Did you learn his name to be Darryl

7 Coggins?

8   A  After the fact, yes.

9   Q  How did you learn that?

10   A  Through the other officer's

11 investigations, and he told me.

12   Q  What, if anything, did you observe the

13 defendant do?

14   A  As I pulled up, I observed the defendant

15 look at me, and then start pulling away from the

16 officer that was there, and then he took off running

17 up Holland.

18   Q  Approximately what time did you arrive at

19 the scene?

20   A  I'm not exactly sure of the time.  I'm

21 sorry.

22   Q  Is there anything that would refresh your

23 recollection?

24   A  Yes, if you have the paperwork for it.

25      MS. PLOTKIN:  I'll have you mark

March 17, 2005

this for identification, Grand Jury 7, crime

report.  It's two pages.

(Handing.)

(The above-referred to document,

crime report, was marked as Grand Jury Exhibit

Number 7 for identification; 3/17/05.)

Q     I'm showing you what's been marked as

Grand Jury 7 for identification.

I ask you to look at that document and

see if it refreshes your recollection.

A     I'll guess roughly about a quarter to

five in the morning.

Q     It was around 4:45 --

A     Yes.

Q     -- to the best of your recollection --

A     Yes.

Q     -- you arrived at the scene?

A     Yes.

Q     Again, what did you observe the defendant

doing at that time?

A     He was on the sidewalk with Officer Vara,

and as I pulled up, he looked over at me pulling up

with my cruiser and started pulling away from the

officer and then he started running away and ran up

March 17, 2005

Holland.

Q    When you say he looked over, what exactly did he do?

A    He started pulling away.

The officer, I guess, said something to him and went to grab his arm, and the person started pulling away from the officer, got free of him and then took off running.

Q    Were you in your vehicle when you observed this?

A    Yes.

Q    Did there come a time you got out of your vehicle?

A    Yes.  As he took off running.

Q    Did you participate in the chase?

A    As best I could.

Q    Where were you in relation to Officer Vara when the chase was in progress?

A    I was coming out of my car on Jericho Turnpike, actually should have looked when I got out, but I got out of the car and started running up towards Holland to catch up.

I caught up to Officer Vara, but unfortunately not the subject.

1          March 17, 2005

2     Q     How far away were you from the defendant

3   during the course of the chase?

4     A     Again, about six or seven feet.

5     Q     At any given time?

6     A     Yes.

7     Q     What, if anything, attracted your

8   attention during the course of the chase?

9     A     As we got up the side street on Holland,

10   the subject went in an alleyway and went to jump a

11   fence.

12          I heard a noise as he went to jump the

13   fence, which sounded like metal hitting the ground.

14          Officer Vara was in front of me, because

15   he's a little lighter than me, I guess.  And he kept

16   after the subject.  And I looked down to see what it

17   was and found the gun there.

18     Q     Were you able to observe it as a gun

19   immediately?

20     A     Once I looked at it, yes.

21     Q     I'm showing you what is Grand Jury number

22   3 in evidence, Officer.

23     A     Yes.

24     Q     Do you recognize that?

25     A     Yes, ma'am.

1                    March 17, 2005

2        Q      Is that the alleyway you observed the

3   defendant running up?

4        A      Yes, it is.

5        Q      If you can just display it for the Grand

6   Jury.

7        A      (Complying.)

8        Q      And Officer Buonora, I'm showing you

9   Grand Jury number 4 already in evidence.

10       A      Yes.

11       Q      Is that another view of the alleyway that

12  the defendant was seen running through?

13       A      Yes.  That's the gate he jumped over.

14       Q      That's the fence that he jumped over?

15       A      Yes.

16       Q      And where were you in relation to the

17  defendant when he jumped over that fence,

18  approximately?

19       A      Approximately, I was over towards the

20  back of the van here.

21              (Indicating.)

22       Q      Again, Officer Buonora, Grand Jury number

23  5 in evidence --

24       A      Yes.

25       Q      -- do you recognize that?

1                    March 17, 2005

2        A      Yes.  That's the gun.

3        Q      That you observed?

4        A      Yes, that I observed.

5        Q      You said you detected a metal sound

6   hitting concrete?

7        A      Yes.

8        Q      Did you immediately look down?

9        A      Once I got up there, I immediately looked

10  to see what it was.

11       Q      Is that what you observed?

12       A      Yes, that is.

13       Q      Officer Buonora, did there come a time

14  that the gun that you observed on the concrete in

15  the alleyway was submitted to the Forensic Evidence

16  Bureau under FEB number 38704 and CR number

17  04-CR-082564 for testing?

18       A      That's correct.

19              MS. PLOTKIN:  People are having that

20       Forensic Evidence Bureau report, again, under

21       FEB number F-38704 and CR number 04-CR-082564

22       admitted into evidence as Grand Jury number 8

23       in evidence, and that is pursuant to Criminal

24       Procedure Law Section 190.30 subsection two.

25       It's a certified copy of a scientific report of

1                    March 17, 2005

2       a public servant.

3                    (Handing.)

4                    (Forensic Evidence Bureau report was

5       received and marked as Grand Jury Exhibit 8 in

6       evidence; 3/17/05.)

7                    MS. PLOTKIN:  I'm now going to read,

8       in pertinent part.  Again, this is a Forensic

9       Evidence Bureau report.  It is dated October

10      9th, 2004.  The defendant is named Darryl

11      Coggins.  And the quantity and description of

12      the materials submitted is as follows:  A gun,

13      a nine-millimeter Luger High Point

14      semiautomatic pistol, Model C, serial number

15      defaced.  Ammunition in the magazine, an

16      eight-round capacity nine-millimeter Luger High

17      Point magazine containing the following, one

18      nine-millimeter Luger cartridge, another

19      nine-millimeter cartridge and a third

20      nine-millimeter cartridge.

21                   And the analysis of that weapon is

22      as follows, the gun was tested with submitted

23      ammunition and is operable.

24                   A chemical etching solution was

25      applied to the defaced serial number.  The

1                    March 17, 2005

2       following number -- actually, I'll leave it at

3       that, chemical etching solution was applied to

4       a defaced serial number.

5                    It is signed by Detective Frank

6       Miller, and it is dated October 29th, 2004.

7       Q       Officer Buonora, are you also aware that

8    the gun that you observed and was recovered and

9    submitted to the Forensic Evidence Bureau was also

10   analyzed for latent fingerprints?

11      A       Yes.

12      Q       It was submitted under CR number

13   204-CR-82564?

14      A       Yes, ma'am.

15                   MS. PLOTKIN:  Again, this is coming

16      into evidence as Grand Jury number -- the last

17      one should be number 8.  Change it to number 8.

18      The Forensic Evidence Bureau report was 8.

19      Change that in the record.

20                   And now mark this as 9.

21                   (Handing.)

22                   (Latent Fingerprint Section report

23      was received and marked as Grand Jury Exhibit 9

24      in evidence; 3/17/05.)

25                   MS. PLOTKIN:  Grand Jury 9 is latent

1          March 17, 2005

2      fingerprint section report, also in evidence

3      pursuant to Section 190.30 subsection two of

4      the Criminal Procedure Law.  It's also a

5      scientific report of a public official.

6              I'm now going to read, in pertinent

7      part, from the latent fingerprint report.

8      Bears case number 204-CR-82564.  Subject of

9      examination, one magazine.  The above evidence

10     was processed and evaluated and had no

11     identifiable latent impressions present.

12             This is signed by Detective E. Baehr

13     of the Forensic Evidence Bureau and it is dated

14     October 18th, 2004.

15             I have no further questions of

16     Officer Buonora.

17             Any questions from the Grand Jury

18     members?

19             Sir.

20 EXAMINATION BY

21 A JUROR:

22     Q     When you arrived on the scene, did you

23 observe the defendant taking a field sobriety test?

24     A     That part I didn't observe.  I pulled up,

25 I believe, right after that.

1                    March 17, 2005

2                    MS. PLOTKIN:  Just what you

3          observed, Officer

4                    THE WITNESS:  Yes.

5                    MS. PLOTKIN:  Sir.

6                    JUROR:  I wasn't able to hear very

7          well.

8                    They weren't able to pick up the

9          latent fingerprints?

10                    MS. PLOTKIN:  I'll read again, in

11          pertinent part.  This is what the report

12          indicates:  The above evidence was processed

13          and evaluated and had no identifiable latent

14          impressions present.

15                    JUROR:  Okay.

16                    Thank you.

17                    MS. PLOTKIN:  Sir.

18          EXAMINATION BY

19          A JUROR:

20          Q     Did you say anything in this chase to

21          anybody?

22          A     "Please stop."

23          Q     That's it?

24          A     That's about it.

25                    I mean, running -- I was running, trying

1          March 17, 2005

2    to keep up with him.  He's much faster than me,

3    unfortunately.

4              MS. PLOTKIN:  Did the defendant

5         comply at all?

6              THE WITNESS:  Not at all.

7              MS. PLOTKIN:  Yes.

8    EXAMINATION BY

9    A JUROR:

10        Q    When the other officer returned back to

11   the vehicle, where did you go?

12        A    I stayed with the gun until, I believe, a

13   Floral Park police officer relieved me so I could

14   assist that officer.

15   EXAMINATION BY

16   MS. PLOTKIN:

17        Q    And at any time, did you move the gun

18   while you were, I guess, safeguarding the weapon?

19        A    You would just safeguard it.  You didn't

20   touch it.  You wait for crime scene.

21              MS. PLOTKIN:  Seeing no show of

22         hands, then Officer Buonora is excused with the

23         thanks of the Grand Jury.

24              THE WITNESS:  Thank you.

25              MS. PLOTKIN:  Thank you, Officer.

# EXHIBIT "H"

Plaintiff's
Complaint.
Already filed with
Court.

EXHIBIT "I"

SUPREME COURT : COUNTY OF NASSAU

------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

       - against -

CRAIG T. BUONORA.,

         Defendant.

INDICTMENT NO. 1957N-05

------------------------------------------------------------------X

THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, accuses the defendant of the crime of PERJURY IN THE FIRST DEGREE, in violation of Section 210.15 of the Penal Law of the State of New York, committed as follows:

The defendant, CRAIG T. BUONORA, on or about the 17TH day of March, 2005, in the County of Nassau, State of New York, swore falsely and his false statement consisted of testimony and was material to the action, proceeding or matter in which it was made, to wit:

On or about March 17, 2005, Craig T. Buonora, after being duly sworn, did falsely testify at a Grand Jury presentment before the Nassau County Grand Jury at 262 Old Country Road, Mineola, New York, in the case People of the State of New York v. Darryl Coggins, as follows:

THE FOREPERSON:    Do you swear that the evidence you shall give to the Grand Inquest upon this complaint against Darryl Coggins shall be the truth, the whole truth and nothing but the truth, so help you God?

THE WITNESS:    I do.

\*          \*          \*          \*          \*

EXAMINATION BY MS. PLOTKIN:

Q    What, if anything, attracted your attention during the course of the chase?

A    As we got up the side street on Holland, the subject went in an alleyway and went to jump a fence.

    I heard a noise as he went to jump the fence, which sounded like metal hitting the ground.

Officer Vara was in front of me, because he's a little lighter than me, I guess. And he kept after the subject. And I looked down to see what it was and found the gun there.

Q    Were you able to observe it as a gun immediately?

A    Once I looked at it, yes.

\*                    \*                    \*                    \*                    \*

Q    Again, Officer Buonora, Grand Jury number 5 in evidence --

A    Yes.

Q    -- do you recognize that?

A    Yes. That's the gun.

Q    That you observed?

A    Yes, that I observed.

Q    You said you detected a metal sound hitting concrete?

A    Yes.

Q    Did you immediately look down?

A    Once I got up there, I immediately looked to see what it was.

Q    Is that what you observed?

A    Yes, that is.

\*                    \*                    \*                    \*                    \*

EXAMINATION BY A JUROR:

Q.   When the other officer returned back to the vehicle, where did you go?

A.   I stayed with the gun until, I believe, a Floral Park Police Officer relieved me so I could assist that officer.

EXAMINATION BY MS. PLOTKIN:

Q. And at any time, did you move the gun while you were, I guess, safeguarding the weapon?

A. You would just safeguard it. You didn't touch it. You wait for Crime Scene.

(The underlined questions and answers constitute the perjury.)


DATED: September 8 , 2005

Denis Dillon PJC
DENIS DILLON
District Attorney

# EXHIBIT "J"

```
            COUNTY COURT OF THE STATE OF NEW YORK      FEE:$5.00
                          NASSAU COUNTY
                       COUNTY COURT HOUSE
                       262 OLD COUNTRY ROAD
                       MINEOLA, NY  11501

        CERTIFICATE OF DISPOSITION INDICTMENT

DATE: 01/18/2008              CERTIFICATE OF DISPOSITION NUMBER: 6600
_____
PEOPLE OF THE STATE OF NEW YORK     CASE NUMBER:        01957N-2005
                VS.                 LOWER COURT NUMBER(S):
                                    DATE OF ARREST:
                                    ARREST #:
                                    DATE OF BIRTH:      08/01/1970
BUONARA,CRAIG                       DATE FILED:         09/08/2005
_____
            DEFENDANT
```

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 11/17/2005 THE ABOVE NAMED DEFENDANT WAS
CONVICTED OF THE CRIME(S) BELOW BEFORE JUSTICE  BROWN,J THEN A
JUSTICE OF THIS COURT.

PERJURY 3rd DEGREE PL  210.05 00 AM

THAT ON 01/17/2006, UPON THE AFORESAID CONVICTION BY PLEA  THE HONORABLE
BROWN,J  THEN A JUDGE OF THIS COURT, SENTENCED THE DEFENDANT
TO

PERJURY 3rd DEGREE PL  210.05 00 AM
$ = $1,000
CONDITIONAL DISCHARGE = 1 YEAR(S)


TOTAL FINE = $1,000 (PAID)
CVAF = $20 (PAID)
SURCHARGE = $140 (PAID)



IN WITNESS WHEREOF,I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 01/18/2008.

                              CLERK OF COURT

EXHIBIT "K"



# STATE OF NEW YORK

## CERTIFICATE OF RELIEF FROM DISABILITIES

*This certificate is issued to the holder to grant relief from all or certain enumerated disabilities, forfeitures, or bars to his employment automatically imposed by law by reason of his conviction of the crime or of the offense specified herein.*
**This certificate shall NOT be deemed nor construed to be a pardon.**
*SEE REVERSE SIDE FOR EXPLANATION OF THE LAW GOVERNING THE CERTIFICATE*
*The Original Certificate is to be presented to the person to whom awarded. One copy is to be retained by the issuing agency, and one copy is to be filed with the N.Y.S. Identification and Intelligence System, Executive Park, Stuyvesant Plaza, Albany, NY*

| 1. For use by NYSIIS | HOLDER OF CERTIFICATE | | 3. NYSIIS Number (If not known, supply fingerprints to NYSIIS. If fingerprints are not obtainable, complete items 15 - 18 below.) |
|---|---|---|---|
| | 2. Last Name / First Name / Middle Initial | | |
| | **BUONORA** **CRAIG** **T** | | |

| 4. Crime or offense for which convicted | 5. Date of arrest | 6. Date of sentence |
|---|---|---|
| **PERJURY IN THE 3rd DEGREE-- A CLASS " A MISD."** | **16-Sep-05** | **17-Jan-06** |

| 7. Court of disposition ( Court, Part, Term, Venue) | 8. Certificate issued by: |
|---|---|
| **Hon. Jeffrey S. Brown** **County Court, Nassau County** | [ a ]  [ X ]  COURT INDICATED IN NO. 7 <br> [ b ]  [  ]  STATE BOARD OF PAROLE |

| 9. Date this certificate issued | 10. If this Certificate replaces Certificate of Relief From Disabilities previously issued, give date of previous Certificate. |
|---|---|
| *Jan. 17, 2006* | Date: _____  ☐ Not Applicable |

## 11. CHECK ONE BOX ONLY
This certificate shall:

[ a ]  ☒  Relieve the holder of all forfeitures, and of all disabilities and bars to employment, excluding the right to retain or to be eligible for public office, by virtue of the fact that this certificate is issued at the time of sentence. The Date of Sentence in this case must agree with the Date Certificate Issued.

[ b ]  [  ]  Relieve the holder of all disabilities and bars to employment, excluding the right to be eligible for public office.

[ c ]  [  ]  Relieve the holder of the forfeitures, disabilities or bars hereinafter enumerated _____

12.  ☒  This certificate shall be considered permanent.

[  ]  This certificate shall be considered temporary until _____. After this date, unless revoked earlier by the issuing court or parole board, this certificate shall be considered permanent. A person who knowingly uses or attempts to use a revoked certificate in order to obtain or exercise any right or privilege that he would not be entitled to obtain or to exercise without valid certificate shall be guilty of a misdemeanor.

| 13. Signature of issuing official(s) | Print or type name(s) | 14. Title(s) |
|---|---|---|
| *[signature]* | **Hon. Jeffrey S. Brown** | **Acting Supreme Court Justice** |

Complete the following for N.Y.S.I.I.S., only if fingerprints are not obtainable

| 15. Sex | 16. Color | 17. Height | 18. Date of Birth ( Month, Day, Year) |
|---|---|---|---|
| ☐ Male  ☐ Female | | ____ ft. ____ in. | |

Form DP-53 ( Rev. 9 / 72 )

STATE OF NEW YORK
COUNTY OF NASSAU          SS
COUNTY CLERK'S

I, Maureen O'Connell, Clerk of the County of Nassau and of the County and Supreme Courts, do hereby certify that I have compared the annexed with the original *Certificate of Relief from Disabilities (1 page)* in my office, in Mineola, N.Y. and that the same is a true transcript thereof, and off the whole of such original.

In Testimony Whereof, I have hereunto set my hand and affixed the seal of said County and Court this *18th* day of *January* 20*08*.

Maureen O'Connell, County Clerk