UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DARRYL T. COGGINS,

               Plaintiff,

        - against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER JAMES VARA
AND POLICE OFFICER CRAIG BUONORA and
JOHN DOES "1-10",

               Defendants.
-------------------------------------------------------------------------X

**DOCKET NO.:CV-07-3624**
**(JFB) (AKT)**

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BUONORA'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGEMENT

**LAW OFFICES OF**
**FREDERICK K. BREWINGTON**
*Attorneys for Plaintiff*
50 Clinton Street, Suite 501
Hempstead, NY 11550
(516)489-6959

**OF COUNSEL:**
FREDERICK K. BREWINGTON, ESQ.
VALERIE M. CARTRIGHT, ESQ.

# TABLE OF CONTENTS

PAGE NO.

TABLE OF AUTHORITIES ................................................... iii

PRELIMINARY STATEMENT ............................................... 1

STATEMENT OF FACTS .................................................... 1

STANDARD OF REVIEW ................................................... 1

A.  RULE 12(B)(6) MOTION ............................................... 1

B.  RULE 56 MOTION .................................................... 2

ARGUMENT ............................................................ 3

POINT I
DEFENDANT'S EXHIBITS ATTACHED TO THE MOTION SHOULD BE
DISREGARDED AS THE INSTANT MOTION SHOULD BE SOLELY CONSIDERED
AS A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND IT
SHOULD NOT BE CONVERTED INTO A RULE 56 MOTION ..................... 3

POINT II
DEFENDANT BUONORA IS NOT ENTITLED TO ABSOLUTE IMMUNITY BASED
UPON THE FACTS IN THIS CASE ........................................... 8

POINT III
DEFENDANT BUONORA IS NOT ENTITLED TO QUALIFIED IMMUNITY BASED
UPON THE FACTS IN THIS CASE .......................................... 11

POINT IV
PLAINTIFF'S STATE LAW CLAIMS ARE TIMELY AND THEREFORE SHOULD
NOT BE DISMISSED ..................................................... 12

POINT V
PLAINTIFF'S CLAIM OF NEGLIGENCE IS PROPERLY PLEAD AND SHOULD NOT
BE DISMISSED ......................................................... 13

POINT V
PLAINTIFF HAS PROPERLY PLEAD ALL CLAIMS AGAINST DEFENDANT
BUONORA ............................................................. 14

**POINT VI**
**IN THE EVENT THE COURT IS INCLINED TO DISMISS ANY OF PLAINTIFF'S**
**CLAIMS, PLAINTIFF  SHOULD BE ENTITLED TO LEAVE TO AMEND THE**
**COMPLAINT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**CONCLUSION**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **18**

# TABLE OF AUTHORITIES

## FEDERAL CASES

PAGE NO.

**Allstate Life Ins. Co. V. Guerrerio,**
**143 BR 605 (S.D.N.Y. 1992)** .................................................. **2,6**

**Atlantic Mutual Ins. Co. v. Balfor MacLaine Int'l, Ltd.,**
**968 F.2d 196, 198 (2d Cir. 1992)** ................................................. **2**

**Bensen v. American Ultramar Ltd.,**
**No. 92 Civ. 4420, 1997 WL 317343, at \*10 (S.D.N.Y. June 12, 1997)** .................. **15**

**Bio-Technology General Corp. v. Genentech, Inc.**
**886 F.Supp. 377, \*382 (S.D.N.Y.1995)** ......................................... **15**

**Block v. First Blood Assocs.,**
**988 F. 2d 344, 350 (2d Cir. 1993)** ............................................... **18**

**Briscoe v. LaHue,**
**460 U.S. 325, 328 (1983)** ...................................................... **8,9**

**Celotex Corp. v. Catrett,**
**477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)** ..................................... **2**

Central Hudson Gas and Electric Corp. V. Empresa Naviera Santa S.A.,
56 F.3d. 359, 368 (2d Cir. 1995) ................................................... 7

Conley v. Gibson,
355 U.S. 41, 45-6 (1957) ......................................................... 1

Cortec Industries, Inc. v. Sum Holding L.P.,
949 F.2d 42 C.A.2 (N.Y.1991) .................................................. 3,4

Day v. Morgenthau
909 F.2d 75 (N.Y.1990) ......................................................... 15

Dluhos v. Floating and Abandoned Vessel known as "New York,"
162 F. 3d 63, 69 (2d Cir. 1998). ................................................... 18

Faulkner v. National Geographic Enterprises, Inc.,
409 F. 3d 26, 37 (2d Cir. 2005) ................................................... 6

Ferran v. Town of Nassau,
11 F.3d 21, 22 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Gelb v. Royal Globe Ins. Co.
798 F.2d. 38, 43 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Greater New York Auto. Dealers Ass'n v. Environmental Systems Testing, Inc.,
211 F.R.D. 71, *77 -78 (E.D.N.Y.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Hellstrom v. U.S. Dept. Of Veterans Affairs,
201 F.3d 94 (N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Illinois v. Gates,
462 U.S. 213, 232 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Knight v. U.S. Fire Ins. Co.,
804 F. 2d 9, 11 (2nd Cir., 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Malley v. Briggs,
475 U.S. 335 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,11

Matsushita Etc. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

McNair v. McMickens
115 F.R.D. 196, *198 (S.D.N.Y.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Mejia v. City of New York,
119 F. Supp.2d 232, 272 (E.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,12

Monahan v. New York City Dep't. Of Corrections,
214 F. 3d 275, 284 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Palmer v. Goss,
2003 WL 22519446 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Pinkney v. Keane,
920 F.2d 1090 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Pizzuto v. County of Nassau,
239 F. Supp.2d. 301, 308 (E.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Ricutti v. N.Y.C. Transit Authority,
124 F.3d 123, 130 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Roniger v. McCall,
22 F.Supp. 2d 156, 160 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Roniger v. McCall,
57 F.3d. 202, 206 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Roth v. Jennings,
2007 WL 1629889 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Scaglione v. Mamaroneck Union Free School Dist.,
2005 WL 681880 (N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Scheuer v. Rhodes,
416 U.S. 232, 236 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,4

Security and Exchange Commision v. Everest Management Corp.,
466 F. Supp 167 (S.d.n.y. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

State of New York v. Hendrickson Bros. Inc.,
840 F. 2d 1065 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Twisted Records v. Rauhofer,
2005 WL 517328 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

White v. Frank,
855 F.2d 74 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9


## STATE CASES

Averett v. County of Broome
2007 WL 2265516, *3 (N.Y.Sup. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Burlett v. County of Saratoga,
111 A.D.2d 426, 488 N.Y.S.2d 319 (3d Dep't 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Cavanaugh v. Watanabe
10 Misc.3d 1043, *1044, 806 N.Y.S.2d 848, **848 N.Y.Sup.2005) . . . . . . . . . . . . . . . . . . . . . 12

City Streets Realty Corp. v. Resner,
174 A.D.2d 408, 571 N.Y.S.2d 13 (1st Dep't 1991) .................................. 16

Elkin v. Cassarino,
248 A.D.2d 35, 680 N.Y.S.2d 601 (2d Dep't 1998) ................................... 12

Engel v. CBS, Inc.,
93 N.Y.2d 195, 205, 631, 689 N.Y.S.2d 411, 417 (1999) ............................. 17

Havell v. Islam,
292 A.D.2d 210, 739 N.Y.S.2d 371 (1st Dep't 2002) ................................. 13

Loeb v. Teitelbaum,
77 A.D.2d 92, 105, 432 N.Y.S.2d 487, 496 (1980), modified on other grounds, 80 A.D.2d 838,
439 N.Y.S.2d 300 (2d Dep't 1981) ............................................... 16

Miller v. City of New York,
90 A.D.2d 483, 454 N.Y.S.2d 551 (2d Dep't 1982) ................................... 16

Raglan Realty Corp. v. Tudor Hotel Corp.,
149 A.D. 2d 373, 540 N.Y.S.2d 240 (1st Dep't 1989) ................................. 14

Scheman v. Schlein,
35 Misc.2d 581, 231 N.Y.S.2d 548 (N.Y. Sup.Ct. 1962) ........................... 15, 16

Scheman v. Schlein,
231 N.Y.S.2d 548, 584-85, .................................................... 16

Volt Viewtech, Inc. v. D'Aprice 2006 WL 3159205,
*9 (N.Y.Sup.2006) ........................................................... 12

## STATUES

42 U.S.C. §1983 ...................................................... *PASSIM*

Civil Service Law §50.4 .............................................. *PASSIM*

New York Civil Service Law §61 ....................................... *PASSIM*

Federal Rules Civil Procedure 12(b)(6) ................................ *PASSIM*

CPLR § 215 .......................................................... *PASSIM*

**42 U.S.C. §1981** ....................................................... *PASSIM*

**CPLR § 3014** ......................................................... *PASSIM*

**Federal Rules Civil Procedure 15** ........................................... *PASSIM*

## PRELIMINARY STATEMENT

The Plaintiff, DARRYL T. COGGINS (hereinafter "COGGINS") respectfully submits the within memorandum of law in opposition to the motion to dismiss and for summary judgment, as filed by the Defendant CRAIG BUONORA in this matter. In the first instance, as illustrated by case law, Plaintiff has properly pled all federal and state law claims against Defendant BUONORA and Plaintiff will undoubtedly show that there are material factual issues in dispute, which a rational fact finder could resolve in favor of the Plaintiff. If resolved in Plaintiff's favor, said facts would further support all of the legal elements necessary to sustain Plaintiff's Federal claims against the Defendant BUONORA The questions raised by Defendant are clearly those which are proper for the jury and only serve to require this Court to unnecessarily apply limited Judicial resources.

## STATEMENT OF FACTS

For the sake of brevity, the Court is respectfully referred to the factual statements set forth in Plaintiff's 56.1 Counter-Statement of Facts, and the exhibits and facts that are referenced in the arguments section, below.

## STANDARD OF REVIEW

### A.    RULE 12(B)(6) MOTION

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Supreme Court has established that the "allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); See also, Conley v. Gibson, 355 U.S. 41, 45-6 (1957) (a motion to dismiss must be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). See also, Roniger v. McCall, 22 F.Supp. 2d 156, 160 (S.D.N.Y.

1998). Further, when reviewing the sufficiency of a complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236. See, e.g., Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993); Atlantic Mutual Ins. Co. v. Balfor MacLaine Int'l, Ltd., 968 F.2d 196, 198 (2d Cir. 1992) (holding that the court "must accept as true all material factual allegations in the complaint"). "This cautionary standard **applies with greater force** where the Plaintiff alleges **civil rights violations**." Roniger v. McCall, 57 F.3d. 202, 206 (2d Cir. 1995) [emphasis added]. Applying the above standards to the Complaint (hereinafter referred to as "Comp."), the Defendant has clearly failed to meet his legal burden under Fed. Rule Civ. Pro. 56– thus his motion to dismiss must be denied.

## B.   **RULE 56 MOTION**

It is well-established that in determining whether summary judgment is appropriate, the moving party bears the burden of demonstrating the absence of any genuine issues of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). With respect to any factual issues that arise, a Court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. Matsushita Etc. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Quite notably, the non-moving party need not prove their case dispositively at the summary judgment stage, in order to defeat such a motion. Rather, the non-movant need only demonstrate that there are material factual issues in existence, such that a *reasonable* fact finder *could* resolve such issues in favor of the non-moving party. Knight v. U.S. Fire Ins. Co., 804 F. 2d 9, 11 (2d Cir. 1986) [Italics added].

2

Indeed, the Courts have routinely recognized the highly fact-sensitive nature of cases, such as this, as they involve issues of "probable cause" and "reasonable degree of force." See Illinois v. Gates, 462 U.S. 213, 232 (1983) (the existence or lack of "probable cause" for arrest is a highly fact-specific notion, turning on the assessment of probabilities in a particular factual context)."

Applying the above standards to the Complaint, the Defendant has clearly failed to meet their legal burden under Fed. Rule Civ. Pro. 56 – thus his motion for summary judgment must be denied.

## ARGUMENT

### POINT I

**DEFENDANT'S EXHIBITS ATTACHED TO THE MOTION SHOULD BE DISREGARDED AS THE INSTANT MOTION SHOULD BE SOLELY CONSIDERED AS A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND IT SHOULD NOT BE CONVERTED INTO A RULE 56 MOTION**

At the outset, Plaintiff urges this Court to disregard the portion of Defendant's motion which is labeled a summary judgment motion and strike from the motion all of the exhibits annexed to the Defendant's Affidavit in Support of its Motion. It is axiomatic that a party may not introduce affidavits, depositions or other extraneous documents not set forth in the complaint for the court to consider on a Rule 12(b)(6) motion. See Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 C.A.2 (N.Y.1991) [emphasis added]; See also Fed. Rule Civ. Pro. 10(c) (For purposes of a Rule 12(b)6 motion to dismiss, pleadings shall include the complaint plus any exhibits that Plaintiff attaches to said complaint) [emphasis added]. In this case, the pleadings consist of only the Complaint as Plaintiff did

3

not attach any exhibits to his Complaint. Indeed, should this Court properly treat the within motion solely as a Fed. Rule 12 (b) motion to dismiss for failure to state a claim, matters outside the pleadings [such as the Defendant's Exhibits] are presented to and not excluded by the court, the motion shall (a) be treated as one for summary judgment and disposed of as provided in Rule 56. See Scaglione v. Mamaroneck Union Free School Dist., 2005 WL 681880 (N.Y. 2005); See Fed. Rule Civ. Pro Rule 12(b).

Plaintiff argues that the Court's consideration of Defendant's motion as a motion for summary judgment would be inappropriate as the motion is premature and no discovery has yet been conducted. Moreover, the defendants cannot properly argue that their proposed Exhibits in the within motion should be considered by the court: plaintiff did not rely upon said documents in bringing suit, and Defendant's Exhibits were not integral to Plaintiff's Complaint. See, Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991); Roth v. Jennings, 2007 WL 1629889 (2d Cir. 2007) (additional documents allowed, where integral to plaintiff's complaint and referenced in plaintiff's pleadings). Therefore Defendant's exhibits and all arguments related to such documents should be disregarded.

Moreover, even if this Court were to allow the Defendant to attach his Exhibits to his motion to dismiss, said exhibits do not refute the factual allegations of the complaint. Any factual assertions raised by Defendant to invalidate Plaintiff's claims cannot be raised in the instant motion as the motion before the Court is one to dismiss based on the Plaintiff's alleged failure to plead properly and Defendant's clam of absolute immunity. Therefore, the Court cannot accept such factual assertions by the moving party defendants, in the within Rule 12( b) motion to dismiss. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

However, should the court consider Defendant's motion as both a motion for

4

summary judgment and a motion to dismiss, Plaintiff respectfully requests that Plaintiff's exhibits annexed hereto also be considered as they support Plaintiff's position that there exists triable issues of fact in this matter. A motion for summary judgment in the instant matter is premature as discovery has not commenced and there many facts that have not yet been made available to Plaintiff. (A copy of Plaintiff DARRYL T. COGGINS' Affidavit is annexed hereto). In particular, as to Defendant BUONORA, there exists triable issues of fact as to the specific involvement of Defendant BUONORA in the arrest and prosecution of Plaintiff besides his false testimony at the Grand Jury proceeding, the specific motive of Defendant BUONORA in testifying falsely at the Grand Jury proceeding, the specific role that Defendant BUONORA played in conspiring to prosecute Plaintiff, and the steps, if any, taken by Defendant BUONORA to prevent the constitutional violations against Plaintiff. These are some examples of the triable issues of fact that cannot be resolved at this early stage.

Furthermore, once the shield of absolute immunity is lifted,[1] there exists triable issues of fact as to whether qualified immunity should be afforded Defendant BUONORA in this matter. It is anticipated that once the Court determines that Defendant BUONORA is not entitled to absolute immunity, Defendant BUONORA will assert that any allegedly tortious conduct was undertaken pursuant to the exercise of his discretionary authority. At that point, the burden will then shift to the Plaintiff to rebut this "good faith" defense. In such case, through information that will be gathered through the discovery process, the plaintiff must then establish that the defendant's allegedly wrongful conduct violated clearly

---

[1]As mentioned, *infra* in Point II, Defendant BUONORA is not entitled to absolute immunity as a matter of law.

5

established law. On motion for summary judgment, the nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion, and only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery. Hellstrom v. U.S. Dept. Of Veterans Affairs, 201 F.3d 94 (N.Y. 2000). Should the Court consider this motion as a summary judgment motion, Plaintiff respectfully requests that Defendant's motion for summary judgment be denied in its entirety.

Furthermore, the Plaintiff's allegations against Defendant BUONORA are so strong, in both fact and law, that had Plaintiff chosen to move for partial summary judgment at this stage, it is Plaintiff's position that he would have been successful. Specifically, Defendant BUONORA pled guilty to Perjury in the Third Degree, a Class "A" Misdemeanor, as set forth in Paragraph 21 of Defendant's 56.1 Statement and Defendant BUONORA's Affidavit annexed to Defendant's Motion. "Pursuant to the doctrine of non-mutual collateral estoppel, a judgment in a criminal proceeding in favor of the prosecuting attorney is preclusive in favor of a third party in a subsequent civil action against the defendant in the criminal prosecution, or his or her privies". Allstate Life Ins. Co. v. Guerrerio, 143 BR 605 (S.D.N.Y. 1992). See also, Pinkney v. Keane, 920 F.2d 1090 (2d Cir. 1990). In the Federal Courts, it is well settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the private party in a subsequent civil action with regard to any issue of fact or law [1] that is identical to the issue raised in a prior proceeding; [2] that was actually litigated and decided in a prior proceeding; [3] that the defendants had a full and fair opportunity to litigate; and [4] that needed to be determined in order to reach a valid and final judgment on the merits. See, Faulkner v. National

6

Geographic Enterprises, Inc., 409 F.3d 26, 37 (2d Cir. 2005); Pizzuto v. County of Nassau, 239 F.Supp.2d. 301, 308 (E.D.N.Y. 2003), citing Central Hudson Gas and Electric Corp. v. Empresa Naviera Santa S.A., 56 F.3d. 359, 368 (2d Cir. 1995). Even "a guilty plea qualifies as actual litigation for the purposes of collateral estoppel in a subsequent civil trial." Id. at 308, citing Gelb v. RoyalGlobe Ins. Co. 798 F.2d. 38, 43 (2d Cir. 1986).

"A prior judgment of conviction may be used as prima facie evidence in a subsequent civil suit only with respect to matters of fact or law 'necessarily decided by the conviction and the verdict [or plea] on which it was based'." State of NewYork v. Hendrickson Bros., Inc. 840 F.2d 1065 (2d Cir.1988). Furthermore, the higher standard of proof and the *numerous safeguards in criminal proceedings are given as rationale for the rule allowing judgments in criminal proceeding to have preclusive effect* in subsequent civil actions [*emphasis supplied*]. Security and Exchange Commission v. Everest Management Corp.,466 F.Supp 167 (S.D.N.Y.1979). The burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity to litigate. Palmer v. Goss, 2003 WL 22519446 (S.D.N.Y. 2003).

Based upon Defendant's admission under oath and on the record, Plaintiff has satisfied each element of a 42 U.S.C. §§ 1981 and 1983 civil claims, as well as the State law claims of false arrest, false imprisonment, abuse of process, malicious prosecution, and intentional infliction of emotional distress. There is no question that the issues in both proceedings are identical. Defendant BUONORA is a State Actor, operating under color of law and has intentionally, willfully and with his authority as a police officer deprived Plaintiff of vital Constitutional rights. These deprivations more than satisfy the statute.

There is no question that he has plead to what amounts to false arrest, false imprisonment, abuse of process, malicious prosecution and intentional infliction of emotional distress of Plaintiff. Clearly as to each civil claim the Defendant is liable and has so admitted to it.

Accordingly, the granting of Defendant's motion in any respect would be in contravention to the controlling case law.

## POINT II

### DEFENDANT BUONORA IS NOT ENTITLED TO ABSOLUTE IMMUNITY BASED UPON THE FACTS IN THIS CASE

Defendant, Craig BUONORA, takes the position that he is entitled to absolute immunity based upon the facts in this case. In the first instance, it is too early to determine exactly what Defendant BUONORA's role was in the initial arrest and prosecution of Plaintiff. Due to the fact that there has been no discovery, the facts in this matter have yet to be fully developed. Therefore, Defendant BUONORA's request for summary judgment and dismissal based solely upon his alleged "limited" involvement in the grand jury proceeding should be denied. The Complaint clearly alleges that Defendant BUONORA's involvement was more than just his false testimony at the Grand Jury proceeding. (See Complaint, ¶¶ 19, 36, 72, 79, 80). Plaintiff is confident that once discovery is commenced in this matter, facts supporting Defendant BUONORA's involvement from the initial arrest throughout the prosecution will be unveiled.

However, Defendant BUONORA contends that his sole involvement was his false testimony at the grand jury proceeding and that alone is insufficient to pierce the shiled of absolute immunity. In particular, Defendant BUONORA cites to Briscoe v. LaHue, 460 U.S.

8

325, 328 (1983) in support of his position that he is entitled to absolute immunity despite his false testimony at the Grand Jury proceeding. However, Defendant BUONORA fails to properly analyze the holdings and facts in Briscoe and conveniently fails to mention that the holding in Briscoe is limited to perjured testimony at trial. In particular, the issue raised before the Court in Briscoe was "whether a police officer who commits perjury during a state court criminal trial should be granted absolute immunity from civil liability under 42 U.S.C. 1983?" 460 U.S. 325, 328 (1983). In the Court's opinion, it is stated that the petition does not raise the question of immunity for testimony at pre-trial proceedings and therefore the Court did not decide whether Respondent was entitled to absolute immunity for allegedly false testimony at two probable cause hearings regarding the Petitioner in that matter. Briscoe v. LaHue, 460 U.S. 325, Footnote 5.The court in Briscoe left open the question of immunity before a grand jury and therefore its holding does not require that absolute immunity be granted in the instant case. As the facts in this case are not related to false testimony of a police officer at trial, rather addresses false testimony of Defendant BUONORA during a grand jury proceeding, the holding in Briscoe in not applicable.

Defendant also cites to Malley v. Briggs, 475 U.S. 335 (1986) in support of his position. The facts in Malley are quite distinguishable from the instant case as it was related to immunity for a warrant application that allegedly caused an unconstitutional arrest. The Court in Malley held that the Police Officer was only entitled to qualified immunity, not absolute immunity from liability for damages under Section 1983 based upon this request for a warrant. Malley at 342.

Defendant also cites to White v. Frank, 855 F.2d 74 (2d Cir. 1988), for the proposition that absolute immunity is available where liability is asserted solely because

9

of an officer's role in testifying at a judicial proceeding. The holding from this case is also

inaccurately stated. The Court in White clearly expressed the split between the circuits on

whether absolute immunity is extended to testimony of a police officer during a grand jury

proceeding. White, 855 F.2d at 636. The Court in White carefully analyzed the Briscoe

holding and the subsequent case law and noted the following:

> "The Supreme Court has laid down the parameters for witness immunity. At one extreme, trial testimony is absolutely privileged; at the other extreme, false statements made in a warrant application are entitled only to qualified immunity. In Briscoe, the Court "the focus of our analysis has been the nature of the judicial process itself."citing to Briscoe, 460 U.S. 334-336.

White at 637.

The Court in White further analyzes the Briscoe holding and makes the distinction

between a trial which 'provides a full panoply of safeguards to find out the truth' and a

warrant application procedure that has few procedural safeguards in determining whether

absolute or qualified immunity applies. Id. The Court in White goes further to analyze the

nature of a Grand Jury proceeding.

> "A grand jury is essentially an ex parte proceeding. The government prosecutor alone presents evidence; there is no impartial judge presiding; the rules of evidence are applied by the prosecutor; the proceedings are not held in open court; and, most significantly, there is no opportunity to cross-examine any of the witnesses. The only regulators of truth before the grand jury are the testimonial oath and the possibility of a future criminal prosecution for perjury. A grand jury proceeding is almost totally devoid of any procedural check against false testimony."

The Court further reasons that the grand jury stage is similar to the warrant application

stage because of the lack of procedural safeguards in a grand jury proceeding. White, at

637. The policies set forth in Briscoe would not be advanced by granting absolute

immunity to police officers testifying falsely at ex parte pre-trial proceedings such as a

10

grand jury. Id. At 638. The White Court held that the "policies set forth by the Supreme Court in Briscoe and Malley are better served in the grand jury context by a rule of qualified immunity, based upon a standard of objective reasonableness, for liability arising from false testimony. See also, Mejia v. City of New York, 119 F. Supp.2d 232, 272 (E.D.N.Y. 2000) (holding that complaining witnesses, including police officer complaining witnesses, who testify before a grand jury, or other non-adversarial trial proceeding are not entitled to absolute immunity).

Applying the case law to the facts in this case, Defendant BUONORA is clearly not entitled to absolute immunity. Defendant BUONORA admittedly and unlawfully testified falsely at a grand jury proceeding, an ex-parte pre-trial proceeding. Defendant BUONORA is not entitled to absolute immunity for such unlawful conduct and therefore the claims asserted against Defendant BUONORA should not be dismissed.

## POINT III

### DEFENDANT BUONORA IS NOT ENTITLED TO QUALIFIED IMMUNITY BASED UPON THE FACTS IN THIS CASE

As indicated infra, Point II, Defendant BUONORA is not entitled to absolute immunity. Furthermore, based upon Defendant BUONORA's conduct, he is similarly not entitled to qualified immunity. Qualified immunity does not protect those who "knowingly violate the law," Malley, 475 U.S. at 341, "the right to be free from...prosecution in the absence of probable cause is a long established constitutional right," Ricutti v. N.Y.C. Transit Authority, 124 F.3d 123, 130 (2d Cir. 1997). One who gives false information to a prosecutor that he/she knows will induce a prosecutor to continue proceedings against a Defendant knowingly violates the law and is not entitled to qualified immunity for his/her

11

actions. Mejia, 119 F. Supp.2d at 273. The extension of qualified immunity to one who

knowingly violates the law would thwart the basic purpose of Section 1983 which is to

protect persons from abuse of official authority. Mejia, 119 F. Supp.2d at 272.

Defendant BUONORA plead guilty to the crime of Perjury in the Third degree, a

class "A" misdemeanor. The crime of perjury itself encompasses the element of intent and

shows bad faith, therefore Defendant BUONORA would not even be entitled to qualified

immunity. Accordingly, based on Defendant BUONORA's knowing and intentional violation

of the law, as evidenced by his plea of guilty to Perjury in the Third Degree, Defendant

BUONORA is not entitled to qualified immunity.

## POINT IV

### PLAINTIFF'S STATE LAW CLAIMS ARE TIMELY AND THEREFORE SHOULD NOT BE DISMISSED

Defendant BUONORA alleges that Plaintiff's claims for intentional torts of fraudulent

misrepresentation, abuse of process and malicious prosecution, false arrest/false

imprisonment and intentional infliction of emotional distress Defendant's arguments are

based upon the one year time statutory time period under New York Civil Practice Law and

Rules 215. (See Defendant's Memo, Page 11). However, in certain cases, such as the

instant matter, the one year statute of limitations under CPLR 215 for intentional torts can

be tolled pursuant to CPLR 213-b. Elkin v. Cassarino, 248 A.D.2d 35, 680 N.Y.S.2d 601

(2d Dep't 1998). See also, Volt Viewtech, Inc. v. D'Aprice 2006 WL 3159205, *9

(N.Y.Sup.2006) and Cavanaugh v. Watanabe 10 Misc.3d 1043, *1044, 806 N.Y.S.2d 848,

**848 (N.Y.Sup.2005)

CPLR 213-b , entitled "Action by a victim of a criminal offense", is applicable to civil

12

actions commenced on or after July 24, 1992 (L. 1992, ch. 618). It provides:

> "Notwithstanding any other limitation set forth in this article or in article five of the [EPTL], an action by a crime victim, or the representative of a crime victim, as defined in subdivision six of section six hundred twenty-one of the executive law, may be commenced to recover damages from a defendant convicted of a crime which is the subject of such action, for any injury or loss resulting therefrom within seven years of the date of the crime"

(CPLR 213-b).

Based upon the aforementioned case law, Plaintiff Coggins, a crime victim in this case, may invoke CPLR 213-b to lengthen the statute of limitations for the state law claims alleged in the Complaint for ten years after the conviction of Defendant BUONORA for perjury. In or around January 2007, Defendant Buonara was convicted of Perjury in the Third Degree, a class "A" Misdemeanor. Accordingly, Plaintiff's state law claims are actionable until the year 2017 and therefore Plaintiff's claims are not time barred.

## POINT V

### PLAINTIFF'S CLAIM OF NEGLIGENCE IS PROPERLY PLEAD AND SHOULD NOT BE DISMISSED

Defendant BUONORA cites to Havell v. Islam, 292 A.D.2d 210, 739 N.Y.S.2d 371 (1st Dep't 2002) in support of his position that Plaintiff's negligence claim is duplicitous of Plaintiff's Section 1981 and 1983 claims and should therefore be dismissed. However, the law stated in Havell are not applicable to this case and the fact are distinguishable from the facts in this case. In Havell, the Plaintiff was seeking to avoid a statute of limitations bar by labeling the action as one to recover damages from a prima facie tort. Id. In the instant matter, Plaintiff does not seek to avoid and time bars as it relates to the statute of limitations as Plaintiff commenced this action in a timely fashion. Plaintiff was well within the statute of limitations when he filed all claims against Defendant BUONORA and

therefore would derive no benefit from nor would Plaintiff need to make any attempts at circumventing the statute of limitations.

As to the arguments made by Defendant BUONORA as the §§1981, 1983 and negligence claims, Plaintiff is well within his right to plead all three claims. Parties may plead alternative and contradictory theories of liability. Raglan Realty Corp. v. Tudor Hotel Corp., 149 A.D. 2d 373, 540 N.Y.S.2d 240 (1st Dep't 1989). See also, Averett v. County of Broome 2007 WL 2265516, *3 (N.Y.Sup. 2007) (Where the court allowed alternative pleading under CPLR § 3014 for theories of intent and negligence under §1983 and Fourth Amendment claims). Accordingly, Plaintiff's claims under §§1981,1983 and negligence are properly plead in Complaint.

## POINT VI

### PLAINTIFF HAS PROPERLY PLEAD ALL CLAIMS AGAINST DEFENDANT BUONORA

In his Memorandum of Law, Defendant BUONORA alleges that Plaintiff's claims under Section 1981 (Count One), Section 1983 (Count Two), abuse of process (Count Five), malicious prosecution (Count 5), and negligence (Count Seven) should be dismissed because Plaintiff has failed to properly plead special damages with respect to these claims.

Defendant's arguments must fail as based upon the following case law, Defendant's arguments are misplaced and without merit. In that regard, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the plaintiff in a civil rights action, like the plaintiff in any civil case, must include in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." McNair v. McMickens 115 F.R.D. 196, *198

14

(S.D.N.Y.1987) Claimed violations of civil rights, such as Counts One and Two in Plaintiff's Complaint alleging violations under Section 1981 and 1983, are not subject to special pleading rules. Id. Rule 9, Fed.R.Civ.P. See also, Day v. Morgenthau 909 F.2d 75 (N.Y.1990) (Holding that when one is subjected to illegal search and seizure, special damages need not be alleged in deprivation of civil rights under color of state law action because victim is harmed by invasion of his zone of privacy. 42 U.S.C.A. § 1983). As it is required that Plaintiff plead each of the legal elements necessary to support his claims in the Complaint, Plaintiff has sufficiently plead these claims here and therefore Defendant's arguments must fail.

Defendant is correct in his proposition that Rule 9(g) requires that when items of special damages are claimed, they shall be specifically stated. Fed.R.Civ.P. 9(g). Greater New York Auto. Dealers Ass'n v. Environmental Systems Testing, Inc., 211 F.R.D. 71, *77 -78 (E.D.N.Y.2002) However, special damages need not be pleaded in traditional tort actions, Scheman v. Schlein, 35 Misc.2d 581, 231 N.Y.S.2d 548 (N.Y. Sup.Ct. 1962), because special damages are "those resulting from the commission in question and not normally associated with the claim." Bensen v. American Ultramar Ltd., No. 92 Civ. 4420, 1997 WL 317343, at *10 (S.D.N.Y. June 12, 1997) The claims under Counts Five and Seven of the Complaint are traditional tort actions and are not required to be plead with special damages.

As to Count Five (Abuse of Process and Malicious Prosecution), New York has strict pleading requirements that apply to a malicious prosecution cause of action, such as that plaintiff suffered an interference with his person or property similar to the entry of a provisional remedy such as attachment, arrest, or injunction. Bio-Technology General

Corp. v. Genentech, Inc. 886 F.Supp. 377, *382 (S.D.N.Y.1995) Furthermore, in order to have a legally sufficient claim for abuse of process, there must be the type of interference with person or property that is associated with the issuance of a provisional remedy. Id. The pleading standard for both of these causes of action are met by Plaintiff. In that regard, Plaintiff has alleged that Plaintiff suffered an interference with his liberty through the entry of the arrest. Furthermore, this is the type of interference is that which is associated with the issuance of an arrest. Plaintiff is entitled to recover all direct, natural and proximate damages resulting from the malicious prosecution, including injury to reputation, character, health and feelings, medical expenses, economic losses, loss of specific employment opportunities, and counsel fees and other related costs incurred to defend a wrongfully brought prosecution. City Streets Realty Corp. v. Resner, 174 A.D.2d 408, 571 N.Y.S.2d 13 (1st Dep't 1991); Burlett v. County of Saratoga, 111 A.D.2d 426, 488 N.Y.S.2d 319 (3d Dep't 1985); Miller v. City of New York, 90 A.D.2d 483, 454 N.Y.S.2d 551 (2d Dep't 1982); Loeb v. Teitelbaum, 77 A.D.2d 92, 105, 432 N.Y.S.2d 487, 496 (1980), modified on other grounds, 80 A.D.2d 838, 439 N.Y.S.2d 300 (2d Dep't 1981). Accordingly, Plaintiff has properly plead his claims for abuse of process and malicious prosecution.

As to Count Seven (Negligence), an action for negligence is a traditional tort claim, in which the defendant's act is injurious in itself and actionable by itself. Scheman v. Schlein, 231 N.Y.S.2d 548, 584-85, In actions for negligence, general damages are presumed and there need not be any special damages for plaintiff to commence suit. Id. Accordingly, Plaintiff has properly plead his claims for negligence.

A review of Plaintiff's Complaint will indicate that Plaintiff has cited to the phrase

16

"special damages" and is seeking special damages from Defendant. These special damages are alleged as Plaintiff's suffering and continuing to suffer loss of income, loss of other employment benefits, loss of career opportunities, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community and has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional and psychological trauma. (See Complaint ¶¶ 37 and 86). Special damages can be defined as an injury or interference with the plaintiff's person, property or business that entails "some concrete harm that is considerably more cumbersome than the physical, psychological, or financial demands of defending a lawsuit ." Engel v. CBS, Inc., 93 N.Y.2d 195, 205, 631, 689 N.Y.S.2d 411, 417 (1999) As such, based upon a review of the Complaint, Plaintiff opines that he has plead these special damages with sufficient specificity. Any supporting information related to these alleged damages will be discovered through the discovery process. However assuming that the Court finds that Plaintiff's special damages are plead improperly, that alone is insufficient to warrant dismissal of the aforementioned claims as these causes of action require only the pleading of general damages, not special damage.

## POINT VII

### IN THE EVENT THE COURT IS INCLINED TO DISMISS ANY OF PLAINTIFF'S CLAIMS, PLAINTIFF SHOULD BE ENTITLED TO LEAVE TO AMEND THE COMPLAINT

Plaintiff asserts that, based on the Amended Complaint and the arguments set forth in Points I through V, *supra*, all of Plaintiff's asserted claims are viable, timely, and properly

17

pled, as to warrant denial of Defendant's Motion to Dismiss Plaintiff's Complaint and Motion for Summary Judgment. However, in the event that this Court should find that any necessary factual or legal assertions are omitted from any or all of the claims, then Plaintiff respectfully requests leave to amend the complaint, pursuant to Fed. Rule Civ. Pro 15(a).

It has been held that "Under Rule 15(a), leave to amend 'shall be freely given when justice so requires'." Fed. R. Civ. P. (15)(a); Twisted Records v. Rauhofer, 2005 WL 517328 (S.D.N.Y. 2005), citing, Dluhos v. Floating and Abandoned Vessel known as "New York," 162 F. 3d 63, 69 (2d Cir. 1998). This is particularly true where there is no undue prejudice or delay by the party seeking to amend. Block v. First Blood Assocs., 988 F. 2d 344, 350 (2d Cir. 1993). In the within action, there is neither delay by the Plaintiff, nor undue prejudice to the defendants, in granting leave to amend the complaint.

Moreover, Defendant cannot claim any prejudice by the granting of leave to amend the complaint (i.e., no "significant additional resources" to be expended by defendants, nor any significant delay to the resolution of the matter). Monahan v. New York City Dep't. Of Corrections, 214 F. 3d 275, 284 (2d Cir. 2000). Lastly, as this is the Plaintiff's first request of the Court to amend the complaint, and the reasons for said amendments are amply set forth in the within brief (supra), there is no bad faith motive on Plaintiff's behalf, in seeking such leave to amend the complaint under Federal Rule Civ. Pro 15(a). Thus, Plaintiff respectfully requests such leave be granted by the Court, if necessary to sustain any or all of the claims, or portions thereof.

## CONCLUSION

For all of the aforementioned reasons, Defendant's motion to dismiss and for summary judgment should be denied in its entirety, and the should court grant Plaintiff any

and all further relief that it deems proper and just.

Dated:      Hempstead, NY
              February 29, 2008

                                  Respectfully submitted,

                                  LAW OFFICES OF
                                  FREDERICK K. BREWINGTON

By:                _____
                                  VALERIE M. CARTRIGHT (VC7327)
                                  *Attorneys for Plaintiff*
                                  50 Clinton Street, Suite 501
                                  Hempstead, New York 11550
                                  (516) 489-6959

19