UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DARRYL T. COGGINS,                                    DOCKET NO.: 2:07-cv-3624

                              Plaintiff,


                  - against -


COUNTY OF NASSAU, NASSAU COUNTY POLICE          **AMENDED COMPLAINT**
DEPARTMENT, POLICE OFFICER JAMES VARA , in
his individual and official capacity, and POLICE OFFICER
CRAIG BUONORA , in his individual and official capacity,
and JOHN DOES "1-10", in their individual and official capacity,    ***JURY TRIAL DEMANDED***

                              Defendants.
------------------------------------------------------------------------X

   **PLAINTIFF, DARRYL T. COGGINS,** by and through his attorneys, THE LAW OFFICES

OF FREDERICK K. BREWINGTON, as and for his Amended Complaint, against the Defendants,

respectfully states and alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

   1. Prior hereto, Plaintiff filed a Complaint on August 27, 2007.   This is an amendment of

that Complaint which is done, pursuant to an Order of this Court, *Coggins v. County of Nassau, et.al.,*

2008 WL 2522501 (E.D.N.Y. 2008).  This is a civil action for monetary relief, including past economic

loss, compensatory damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C.

§§1981 and 1983, grounded in rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments

to the United States Constitution, and other New York State causes of action.  This is an action against

the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER

JAMES VARA, in his individual and official capacity, POLICE OFFICER CRAIG BUONORA, in his

individual and official capacity, and JOHN DOES 1-10, in their individual and official capacity, for

violating the civil rights and constitutional rights of Plaintiff, DARRYL T. COGGINS by engaging in

unlawful conduct including, false arrest, false and unlawful imprisonment, unjust imprisonment, malicious prosecution, abuse of process, failure to provide information, failure to disclose information, fraudulent misrepresentation, as well as intentional infliction of emotional distress that resulted in physical and emotional harm.  All acts were committed under color of law, thus depriving Plaintiff of rights secured by the Constitution and laws of the United States and the State of New York.

   2. Plaintiff, DARRYL T. COGGINS, was falsely arrested, falsely charged, falsely jailed, falsely detained, deprived of his freedom, maliciously and falsely accused, abused, subjected to public ridicule, subjected to violence, subjected to undue pressure, defamed and made to suffer injury to his body and mind, injury to earning capacity, without reason, legal basis or justification by the COUNTY OF NASSAU, its agents and employees, the NASSAU COUNTY POLICE DEPARTMENT, its agents and employees, POLICE OFFICER JAMES VARA, in his individual and official capacity, POLICE OFFICER CRAIG BUONORA, in his individual and official capacity, and JOHN DOES 1-10, all who knew or should have known, or became aware that there was no merit to the arrest, jailing, imprisonment, charging, prosecution, continuation of prosecution, conviction, institution and the continuance of said actions and that pursuit of same was illegal.

   3. The initial incident of the within matter arose on or about October 9, 2004, at about 3:50 a.m., at Jericho Turnpike and Holland Avenue in Floral Park, New York.

   4. On or about October 9, 2004 through August 12, 2005, Plaintiff, DARRYL T. COGGINS was falsely accused, falsely charged, falsely arrested, falsely detained, falsely jailed, abusively prosecuted, denied information, denied basic rights, subjected to wrongful and negligent actions by Defendants subjected to negligent use, holding, secreting of persons and records including information about witnesses, witness statements, exculpatory documents and information. He was denied his freedom despite the clear evidence showing that he should be freed and was not afforded basic civil and

2

constitutional protections, with the full complicity of the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER JAMES VARA, in his individual and official capacity, POLICE OFFICER CRAIG BUONORA, in his individual and official capacity, and others.

5.     Plaintiff, DARRYL T. COGGINS, sustained severe damages, physical and emotional injuries, including, but not limited to, violation of his civil rights, injury to his mental health, permanent damage to his good name and reputation, humiliation, shame, embarrassment, extreme mental and emotional harm and stress, impairment of earning power, as well as the unjustified loss of his freedom, access to personal property, good standing in the community, comfort, employment, income, career opportunities and other damages not yet fully ascertained.

## JURISDICTION

6.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law.

7.     That all conditions precedent to instituting the lawsuit have been complied with in a timely manner.

8.     Venue herein is proper under 28 U.S.C. § 1391 (b); the cause of action arose in the Eastern District of New York.

## PARTIES

9.     During all times relevant to this Complaint, the Plaintiff DARRYL T. COGGINS was, and still is, a citizen of the United States, residing in the County of Nassau, State of New York.

10.     The Defendant COUNTY OF NASSAU (hereinafter "COUNTY") is a duly constituted

municipal corporation of the State of New York and is and was the employer of POLICE OFFICER JAMES VARA (hereinafter referred to as "VARA") and POLICE OFFICER CRAIG BUONORA (hereinafter referred to as "BUONORA") certain of the unnamed police officers and Detectives, and other personnel (JOHN DOES 1-10).

11.     The Defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter "NASSAU POLICE") is an agency of the COUNTY.

12.     Upon information and belief, during all times relevant to this Complaint, Defendant VARA, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a  Police Officer employed by the COUNTY, under the direction of the NASSAU POLICE and COUNTY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY, and acting in his individual and official capacity.

13.     That Defendant BUONORA was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the COUNTY, under the direction of the NASSAU POLICE and COUNTY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY, and acting in his individual and official capacity.

14.     That "JOHN DOES" 1-10 were at all times herein mentioned police officers and/or detectives, in their individual and official capacities, employed by both COUNTY and NASSAU POLICE under the direction of Defendant's COUNTY AND NASSAU POLICE,  and were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the COUNTY and/or NASSAU POLICE.

4

15.     During all times relevant to this Complaint, the Defendants, and each of them, were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the COUNTY.

16.     During all times relevant to this Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

17.     During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants and thereby became a party to unlawfully subjecting the Plaintiff to harm and denial of basic rights.

## FACTUAL ALLEGATIONS

18.     Plaintiff, DARRYL T. COGGINS, reiterates and realleges each and every allegation contained in paragraphs 1 through 17 of this Complaint with the same force and effect as though set forth herein.

19.     Defendants VARA and BUONORA actively instigated and encouraged the baseless prosecution of the Plaintiff. On or about October 9, 2004, Plaintiff was arrested and charged under Docket No.:2004NA021116, with violating Penal Law § 265.02(3), Criminal Possession of a Weapon in the Third Degree, a Class D felony and Penal Law § 265.02(4), Criminal Possession of a Weapon in the Third Degree, a Class D Felony. A conviction under Penal Law §§ 265.02(3) and/or 265.02(4) carries with it a potential penalty of two (2) years to seven (7) years incarceration. Bail was set at

$10,000.00 Cash and $25,000.00 Bond.

20.     Bail was posted on behalf of Plaintiff on October 11, 2004.  Accordingly, despite his innocence, Plaintiff remained in jail for a period of two days. On March 17, 2005, this matter was presented to the Grand Jury by the Nassau County District Attorney's Office (hereinafter referred to as the "District Attorney").

21.     Prior to the District Attorney presenting the criminal matter to the Grand Jury, counsel for Plaintiff requested, by way of formal demand, that the District Attorney request that the Grand Jury consider the charges of perjury, making an apparently sworn false statement, making a punishable false written statement, harassment and aggravated harassment, and requesting that certain eyewitnesses be presented before the Grand Jury.

22.     Despite counsel's written formal demand, the District Attorney failed to comply with the Plaintiff's requests and the Grand Jury rendered a True Bill, voting to indict Plaintiff on violating Penal Law § 265.02(3), Criminal Possession of a Weapon in the third degree; Penal Law  §265.02(4), Criminal Possession of a Weapon in the third degree; and Penal Law  §205.30, Resisting Arrest; under Indictment No. 663N-2005.

23.     The Indictment No. 663N-05 was based primarily on the testimony of Police Officers VARA and BUONORA as complaining witnesses. VARA falsely testified that while he was chasing Plaintiff, DARRYL T. COGGINS, he saw an object fall from Plaintiff as Plaintiff was jumping over a fence. VARA testified that he continued his pursuit of Plaintiff, but later returned to determine that the object that had fallen was a 9-millimeter handgun.

24.     Police Officer BUONORA falsely testified that he saw a 9-millimeter handgun fall from Plaintiff, DARRYL T. COGGINS, as he jumped the fence and that BUONORA stayed with the handgun until he was relieved by a Floral Park Officer.

6

25.     In July 2005, ten months after the initial arrest and after numerous court appearances, while preparing for a Mapp/Huntley hearing, a Floral Park Officer informed this office that the story that Police Officers VARA and BUONORA was telling was inaccurate. The Floral Park Officer informed counsel that he was the Officer who initially found the gun approximately forty minutes after the foot pursuit began. He further indicated that radio transmissions of October 9, 2004 would substantiate his claim. The Floral Park Officer's version of the events directly contradicted the sworn testimony of VARA and BUONORA at the Grand Jury proceeding.

26.     Counsel reviewed the Floral Park and NASSAU POLICE's radio transmissions and found that they substantiated the claim of the Floral Park Police Officer.  The case was referred to the Special Investigations Division of the Office of the District Attorney for further investigation.

27.     Fifteen months later, in the face of clear perjury and manufactured evidence, the charges filed against Plaintiff were dismissed on motion of the District Attorney.  Throughout all of these proceedings, Plaintiff never wavered in declaring his innocence and made that fact unequivocally known to Defendants. Significantly, no statements were signed by Plaintiff that can be construed as an admission of guilt. Plaintiff always maintained his innocence and that VARA and BUONORA were not being truthful about the underlying facts.

28.     Police Officer BUONORA was subsequently indicted and pleaded guilty to perjury.

29.     Plaintiff has suffered loss of freedom and damage to his good name and will continue to suffer from psychological harm, humiliation, fear, injury to his character and injury to his reputation.

### AS AND FOR COUNT ONE
### 42 U.S.C §1981

30.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as though fully set forth herein.

31.     The Defendants COUNTY, its agents and employees, the NASSAU POLICE, in its

agents and employees, POLICE OFFICER JAMES VARA, in his individual and official capacity, POLICE OFFICER CRAIG BUONORA, in his individual and official capacity and JOHN DOES 1-10, in their individual and official capacity deprived Plaintiff of his Fourth, Fifth, Sixth and Fourteenth Amendment rights, and caused such deprivation of rights by unlawfully stopping, falsely detaining, unlawfully accusing, wrongfully arresting and falsely imprisoning the Plaintiff for two days as described above in paragraphs 1 through 29 of this Complaint. Said acts were motivated by race and color, and were marked by the conduct of Defendants to support the motivation.

32.     Upon information and belief, the Defendants COUNTY, NASSAU POLICE, VARA and BUONORA further deprived the plaintiff of his due process rights; specifically by attempting to prolong the Defendant's unlawful detainment without probable cause, investigation, rule of law and by further denying the plaintiff his Fifth Amendment rights via an attempt to cover up the misconduct of said officers and officials and to prevent plaintiff from being compensated for his wrongful arrest, detainment, and other physical and emotional harm incurred.

33.     In furtherance of said conduct, the Defendant officers prolonged the plaintiff's captivity by failing to investigate plaintiff's protests that he was not the alleged perpetrator and by conspiring to set bail at an unreasonable amount.

34.     Said actions by Defendants COUNTY, NASSAU POLICE, VARA and BUONORA denied the plaintiff his Due Process, and denied him the equal protection under the law. All of these rights are guaranteed to the plaintiff under U.S.C. §§1981. Said acts were motivated by race and color, and were marked by the conduct of Defendants to support the motivation.

35.     By assisting in the prolonged detainment and false charging of the Plaintiff, COUNTY, NASSAU POLICE, VARA and BUONORA acted with the shared purpose of denying plaintiff his rights to freedom of movement, protection from unlawful seizure, procedural and substantive due process, and

the right to equal protection under the laws.  These rights are guaranteed to the plaintiff under 42 U.S.C. §1981.

36.     As a result of said conduct by the Defendants COUNTY, NASSAU POLICE, VARA and BUONORA, the plaintiff has been subjected to unnecessary and unsubstantiated charges, detention, court appearances, and other due process violations.

37.     Plaintiff further suffered severe humiliation, anxiety, fear, and emotional and psychological harm, as a direct result of being publicly detained, jailed for two days, manhandled, handcuffed, stripped and cavity searched.

38.     As a direct result of said acts, Plaintiff  has suffered and continues to suffer loss of income, loss of other employment benefits, loss of career opportunities,  and has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

39.     As a result of the Defendants unlawful acts, the Plaintiff has been exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

### AS AND FOR COUNT TWO
### 42 U.S.C §1983 - FOURTH, FIFTH, SIXTH and FOURTEENTH AMENDMENTS

40.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 39 of this Complaint with the same force and effect as though fully set forth herein.

41.     On or about October 9, 2004, Plaintiff, DARRYL T. COGGINS, was falsely arrested, falsely seized and falsely detained, deprived of his freedom, unlawfully imprisoned and maliciously

prosecuted by Defendants COUNTY, NASSAU POLICE, VARA and BUONORA, in violation of the civil and constitutional rights afforded to him via the Fourth Amendment and the Due Process Clauses of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C.§1983. All acts by the Defendants were committed under color of law, thus depriving the Plaintiff of rights secured by federal law and the United States Constitution.

42.     On or about October 9, 2004, Defendants COUNTY, NASSAU POLICE, VARA and BUONORA, falsely arrested, falsely seized and falsely detained Plaintiff, thus depriving him of his freedom.  Said seizure was made without probable cause, as Defendants were of the knowledge that Plaintiff had committed no crime.

43.     Upon information and belief such seizure, arrest, and detention was ordered and directed by Defendants COUNTY, NASSAU POLICE, VARA and BUONORA. Defendants VARA and BUONORA actively instigated and encouraged the prosecution of the Plaintiff.

44.     Upon information and belief, the Defendants, COUNTY, NASSAU POLICE, VARA and BUONORA, possessed, but withheld information which would have exonerated Plaintiff of the criminal charges with which he was charged.

45.     Upon information and belief, the Defendants, COUNTY, NASSAU POLICE, VARA and BUONORA, deprived Plaintiff of the right to offer testimony of witnesses, and to compel their testimony at the Grand Jury Proceeding, thereby depriving Plaintiff of the right to establish a defense.

46.     Upon information and belief, each of the Defendants took an active role in creating and manufacturing the charges against Plaintiff, solely for the purposes of effecting an arrest and conviction, and not to effectuate justice.

47.     As part of the false arrest, detention and accusations, Defendants caused the Plaintiff to be wrongfully seized, falsely detained, falsely arrested, falsely imprisoned, and deprived of his liberty,

without probable cause. Furthermore, as a direct result of said actions, the Plaintiff was unjustly exposed to disgrace, public humiliation, injury and embarrassment.

48.    The Defendants individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that the evidence they had in connection with the charges brought against Plaintiff were false, inconsistent with and insufficient to establish his guilt with respect to any of the crimes charged.

49.    In arresting, detaining and interrogating Plaintiff, each of the Defendants knew or should have known they were violating federal law and the Plaintiff's constitutional rights set forth herein and had failed to prevent the same and, therefore, acted in concert to harm the Plaintiff.

50.    Defendants withheld information and conspired to cover up the illegal acts delineated herein, despite the truth being apparent. Defendants VARA and BUONORA offered and were allowed to provide false documents, false statements and perjured testimony before the Nassau County Grand Jury with the full knowledge and support of COUNTY and NASSAU POLICE.

51.    As a direct result of the unlawful actions of each of the Defendants, COUNTY, NASSAU POLICE, VARA and BUONORA, the Plaintiff was wrongfully subjected to grand jury proceedings, wrongfully indicted for weapons possession, maliciously prosecuted, forced to endure multiple mandatory court appearances, and face potential incarceration all based upon false premises.

52.    Each of the Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from illegal seizure of his person, freedom from illegal detention and imprisonment; all rights that are secured to Plaintiff by the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. §§1981 and 1983.

11

53.    As a direct and proximate result of the aforesaid acts of the Defendants and each of them, the Plaintiff suffered great physical harm, mental anguish and violation of rights from then until now and he will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants.

54.    Plaintiff was forced to incur great expense and special damages to date for the defending the false criminal charges, attorney's fees, investigation expenses, and other expenses in clearing his name against the unfounded and unwarranted allegations by the Defendants which have been a serious burden to Plaintiff.

55.    That by reason of the foregoing, the Plaintiff has been exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT THREE
## 42 U.S.C. §1983-MUNICIPAL LIABILITY

56.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 55 of this Complaint with the same force and effect as though fully set forth herein.

57.    Prior to October 9, 2004 and since, Defendants NASSAU AND NASSAU POLICE have permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal abuses and arrests of persons by police officers. Despite the egregiously improper conduct, the officers involved were not seriously prosecuted, disciplined or subjected to restraint and such incidents were in fact covered up with official claims that the harassments were justified and proper. As a result, Defendants NASSAU POLICE were caused and encouraged to believe that individuals could be falsely arrested, prosecuted and imprisoned under circumstances requiring the use of falsified evidence and testimony, and that such behavior would, in fact, be permitted by the COUNTY.

12

58.    In addition to permitting a pattern of practice of improper treatment of persons, the COUNTY has failed to maintain a proper system for investigation of all incidents of unjustified arrests and prosecution by their agents/employees.

59.    The COUNTY has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers that deprive citizens of their civil rights.

60.    A system allegedly maintained by the COUNTY, has failed to properly review unjustified behavior and activities by police officers, and has failed to identify the violative acts by police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of the COUNTY to tolerate the improper and illegal arrests and other wrongful actions by police officers.

61.    Upon information and belief, specific systemic flaws in the COUNTY's police misconduct review process include but are not limited to the following:

    a.    Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

    b.    Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

    c.    Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

    d.    Create and manufactured false testimony and evidence.

The foregoing acts, omissions, systemic flaws, policies and customs of the COUNTY caused Nassau County Police Officers  to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately and falsify evidence in situations where such evidence is neither necessary nor reasonable.

13

62.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the Defendant COUNTY, the Plaintiff was unjustifiably mistreated, illegally arrested and wrongfully detained, in violation of his civil and constitutional rights. Moreover, he has suffered and will continue to suffer from psychological harm, humiliation, fear, defamation of character and injury to his reputation. All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. §§1981 and 1983.

63.     That by reason of the foregoing, Plaintiff has been exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FOUR
## STATE LAW FRAUDULENT MISREPRESENTATION

64.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 63 of this Complaint with the same force and effect as though fully set forth herein.

65.     Defendants VARA and BUONORA's accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to persecute Plaintiff.

66.     Defendants, and each of them, expressly and impliedly, acted with each other to bring about Plaintiff's seizure, false arrest, and detention, all without lawful or proper basis or justification. All without consideration of Plaintiff's rights and in violation of Plaintiff's rights as stated herein.

67.     Defendants VARA and BUONORA were aware that the representations made to the Court and Jury were representations of fact, that on October 9, 2004, Plaintiff was involved in the alleged incident, that Plaintiff was the perpetrator and was identified as the perpetrator, Plaintiff was in

possession of a criminal weapon and that same alleged weapon fell from Plaintiff as he jumped over the fence, and that Defendant Officers observed all of this leading Defendant BUONORA to stand over the weapon until Floral Park Police arrived.

68.     Defendants VARA and BUONORA knew said representations were knowingly and maliciously false, and said representations were made with a reckless disregard to their veracity.  These representations made by Defendants induced the trial court to rely upon same, and wrongfully convict Plaintiff of criminal charges.

69.     That the false representations, false arrest, false imprisonment and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff damages. All of these rights are secured to Plaintiff by the provisions of the New York State Constitution.

70.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

### AS AND FOR COUNT FIVE
### STATE LAW ABUSE OF PROCESS and MALICIOUS PROSECUTION

71.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 70 of this Complaint with the same force and effect as though fully set forth herein.

72.     Defendants maliciously caused a criminal proceeding to be commenced against Plaintiff without reasonable and probable cause.  Defendants VARA and BUONORA actively instigated and encouraged the baseless prosecution of the Plaintiff on Criminal Possession of a Weapons charges. Plaintiff was indicted based upon VARA and BUONORA's malicious and false statements before the

Grand Jury. As a result of this baseless prosecution and abuse of process, Plaintiff was falsely detained, wrongfully arrested, maliciously prosecuted along with other wrongful acts conducted. The criminal proceeding was eventually terminated in favor of Plaintiff.

73.     The false detainment, wrongful arrest, malicious prosecution and other wrongful acts conducted against the Plaintiff by the Defendants, VARA and BUONORO constituted unreasonable and excessive force by police officers and the district attorney, as well as abuse of process, abuse of authority, breach of police procedures, and violations of the Plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment rights.  The Defendants VARA and BUONORO negligently and recklessly breached their duty under the United States Constitution to prevent the commission of the civil rights violations perpetrated against DARRYL T. COGGINS, including violations of 42 U.S.C. §§ 1981, 1983, and substantive and procedural due process infractions.

74.     Said baseless prosecution and abuse of process was continued by the VARA and BUONORO's refusal to adequately investigate and properly discipline the Defendants COUNTY, NASSAU POLICE, VARA and BUONORO for their actions against the Plaintiff DARRYL T. COGGINS.  Specifically, the COUNTY failed to investigate and  verify the veracity of the Plaintiff's claims, despite the lack of any significant hearing or consideration by the District Attorney's office for the substantial evidence supporting DARRYL T. COGGINS' Complaint -- such evidence including eye-witnesses, consistent testimony, and the blatant lack of any probable cause for wrongly stopping, detaining and arresting, prosecuting and imprisoning DARRYL T. COGGINS.

75.     The continued action taken by the Defendants POLICE OFFICER VARA and BUONORA, to prosecute, persecute and fully inconvenience the Plaintiff DARRYL T. COGGINS with false criminal charges is an abuse of process, in that using the courts and judicial process to persecute, intimidate, inconvenience and further damage the Plaintiff DARRYL T. COGGINS, despite no

16

significant evidence for prosecuting the baseless charges of Criminal Possession of a Weapon and Resisting Arrest and a complete absence of reasonable or probable cause.

76.   As a result of said baseless prosecution and abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in his incurring of attorney fees, lost business opportunities, and other expenses incurred in the attempt to clear the Plaintiff DARRYL T. COGGINS from these false and maliciously imposed criminal charges.

77.   As a result of said baseless prosecution and abuse of process, Plaintiff was subjected to a highly substantial and identifiable interference with his person, property and business based upon his arrest of October 9, 2004 and his unlawful detention up until October 11, 2004.  Furthermore, Plaintiff's liberty was continuously compromised as a result of the continued baseless prosecution of this matter for an additional ten (10) months and he was subjected to significant burden and humiliation by being the subject target of an indictment submitted to the Grand Jury by the Defendants in this action.

78.   As a further result of said baseless prosecution and abuse of process, Plaintiff was forced to incur legal expenses in the amount of $7,580.00 (Seven Thousand Five Hundred and Eighty Dollars) in order to defend himself against these frivolous charges, baseless prosecution and abuse of process.

79.   As a further result of said baseless prosecution and abuse of process, Plaintiff was cause to lose temporary possession of his Cadillac vehicle when it was impounded as result of the false arrest, abuse of process and malicious prosecution, forcing Plaintiff to incur expenses in the amount of approximately $75.00 (Seventy-Five Dollars) in order to regain possession of vehicle.

80.   As a further result of said baseless prosecution and abuse of process, Plaintiff suffered a loss of wages from his employment at Keyspan amounting to approximately $1352.00 (One Thousand Three Hundred and Fifty-Two Dollars).

17

81.    As a further result of said baseless prosecution and abuse of process, Plaintiff suffered injury to his reputation in the community and his professional reputation. Plaintiff was caused to forego employment opportunities with the Westbury Juvenile Detention Center, employment offering an annual salary of approximately $35,000 (Thirty Five Thousand Dollars) causing him to suffer additional economic loss.

82.    As a further result of said baseless prosecution and abuse of process, Plaintiff suffered a loss of his security guard license for approximately 10 (ten) months which prevented him from acquiring gainful employment in the security field within that period of time.

83.    As a further result of said baseless prosecution and abuse of process, Plaintiff was caused to forego employment opportunities with the Suffolk County Police Department, employment offering an annual salary of approximately $50,000.00 (Fifty Thousand Dollars) causing him to suffer additional economic loss.

84.    By reason of the foregoing, Plaintiff has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT SIX
## STATE LAW FALSE ARREST/FALSE IMPRISONMENT

85.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 84 of this Complaint with the same force and effect as though fully set forth herein.

86.    The Defendants VARA and BUONORO lacked any probable cause to stop, hold and detain the Plaintiff DARRYL T. COGGINS in custody for any period of time, no less the prolonged period of custody at Hempstead Police Precinct and the Nassau County Police Headquarters.

18

87.      Without such probable cause, Defendants VARA and BUONORO wrongfully detained the Plaintiff DARRYL T. COGGINS in the back of a police car, at the police precinct, at the Headquarters, and at the jail, denied Plaintiff his freedom for a period of approximately two days. During said time, Plaintiff was physically prevented from leaving the custody of police, in that he was handcuffed and surrounded by officers in a police precinct, and kept there under the supervision and knowledge of the Police.

88.      As a result of said false arrest and false imprisonment, Plaintiff suffered and continues to suffer pain, great emotional and psychological harm, anxiety and personal fear, all due to the callous indifference of said Defendants in falsely arresting and imprisoning DARRYL T. COGGINS and requiring him to face false charges.

89.      By reason of the foregoing, Plaintiff has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT SEVEN
## STATE LAW NEGLIGENCE

90.      Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 89 of this Complaint with the same force and effect as though fully set forth herein.

91.      The Defendants VARA and BUONORO had a duty under 42 U.S.C. §§ 1981 and 1983, as well as under the Fourth, Fifth, Sixth and Fourteenth Amendments, and under New York State Law and their own rules and regulations, to prevent and cease the wrongful detainment, false arrest, false imprisonment, malicious and false charging and prosecuting, as well as a duty to hire, to train, to investigate, supervise and discipline Defendants VARA, BUONORO and JOHN DOES "1-10" and prevent other wrongful acts that were committed against Plaintiff DARRYL T. COGGINS.

92.      In actively inflicting and failing to prevent the above stated abuses incurred by DARRYL

T. COGGINS, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise

the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff

against illegal search and seizure, detained custody and arrest without Miranda warnings, and other due

process violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C. § 1983 and by the Fourth,

Fifth, Sixth and Fourteenth Amendments of the Constitution.

93.      The breach of duty by the Defendants VARA and BUONORO was a direct and

proximate cause of the harm suffered by Plaintiff DARRYL T. COGGINS. Said harm includes physical

harm, pain and suffering which continues to this day, monetary expenses in lost wages and legal costs,

personal humiliation, damage to reputation and loss of standing in the community, and severe physical,

emotional and psychological damage, resulting in the need to seek professional counseling for the

trauma which he incurred.

94.      By reason of the foregoing, Plaintiff has been damaged in the sum of Ten Million

($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and

punitive damages.

**AS AND FOR COUNT EIGHT**
**STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

95.      The Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs 1 through  94 of this Complaint with the same force and effect as though fully set forth

herein.

96.      The Defendants VARA and BUONORA acted outrageously for their above-stated roles

in the wrongful stop, detainment, false arrest, malicious prosecution, prolonged imprisonment,

intimidation and public humiliation of the Plaintiff, DARRYL T. COGGINS.

97.     Said emotional harm was exacerbated by the fabricated criminal charges against the Plaintiff, known by VARA and BUONORO to be without basis, yet prosecuted, and denied Plaintiff of his freedom with the intention of causing extreme further harm and duress to the Plaintiff, DARRYL T. COGGINS.

98.     The Defendants VARA and BUONORA's initiation of a baseless charge, falsified testimony, with sadistic intent and for the purpose of subjecting Plaintiff to the prosecution system is utterly intolerable in a civilized society.

99.     The Defendants knew that their conduct, along with the threat of imprisonment would cause severe and extreme emotional harm to Plaintiff.

100.    Said harm did in fact occur in this case, in that the Plaintiff was debilitated to the point where he still suffers from episodes of anxiety, anger, loss of sleep, and other factors; to the extent that the Plaintiff is in need of counseling by a psychiatrist or similar health care provider.

101.    By reason of the foregoing, Plaintiff has been damaged in the sum of Ten Million ($10,000,000.00) dollars.

**WHEREFORE,** Plaintiff demands judgment against Defendants:

(A)     As and for Count One in the sum of Ten Million ($10,000,000.00) dollars;

(B)     As and for Count Two in the sum of Ten Million ($10,000,000.00) dollars;

(C)     As and for Count Three in the sum of Ten Million ($10,000,000.00) dollars;

(D)     As and for Count Four in the sum of Ten Million ($10,000,000.00) dollars;

(E)     As and for Count Five in the sum of Ten Million ($10,000,000.00) dollars;

(F)     As and for Count Six in the sum of Ten Million ($10,000,000.00) dollars;

(G)     As and for Count Seven in the sum of Ten Million ($10,000,000.00) dollars;

(H)     As and for Count Eighth in the sum of Ten Million ($10,000,000.00) dollars;

(I)     Award such other and further relief as this Court may deem appropriate.

## A JURY TRIAL IS HEREBY DEMANDED

Dated:  Hempstead, New York
       August 19, 2008

                LAW OFFICES OF
                FREDERICK K. BREWINGTON

By:                              
                VALERIE M. CARTRIGHT (VC7327)
                Attorneys for Plaintiff
                50 Clinton Street, Suite 501
                Hempstead, New York 11550
                (516) 489-6959

DOCKET NO.:CV-07-3624 (JFB) (AKT)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------X

DARRYL T. COGGINS,

Plaintiff,

- against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER JAMES VARA
AND POLICE OFFICER CRAIG BUONORA and
JOHN DOES "1-10",

Defendants.

--------------------------------------------------X

--------------------------------------------------X

AMENDED COMPLAINT

LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys for the Defendant*
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959