UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DARRYL T. COGGINS,                                          DOCKET NO.: 2:07-cv-3624

                       Plaintiff,

            • against

                                    **SECOND**
                           **AMENDED COMPLAINT**

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER JAMES VARA , in
his individual and official capacity, and POLICE OFFICER
CRAIG BUONORA , in his individual and official capacity,
SERGEANT PICKERING, in his individual and official capacity,
LIEUTENANT DELARGY, in his individual and official capacity,
and JOHN DOES "1-10", in their individual and official capacity,

                                            ***JURY TRIAL DEMANDED***

                    Defendants.
-------------------------------------------------------------------X

        **PLAINTIFF, DARRYL T. COGGINS,** by and through his attorneys, THE LAW OFFICES

OF FREDERICK K. BREWINGTON, as and for his Second Amended Complaint, pursuant to leave

of the Court, against the Defendants, respectfully states and alleges, upon information and belief, as

follows:

### PRELIMINARY STATEMENT

        1.      Prior hereto, Plaintiff filed a Complaint on August 27, 2007. This is an amendment of

that Complaint which is done, pursuant to an Order of this Court, *Coggins v. County of Nassau, et.al.,*

2008 WL 2522501 (E.D.N.Y. 2008).

        2.      Prior hereto, Plaintiff filed an Amended Complaint on August 27, 2008. This is a

second amendment of that Complaint for joinder of additional parties, which is done pursuant to an

Order of this Court. [DE 81].

3.     This is a civil action for monetary relief, including past economic loss, compensatory

damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§1981 and 1983,

grounded in rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States

Constitution, and other New York State causes of action.  This is an action against the COUNTY OF

NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER JAMES VARA, in his

individual and official capacity, POLICE OFFICER CRAIG BUONORA, in his individual and official

capacity, SERGEANT PICKERING, in his individual and official capacity, LIEUTENANT DELARGY, in

his individual and official capacity,  and JOHN DOES 1-10, in their individual and official capacity, for

violating the civil rights and constitutional rights of Plaintiff, DARRYL T. COGGINS by engaging in

unlawful conduct including, false arrest, false and unlawful imprisonment, unjust imprisonment, malicious

prosecution, abuse of process, failure to provide information, failure to disclose information, fraudulent

misrepresentation, as well as intentional infliction of emotional distress that resulted in physical and

emotional harm.  All acts were committed under color of law, thus depriving Plaintiff of rights secured by

the Constitution and laws of the United States and the State of New York.

4.     Plaintiff, DARRYL T. COGGINS, was falsely arrested, falsely charged, falsely jailed,

falsely detained, deprived of his freedom, maliciously and falsely accused, abused, subjected to public

ridicule, subjected to violence, subjected to undue pressure, defamed and made to suffer injury to his

body and mind, injury to earning capacity, without reason, legal basis or justification by the COUNTY

OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER JAMES VARA, in

his individual and official capacity, POLICE OFFICER CRAIG BUONORA, in his individual and

2

official capacity, SERGEANT PICKERING, in his individual and official capacity, LIEUTENANT

DELARGY, in his individual and official capacity,  and JOHN DOES 1-10, in their individual and

official capacity, all who knew or should have known, or became aware that there was no merit to the

arrest, jailing, imprisonment, charging, prosecution, continuation of prosecution, conviction, institution

and the continuance of said actions and that pursuit of same was illegal.

      5.     The initial incident of the within matter arose on or about October 9, 2004, at about 3:50

a.m., at Jericho Turnpike and Holland Avenue in Floral Park, New York.

      6.     On or about October 9, 2004 through August 12, 2005, Plaintiff  DARRYL T.COGGINS

was falsely accused, falsely charged, falsely arrested, falsely detained, falsely jailed, abusively

prosecuted, denied information, denied basic rights, subjected to wrongful and negligent actions by

Defendants subjected to negligent use, holding, secreting of persons and records including information

about witnesses, witness statements, exculpatory documents and information. He was denied his freedom

despite the clear evidence showing that he should be freed and was not afforded basic civil and

constitutional protections, with the fullcomplicityoftheCOUNTY OFNASSAU, NASSAU COUNTY

POLICE DEPARTMENT, POLICE OFFICER JAMES VARA, in his individual and official capacity,

POLICE OFFICER CRAIG BUONORA, in his individual and official capacity, SERGEANT

PICKERING, in his individual and official capacity, LIEUTENANT DELARGY, in his individual and

official capacity,  and JOHN DOES 1-10, in their individual and official capacity and others.

       7.      Plaintiff, DARRYL T. COGGINS, sustained severe damages, physical and emotional

injuries, including, but not limited to, violation of his civil rights, injury to his mental health, permanent

damage to his good name and reputation, humiliation, shame, embarrassment, extreme mental and

emotional harm and stress, impairment of earning power, as well as the unjustified loss of his freedom,

access to personal property, good standing in the community, comfort, employment, income, career

opportunities and other damages not yet fully ascertained.

## JURISDICTION

       8.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 and the Fourth,

Fifth,Sixth and Fourteenth Amendmentsto the United StatesConstitution.  Jurisdiction is founded upon

28 U.S.C. §§1331 and 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear

and decide any and all claims arising under state law.

       9.      That all conditions precedent to instituting the lawsuit have been complied with in a

timely manner.

       10.      Venue herein is proper under 28 U.S.C. § 1391 (b); the cause of action arose in the

Eastern District of New York.

## **PARTIES**

11.     During all times relevant to this Complaint, the Plaintiff DARRYL T. COGGINS was,

and still is, a citizen of the United States, residing in the County of Nassau, State of New York.

12.     The Defendant COUNTY OF NASSAU (hereinafter "COUNTY") is a duly constituted

municipal corporation of the State of New York and is and was the employer of POLICE OFFICER

JAMES VARA (hereinafter referred to as "VARA") POLICE OFFICER CRAIG BUONORA

(hereinafter referred to as "BUONORA"), SERGEANT PICKERING (hereinafter referred to as

"PICKERING"), in his individual and official capacity, LIEUTENANT DELARGY, (hereinafter

referred to as "DELARGY"), in his individual and official capacity, and certain of the unnamed police

officers and Detectives, and other personnel (JOHN DOES 1-10).

13.     The Defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter "NASSAU

POLICE") is an agency of the COUNTY.

14.     Upon information and belief, during all times relevant to this Complaint, Defendant

VARA, was and is a citizen and resident of the State of New York; and at all times herein mentioned

was a Police Officer employed by the COUNTY, under the direction of the NASSAU POLICE and

5

COUNTY and was acting in furtherance of the scope of his employment, acting under color of statutes,

ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY, and

acting in his individual and official capacity.

15.     That Defendant BUONORA was and is a citizen and resident of the State of New York;

and at all times herein mentioned was a Police Officer employed by the COUNTY, under the direction

of the NASSAU POLICE and COUNTY and was acting in furtherance of the scope of his employment,

acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New

York and/or COUNTY, and acting in his individual and official capacity.

16.     Upon information and belief, during all times relevant to this Complaint, Defendant

VARA, was and is a citizen and resident of the State of New York; and at all times herein mentioned

was a  Police Officer employed by the COUNTY, under the direction of the NASSAU POLICE and

COUNTY and was acting in furtherance of the scope of his employment, acting under color of statutes,

ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY, and

acting in his individual and official capacity.

17.     Upon information and belief, during all times relevant to this Complaint, Defendant

PICKERING, was and is a citizen and resident of the State of New York; and at all times herein

mentioned was a  Police Officer employed by the COUNTY, under the direction of the NASSAU

POLICE and COUNTY and was acting in furtherance of the scope of his employment, acting under

color ofstatutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or

COUNTY, and acting in his individual and official capacity.

18.     Upon information and belief, during all times relevant to this Complaint, Defendant

DELARGY, was and is a citizen and resident of the State of New York; and at all times herein

mentioned was a  Police Officer employed by the COUNTY, under the direction of the NASSAU

POLICE and COUNTY and was acting in furtherance of the scope of his employment, acting under

color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or

COUNTY, and acting in his individual and official capacity.

19.     That "JOHN DOES" 1-10 were at all times herein mentioned police officers and/or

detectives, in their individual and official capacities, employed by both COUNTY and NASSAU

POLICE under the direction of Defendant's COUNTY AND NASSAU POLICE,  and were acting in

furtherance of the scope of their employment, acting under color of law, to wit under color of statutes,

ordinances, regulations, policies, customs and usages of the State of New York and/or the COUNTY

and/or NASSAU POLICE.

20.     During all times relevant to this Complaint, the Defendants, and each of them, were

acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules,

7

regulations, policies, customs and usages of the State of New York and/or the COUNTY.

21.     During all times relevant to this Complaint, the Defendants, separately and in concert,

engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and

immunities of the Plaintiff, and while these acts were carried out under color of law, they had no

justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity

in which law enforcement officers may appropriately and legally engage in the course of protecting

persons and property or ensuring civil order.

22.     During all times relevant to this Complaint, the Defendants, and each of them, had the

power and the duty to restrain the other Defendants and prevent them from violating the law and the

rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants and

thereby became a party to unlawfully subjecting the Plaintiff to harm and denial of basic rights.

## FACTUAL ALLEGATIONS

23.     Plaintiff, DARRYL T. COGGINS, reiterates and realleges each and every allegation

contained in paragraphs 1 through 22 ofthisComplaint with the same force and effect as though set forth

herein.

24.     Defendants VARA and BUONORA actively instigated and encouraged the baseless

8

prosecution of the Plaintiff. On or about October 9, 2004, Plaintiff was arrested and charged under

Docket No.:2004NA021116, with violating Penal Law § 265.02(3), Criminal Possession of a Weapon

in the Third Degree, a Class D felony and Penal Law § 265.02(4), Criminal Possession of a Weapon in

the Third Degree, a Class D Felony. A conviction under Penal Law §§ 265.02(3) and/or 265.02(4)

carries with it a potential penalty of two (2) years to seven (7) years incarceration. Bail was set at

$10,000.00 Cash and $25,000.00 Bond.

25.    Bail was posted on behalf of Plaintiff on October 11, 2004.  Accordingly, despite his

innocence, Plaintiff remained in jail for a period of two days. On March 17, 2005, this matter was

presented to the Grand Jury by the Nassau County District Attorney's Office (hereinafter referred to as

the "District Attorney").

26.    Prior to the District Attorney presenting the criminal matter to the Grand Jury, counsel

for Plaintiff requested, by way of formal demand, that the District Attorney request that the Grand Jury

consider the charges of perjury, making an apparently sworn false statement, making a punishable false

written statement, harassment and aggravated harassment, and requesting that certain eyewitnesses be

presented before the Grand Jury.

27.    Despite counsel's written formal demand, the District Attorney failed to comply with

the Plaintiff's requests and the Grand Jury rendered a True Bill, voting to indict Plaintiff on violating

Penal Law § 265.02(3), Criminal Possession of a Weapon in the third degree; Penal Law  §265.02(4),

Criminal Possession of a Weapon in the third degree; and Penal Law  §205.30, Resisting Arrest; under

Indictment No. 663N-2005.

28.     The Indictment No. 663N-05 was based primarily on the testimony of Police Officers

VARA and BUONORA as complaining witnesses. VARA falsely testified that while he was chasing

Plaintiff, DARRYL T. COGGINS, he saw an object fall from Plaintiff as Plaintiff was jumping over a

fence. VARA testified that he continued his pursuit of Plaintiff, but later returned to determine that the

object that had fallen was a 9-millimeter handgun.

29.     Police Officer BUONORA falsely testified that he saw a 9-millimeter handgun fall from

Plaintiff, DARRYL T. COGGINS, ashe jumped the fence and thatBUONORA stayed with the handgun

until he was relieved by a Floral Park Officer.

30.     In July 2005, ten months after the initial arrest and after numerous court appearances,

while preparing for a Mapp/Huntley hearing, a Floral Park Officer informed this office that the story that

Police Officers VARA and BUONORA was telling was inaccurate. The Floral Park Officer informed

counsel that he was the Officer who initially found the gun approximately forty minutes after the foot

pursuit began.  He further indicated that radio transmissions of October 9, 2004 would substantiate his

claim. The Floral Park Officer's version of the events directly contradicted the sworn testimony of

10

VARA and BUONORA at the Grand Jury proceeding.

31.     Counsel reviewed the Floral Park and NASSAU POLICE's radio transmissions and found that they substantiated the claim of the Floral Park Police Officer. The case was referred to the Special Investigations Division of the Office of the District Attorney for further investigation.

32.     Fifteen months later, in the face of clear perjury and manufactured evidence, the charges filed against Plaintiff were dismissed on motion of the District Attorney. Throughout all of these proceedings, Plaintiff never wavered in declaring his innocence and made that fact unequivocally known to Defendants. Significantly, no statements were signed by Plaintiff that can be construed as an admission of guilt. Plaintiff always maintained his innocence and that VARA and BUONORA were not being truthful about the underlying facts.

33.     On aor about March 17, 2005, the Special Investigations Bureau of the Nassau County Police Department commenced an investigation, under Complaint Tracking No. 410-2005 into the arrest, detention and prosecution of Plaintiff, which is the subject matter of this Federal Complaint.

34.     As a result of the Investigation conducted by the Police Department, it was determined that Defendant BUONORA engaged in unlawful conduct in that on March 17, 2005, he appeared before the Nassau County Grand Jury in his capacity as a Police Officer and did give false testimony.

35.     That on November 17, 2005, Police Officer BUONORA appeared before Judge Jeffrey

11

Brown County Court Judge and pled guilty to a reduced charge of 210.05 of the NYS Penal Law, Perjury in the Third Degree, a Class A Misdemeanor.

36.     That on December 1, 2005, Police Officer BUONORA did admit to giving false sworn testimony in the Grand Jury on March 17, 2005.

37.     As a result of the Investigation conducted by the Police Department, it was determined that Defendant BUONORA engaged in conduct unbecoming of a Police Officer in that in or around October 9, 2004, while he was in foot pursuit of Plaintiff, Police Officer BUONORA yelled "Just Shoot Him" or words to that effect.

38.     As a result of the Investigation conducted by the Police Department, it was determined that Defendant VARA submitted a false official report in that on October 26, 2004, Police Officer VARA submitted PDCN (Standard Departmental Recognition) reporting that he was in foot pursuit, heard a metal noise, observed a black object on the ground and safeguarded the weapon and broadcasted a radio description of the Defendant.

39.     As a result of the Investigation conducted by the Police Department, it was determined that Defendant VARA failed to properly document his observations and activities in his Memorandum Book and failed to record three failed attempts to administer the portable breath test to Plaintiff on October 9, 2004.

40.     As a result of the Investigation conducted by the Police Department, it was determined that Defendant PICKERING failed to respond to the scene at Holland Avenue and Jericho Turnpike as directed by the Desk Officer through Communications Bureau, resulting in the failure to supervise at the scene of an incident.

41.     As a result of the Investigation conducted by the Police Department, it was determined that Defendant DELARGY failed to respond to the scene at Holland Avenue and Jericho Turnpike as directed by the Desk Officer through Communications Bureau, resulting in the failure to supervise at the scene of an incident and also failed to produce his memorandum book for October 8 and 9, 2004.

42.     Plaintiff has suffered loss of freedom and damage to his good name and will continue to suffer from psychological harm, humiliation, fear, injury to his character and injury to his reputation.

## AS AND FOR COUNT ONE

### 42 U.S.C §1981

43.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 42 of this Complaint with the same force and effect as though fully set forth herein.

44.     The Defendants COUNTY, its agents and employees, the NASSAU POLICE, in its agents and employees, POLICE OFFICER JAMES VARA, in his individual and official capacity, POLICE OFFICER CRAIG BUONORA, SERGEANT PICKERING, in his individual and official capacity, LIEUTENANT DELARGY, in his individual and official capacity,  and JOHN DOES 1-10, in their individual and official capacity, in their individual and official capacity deprived Plaintiff of his Fourth, Fifth, Sixth and Fourteenth Amendment rights, and caused such deprivation of rights by unlawfully stopping, falsely detaining, unlawfully accusing, wrongfully arresting and falsely imprisoning the Plaintiff for two days as described above in paragraphs 1 through 42 of this Complaint. Said acts were motivated by race and color, and  were marked by the conduct of Defendants to support the motivation.

13

45.     Upon information and belief, the Defendants COUNTY, NASSAU POLICE, VARA ,

BUONORA, PICKERING, and DELARGY, further deprived the plaintiff of his due process rights;

specifically by attempting to prolong the Defendant's unlawful detainment without probable cause,

investigation, rule of law and by further denying the plaintiff his Fifth Amendment rights via an attempt

to cover up the misconductofsaid officersand officialsand to preventplaintifffrom being compensated

for his wrongful arrest, detainment, and other physical and emotional harm incurred.

46.     In furtherance of said conduct, the Defendant officers prolonged the plaintiff's captivity

by failing to investigate plaintiff's protests that he was not the alleged perpetrator and by conspiring to

set bail at an unreasonable amount.

47.     Said actions by Defendants COUNTY, NASSAU POLICE, VARA , BUONORA,

PICKERING, and DELARGY denied the plaintiff his Due Process, and denied him the equal protection

under the law.  All of these rights are guaranteed to the plaintiff under U.S.C. §§1981.  Said acts were

motivated by race and color, and  were marked by the conduct of Defendants to support the motivation.

48.     By assisting in the prolonged detainment and false charging of the Plaintiff,COUNTY,

NASSAU POLICE, VARA , BUONORA, PICKERING, and DELARGY acted with the shared purpose

of denying plaintiff his rights to freedom ofmovement,protection from unlawful seizure, procedural and

substantive due process, and the right to equal protection under the laws.  These rights are guaranteed

14

to the plaintiff under 42 U.S.C. §1981.

49.     As a result of said conduct by the Defendants COUNTY, NASSAU POLICE, VARA ,

BUONORA, PICKERING, and DELARGY, the plaintiff has been subjected to unnecessary and

unsubstantiated charges, detention, court appearances, and other due process violations.

50.     Plaintiff further suffered severe humiliation, anxiety, fear, and emotional and psychological

harm, as a direct result of being publicly detained, jailed for two days, manhandled, handcuffed, stripped and

cavity searched.

51.     As a direct result of said acts, Plaintiff has suffered and continues to suffer loss of income,

loss of other employment benefits, loss of career opportunities,  and has suffered and continues to suffer

repeated, severe and permanent psychological, emotional and physical trauma and damage, including

distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional

and psychological trauma as alleged in the preceding paragraphs of the within complaint.

52.     As a result of the Defendants unlawful acts, the Plaintiff has been exposed to disgrace, public

humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars,

including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

### AS AND FOR COUNT TWO

### <u>42 U.S.C §1983 - FOURTH, FIFTH, SIXTH and FOURTEENTH AMENDMENTS</u>

53.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 52 of this Complaint with the same force and effect as though fully set forth herein.

54.     On or about October 9, 2004, Plaintiff, DARRYL T. COGGINS, was falsely arrested, falsely

seized and falsely detained, deprived of his freedom, unlawfully imprisoned and maliciously prosecuted by

Defendants COUNTY, NASSAU POLICE, VARA , BUONORA, PICKERING, and DELARGY, in violation

of the civil and constitutional rights afforded to him via the Fourth Amendment and the Due Process Clauses of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. §1983. All acts by the Defendants were committed under color of law, thus depriving the Plaintiff of rights secured by federal law and the United States Constitution.

55.     On or about October 9, 2004, Defendants COUNTY, NASSAU POLICE, VARA , BUONORA, PICKERING, and DELARGY, falsely arrested, falsely seized and falsely detained Plaintiff, thus depriving him of his freedom. Said seizure was made without probable cause, as Defendants were of the knowledge that Plaintiff had committed no crime.

56.     Upon information and belief such seizure, arrest, and detention was ordered and directed by Defendants COUNTY, NASSAU POLICE, VARA , BUONORA, PICKERING, and DELARGY. Defendants VARA and BUONORA actively instigated and encouraged the prosecution of the Plaintiff.

57.     Upon information and belief, the Defendants, COUNTY, NASSAU POLICE, VARA , BUONORA, PICKERING, and DELARGY, possessed, but withheld information which would have exonerated Plaintiff of the criminal charges with which he was charged.

58.     Upon information and belief, the Defendants, COUNTY, NASSAU POLICE, VARA, BUONORA, PICKERING, and DELARGY, deprived Plaintiff of the right to offer testimony of witnesses, and to compel their testimony at the Grand Jury Proceeding, thereby depriving Plaintiff of the right to establish a defense.

16

59.     Upon information and belief, each of the Defendants took an active role in creating and manufacturing the charges against Plaintiff, solely for the purposes of effecting an arrest and conviction, and not to effectuate justice.

60.     As part of the false arrest, detention and accusations, Defendants caused the Plaintiff to be wrongfully seized, falsely detained, falsely arrested, falsely imprisoned, and deprived of his liberty, without probable cause. Furthermore, as a direct result of said actions, the Plaintiff was unjustly exposed to disgrace, public humiliation, injury and embarrassment.

61.     The Defendants individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that the evidence they had in connection with the charges brought against Plaintiff were false, inconsistent with and insufficient to establish his guilt with respect to any of the crimes charged.

62.     In arresting, detaining and interrogating Plaintiff, each of the Defendants knew or should have known they were violating federal law and the Plaintiff's constitutional rights set forth herein and had failed to prevent the same and, therefore, acted in concert to harm the Plaintiff.

63.     Defendants withheld information and conspired to cover up the illegal acts delineated herein, despite the truth being apparent.  Defendants VARA and BUONORA offered and were allowed to provide false documents, false statements and perjured testimony before the Nassau County Grand

17

Jury with the full knowledge and support of COUNTY and NASSAU POLICE.

64.     Defendants withheld information and conspired to cover up the illegal acts delineated herein, despite the truth being apparent.  Defendants PICKERING and DELARGY failed to carry out their duties as Nassau County Police Officers by failing to respond to the scene and provide the necessary supervision at the scene.

65.     As a direct result of the unlawful actions of each of the Defendants, COUNTY, NASSAU POLICE, VARA , BUONORA, PICKERING, and DELARGY, the Plaintiff was wrongfully subjected to grand jury proceedings, wrongfully indicted for weapons possession, maliciously prosecuted, forced to endure multiple mandatory court appearances, and face potential incarceration all based upon false premises.

66.     Each of the Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from illegal seizure of his person, freedom from illegal detention and imprisonment; all rights that are secured to Plaintiff by the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. §§1981 and 1983.

67.     As a direct and proximate result of the aforesaid acts of the Defendants and each of them,

18

the Plaintiff suffered great physical harm, mental anguish and violation of rights from then until now and he will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants.

68.    Plaintiff was forced to incur great expense and special damages to date for the defending the false criminal charges, attorney's fees, investigation expenses, and other expenses in clearing his name against the unfounded and unwarranted allegations by the Defendants which have been a serious burden to Plaintiff.

69.    That by reason of the foregoing, the Plaintiff has been exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT THREE

### 42 U.S.C. §1983-MUNICIPAL LIABILITY

70.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 69 of this Complaint with the same force and effect as though fully set forth herein.

71.    Prior to October 9, 2004 and since, Defendants NASSAU AND NASSAU POLICE have

permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal abuses and arrests

of persons by police officers.  Despite the egregiously improper conduct, the officers involved were not

seriously prosecuted, disciplined or subjectedto restraint andsuch incidents were in fact covered up with

official claims that the harassments were justified and proper. As a result, Defendants NASSAU

POLICE were caused and encouraged to believe that individuals could be falsely arrested, prosecuted

and imprisoned under circumstances requiring the use of falsified evidence and testimony, and that such

behavior would, in fact, be permitted by the COUNTY.

72.     In addition to permitting a pattern of practice of improper treatment of persons, the

COUNTY has failed to maintain a proper system for investigation of all incidents of unjustified arrests

and prosecution by their agents/employees.

73.     The COUNTY has failed to respond to the continuing and urgent need to prevent,

restrain and discipline police officers that deprive citizens of their civil rights.

74.     A system allegedly maintained by the COUNTY, has failed to properly review

unjustified behavior and activities by police officers, and has failed to identify the violative acts by

police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has

become the custom of the COUNTY to tolerate the improper and illegal arrests and other wrongful

actions by police officers.

75.     Upon information and belief, specific systemic flaws in the COUNTY's police

misconduct review process include but are not limited to the following:

      a.     Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

      b.     Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c.     Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

d.     Police officers failing to communicate, properly respond to the scene and failing to provide the proper supervision at the scene of incidents;

e.     Create and manufactured false testimony and evidence.

76.     The foregoing acts, omissions, systemic flaws, policies and customs of the COUNTY caused Nassau County Police Officers to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately and falsify evidence in situations where such evidence is neither necessary nor reasonable.

77.     As a direct and proximate resultofthe aforesaid acts,omissions, systemic flaws, policies and customs of the Defendant COUNTY, the Plaintiff was  unjustifiably mistreated, illegally arrested and wrongfully detained, in violation of his civil and constitutional rights. Moreover, he has suffered and will continue to suffer from psychological harm, humiliation, fear, defamation of character and injury to his reputation. All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. §§1981 and 1983.

78.     That by reason of the foregoing, Plaintiff has been exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FOUR

## STATE LAW FRAUDULENT MISREPRESENTATION

79.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 78 of this Complaint with the same force and effect as though fully set forth herein.

21

80.     Defendants VARA and BUONORA's accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to persecute Plaintiff.

81.     Defendants, and each of them, expressly and impliedly, acted with each other to bring about Plaintiff's seizure, false arrest, and detention, all without lawful or proper basis or justification. All without consideration of Plaintiff's rights and in violation of Plaintiff's rights as stated herein.

82.     Defendants VARA and BUONORA were aware that the representations made to the Court and Jury and representations made in sworn documents were representations of fact, that on October 9, 2004, Plaintiff was involved in the alleged incident, that Plaintiff was the perpetrator and was identified as the perpetrator, Plaintiff was in possession of a criminal weapon and that same alleged weapon fell from Plaintiff as he jumped over the fence, and that Defendant Officers observed all of this leading Defendant BUONORA to stand over the weapon until Floral Park Police arrived as well as other facts listed in Paragraphs 1-40.

83.     Defendants VARA and BUONORA knew said representations were knowingly and maliciously false, and said representations were made with a reckless disregard to their veracity.  These representations made by Defendants induced the trial court to rely upon same, and wrongfully convict Plaintiff of criminal charges.

84.     That the false representations, false arrest, false imprisonment and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff damages. All of these rights are secured to Plaintiff by the provisions of the New York State Constitution.

85.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FIVE

### STATE LAW ABUSE OF PROCESS and MALICIOUS PROSECUTION

86. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 85 of this Complaint with the same force and effect as though fully set forth herein.

87. Defendantsmaliciously causedacriminal proceeding tobe commenced against Plaintiff without reasonable and probable cause. Defendants VARA and BUONORA actively instigated and encouraged the baseless prosecution of the Plaintiff on Criminal Possession of a Weapons charges. Plaintiff was indicted based upon VARA and BUONORA's malicious and false statements before the Grand Jury and false documents. As a result of this baseless prosecution and abuse of process, Plaintiff was falsely detained, wrongfully arrested, maliciously prosecuted along with other wrongful acts conducted. The criminal proceeding was eventually terminated in favor of Plaintiff.

88. The false detainment, wrongful arrest, malicious prosecution and other wrongful acts conducted against the Plaintiff by the Defendants, VARA,BUONORA,PICKERING AND DELARGY constituted unreasonable and excessive force by police officers and thedistrict attorney, as well as abuse of process, abuse of authority, breach of police procedures, and violationsofthe Plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment rights. The Defendants VARA, BUONORA, PICKERING AND DELARGY negligently and recklessly breached their duty under the United States Constitution to

23

prevent the commission of the civil rights violations perpetrated against DARRYL T. COGGINS,

including violations of 42 U.S.C. §§ 1981, 1983, and substantive and procedural due process infractions.

89.     Said baseless prosecution and abuse of process was continued by the VARA and

BUONORO's refusal to adequately investigate and properly discipline the Defendants VARA,

BUONORA, PICKERING AND DELARGY for their actions against the Plaintiff DARRYL T.

COGGINS.  Specifically, the COUNTY failed to investigate and  verify the veracity of the Plaintiff's

claims, despite the lack of any significant hearing or consideration by the District Attorney's office for

the substantial evidence supporting DARRYL T. COGGINS' Complaint-- such evidence including eye

witnesses, consistent testimony, and the blatant lack of any probable cause for wrongly stopping,

detaining and arresting, prosecuting and imprisoning DARRYL T. COGGINS.

90.     The continued action taken by the Defendants POLICE OFFICER VARA and

BUONORA, to prosecute, persecute and fully inconvenience the Plaintiff DARRYL T. COGGINS with

false criminal charges is an abuse of process, in that using the courts and judicial process to persecute,

intimidate, inconvenience and further damage the Plaintiff DARRYL T. COGGINS, despite no

significant evidence for prosecuting the baseless charges of Criminal Possession of a Weapon and

Resisting Arrest and a complete absence of reasonable or probable cause.

91.     As a result of said baseless prosecution and abuse of process, Plaintiff has suffered

24

continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been

harmed monetarily in his incurring of attorney fees, lost business opportunities, and other expenses

incurred in the attempt to clear the Plaintiff DARRYL T. COGGINS from these false and maliciously

imposed criminal charges.

92.     As a result of said baseless prosecution and abuse of process, Plaintiff was subjected to

a highly substantial and identifiable interference with his person, property and business based upon his

arrest of October 9, 2004 and his unlawful detention up until October 11, 2004.  Furthermore, Plaintiff's

liberty was continuously compromised as a result of the continued baseless prosecution of this matter

for an additional ten (10) months and he was subjected to significant burden and humiliation by being

the subject target of an indictment submitted to the Grand Jury by the Defendants in this action.

93.     As a further result of said baseless prosecution and abuse of process, Plaintiff was forced

to incur legal expenses in the amount of $7,580.00 (Seven Thousand Five Hundred and Eighty Dollars)

in order to defend himself against these frivolous charges, baseless prosecution and abuse of process.

94.     As a further result of said baseless prosecution and abuse of process, Plaintiff was cause

to lose temporary possession of his Cadillac vehicle when it was impounded as result of the false arrest,

abuse of process and malicious prosecution, forcing Plaintiff to incur expenses in the amount of

approximately $75.00 (Seventy-Five Dollars) in order to regain possession of vehicle.

25

95.     As a further result of said baseless prosecution and abuse of process, Plaintiff was cause to suffer expense of over $10,000.00 (Ten Thousand Dollars) as fees associated with the posting of the Bond for Plaintiff's release from custody after being falsely arrested on October 9, 2004.

96.     As a further result of said baseless prosecution and abuse of process, Plaintiff suffered a loss of wages from his employment at Keyspan amounting to approximately $1352.00 (One Thousand Three Hundred and Fifty-Two Dollars).

97.     As a further result of said baseless prosecution and abuse of process, Plaintiff suffered injury to his reputation in the community and his professional reputation. Plaintiff was caused to forego employment opportunities with the Westbury Juvenile Detention Center, employment offering an annual salary of approximately $35,000 (Thirty Five Thousand Dollars) causing him to suffer additional economic loss.

98.     As a further result of said baseless prosecution and abuse of process, Plaintiff suffered a loss of his security guard license for approximately 10 (ten) months which prevented him from acquiring gainful employment in the security field within that period of time.

99.     As a further result of said baseless prosecution and abuse of process, Plaintiff was caused to forego employment opportunities with the Suffolk County Police Department, employment offering an annual salary of approximately $50,000.00 (Fifty Thousand Dollars) causing him to suffer

26

additional economic loss.

100.     By reason of the foregoing, Plaintiff has been damaged in the sum of Ten Million

($10,000,000.00) dollars,  including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and

punitive damages.

## AS AND FOR COUNT SIX

## **STATE LAW FALSE ARREST/FALSE IMPRISONMENT**

101.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs 1 through 100  of this Complaint with the same force and effect as though fully set forth

herein.

102.     The Defendants VARA, BUONORA, PICKERING and DELARGY lacked any probable

cause to stop, hold and detain the Plaintiff DARRYL T. COGGINS in custody for any period of time,

no less the prolonged period of custody at the local Police Precinct and the Nassau County Police

Headquarters.

103.     Without such probable cause, Defendants VARA, BUONORA, PICKERING and

DELARGY conspired to and wrongfully detained the Plaintiff DARRYL T. COGGINS in the back of

a police car, at the police precinct, at the Headquarters, and at the jail, denied Plaintiff his freedom for

a period of approximately two days. During said time, Plaintiff was physically prevented from leaving

the custody of police, in that he was handcuffed and surrounded by officers in a police precinct, and kept

there under the supervision and knowledge of the Police.

104.    As a result of said false arrest and false imprisonment, Plaintiff suffered and continues

to suffer pain, great emotional and psychological harm, anxiety and personal fear, all due to the callous

indifference of said Defendants in falsely arresting and imprisoning DARRYL T. COGGINS and

requiring him to face false charges.

105.    By reason of the foregoing, Plaintiff has been damaged in the sum of Ten Million

($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and

punitive damages.

## AS AND FOR COUNT SEVEN

## <u>STATE LAW NEGLIGENCE</u>

106.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs

1 through 105 of this Complaint with the same force and effect as though fully set forth herein.

107.    The Defendants VARA, BUONORA, PICKERING and DELARGY had a duty under 42

U.S.C. §§ 1981 and 1983, as well as under the Fourth, Fifth, Sixth and Fourteenth Amendments, and under

New York State Law and their own rules and regulations, to prevent and cease the wrongful detainment, false

arrest, false imprisonment, malicious and false charging and prosecuting, as well as a duty to hire, to train,

to investigate, supervise and discipline Defendants VARA, BUONORO and JOHN DOES "1-10" and prevent

other wrongful acts that were committed against Plaintiff DARRYL T. COGGINS.

108.     In actively inflicting and failing to prevent the above stated abuses incurred by DARRYL T. COGGINS, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, detained custody and arrest without Miranda warnings, and other due process violations.  Said rights are guaranteed to the Plaintiff by 42 U.S.C. § 1983 and by the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution.

109.     The breach of duty by the Defendants VARA, BUONORA, PICKERING and DELARGY was a direct and proximate cause of the harm suffered by Plaintiff DARRYL T. COGGINS. Said harm includes physical harm, pain and suffering which continues to this day, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which he incurred.

110.     By reason of the foregoing, Plaintiff has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

### AS AND FOR COUNT EIGHT

### STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

111.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 110 of this Complaint with the same force and effect as though fully set forth herein.

112.   The Defendants VARA, BUONORA, PICKERINGand DELARGY acted outrageously

for their above-stated roles in the wrongful stop, detainment, false arrest, malicious prosecution,

prolonged imprisonment, intimidation and public humiliation of the Plaintiff, DARRYL T. COGGINS.

113.   Said emotional harm was exacerbated by the fabricated criminal charges against the

Plaintiff, known by VARA, BUONORA, PICKERING and DELARGY to be without basis, yet

prosecuted, and denied Plaintiff of his freedom with the intention of causing extreme further harm and

duress to the Plaintiff, DARRYL T. COGGINS.

114.   The Defendants VARA, BUONORA, PICKERING and DELARGY's initiation of a

baseless charge, falsified testimony, with sadistic intent and for the purpose of subjecting Plaintiff to the

prosecution system is utterly intolerable in a civilized society.

115.   The Defendants knew that their conduct, along with the threat of imprisonment would

cause severe and extreme emotional harm to Plaintiff.

116.   Said harm did in fact occur in this case, in that the Plaintiff was debilitated to the point

where he still suffers from episodes of anxiety, anger, loss of sleep, and other factors; to the extent that

the Plaintiff is in need of counseling by a psychiatrist or similar health care provider.

117.   By reason of the foregoing, Plaintiff has been damaged in the sum of Ten Million

($10,000,000.00) dollars.

**WHEREFORE,** Plaintiff demands judgment against Defendants:

(A)   As and for Count One in the sum of Ten Million ($10,000,000.00) dollars;

(B)   As and for Count Two in the sum of Ten Million ($10,000,000.00) dollars;

(C)   As and for Count Three in the sum of Ten Million ($10,000,000.00) dollars;

(D)   As and for Count Four in the sum of Ten Million ($10,000,000.00) dollars;

(E)   As and for Count Five in the sum of Ten Million ($10,000,000.00) dollars;

(F)   As and for Count Six in the sum of Ten Million ($10,000,000.00) dollars;

(G)   As and for Count Seven in the sum of Ten Million ($10,000,000.00) dollars;

(H)   As and for Count Eighth in the sum of Ten Million ($10,000,000.00) dollars;

(I)   Award such other and further relief as this Court may deem appropriate.

**A JURY TRIAL IS HEREBY DEMANDED**

Dated: Hempstead, New York
       August 26, 2011

                              LAW OFFICES OF FREDERICK
                              K. BREWINGTON


                    By: ___ Valerie M. Cartright _____
                              VALERIE M. CARTRIGHT (VC7327)
                              Attorneys for Plaintiff
                              556 Peninsula Boulevard Hempstead,
                              New York 11550