UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARRYL T. COGGINS,   Docket No.: 07-CV-3624 (JFB)(AKT)

                Plaintiff,

  - against -   **ANSWER TO SECOND AMENDED COMPLAINT**

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
JAMES VARA, in his individual and official
capacity, and POLICE OFFICER CRAIG
BUONORA, in his individual and official capacity,
SERGEANT PICKERING, in his individual and
official capacity, LIEUTENANT DELARGY, in
his individual and official capacity, and JOHN
DOES "1-10", in their individual and official
capacity,

                Defendants.
------------------------------------------------------------X

      DEFENDANT POLICE OFFICER CRAIG BUONORA, appearing herein by his attorney LAURENCE JEFFREY WEINGARD, for his Answer to the Second Amended Complaint, upon information and belief, alleges as follows:

## PRELIMINARY STATEMENT

      1.    Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "1" of plaintiff's complaint except to aver that Judge Joseph F. Bianco issued an Order on this matter on or about August 24, 2011.

      2.    Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "2" of plaintiff's complaint.

      3.    Denies each and every allegation set forth in paragraph "3" of plaintiff's

complaint.

4. Denies each and every allegation set forth in paragraph "4" of plaintiff's complaint.

5. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "5" of plaintiff's complaint.

6. Denies each and every allegation set forth in paragraph "6" of plaintiff's complaint.

7. Denies each and every allegation set forth in paragraph "7" of plaintiff's complaint.

## JURISDICTION

8. Denies knowledge or information sufficient to form a belief as to the allegations contained within paragraph "8" of plaintiff's complaint, except admits that paragraph "8" purports to set forth the jurisdictional basis for this action.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained within paragraph "9" of plaintiff's complaint and respectfully refers all matters of law to the Court.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained within paragraph "10" of plaintiff's complaint and respectfully refers all matters of law to the Court.

## **PARTIES**

11.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the plaintiff's complaint.

12.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the plaintiff's complaint except admits that POLICE OFFICER CRAIG BUONORA is employed by the Nassau County Police Department as a Police Officer.

13.     Denies knowledge or information sufficient to form a belief as to the allegations contained within paragraph "13" of plaintiff's complaint and respectfully refers all matters of law to the Court.

14.     Denies knowledge or information sufficient to form a belief as to the allegations contained within paragraph "14" of plaintiff's complaint and respectfully refers all matters of law to the Court.

15.     Denies each and every allegation set forth in paragraph "15" of the plaintiff's complaint except admits that POLICE OFFICER CRAIG BUONORA was and is a citizen and resident of the State of New York and that he is and was a police officer employed by the Nassau County Police Department.

16.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "16" of plaintiff's complaint.

17.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "17" of plaintiff's complaint.

18.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "18" of plaintiff's complaint.

19.     Denies knowledge or information sufficient to form a belief as to the allegations

contained within paragraph "19" of plaintiff's complaint and respectfully refers all matters of law to the Court.

20. Denies each and every allegation set forth in paragraph "20" of the plaintiff's complaint.

21. Denies each and every allegation set forth in paragraph "21" of the plaintiff's complaint.

22. Denies each and every allegation set forth in paragraph "22" of the plaintiff's complaint.

### FACTUAL ALLEGATIONS

23. Repeats, reiterates and re-alleges each and every response contained in paragraphs "1" to "22" with the same force and effect as though fully set forth at length herein.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained within paragraph "24" of plaintiff's complaint, except denies that POLICE OFFICER CRAIG BUONORA instigated and encouraged the baseless prosecution of the plaintiff.

25. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "25" of plaintiff's complaint.

26. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "26" of plaintiff's complaint.

27. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "27" of plaintiff's complaint.

28. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "28" of plaintiff's complaint except denies that POLICE OFFICER

CRAIG BUONORA was a complaining witness.

29. Denies each and every allegation set forth in paragraph "29" of plaintiff's complaint, except admits that POLICE OFFICER CRAIG BUONORA falsely testified that he stayed with the handgun until he was relieved by a Floral Park Officer.

30. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "30" of plaintiff's complaint.

31. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "31" of plaintiff's complaint.

32. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "32" of plaintiff's complaint.

33. Denies each and every allegation set forth in paragraph "33" of plaintiff's complaint.

34. Denies each and every allegation set forth in paragraph "34" of plaintiff's complaint, except admits that POLICE OFFICER CRAIG BUONORA was indicted for perjury and pleaded guilty to one count of perjury as a misdemeanor.

35. Denies each and every allegation set forth in paragraph "35" of plaintiff's complaint, except admits that on or about POLICE OFFICER CRAIG BUONORA was indicted for perjury and pleaded guilty to one count of perjury as a misdemeanor.

36. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "36" of plaintiff's complaint.

37. Denies each and every allegation set forth in paragraph "37" of plaintiff's complaint.

38. Denies knowledge and information sufficient to form a belief as to the allegations

contained in paragraph "38" of plaintiff's complaint.

39. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "39" of plaintiff's complaint.

40. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "40" of plaintiff's complaint.

41. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "41" of plaintiff's complaint.

42. Denies each and every allegation set forth in paragraph "42" of plaintiff's complaint.

## AS AND FOR COUNT ONE
## 42 U.S.C. §1981

43. Repeats, reiterates and re-alleges each and every response contained in paragraphs "1" to "43" with the same force and effect as though fully set forth at length herein.

44. Denies each and every allegation set forth in paragraph "44" of plaintiff's complaint.

45. Denies each and every allegation set forth in paragraph "45" of plaintiff's complaint.

46. Denies each and every allegation set forth in paragraph "46" of plaintiff's complaint.

47. Denies each and every allegation set forth in paragraph "47" of plaintiff's complaint.

48. Denies each and every allegation set forth in paragraph "48" of plaintiff's

complaint.

49. Denies each and every allegation set forth in paragraph "49" of plaintiff's complaint.

50. Denies each and every allegation set forth in paragraph "50" of plaintiff's complaint.

51. Denies each and every allegation set forth in paragraph "51" of plaintiff's complaint.

52. Denies each and every allegation set forth in paragraph "52" of plaintiff's complaint.

## AS AND FOR COUNT TWO
## 42 U.S.C. §1983 - FOURTH, FIFTH, SIXTH and FOURTEENTH AMENDMENTS

53. Repeats, reiterates and re-alleges each and every response contained in paragraphs "1" to "52" with the same force and effect as though fully set forth at length herein.

54. Denies each and every allegation set forth in paragraph "54" of plaintiff's complaint.

55. Denies each and every allegation set forth in paragraph "55" of plaintiff's complaint.

56. Denies each and every allegation set forth in paragraph "56" of plaintiff's complaint.

57. Denies each and every allegation set forth in paragraph "57" of plaintiff's complaint.

58. Denies each and every allegation set forth in paragraph "58" of plaintiff's

complaint.

59. Denies each and every allegation set forth in paragraph "59" of plaintiff's complaint.

60. Denies each and every allegation set forth in paragraph "60" of plaintiff's complaint.

61. Denies each and every allegation set forth in paragraph "61" of plaintiff's complaint.

62. Denies each and every allegation set forth in paragraph "62" of plaintiff's complaint.

63. Denies each and every allegation set forth in paragraph "63" of plaintiff's complaint.

64. Denies each and every allegation set forth in paragraph "64" of plaintiff's complaint.

65. Denies each and every allegation set forth in paragraph "65" of plaintiff's complaint.

66. Denies each and every allegation set forth in paragraph "66" of plaintiff's complaint.

67. Denies each and every allegation set forth in paragraph "67" of plaintiff's complaint.

68. Denies each and every allegation set forth in paragraph "68" of plaintiff's complaint.

69. Denies each and every allegation set forth in paragraph "69" of plaintiff's complaint.

## AS AND FOR COUNT THREE
### 42 U.S.C. §1983 - MUNICIPAL LIABILITY

70. Repeats, reiterates and re-alleges each and every response contained in paragraphs "1" to "69" with the same force and effect as though fully set forth at length herein.

71. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "71" of plaintiff's complaint.

72. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "72" of plaintiff's complaint.

73. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "73" of plaintiff's complaint.

74. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "74" of plaintiff's complaint.

75. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "75" of plaintiff's complaint.

76. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "76" of plaintiff's complaint.

77. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "77" of plaintiff's complaint.

78. Denies each and every allegation set forth in paragraph "78" of plaintiff's complaint.

## AS AND FOR COUNT FOUR
## STATE LAW FRAUDULENT MISREPRESENTATION

79. Repeats, reiterates and re-alleges each and every response contained in paragraphs "1" to "78" with the same force and effect as though fully set forth at length herein.

80. Denies each and every allegation set forth in paragraph "80" of plaintiff's complaint.

81. Denies each and every allegation set forth in paragraph "81" of plaintiff's complaint.

82. Denies each and every allegation set forth in paragraph "82" of plaintiff's complaint.

83. Denies each and every allegation set forth in paragraph "83" of plaintiff's complaint except admits that the representation that he observed the weapon fall from plaintiff and that he stood over the weapon until Floral Park Police arrived is false.

84. Denies each and every allegation set forth in paragraph "84" of plaintiff's complaint.

85. Denies each and every allegation set forth in paragraph "85" of plaintiff's complaint.

## AS AND FOR COUNT FIVE
## STATE LAW ABUSE OF PROCESS and MALICIOUS PROSECUTION

86. Repeats, reiterates and re-alleges each and every response contained in paragraphs "1" to "85" with the same force and effect as though fully set forth at length herein.

87. Denies each and every allegation set forth in paragraph "87" of plaintiff's

complaint.

88. Denies each and every allegation set forth in paragraph "88" of plaintiff's complaint.

89. Denies each and every allegation set forth in paragraph "89" of plaintiff's complaint.

90. Denies each and every allegation set forth in paragraph "90" of plaintiff's complaint.

91. Denies each and every allegation set forth in paragraph "91" of plaintiff's complaint.

92. Denies each and every allegation set forth in paragraph "92" of plaintiff's complaint.

93. Denies each and every allegation set forth in paragraph "93" of plaintiff's complaint.

94. Denies each and every allegation set forth in paragraph "94" of plaintiff's complaint.

95. Denies each and every allegation set forth in paragraph "95" of plaintiff's complaint.

96. Denies each and every allegation set forth in paragraph "96" of plaintiff's complaint.

97. Denies each and every allegation set forth in paragraph "97" of plaintiff's complaint.

98. Denies each and every allegation set forth in paragraph "98" of plaintiff's complaint.

99. Denies each and every allegation set forth in paragraph "99" of plaintiff's complaint.

100. Denies each and every allegation set forth in paragraph "100" of plaintiff's complaint.

## AS AND FOR COUNT SIX
## STATE LAW FALSE ARREST/FALSE IMPRISONMENT

101. Repeats, reiterates and re-alleges each and every response contained in paragraphs "1" to "100" with the same force and effect as though fully set forth at length herein.

102. Denies each and every allegation set forth in paragraph "102" of plaintiff's complaint.

103. Denies each and every allegation set forth in paragraph "103" of plaintiff's complaint.

104. Denies each and every allegation set forth in paragraph "104" of plaintiff's complaint.

105. Denies each and every allegation set forth in paragraph "105" of plaintiff's complaint.

## AS AND FOR COUNT SEVEN
## STATE LAW NEGLIGENCE

106. Repeats, reiterates and re-alleges each and every response contained in paragraphs "1" to "105" with the same force and effect as though fully set forth at length herein.

107. Denies each and every allegation set forth in paragraph "107" of plaintiff's

complaint.

108. Denies each and every allegation set forth in paragraph "108" of plaintiff's complaint.

109. Denies each and every allegation set forth in paragraph "109" of plaintiff's complaint.

110. Denies each and every allegation set forth in paragraph "110" of plaintiff's complaint.

## AS AND FOR COUNT EIGHT
## STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

111. Repeats, reiterates and re-alleges each and every response contained in paragraphs "1" to "110" with the same force and effect as though fully set forth at length herein.

112. Denies each and every allegation set forth in paragraph "112" of plaintiff's complaint.

113. Denies each and every allegation set forth in paragraph "113" of plaintiff's complaint.

114. Denies each and every allegation set forth in paragraph "114" of plaintiff's complaint except admits that a portion of defendant BUONORA's testimony before the grand jury was false.

115. Denies each and every allegation set forth in paragraph "115" of plaintiff's complaint.

116. Denies each and every allegation set forth in paragraph "116" of plaintiff's complaint.

117. Denies each and every allegation set forth in paragraph "117" of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

118. Plaintiff has failed to state a cause of action upon which relief may be granted with respect to those Counts of plaintiff's complaint numbered "1", "2", "4", "5", "6", "7" and "8".

119. Plaintiff's claims in those Counts of plaintiff's second amended complaint numbered "4", "5", "6" and "8" are untimely and are barred by the applicable statutes of limitations.

120. Plaintiff has failed to comply with the requirements of the General Municipal Law §§ 50-e, 50h and 50i.

121. Defendant POLICE OFFICER CRAIG BUONORA has at all times with respect to the plaintiff acted in good faith, without malice and in the ordinary course of his duties as a Nassau County Police Officer.

122. Defendant POLICE OFFICER CRAIG BUONORA enjoys absolute, full, partial or qualified immunity from civil suit from actions arising from the course of his duties as a Nassau County Police Officer.

123. The actions complained of by plaintiff were in full accord with all applicable laws.

124. Defendant POLICE OFFICER CRAIG BUONORA is shielded from suit for damages under 42 U.S.C. §1983 by the doctrine of qualified immunity as he is and was a police officer acting in his official capacity.

125. Defendant POLICE OFFICER CRAIG BUONORA is shielded from suits for damages under 42 U.S.C. §1983 by the doctrine of absolute immunity for testimony given to a grand jury. *Briscoe v. Lahue*, 460 U.S. 325 (1983) and *White v. Frank*, 855 F.2d. 956 (2nd Cir. 1988).

126. Plaintiff's constitutional and statutory rights were not violated by defendant POLICE OFFICER CRAIG BUONORA.

127. That in the event plaintiff suffered damages as alleged in the second amended complaint, such damages were sustained solely through and by virtue of the negligent conduct of the plaintiff and without any negligence on the part of defendant POLICE OFFICER CRAIG BUONORA.

128. That in the event plaintiff suffered damages as alleged in the second amended complaint, such damages were sustained solely through and by virtue of the intentional conduct of the plaintiff.

129. That in the event plaintiff should recover damages as a result of a finding of liability against defendant POLICE OFFICER CRAIG BUONORA, such recovery should be reduced by the degree of comparative negligence of plaintiff contributing to such damages.

130. That in the event plaintiff should recover damages as a result of a finding of liability against defendant POLICE OFFICER CRAIG BUONORA, such recovery should be reduced by the degree plaintiff's intentional conduct contributed to such damages.

131. Plaintiff's allegations of conspiracy are barred due to the intra-corporate or intra-enterprise conspiracy doctrine. *Herrmann v. Moore*, 576 F.2d. 453 (2nd Cir. 1978).

132. Plaintiff has failed to mitigate his damages allegedly sustained in this matter.

133. That if plaintiff sustained the damages as alleged in the second amended

complaint, such damages were caused in whole or in part by parties other than defendant POLICE OFFICER CRAIG BUONORA and over whom defendant POLICE OFFICER CRAIG BUONORA has no control.

134. Plaintiff's illegal conduct, the criminal possession of a defaced 9mm Highpoint pistol and the criminal possession of a fully loaded .380 caliber magazine, bars his recovery.

135. Plaintiff has failed to properly plead his claims for punitive damages and therefore such claims are barred.

## AS AND FOR A FIRST CROSS-CLAIM
## DEFENSE

136. At all times heretofore mentioned defendant POLICE OFFICER CRAIG BUONORA was employed as a Police Officer by the NASSAU COUNTY POLICE DEPARTMENT and acting in his official capacity.

137. Upon information and belief, the collective bargaining agreement between the Police Benevolent Association, Police Department, County of Nassau, N.Y. and the COUNTY OF NASSAU and/or THE NASSAU COUNTY POLICE DEPARTMENT requires that the COUNTY OF NASSAU and/or the NASSAU COUNTY POLICE DEPARTMENT defend, indemnify and otherwise hold harmless from suit any Nassau County Police Officer named a defendant in a civil suit allegedly arising from actions of the police officer in his official capacity.

138. Despite a timely demand for defense by defendant POLICE OFFICER CRAIG BUONORA upon the COUNTY OF NASSAU and/or the NASSAU COUNTY POLICE DEPARTMENT, the COUNTY OF NASSAU and/or the NASSAU COUNTY POLICE

DEPARTMENT has refused to defend defendant POLICE OFFICER CRAIG BUONORA in this action and/or permit defendant POLICE OFFICER CRAIG BUONORA to continue to retain counsel of his own choosing at the expense of COUNTY OF NASSAU and/or the NASSAU COUNTY POLICE DEPARTMENT.

139. Accordingly, defendant POLICE OFFICER CRAIG BUONORA has been forced to incur and will continue to incur attorney's fees as well as all other costs involved in the defense of this action.

140. Defendant POLICE OFFICER CRAIG BUONORA is entitled to judgment over and against the COUNTY OF NASSAU and the NASSAU COUNTY POLICE DEPARTMENT for all attorney's fees and costs incurred defending this action.

**WHEREFORE** it is respectfully requested that the Court deny the Second Amended Complaint, together with plaintiff's prayer for relief contained in paragraphs (A) through (I) in the Wherefore paragraph of the Second Amended Complaint, in its entirety, with prejudice, that the cross-claim of POLICE OFFICER CRAIG BUONORA against the COUNTY OF NASSAU and the NASSAU COUNTY POLICE DEPARTMENT be granted in its entirety, attorneys fees, costs and disbursements and such other and further relief that the Court deems just and appropriate.

Dated: New York, New York
September 16, 2011

**The Law Offices of
Laurence Jeffrey Weingard**

By: Mitchell F. Senft
Attorneys for Defendant
*Police Officer Craig Buonora*

250 West 57th Street, Suite 401
New York, NY 10107
(212) 974-5200

TO: Law Offices of Frederick K. Brewington
Attorneys for Plaintiff
**DARRYL T. COGGINS**
556 Peninsula Boulevard
Hempstead, NY 11550-5428
(516) 489-6959

Diane C. Petillo, Esq.
Office of the Nassau County Attorney
Attorneys for Defendants
**COUNTY OF NASSAU,
NASSAU COUNTY POLICE DEPARTMENT,
POLICE OFFICER JAMES VARA,
SERGEANT PICKERING and
LIEUTENANT DELARGY**
One West Street
Mineola, NY 11501-4820
(516) 571-6190