UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

DARRYL T. COGGINS,

Plaintiff,

**07-CV-3624
(JFB)(AKT)**

v.

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER JAMES VARA, in
his individual and official capacity, and POLICE OFFICER
CRAIG BUONORA, in his individual and official capacity,
and JOHN DOES "1-10", in their individual and official
capacity,

Defendants.

------------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDAT
BUONARA'S MOTION PURSUANT TO
RULE 26(b)(1) OF THE FEDERAL
RULES OF CIVIL PROCEDURE
SEEKING THE UNSEALING OF
GRAND JURY MINUTES**

JOHN CIAMPOLI
Nassau County Attorney
Attorney for Nassau County
Defendants
One West Street
Mineola, New York 11501
(516) 571-6190

Of Counsel:
Diane C. Petillo
Deputy County Attorney

## TABLE OF CONTENTS

Table of Authorities..............................................................................ii

Preliminary Statement........................................................................1

Procedural History..............................................................................1

Statement of Facts..........................................................................2

Argument...........................................................................................3

Point I
The Court Should Take Judicial Notice of the County court Decision...........3

Point II
Buonora has Failed to Demonstrate a Compelling Need for the Unsealing
of the Grand Jury Minutes..................................................................4

    A. Defendant Buonora argues that the minutes are necessary to
       avoid injustice..............................................................................6
    B. The Grand Jury minutes should remain sealed...........................6
    C. Buonora has an alternative method of obtaining the information.......7

Conclusion.........................................................................................9

## <u>TABLE OF AUTHORITIES</u>

*Cullen v. Margiotta*, 811 F.2d 698, 715 (2d Cir. 1987)...................................5

*Dale v. Bartels*, 532 F.Supp. 973 (N.Y.S.D. 1982)...........................................5

*Douglas Oil Co. of California v. Petrol Stops Northwest*, 445 U.S. 211 (1979)..........4

*Lucas v. Turner*, 725 F. 2d 1095 (7th Cir. 1984)................................................7

*Matter of District Attorney of Suffolk County*, 58 N.Y.2d 436 (1983)....................4

*Melendez v. City of New York*, 109 A.D. 2d 13 (1st Dept. 1985)...........................6

*Meyers v. Philips*, 2007 WL 2276388 (E.D.N. Y. )...........................................4

*Nelson v. Mollen*, 175 A.D. 2d 518 (3d Dept. 1991). ......................................8

*Roberson v. City of New York*, 163 A.D. 2d 291 (2d Dept. 1990)........................6

*Rothman v. Gregor*, 220 F.2d 81 (2d Cir. 2000)...............................................4

*Ruggiero v. Fahey*, 103 A.D. 2d 65, 72 (2d Dept. 1984).....................................6

*Ruther v. Boyle*, 879 F. Supp. 247 (E.D.N.Y. 1995)...........................................8

*Townes v. New York City*, 1996 WL 164961 (E.D.N.Y.)........ ...........................3

*Vaughn v. Consumer Home Mortgage Co., Inc.*, 470 F. Supp. 2d 248 (E.D.N.Y.)........4

*Waterman v. City of New York*, 1989 WL 23219 (S.D.N.Y. )...............................8

*Zomber v. Village of Garden City*, 2011 WL 3511011.......................................7

**Statutes:**

Fed. R. Evid. 201(a)...............................................................................3

Fed. R. Evid. 201(b)...............................................................................4

## PRELIMINARY STATEMENT

Defendants County of Nassau ("Nassau County"), Nassau County Police Department ("NCPD"), and Police Officer James Vara ("Defendant Officer Vara"), (hereinafter "Nassau County Defendants"), respectfully submit this Memorandum of Law in opposition to Defendant Buonora's ("Buonora") motion to unseal the Grand Jury minutes in the within action, pursuant to Federal Rules of Civil Procedure Rule 26 (b)(1).

## PROCEDURAL HISTORY

This matter arises out of a criminal prosecution against Darryl T. Coggins in Nassau County Court under Indictment no. 0063N-05. The People moved to dismiss all charges against Coggins on August 9, 2005, pursuant to C.P.L. § 210.20 (1)(i), after it was revealed that Nassau County Police Officers Craig Buonora and James Vara falsely testified at the Grand Jury proceedings. A subsequent trial was commenced against Craig Buonora, under Indictment No. 19657N-05, charging him with perjury in the third degree (Penal Law § 210.050, based on his perjured testimony before the Coggins Grand Jury.

On November 17, 205, Buonora was convicted upon his plea of guilty of perjury in the third degree (Penal Law § 210.05) and was sentenced by Judge Brown to one-year conditional discharge together with a $1,000.00 fine.

Darryl Coggins has filed a federal civil rights action against the County of Nassau, Nassau County Police Department, Police Officer James Vara and Craig Buonora, and others, arising from the aforementioned criminal proceedings. The civil lawsuit, brought pursuant to 42 U.S.C. § 1983, was commenced in August 2007. In August 2008, Plaintiff sought and was granted leave to file an amended complaint.

Thereafter in August of 2011, Plaintiff sought and was granted leave to file a Second Amended Complaint which is the operative pleading at this time.

Buonora now seeks an order directing the District Attorney's Office to disclose all of the Grand Jury minutes relating to the respective criminal proceedings against himself and Coggins. It is undisputed that Buonora was provided with the full transcripts of Plaintiff, Vara and Buonora in the Coggins prosecution. He now seeks disclosure of the Grand Jury minutes in the matter of *People v. Buonora*, contending that the Grand Jury minutes are necessary to enable him to fully prepare his defense and effectively question witnesses at depositions.

Buonora's motion must be denied as he has failed to demonstrate a compelling and particularized need for the minutes.

## STATEMENT OF FACTS

The criminal proceedings against Darryl Coggins arose out of the following facts: In the early morning hours of October 9, 2004, Darryl Coggins was pulled over by Vara for speeding. Vara radioed for assistance and Buonora responded. At some point after after Buonora arrived, Coggins fled the scene of the stop on foot. Initially both Vara and Buonora pursued Coggins; however, Buonora soon returned to his vehicle, while Vara continued to pursue Coggins. Neither officer apprehended Coggins.

Thereafter, a Floral Park Police Officer located and secured a loaded 9mm pistol near a fence Coggins had jumped over during the police chase. Coggins later voluntarily surrendered to Nassau County Police with his attorney. Coggins was arrested and his case was subsequently presented to a Nassau County Grand Jury on March 17, 2005.

2

Buonora falsely testified before the Grand Jury, claiming that he had located the pistol near the fence and that he had secured it. Radio communications of the Floral Park and Nassau county Police Departments that night, as well as other information, led to an indictment against officer Buonora for perjury in the third degree. As a result, the indictment against Coggins was dismissed.

## ARGUMENT

## POINT I

## THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE COUNTY COURT DECISION

It is well-settled that "where a plaintiff in a federal civil rights action seeks files sealed by state court order and in the district attorney's custody, the plaintiff must first apply to state court to unseal records as a matter of comity." *Townes v. New York City*, 1996 WL 164961, at 10 (E.D.N.Y. March 28, 1996). The preference to have this issue resolved by the state court exists even when the plaintiff is asserting civil rights violations in the federal action. *See Townes*, 1996 WL 164961, at *2.

As required, Buonora brought a motion seeking the relief sought herein in County Court before Judge Kase. On November 4, 2011, Judge Kase issued an Order holding that Buonora had "failed to demonstrate how the disclosure of the grand jury testimony is necessary so as to present a compelling and particularized need as contemplated by the Court of Appeals." See Order, annexed hereto as exhibit "A".

A court shall take judicial notice if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(a). A judicially noticed fact must be one not subject to reasonable dispute in that it is capable of accurate and ready determination by

3

resort to sources whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201(b). Judicial notice is appropriate where the existence and content of a prior proceeding of any kind can be shown. *See Rothman v. Gregor*, 220 F.2d 81, 92 (2d Cir. 2000); *see also Vaughn v. Consumer Home Mortgage Co., Inc.*, 470 F. Supp. 2d 248, 256 n.8 (E.D.N.Y. 2007) (stating that it is "well established that courts may take judicial notice of court records").

In the present action, the Nassau county Defendant respectfully requests the Court take judicial notice of the Order of Judge Kase attached to the Declaration of Diane C. Petillo as Exhibit A and deny Buonora's motion in its entirety.

## POINT II

### BUONORA HAS FAILED TO DEMONSTRATE A COMPELLING NEED FOR THE UNSEALING OF THE GRAND JURY MINUTES

It is well settled that a party seeking the discourse of grand jury material must demonstrate a compelling and particularized need for the items sought. *See Douglas Oil Co. of California v. Petrol stops Northwest*, 445 U.S. 211 (1979); *Meyers v. Philips*, 2007 WL 2276388 * 6-7 (E.D.N. Y. 2007); *Matter of District Attorney of Suffolk County*, 58 N.Y.2d 436, 444 (1983). If a compelling and particularized need is established, court are "infused with substantial discretion" in balancing the compelling interests of grand jury secrecy and the probative value of releasing the minutes. *Douglas Oil Co.*, 41 U. S. at 223.

To demonstrate a particularized need, the movant must show: (1) the material sought is needed to avoid possible injustice, (2) the need for disclosure is greater than the need for secrecy, and (3) the request is structured to cover only material so needed.

*Cullen v. Margiotta,* 811 F.2d 698, 715 (2d Cir. 1987) (citing *Douglas Oil Co. of California v. Petrol Stops Northwest,* 441 U.S. at 222-223.)

"[J]ust any demonstration will not suffice "; rather, the movant must show that the minutes are essential in the pursuit of justice and a degree of particularization must be established for the court to "appraise the application intelligently." *Matter of District Attorney of Suffolk County,* 58 N.Y. 2d at 444-446. For example, the court has found a particularized need where the "grand jury testimony is the res itself, the subject matter" of the lawsuit. *Dale v. Bartels,* 532 F.Sup. 973, 977 (N.Y.S.D. 1982); see also *Myers v. Philips,* 2007 WL 2276388 *2-3.

In *Dale,* the movant requested grand jury material to prove a federal agent gave false testimony. The Court authorized the disclosure because the movant did not need "the underlying facts testified to, but the content of the testimony itself." *Dale v. Bartels,* 532 F.Supp. at 977. Similarly, in *Myers,* the movant's habeas claim hinged on the testimony given by government witnesses during the grand jury proceedings, and the court authorized disclosure because "[t]he grand jury testimony itself is what this case...is all about." *Myers v. Philips,* 2007 WL 2276388 *2-3.

Based on the court's decisions in both *Dale* and *Myers,* the Nassau County Defendants do not oppose release of the testimony given by Buonora before the Grand Jury which is itself the subject matter of the perjury charge, for which he pleaded guilty, a fact admitted by Buonora in his moving papers.

With respect to the remainder of the Grand Jury minutes Buonora has failed to demonstrate a particularized need for the disclosure, instead arguing that the minutes are essential to his defense. Specifically, he argues that the minutes would establish that

5

there was no extra-judicial conspiracy to commit perjury or, in the alternative, that he was not a party to the conspiracy and is therefore entitled to absolute immunity. Buonora fails to demonstrate with any degree of specificity how the minutes would assist him in preparing his defense. A generalized claim that grand jury minutes are needed to prepare a proper defense, without more, does not meet the "particularized" threshold.

### A. Defendant Buonora argues that the minutes are necessary to avoid injustice:

This argument must fail. In *Roberson v. City of New York*, 163 A.D. 2d 291 (2d Dept. 1990), the court deemed the movant's request for disclosure insufficient because the movant merely stated that the minutes were necessary for preparing a proper defense and for impeaching witnesses or refreshing their recollection. Similarly, Buonora fails to explain how the minutes will aid him in preparing his defense, or how they will establish that no extra-judicial conspiracy to commit perjury existed. Buonora has therefore failed to demonstrate how the minutes are needed to avoid a possible injustice. His conclusory and general statements do not "satisfy the threshold requirement of showing a compelling and particularized need for the Grand Jury testimony requested." *Id.* at 292 (citing *Ruggiero v. Fahey*, 103 A.D. 2d 65, 72 (2d Dept. 1984) and *Melendez v. City of New York*, 109 A.D. 2d 13 (1st Dept. 1985).

### B. The Grand Jury Minutes should remain sealed

Additionally, Buonora has failed to demonstrate that the need for disclosure outweighs the need for secrecy. Instead, he merely contends that because the cases are closed, there exists no reason for the continued secrecy of the Grand Jury proceedings. Buonora's claim is meritless.

6

In his papers, Buonora asserts that because both Grand Juries were discharged approximately six years ago, and because all charges against Coggins were dropped and Buonora pled guilty to the charge against him, release of the Grand Jury minutes will have no effect on the "work" of the Coggins and Buonora grand juries. See Buonora motion, p. 13. However, "the interests of the grand jury secrecy, although reduced are not eliminated merely because the grand jury has ended its activities." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. at 222. "Courts must be cognizant of the 'possible effect upon the functioning of future grand juries,' such as the possibility that future grand jury testimony will be chilled for fear of later disclosure." *Zomber v. Village of Garden City, 2011 WL 3511011 citing Douglas, Id.* A movant must still demonstrate a particularized need because "the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." Due "to the continued viability of the grand jury as an investigative tool, we do not believe the mere passage of time has significantly diminished the need for preserving the secrecy of the grand jury testimony." *Lucas v. Turner*, 725 F. 2d 1095, 1107 (7th Cir. 1984). Therefore, even though the grand juries were discharged, without the showing of a particularized need, the secrecy of the Grand Jury proceedings prevails.

## C. Buonora has an alternative method of obtaining the information

Buonora claims that none of the materials sought can be obtained from any other source. However, Buonora explicitly states that he anticipates that all of the witnesses that appeared before the Grand Jury will be deposed in the federal civil rights action. See Buonora motion, p. 12.

7

Therefore, the information Buonora seeks is available without disclosing the Grand Jury minutes and there is usually no particularized need where the information sought from grand jury material is otherwise obtainable.  *Dale v. Bartels*, 532 F. Supp. 973, 976 (N.Y.S.D. 1982)

Buonora further argues that the Grand Jury minutes are needed because he anticipates deposing the witnesses who testified before the Grand Jury.  He argues that the minutes are "needed to question them fully and to refresh a witness's recollection, however, are not sufficient purposes to support a request for wholesale pretrial disclosure of the grand jury minutes.  *Nelson v. Mollen*, 175 A.D. 2d 518 (3d Dept. 1991).

The "mere invocation of impeachment needs" does not automatically demonstrate a particularized need.  See *Waterman v. City of New York*, 1989 WL 23219 (S.D.N.Y. 1998).  Further, since depositions have not yet been held, there is no indication that the minutes are necessary for either impeachment or recollection purposes as no witness has failed in his or her recollection nor has Buonora demonstrated that a witness's testimony requires impeachment.

"Requests for wholesale disclosures should generally be denied, especially in a civil case."  *Cullen v. Margiotta*, 811 F. 2d 715.  In *Ruther v. Boyle*, 879 F. Supp. 247 (E.D.N.Y. 1995), the plaintiff filed a federal civil rights suit against Greenport Village and two of its police officers, alleging an unlawful arrest and police misconduct.  The plaintiff brought a motion before the court seeking an order to compel the Suffolk county District Attorney's to release "all documents" related to its investigation, including grand jury materials.  *Ruther*, 879 F. Supp. At 248.  The court denied the plaintiff's request to the extent that it included any grand jury materials.  *Id* at 252.

8

In the instant matter, it is clear that Buonora is on a fishing expedition in that he is seeking the release of the testimony of all witnesses as well as all exhibits presented to the Grand Jury.  As such, his motion should be denied in its entirety as he has failed to demonstrate a particularized need for the Grand Jury testimony he seeks.

## **CONCLUSION**

For the foregoing reasons, the Nassau County Defendants respectfully request that the Court dismiss Buonora's Motion in its entirety.


Dated:      Mineola, New York
            March 9, 2012

                                    JOHN CIAMPOLI
                                    Nassau County Attorney

                              By:_____/dcp/_____
                                    Diane C. Petillo
                                    Deputy County Attorney
                                    Attorney for Nassau
                                    County Defendants
                                    One West Street
                                    Mineola, New York 11501
                                    (516) 571-6190

9