| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE**<br>**MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 6/26/2012<br>11:00 a.m.(90 minutes) |

*Coggins v. County of Nassau et al.,* **CV 07-3624 (JFB) (AKT)**

TYPE OF CONFERENCE:          **ORAL ARGUMENT**

APPEARANCES:     Plaintiff     Gregory Calliste, Jr.

                 Defendant    Diane C. Petrillo (Nassau County)
                              Laurence J. Weingard (P.O. Buonora)
                              Mitchell F. Senft

FTR: 11:17-11:55
     12:03-12:55

SCHEDULING:

The next conference will be held by telephone on October 2, 2012 at 2:00 p.m. Plaintiff's counsel is requested to initiate the call to Chambers.

THE FOLLOWING RULINGS WERE MADE:

1. At the request of Defendant Buonora's counsel, oral argument was scheduled on his motion for an order directing the unsealing and production of the Grand Jury minutes with respect to the cases *People v. Coggins* and *People v. Buonora* [DE 115]. However, at the start of today's proceedings, defendant Buonora's counsel requested that the Court adjourn oral argument and hold his motion in abeyance in light of the Supreme Court's recent decision in *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012). While counsel for the County joined in this request, Plaintiff's counsel requested that oral argument proceed as scheduled.

   It is attorney Weingard's position that the *Rehberg* decision eviscerated the complaining witness and extra-judicial conspiracy exceptions to absolute immunity which the Second Circuit has recognized to date. Counsel anticipates filing a motion with Judge Bianco. After reviewing the *Rehberg* decision, the Court concludes that Attorney Weingard should be given the opportunity to address this issue to Judge Bianco. The Court directed Attorney Weingard to do so expeditiously.

   Notwithstanding counsel's right to bring this issue back to Judge Bianco, the Court concludes that *Rehberg* does not impact the outstanding motion pending before this Court. Therefore, counsel's request to adjourn today's proceedings was denied.

2. For the reasons set forth on the record during today's proceedings, defendant Buonora has failed to demonstrate a particularized need for the grand jury testimony. Therefore, Buonora's motion (joined in by Plaintiff's counsel) to unseal the grand jury minutes is hereby DENIED. If counsel wish to obtain the amplified record of today's proceedings, they may speak with my Courtroom Deputy, Ms. Mary Ryan, to make arrangements to obtain the transcript.

3.  The Court also took the opportunity to address with the parties other submissions that were received regarding discovery [DE 107-09]. In light of the *Rehberg* decision and the anticipated motion practice involving Defendant Buonora, the Court is staying discovery as it relates to defendant Buonora only. Therefore, Buonora's motion for discovery [DE 108] is denied, without prejudice, and with the right to renew after Attorney Weingard has addressed his position on the applicability of *Rehberg* to the instant case. The Court further notes that DE 108 as submitted is procedurally defective since it does not comply with Local Civil Rule 37.1. Should Attorney Weingard renew his motion in the future, he must comply with Rule 37.1 or the motion will be rejected until such compliance is achieved.

    It appears to be Attorney Weingard's position that if his client is entitled to absolute immunity and is dismissed from this action, then his client is not subject to being deposed. I advised counsel that even if defendant Buonora is dismissed from this case, he is still a witness based on the claims asserted by the plaintiff. The other parties have the right to depose him as a fact witness. The stay of discovery vis-a-vis Mr. Buonora does not prevent a limited deposition of him. Defendant Buonora's counsel disagrees and intends to take this issue up with Judge Bianco. The Court advised defendant Buonora's counsel to do so forthwith. The Court will defer a specific date for Mr. Buonora's deposition to allow counsel to bring this issue to Judge Bianco's attention in the short term.

4.  From various status reports involving the other parties in this action, it is clear that there are unresolved issues. I have directed counsel to have further discussions regarding any discovery disputes that may still be active. If, after meeting their obligations under Local Civil Rule 37.3, the parties are still unable to resolve specific disputes, the aggrieved party may file a letter motion to the Court seeking intervention. Such motions must be filed with the Court by July 18, 2012, or the right to seek Court intervention will be deemed waived. Counsel are reminded that any motion filed must contain a certification of compliance with Rule 37.3 and must specify how such compliance was achieved.

    Plaintiff's counsel was given a specific deadline of July 9, 2012 to provide the Defendants with (1) any releases/authorizations that are still outstanding; and (2) if known, the contact information, including last known address, of the passengers in Plaintiff's car.

5.  The deadline to complete all remaining depositions is September 24, 2012. The Court will speak with the parties again on October 2, 2012, to schedule the remaining pre-trial deadlines.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge