UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARRYL T. COGGINS,                                        Docket No.: 07-CV-3624 (JFB)(AKT)

                         Plaintiff,

     - against -
                                                         **NOTICE OF APPEAL**

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
JAMES VARA, in his individual and official
capacity, and POLICE OFFICER CRAIG
BUONORA, in his individual and official capacity,
SERGEANT PICKERING, in his individual and
official capacity, LIEUTENANT DELARGY, in his
individual and official capacity, and JOHN DOES
"1-10", in their individual and official capacity,

                         Defendants.
------------------------------------------------------------X

       Notice is hereby given that POLICE OFFICER CRAIG BUONORA, defendant in the

above named case, hereby appeals to Hon. Joseph F. Bianco, Judge, U.S. District Court, from an

order of Hon. A. Kathleen Tomlinson, Magistrate Judge, dated and entered June 28, 2012, and a

Civil Conference Minute Order dated June 26, 2012, denying POLICE OFFICER CRAIG

BUONORA's application for the release of grand jury materials and for a full stay of all discovery

in this action pending the disposition of said defendant's motion for summary judgment based

upon the recent United States Supreme Court decision in *Rehberg v. Paulk*, 566 U.S. --, 132 S.Ct.

1497, 182 L.Ed.2d 593 (2012).

Dated: New York, New York
       July 5, 2012

                                          Mitchell F. Senft (MS2594)
                                          Law Offices of Laurence Jeffrey Weingard
                                          *Attorney for Defendant*
                                          **Police Officer Craig Buonara**

250 West 57th Street, Suite 401
New York, New York 10107
(212) 974-5200

TO:   Law Offices of Frederick K. Brewington
      Attorneys for Plaintiff
      **DARRYL T. COGGINS**
      556 Peninsula Boulevard
      Hempstead, NY 11550-5428
      (516) 489-6959

      Diane C. Petillo, Esq.
      Office of the Nassau County Attorney
      Attorneys for Defendants
      **COUNTY OF NASSAU,**
      **NASSAU COUNTY POLICE DEPARTMENT,**
      **POLICE OFFICER JAMES VARA,**
      **SERGEANT PICKERING and**
      **LIEUTENANT DELARGY**
      One West Street
      Mineola, NY 11501-4820
      (516) 571-6190

**Law Offices of**
**Laurence Jeffrey Weingard**
**The Fisk Building**
250 West 57th Street – Suite 401
New York, NY 10107

Telephone No.: (212) 974-5200
Facsimile No.:   (212) 956-9337

July 5, 2012

Hon. Joseph F. Bianco, Judge
U. S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-4438
*Filed via ECF*

$Re$      Coggins v County of Nassau et al
2:07-cv-03624-JFB-AKT

Dear Judge Bianco:

By the attached Notice of Appeal and this letter motion, we are appealing the Order of Hon. A. Kathleen Tomlinson dated June 28, 2012, and a Civil Conference Minute Order dated June 26, 2012, insofar as Magistrate Judge Tomlinson denied an application to adjourn our motion to allow time to move for summary judgment before your honor, denied the release of grand jury materials and further denied a full stay of all discovery relating to or involving my client, defendant Police Officer Craig Buonora. (Copies of said orders are attached hereto.)

We are also requesting a pre-motion conference so we can demonstrate that we are entitled to make a motion for relief pursuant to F.R.C.P. 12 and 56. By the Civil Conference Minute Order, we were directed to raise with your honor the issue of Officer Buonora's absolute immunity in view of *Rehberg v. Paulk*, 566 U.S. --, 132 S.Ct. 1497, 182 L.Ed. 2d 593 (2012).

The Second Circuit's exceptions to *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), in *San Filippo v. U.S. Trust Co. of N.Y.*, 737 F.2d 246 (2nd Cir. 1984), *cert denied* 470 U.S. 1035 91985) and *Dory v. Ryan*, 25 F.3d 81 (2nd Cir. 1994) have been resolved by the recent Supreme Court decision in *Rehberg* in which a unanimous panel held, *inter alia*, that *all* witnesses before a grand jury have *absolute* immunity and that under the circumstances at bar, no law enforcement-officer witness before a grand jury can be deemed a complaining witness. The Court also affirmed the Eleventh Circuit's holding -- which conformed to the holdings in seven other Circuits -- that absolute immunity "may not be circumvented by claiming that a grand jury

witness conspired to present false testimony". 132 S.Ct., at 1506. In view of *Rehberg*, plaintiff's entire §1983 claim against Officer Buonora must fail. *See, too, Jovanovic v. City of New York*, -- F3d --, 2012 WL 2331171 (2nd Cir., June 20, 2012) (acknowledging that *Briscoe* immunity was explicitly extended to grand jury proceedings by *Rehberg*); and *Jones v. Dalton*, -- F.Supp.2d --, 2012 WL 1134895 (D. N.J., April 3, 2012) (split among the Circuit Courts resolved by *Rehberg* and grand jury witnesses have absolute immunity from any §1983 claim based on their testimony).

In view of the holding in *Rehberg*, and in order to avoid prejudice, it is essential that we be permitted to bring a motion for summary judgment on behalf of Officer Buonora at this juncture instead of at the completion of discovery.

In connection therewith, we are requesting an immediate stay of all discovery pending a determination of Officer Buonora's claim of absolute immunity pursuant to *Briscoe* and *Rehberg*. While Judge Tomlinson noted that we have a right to bring the immunity issue before your honor, her position was that *Rehberg* did not have any "impact" either on our motion for the release of grand jury materials that was before her or on any of the outstanding discovery herein involving our co-defendants and the plaintiff.

However, should we be required to engage in any form of discovery at this juncture it would violate the absolute immunity to which Buonora is entitled.

It is axiomatic that absolute immunity or, for that matter, qualified immunity, is both a defense to liability and an entitlement not to stand trial or face the other burdens of litigation. Such a privilege is "'an immunity from suit rather than a mere defense to liability; and... it is effectively lost if a case is erroneously permitted to go to trial.'" *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). *See, Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); *Saucier v. Katz*, 533 U.S. 194, 200-201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Torino v Rieppel*, 2009 WL 3259429, at \*6 (E.D.N.Y., Bianco, J.)

It is obvious that the issue of Officer Buonora's immunity must be fully resolved before any discovery can proceed. Magistrate Tomlinson erred in denying our application to adjourn our discovery motion for the release of grand jury materials *sine die* pending the resolution of a motion for summary judgment based on the Supreme Court's holding in *Rehberg*. Instead of granting our application, she decided the motion and denied our request for grand jury materials in separate state court proceedings in which plaintiff and Officer Buonora were defendants. She erred in denying the motion because we had demonstrated the requisite particularized need.

While Judge Tomlinson agreed we did not have to provide written discovery until after this Court renders a decision on our summary judgment application, she has directed that depositions proceed and has indicated that she may order defendant Buonora to appear and be deposed once our summary judgment application has been *filed*. Accordingly, she has further erred by directing that discovery involving Buonora take place while our summary judgment motion is pending.

In *Ashcroft v Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court once again indicated that "qualified immunity... is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Iqbal*, 556 U.S. 662, 672



(citing, *Mitchell*, 472 U.S. at 526). The Court went on to explain that"a district-court order denying qualified immunity 'conclusively determine[s]"that the defendant must *bear the burdens of discovery...."Id.*, *(quoting, Mitchell*, 472 U.S. at 527-28 (citing, *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). (Emphasis added.)

Needless to say, if qualified immunity entitles a defendant to avoid the"*burdens of discovery*", absolute immunity can provide no less.

Given our intention to move for summary judgment in view of *Rehberg*, Officer Buonora should be entitled to a stay of all discovery in which he is directly involved, such as being deposed, as well as such discovery in which he would be indirectly involved, such as participating in the depositions of other witnesses. (Magistrate Tomlinson directed that *all* depositions herein be completed on or before September 24, 2012. She further directed that a party with issues regarding outstanding discovery file a letter motion on or before July 18, 2012. Obviously, those dates should be stayed pending final resolution of the immunity issue.)

A deposition of Buonora prior to the final determination of his motion for summary judgment would be improper. The scope of questioning would be different depending on whether he was questioned as a party or as a non-party. In addition, if questioned as a non-party witness, he might choose to appear without counsel. As a party, he is required to incur that expense. Pursuant to the Magistrate's directive, we would be obligated to appear at all depositions, causing Officer Buonora to incur what should be avoidable expenses.

In my view, therefore, should the parties to this litigation conduct depositions, Officer Buonora must not be compelled to defend this case by participating in those proceedings. Nor should he be given the Hobson's choice of having to decide whether to participate or decline to do so at his own peril -- the very choice the Magistrate is requiring. To require anything less would be to mandate that he"bear the burden of discovery"and"face the other burdens of litigation".

Accordingly, a pre-motion conference should be scheduled so Buonora can request permission to move for summary judgment in view of *Rehberg*; Judge Tomlinson's denial of our motion for the release of grand jury materials should be reversed; and Buonora should be granted a full stay of all pending discovery involving, or in any way affecting, him until a determination of his application for summary judgment.

Respectfully submitted,

Laurence Jeffrey Weingard

| Subject: | Activity in Case 2:07-cv-03624-JFB-AKT Coggins v. County of Nassau et al Order on Motion for Discovery |
|---|---|
| From: | ecf_bounces@nyed.uscourts.gov (ecf_bounces@nyed.uscourts.gov) |
| To: | nobody@nyed.uscourts.gov; |
| Date: | Thursday, June 28, 2012 10:27 AM |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 6/28/2012 at 10:27 AM EDT and filed on 6/28/2012
**Case Name:**     Coggins v. County of Nassau et al
**Case Number:**     2:07-cv-03624-JFB-AKT
**Filer:**
**Document Number:** 120

**Docket Text:**
**Minute Order for proceedings held before Magistrate Judge A. Kathleen Tomlinson: Motion Hearing held on 6/26/2012; denying, without prejudice [108] Motion for Discovery; denying [115] Motion for Discovery. Buonora's motion to unseal the grand jury minutes is hereby DENIED. The next conference will be held by telephone on October 2, 2012 at 2:00 p.m. SEE ATTACHED ORDER for additional information. Ordered by Magistrate Judge A. Kathleen Tomlinson on 6/28/2012. (Spatola, Richard)**

**2:07-cv-03624-JFB-AKT Notice has been electronically mailed to:**

Frederick K. Brewington office@brewingtonlaw.com, brewingtonlawdocs@yahoo.com, precilla.lockett@brewingtonlaw.com

Mitchell F. Senft mfsesq@gmail.com

Laurence Jeffrey Weingard ljweingard@yahoo.com, mcmar33@yahoo.com

Diane C. Petillo dpetillo@nassaucountyny.gov, lben-sorek@nassaucountyny.gov

Valerie M. Cartright valerie.cartright@brewingtonlaw.com, office@brewingtonlaw.com

**2:07-cv-03624-JFB-AKT Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=6/28/2012] [FileNumber=7020277-0]
[11793ae952dfe90f7ce479fab80daf6cd51f37e6899f097552a5acfd09e71528ee358
bbd0afd1a6487b9e5bb8fd002752e0365fe513490fe1bfcccd41939de67]]

**UNITED STATES DISTRICT COURT**          **CIVIL CONFERENCE**
**EASTERN DISTRICT OF NEW YORK**            **MINUTE ORDER**

BEFORE:   A. KATHLEEN TOMLINSON          DATE:   6/26/2012
          U.S. MAGISTRATE JUDGE          TIME:   11:00 a.m.(90 minutes)

*Coggins v. County of Nassau et al.,* **CV 07-3624 (JFB) (AKT)**

TYPE OF CONFERENCE:          **ORAL ARGUMENT**

APPEARANCES:   Plaintiff      Gregory Calliste, Jr.

               Defendant      Diane C. Petrillo (Nassau County)
                              Laurence J. Weingard (P.O. Buonora)
                              Mitchell F. Senft

FTR:11:17-11:55
     12:03-12:55

SCHEDULING:

      The next conference will be held by telephone on October 2, 2012 at 2:00 p.m.  Plaintiff's counsel is requested to initiate the call to Chambers.

THE FOLLOWING RULINGS WERE MADE:

1.    At the request of Defendant Buonora's counsel, oral argument was scheduled on his motion for an order directing the unsealing and production of the Grand Jury minutes with respect to the cases *People v. Coggins* and *People v. Buonora* [DE 115].  However, at the start of today's proceedings, defendant Buonora's counsel requested that the Court adjourn oral argument and hold his motion in abeyance in light of the Supreme Court's recent decision in *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012).  While counsel for the County joined in this request, Plaintiff's counsel requested that oral argument proceed as scheduled.

    It is attorney Weingard's position that the *Rehberg* decision eviscerated the complaining witness and extra-judicial conspiracy exceptions to absolute immunity which the Second Circuit has recognized to date.  Counsel anticipates filing a motion with Judge Bianco.  After reviewing the *Rehberg* decision, the Court concludes that Attorney Weingard should be given the opportunity to address this issue to Judge Bianco.  The Court directed Attorney Weingard to do so expeditiously.

    Notwithstanding counsel's right to bring this issue back to Judge Bianco, the Court concludes that *Rehberg* does not impact the outstanding motion pending before this Court.  Therefore, counsel's request to adjourn today's proceedings was denied.

2.    For the reasons set forth on the record during today's proceedings, defendant Buonora has failed to demonstrate a particularized need for the grand jury testimony.  Therefore, Buonora's motion (joined in by Plaintiff's counsel) to unseal the grand jury minutes is hereby DENIED.  If counsel wish to obtain the amplified record of today's proceedings, they may speak with my Courtroom Deputy, Ms. Mary Ryan, to make arrangements to obtain the transcript.

3.   The Court also took the opportunity to address with the parties other submissions that were
received regarding discovery [DE 107-09]. In light of the *Rehberg* decision and the anticipated
motion practice involving Defendant Buonora, the Court is staying discovery as it relates to
defendant Buonora only. Therefore, Buonora's motion for discovery [DE 108] is denied,
without prejudice, and with the right to renew after Attorney Weingard has addressed his
position on the applicability of *Rehberg* to the instant case. The Court further notes that DE 108
as submitted is procedurally defective since it does not comply with Local Civil Rule 37.1.
Should Attorney Weingard renew his motion in the future, he must comply with Rule 37.1 or
the motion will be rejected until such compliance is achieved.

It appears to be Attorney Weingard's position that if his client is entitled to absolute immunity
and is dismissed from this action, then his client is not subject to being deposed. I advised
counsel that even if defendant Buonora is dismissed from this case, he is still a witness based
on the claims asserted by the plaintiff. The other parties have the right to depose him as a fact
witness. The stay of discovery vis-a-vis Mr. Buonora does not prevent a limited deposition of
him. Defendant Buonora's counsel disagrees and intends to take this issue up with Judge
Bianco. The Court advised defendant Buonora's counsel to do so forthwith. The Court will
defer a specific date for Mr. Buonora's deposition to allow counsel to bring this issue to Judge
Bianco's attention in the short term.

4.   From various status reports involving the other parties in this action, it is clear that there are
unresolved issues. I have directed counsel to have further discussions regarding any discovery
disputes that may still be active. If, after meeting their obligations under Local Civil Rule 37.3,
the parties are still unable to resolve specific disputes, the aggrieved party may file a letter
motion to the Court seeking intervention. Such motions must be filed with the Court by July
18, 2012, or the right to seek Court intervention will be deemed waived. Counsel are reminded
that any motion filed must contain a certification of compliance with Rule 37.3 and must specify
how such compliance was achieved.

Plaintiff's counsel was given a specific deadline of July 9, 2012 to provide the Defendants with
(1) any releases/authorizations that are still outstanding; and (2) if known, the contact
information, including last known address, of the passengers in Plaintiff's car.

5.   The deadline to complete all remaining depositions is September 24, 2012. The Court will speak
with the parties again on October 2, 2012, to schedule the remaining pre-trial deadlines.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge