**Law Offices of
Laurence Jeffrey Weingard
The Fisk Building**
250 West 57th Street – Suite 401
New York, NY 10107

Telephone No.: (212) 974-5200
Facsimile No.:  (212) 956-9337

July 5, 2012

Hon. Joseph F. Bianco, Judge
U. S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-4438
**Filed via ECF**

                        *Re*       Coggins v County of Nassau et al
                                    2:07-cv-03624-JFB-AKT

Dear Judge Bianco:

      By the attached Notice of Appeal and this letter motion, we are appealing the Order of Hon. A. Kathleen Tomlinson dated June 28, 2012, and a Civil Conference Minute Order dated June 26, 2012, insofar as Magistrate Judge Tomlinson denied an application to adjourn our motion to allow time to move for summary judgment before your honor, denied the release of grand jury materials and further denied a full stay of all discovery relating to or involving my client, defendant Police Officer Craig Buonora. (Copies of said orders are attached hereto.)

      We are also requesting a pre-motion conference so we can demonstrate that we are entitled to make a motion for relief pursuant to F.R.C.P. 12 and 56. By the Civil Conference Minute Order, we were directed to raise with your honor the issue of Officer Buonora's absolute immunity in view of *Rehberg v. Paulk*, 566 U.S. --, 132 S.Ct. 1497, 182 L.Ed. 2d 593 (2012).

      The Second Circuit's exceptions to *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), in *San Filippo v. U.S. Trust Co. of N.Y.*, 737 F.2d 246 (2nd Cir. 1984), *cert denied* 470 U.S. 1035 91985) and *Dory v. Ryan*, 25 F.3d 81 (2nd Cir. 1994) have been resolved by the recent Supreme Court decision in *Rehberg* in which a unanimous panel held, *inter alia*, that *all* witnesses before a grand jury have *absolute* immunity and that under the circumstances at bar, no law enforcement-officer witness before a grand jury can be deemed a complaining witness. The Court also affirmed the Eleventh Circuit's holding -- which conformed to the holdings in seven other Circuits -- that absolute immunity "may not be circumvented by claiming that a grand jury

witness conspired to present false testimony". 132 S.Ct., at 1506. In view of *Rehberg*, plaintiff's entire §1983 claim against Officer Buonora must fail. *See, too, Jovanovic v. City of New York*, -- F3d --, 2012 WL 2331171 (2nd Cir., June 20, 2012) (acknowledging that *Briscoe* immunity was explicitly extended to grand jury proceedings by *Rehberg*); and *Jones v. Dalton*, -- F.Supp.2d --, 2012 WL 1134895 (D. N.J., April 3, 2012) (split among the Circuit Courts resolved by *Rehberg* and grand jury witnesses have absolute immunity from any §1983 claim based on their testimony).

In view of the holding in *Rehberg*, and in order to avoid prejudice, it is essential that we be permitted to bring a motion for summary judgment on behalf of Officer Buonora at this juncture instead of at the completion of discovery.

In connection therewith, we are requesting an immediate stay of all discovery pending a determination of Officer Buonora's claim of absolute immunity pursuant to *Briscoe* and *Rehberg*. While Judge Tomlinson noted that we have a right to bring the immunity issue before your honor, her position was that *Rehberg* did not have any "impact" either on our motion for the release of grand jury materials that was before her or on any of the outstanding discovery herein involving our co-defendants and the plaintiff.

However, should we be required to engage in any form of discovery at this juncture it would violate the absolute immunity to which Buonora is entitled.

It is axiomatic that absolute immunity or, for that matter, qualified immunity, is both a defense to liability and an entitlement not to stand trial or face the other burdens of litigation. Such a privilege is "'an immunity from suit rather than a mere defense to liability; and... it is effectively lost if a case is erroneously permitted to go to trial.'" *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). *See, Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); *Saucier v. Katz*, 533 U.S. 194, 200-201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Torino v Rieppel*, 2009 WL 3259429, at *6 (E.D.N.Y., Bianco, J.)

It is obvious that the issue of Officer Buonora's immunity must be fully resolved before any discovery can proceed. Magistrate Tomlinson erred in denying our application to adjourn our discovery motion for the release of grand jury materials *sine die* pending the resolution of a motion for summary judgment based on the Supreme Court's holding in *Rehberg*. Instead of granting our application, she decided the motion and denied our request for grand jury materials in separate state court proceedings in which plaintiff and Officer Buonora were defendants. She erred in denying the motion because we had demonstrated the requisite particularized need.

While Judge Tomlinson agreed we did not have to provide written discovery until after this Court renders a decision on our summary judgment application, she has directed that depositions proceed and has indicated that she may order defendant Buonora to appear and be deposed once our summary judgment application has been *filed*. Accordingly, she has further erred by directing that discovery involving Buonora take place while our summary judgment motion is pending.

In *Ashcroft v Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court once again indicated that "qualified immunity... is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Iqbal*, 556 U.S. 662, 672

 07/02/2012 08:25  16312673563  LINDA LOUEY  PAGE 01
Case 2:07-cv-03624-JFB-AKT   Document 121-1   Filed 07/05/12   Page 3 of 3 PageID #: 1102

(citing, *Mitchell*, 472 U.S. at 526). The Court went on to explain that "a district-court order denying qualified immunity 'conclusively determine[s]' that the defendant must *bear the burdens of discovery...*" *Id.*, (quoting, *Mitchell*, 472 U.S. at 527-28 (citing, *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). (Emphasis added.)

Needless to say, if qualified immunity entitles a defendant to avoid the "*burdens of discovery*", absolute immunity can provide no less.

Given our intention to move for summary judgment in view of *Rehberg*, Officer Buonora should be entitled to a stay of all discovery in which he is directly involved, such as being deposed, as well as such discovery in which he would be indirectly involved, such as participating in the depositions of other witnesses. (Magistrate Tomlinson directed that *all* depositions herein be completed on or before September 24, 2012. She further directed that a party with issues regarding outstanding discovery file a letter motion on or before July 18, 2012. Obviously, those dates should be stayed pending final resolution of the immunity issue.)

A deposition of Buonora prior to the final determination of his motion for summary judgment would be improper. The scope of questioning would be different depending on whether he was questioned as a party or as a non-party. In addition, if questioned as a non-party witness, he might choose to appear without counsel. As a party, he is required to incur that expense. Pursuant to the Magistrate's directive, we would be obligated to appear at all depositions, causing Officer Buonora to incur what should be avoidable expenses.

In my view, therefore, should the parties to this litigation conduct depositions, Officer Buonora must not be compelled to defend this case by participating in those proceedings. Nor should he be given the Hobson's choice of having to decide whether to participate or decline to do so at his own peril -- the very choice the Magistrate is requiring. To require anything less would be to mandate that he "bear the burden of discovery" and "face the other burdens of litigation".

Accordingly, a pre-motion conference should be scheduled so Buonora can request permission to move for summary judgment in view of *Rehberg*; Judge Tomlinson's denial of our motion for the release of grand jury materials should be reversed; and Buonora should be granted a full stay of all pending discovery involving, or in any way affecting, him until a determination of his application for summary judgment.

Respectfully submitted,

Laurence Jeffrey Weingard