**EDWARD MANGANO**  
County Executive



**JOHN CIAMPOLI**  
County Attorney

# COUNTY OF NASSAU
## OFFICE OF THE COUNTY ATTORNEY
One West Street  
Mineola, New York 11501-4820  
516-571-3056  
FAX:  516-571-3058

July 13, 2012

**BY ECF**  
The Honorable Joseph F. Bianco  
United States District Judge  
United States District Court  
100 Federal Plaza  
Central Islip, New York 11722

RE: **Coggins v. County of Nassau et al.**  
 **07-CV-3624 (JFB)(AKT)**

Dear Judge Bianco:

 This office represents Defendants County of Nassau, Nassau County Police Department and Police Officer James Vara (hereinafter "County Defendants").  We write at this time in response to the motion of Defendant Buonora which seeks 1) a pre-motion conference with respect to a motion under FRCP 12 or FRCP 56; 2) an appeal of Judge Tomlinson's decision regarding the unsealing of the grand jury minutes; and 3) a stay of discovery pending the determination of a motion under FRCP 56.

## PROCEDURAL HISTORY

 This matter arises out of a criminal prosecution against Darryl T. Coggins in Nassau County Court under Indictment no. 0063N-05.  The People moved to dismiss all charges against Coggins on August 9, 2005, pursuant to C.P.L. § 210.20 (1)(i), after it was revealed that Nassau County Police Officers Craig Buonora and James Vara falsely testified at the Grand Jury proceedings.  A subsequent trial was commenced against Craig Buonora, under Indictment No. 19657N-05, charging him with perjury in the third degree (Penal Law § 210.050, based on his perjured testimony before the Coggins Grand Jury.
 On November 17, 205, Buonora was convicted upon his plea of guilty of perjury in the third degree (Penal Law § 210.05) and was sentenced by Judge Brown to one-year conditional discharge together with a $1,000.00 fine.
 Darryl Coggins has filed a federal civil rights action against the County of Nassau, Nassau County Police Department, Police Officer James Vara and Craig Buonora, and others, arising from the

aforementioned criminal proceedings. The civil lawsuit, brought pursuant to 42 U.S.C. § 1983, was commenced in August 2007. In August 2008, Plaintiff sought and was granted leave to file an amended complaint. Thereafter in August of 2011, Plaintiff sought and was granted leave to file a Second Amended Complaint which is the operative pleading at this time.

## MOTION TO UNSEAL GRAND JURY MINUTES

The County Defendants oppose Buonora's appeal of Judge Tomlinson's Order as the issue was properly decided by the Court on June 26, 2012, at which time Judge Tomlinson denied Buonora's motion to unseal the grand jury minutes holding that he failed to show "a particularized need" for the grand jury testimony.

It is well settled that a party seeking the discourse of grand jury material must demonstrate a compelling and particularized need for the items sought. See *Douglas Oil Co. of California v. Petrol stops Northwest,* 445 U.S. 211 (1979); *Meyers v. Philips,* 2007 WL 2276388 * 6-7 (E.D.N. Y. 2007); *Matter of District Attorney of Suffolk County,* 58 N.Y.2d 436, 444 (1983).

Bunora is, in essence, seeking the reconsideration of Judge Tomlinson's June 26, 2012 Order. The standard for granting a motion for reconsideration pursuant to Rule 59 (e) is "strict, and reconsideration will generally be denied." *Herschaft v. New York City Campaign Finance Bd.,* 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotations omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked "controlling decisions or factual matters that were put before it on the underlying motion …and which, they had they been considered, might have reasonably altered the result before the court." *Id.* Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." *Id* at 284. Here, Buonra has failed that the court either overlooked controlling decisions or factual matters which would have affected the outcome of his initial motion.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper if no genuine issue of material fact can be found in the pleadings, depositions, admissions or affidavits such that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party bears the burden of establishing the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). "When the movant demonstrates through competent evidence that no material facts are genuinely in dispute, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" *Western World Ins. Co. v. Stack Oil, Inc*., 922 F.2d 118, 121 (2d Cir. 1990) (quoting Fed.R.Civ.P. 56(e)). The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through "mere speculation or conjecture." *See id.*; *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir. 1998). In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and must draw all permissible inferences from the submitted affidavits, exhibits, interrogatory answers and depositions in favor of that party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

## POLICE OFFICER VARA IS ENTITLED TO ABSOLUTE IMMUNITY BASED ON HIS GRAND JURY TESTIMONY

2

In the case at bar, plaintiff is alleging that: "Defendants VARA and BUONORA actively instigated and encouraged the baseless prosecution of the Plaintiff on Criminal Possession of a Weapons (sic) charges. Plaintiff was indicted based upon VARA and BUONORA's malicious and false statements before the Grand Jury and false documents." *Amend. Compl., para. 87.*

In light of the recent decision in *Rehberg v. Paulk,* 566 U.S. --, 132 S. Ct. 1497, 182 L.Ed. 2d 593 (2012) wherein the Court held that a grand jury witness has absolute immunity from any § 1983 claim based on the witness's testimony, the County Defendants also write to request permission to make a motion seeking the dismissal of the second amended complaint. Further, the Court held that this immunity may not be circumvented by claiming that a grand jury witness conspired to prevent false testimony or by using evidence of the witness's testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution.

Further, the court held that all witnesses before a grand jury have absolute immunity and that under the circumstances at bar, no law enforcement officer witness before a grand jury can be deemed a complaining witness. In light of the holding in *Rehberg,* plaintiff's entire § 1983 claim against Vara must fail. *Jovanovic v. City of New York*—F. 3d--, 2012 WL 2331171 (2nd Cir. June 20, 2012).

## DISCOVERY IN THIS MATTER SHOULD BE STAYED PENDING THE OUTCOME OF THE MOTION

The County Defendants are also requesting an immediate stay of all discovery pending the hearing and determination of the motion herein.

Absolute immunity and qualified immunity are both a defense to liability and an entitlement not to stand trial or face the other burdens of litigation. The privilege is "an immunity from suit rather than a mere defense to liability; and. ..it is effectively lost is a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed. 2d 411 (1985); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed. 868 (2009).

Here, the issue of Vara's immunity must be fully resolved prior to the commencement of additional discovery so as to prevent the County Defendants from spending unnecessary time and incurring additional expenses to defend this matter.

Thank you for your consideration.

                        Respectfully submitted,
                            /dcp/
                        Diane C. Petillo

cc:    Valerie Cartwright, Esq., Attorney for Plaintiff, via ecf
        Laurence Jeffrey Weingard, Esq., Attorney for Defendant Buonora, via ecf