LAW OFFICES OF
# FREDERICK K. BREWINGTON
*ATTORNEYS AND COUNSELORS AT LAW*
**556 PENINSULA BOULEVARD**
**HEMPSTEAD, N. Y. 11550**

TELEPHONE: (516) 489-6959
FACSIMILE: (516) 489-6958

**FREDERICK K. BREWINGTON**

**IRA FOGELGAREN**

**GREGORY CALLISTE, JR.**
**VALERIE M. CARTRIGHT**
**JOHANNA C. DAVID**

July 13, 2012

Honorable Joseph F. Bianco
United States District Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: Darryl T. Coggins v County of Nassau, et al.
Docket No: 07-CV-3624 (JFB)(AKT)

Dear Judge Bianco:

As you are already aware, this office represents Plaintiff, Darryl T. Coggins, in the above referenced matter. Please accept this letter to serve as opposition to Defendant Buonora's request for a pre-motion conference seeking relief pursuant to F.R.C.P. 56

In the first instance, it is important to remind the Court that Defendant BUONORA previously filed a Motion for Summary Judgment with this Court on January 24, 2008 [DE 12, 13, 14]. After the motion was fully submitted to the Court, Your Honor denied Defendant BUONORA's motion without prejudice on June 20, 2008, based on the fact that it was premature. [DE ] However, Your Honor went on to afford Defendant BUONORA the opportunity to renew his motion "after the completion of discovery". [DE 28]. Despite the Court's clear directives, Defendant BUONORA is once again seeking to file a Summary Judgment motion before discovery is completed. To date, the parties have not yet completed discovery. In fact, there still exists numerous outstanding depositions to be conducted in this matter. Plaintiff contends that the delay in moving forward and completing discovery in this action is partially attributable to the numerous motions filed in this case, the appellate process in which Defendant BUONORA commenced and the granting of Defendant BUONORA's prior applications to stay discovery in this matter. As such, Defendant BUONORA is in the same position that he was in 2008, a position wherein discovery is not yet completed. Therefore, any motion for summary judgment by Defendant BUONORA at this juncture would still be premature.

*Honorable Joseph F. Bianco*
*July 13, 2012*
*Page 2*

      Furthermore, Defendant BUONORA argues that in view of the Supreme Court's decision in Rehberg v. Paulk, 566 U.S.–, 132 S. Ct. 1497, 182 L.Ed.2d 593 (2012), this Court should now permit him to submit a motion for summary judgment based on absolute immunity. Plaintiff does not deny that the decision in Rehberg may have potential impact and bearing on some of the claims in this action. However, Plaintiff understands Rehberg to deal with witness testimony before a Grand Jury and does not understand it to extend to the other conduct of Defendant BUONORA complained of in Plaintiff's Second Amended Complaint. It should be noted that plaintiff's claims against Defendant BUONORA are not solely centered around his admitted false testimony at the Grand Jury Proceeding. For example, among other claims, Plaintiff has a Section 1981 claim, Section 1983 claim based on violations of the Fourth, Fifth, Sixth and Fourteenth Amendments and various state law claims such as malicious prosecution, false imprisonment, fraudulent misrepresentation, negligence and intentional infliction of emotional distress against Defendant BUONORA. In his Second Amended Complaint, Plaintiff contends that BUONORA deprived the plaintiff of his due process rights; specifically by attempting to prolong the Defendant's unlawful detainment without probable cause, investigation, rule of law and by further denying the plaintiff his Fifth Amendment rights via an attempt to cover up the misconduct of said officers and officials and to prevent plaintiff from being compensated for his wrongful arrest, detainment, and other physical and emotional harm incurred. (See Second Am. Comp. ¶37) Plaintiff alleges that Defendant BUONORA falsely arrested, falsely seized and falsely detained Plaintiff, thus depriving him of his freedom. Said seizure was made without probable cause, as Defendants were of the knowledge that Plaintiff had committed no crime. (See Second Am. Comp. ¶55) Plaintiff alleges that BUONORA actively instigated and encouraged the baseless prosecution of the Plaintiff. (See Second Am. Comp. ¶24 and 56) Further, Plaintiff alleges that in furtherance of said conduct, the Defendant officers prolonged the plaintiff's captivity by failing to investigate plaintiff's protests that he was not the alleged perpetrator and by conspiring to set bail at an unreasonable amount (See Second Am. Comp. ¶37). Plaintiff goes on to allege that Defendant BUONORA engaged in conduct unbecoming of a Police Officer in that in or around October 9, 2004, while he was in foot pursuit of Plaintiff, Police Officer BUONORA yelled "Just Shoot Him". or words to that effect. (See Second Am. Comp. ¶37) In addition, it is alleged that BUONORA possessed, but withheld information which would have exonerated Plaintiff of the criminal charges with which he was charged. (See Second Am. Comp. ¶57). Plaintiff also alleges that Defendant BUONORA filed false instruments related to Plaintiff and was convicted on the conduct that he engaged in related to Plaintiff. These are only some examples of the claims that are currently pending against Defendant BUONORA, most of which Plaintiff contends would not be significantly impacted by the holding in Rehberg. As such, notwithstanding the holding in Rehberg, Plaintiff asserts that a summary judgment motion on Plaintiff's claims would be premature and futile given the factual background in this case.

*Honorable Joseph F. Bianco*
*July 13, 2012*
*Page 3*

Furthermore, Defendant BUONORA once again seeks a complete stay of this action based on the same arguments that he has made in the past when he sought a full stay of discovery from this Court. After reviewing all submissions of the parties, including Plaintiff's objections to Defendant BUONORA's previous request, Your Honor denied his application on February 24, 2010. Plaintiff contends that the circumstances are the same and that case law continues to supports a denial of Defendant BUONORA'S instant request for a full stay of discovery.

Thank you for your attention to this matter. Should you require any additional information, please feel free to contact this office.

Respectfully submitted,

*[signature]*

VALERIE M. CARTRIGHT

cc:  Laurence Jeffrey Weingard, Esq. (Via ECF Only)
     Diane Petillo, Esq. (Via ECF Only)