Law Offices of
Laurence Jeffrey Weingard
The Fisk Building
250 West 57th Street – Suite 401
New York, NY 10107

Telephone No.: (212) 974-5200
Facsimile No.: (212) 956-9337

October 1, 2012

**Via ECF**
Hon. Joseph F. Bianco, Judge
U. S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-4438

                Re      Coggins v County of Nassau et al
                          2:07-cv-03624-JFB-AKT

Dear Judge Bianco:

      This letter is being written and filed as directed by Your Honor pursuant to the September 19, 2012, telephone conference and then in the Court's September 28th Order. We have been directed "to submit a letter to the Court on October 1, 2012 explaining [defendant Buonora's] intention with respect to" filing "a renewed motion for qualified [sic]* immunity at this time". (Order dated September 28, 2012.)

      However, during the September 19th conference, Your Honor stated: "I was thinking even I should give Ms. Cartright a chance, if you were going to refile this motion, if she wanted to, to amend the complaint to clarify or address exactly some of the issues that are raised in the Supreme Court decision [*Rehberg*], because they were obviously drafting the complaint before the new law came out as well. So I was thinking of giving her an opportunity, if she wanted, to do that as well." (Transcript of September 19, 2012, conference at pp. 11-12.)

      Without knowing plaintiff's counsel's intention, we are unable to decide whether to move for summary judgment and/or a motion to dismiss at this time or to proceed with depositions.

      Therefore, my associate called plaintiff's counsel earlier today. At that time, he spoke to

---

* Indeed, we have been asking for absolute immunity since the commencement of these proceedings and continue to do so.

Valerie Cartwright, Esq., who advised him that counsel did intend to proceed with a motion for leave to serve a further amended complaint. We were further advised that plaintiff's counsel would seek to add more specificity to their allegations regarding improper conduct and other acts outside the Grand Jury by defendant Buonora and the other defendants including but not limited to charges related to initiating plaintiff's arrest. It was our impression that the Court was suggesting that plaintiff's counsel reduce their claims in order to limit the issues created by *Rehberg* as opposed to enhancing their subsequent amended complaint with newly framed issues. Plaintiff's counsel would seek to draft a further amended complaint that would *enhance* plaintiff's claims and "survive" a dispositive motion by the defendant.

In view of counsel's intention, defendant Buonora cannot decide at this time whether to refile his motion to dismiss and/or for summary judgment before an amended complaint has been approved and served.

We also spoke today with Diane C. Petillo, Esq., the attorney for the Nassau County defendants. Ms. Petillo has also considered a motion for summary judgment and/or to dismiss but is concerned, as we are, about making a dispositive motion before plaintiff's claims have been resolved.

Therefore, we respectfully request a further conference, or other directive from the Court, to address the issue of a further amended complaint given plaintiff's clear intention to seek leave to serve such an instrument.

Very truly yours,

Laurence Jeffrey Weingard