UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DARRYL T. COGGINS,                                                      **DOCKET NO.:CV-07-3624**

                    Plaintiff,                                   **(JFB) (AKT)**

      - against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER JAMES VARA , in
his individual and official capacity, and POLICE OFFICER
CRAIG BUONORA , in his individual and official capacity,
SERGEANT PICKERING, in his individual and official capacity,
LIEUTENANT DELARGY, in his individual and official capacity,
and JOHN DOES "1-10", in their individual and official capacity,,

                    Defendants.
-----------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT
# OF PLAINTIFF'S MOTION TO AMEND COMPLAINT

**LAW OFFICES OF**
**FREDERICK K. BREWINGTON**
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, NY  11550
(516)489-6959

**OF COUNSEL:**
FREDERICK K. BREWINGTON, ESQ.
VALERIE M. CARTRIGHT, ESQ.

## PRELIMINARY STATEMENT

Plaintiff DARRYL COGGINS makes the instant motion for leave to amend Plaintiff's

Second Amended Complaint, pursuant to Federal Rule of Civil Procedure, Rule 15(a) and 15( c).

More specifically, Plaintiff seeks to amend the Complaint to include additional facts and clearly

flush out the causes of action in light of the recent case law, *Rehberg v. Paulk*, 132 S.Ct. 1497,

1510 (4/2/2012), decided by the Supreme Court of the United States.

In compliance with the Court's Order dated June 20, 2008 [DE 28], Plaintiff filed his first

Amended Complaint in this matter [DE 39]. Subsequently, in or around June of 2011, Plaintiff made

application to the Court to amend the Complaint to amend the caption and to include two (2)

additional Defendants, namely SERGEANT PICKERING and LIEUTENANT DELARGY, as well

as to include additional factual allegations of misconduct of the existing DEFENDANTS VARA and

BUONORA. [DE 84]. The Court granted that application and the Second Amended Complaint was

filed on or about August 26, 2011.[DE 96]. The instant application to file a Third Amended

Complaint is pursuant to the Court's October 22, 2012 Order. [DE 132]. A copy of Plaintiff's

Proposed Third Amended Complaint is annexed hereto as Exhibit "A".


## POINT I

### THIS COURT SHOULD GRANT THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT BECAUSE IT WAS DILIGENTLY REQUESTED AND IN RESPONSE TO A SUBSTANTIVE CHANGE IN THE LAW

Under the Federal Rules of Civil Procedure 15(a)(2), a party may amend its pleading prior

to trial with the court's leave. *Fed.R.Civ.P.* 15(a)(2). Leave to amend "shall be freely given when

justice so requires." *Id.* Courts may deny a motion to amend "if there is an 'apparent or declared

reason-such as undue delay, bad faith or dilatory motive..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or] futility of amendment'." *Twisted Records v. Rauhofer*, 2005 WL 517328, at * 6 (S.D.N.Y. 2005).  But, in the absence of any apparent or declared reason, the leave sought should, as the rules require, be "freely given. " *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Courts apply the "Federal Rules of Civil Procedure 16(b) '*good cause* standard,' rather than the more liberal standard of Rule 15(a), where a motion to amend has been filed after the deadline set for amending the pleadings." *Woodworth v. Erie Ins. Co.,* 2009 WL 1652258, at * 4 (W.D.N.Y. June 12, 2009).  However, courts have held that the *good cause* standard may be satisfied by a showing that the relevant substantive law changed, or that the moving party discovered new evidence.  *Id. (citing Estate of Ratcliffe v. Pradera Realty Co.,* 2007 WL 3084977, at *3-4 (S.D.N.Y.2007) (party demonstrated the requisite diligence by moving to amend ten days after discovering new evidence in a deposition) (*Emphasis Added*).  Under that standard, the party must also establish that they did not delay inexcusably in filing a motion to amend after the change in law or discovery of new evidence. *Woodworth,* 2009 WL 1652258 at 4.

A.   GIVEN THE SUPREME COURT'S RECENT DECISION IN *REHBERG V. PAULK*, THE PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT IS MADE WITH GOOD CAUSE.

The *good cause* standard may be satisfied by a showing that the substantive law changed, or that the moving party discovered new evidence.  *Id.*  For example, in *Woodworth*, the plaintiff brought a claim against an insurance company for breach of the terms of an insurance contract.  *Id.* The Court held that an insured may recover consequential damages resulting from an insurer's

2

breach of the policy's covenant of good faith and fair dealing. *Id.* Thereafter, the plaintiff sought to amend their complaint to demand additional expenses not specifically covered by the policy. *Id.* at 6. Although the court ultimately denied the plaintiff's motion because of a lack in diligence in filing, they held that the change in the law resulting from the Court of Appeals decision would satisfy the good cause standard. *Id.* at 4.

This reasoning has also been applied in other courts in geographic proximity to this Court. law. The New York Civil Procedure Law and Rules specifically provides that motions to renew may be granted where the party presents new facts or a demonstrated change in the law. McKinney's CPLR 2221(d), par. 2, (e), par. 2. Indeed, the Second Department granted a plaintiff's motion to reargue a prior motion to amend her complaint "based on an intervening change in the law." *Ferrizz v. Jahelka*, 125 A.D.2d 537, 537 (1986). Indeed, this concept is centered on a sense of fairness .

Here, the plaintiff has good cause to amend the complaint because of the recent change made to the law by the Supreme Court of the United States, a change which Plaintiff could not have predicted at the time the action was filed. On April 2, 2012, the Supreme Court held that law enforcement officers are entitled to absolute immunity from suit for testimony given in the Grand Jury procedures. *Rehberg v. Paulk*, 132 S.Ct. 1497, 1510 (4/2/2012). Subsequently, numerous courts have interpreted *Rehberg* to stand for the proposition that law enforcement officers are not entitled to absolute immunity where a plaintiff presents evidence in addition to grand jury testimony which establishes that the defendant engaged conduct which "laid the groundwork for a prosecution." *Sankar v. City of New York*, 2012 WL 2923236, at * 3 (E.D.N.Y. July 18, 2012) (explicitly distinguished *Rehberg* as inapplicable where the defendant submitted two contemporaneous incomplete police reports; failed to properly investigate the crime; failed to collect

evidence; and failed to take photos of the crime scene, in addition to falsely testifying at the grand jury); *Hewitt v. City of New York,* 2012 WL 4503277, at * 9 (E.D.N.Y. Sept. 28, 2012) (concurring with the reasoning applied by *Sankar v. City of New York*); *Frederick v. New York City*, 2012 WL 4947806, at * 5 (S.D.N.Y Oct. 11, 2012) (holding that *Rehberg* did not "create a categorical bar to the use of grand jury testimony as evidence against §1983 defendants and affirmatively establishing that grand jury testimony may be used against other §1983 defendants); *Kennedy v. Finley*, 2012 WL 2564796, at * 6 (D. Colo. July 2, 2012) (holding that absolute immunity did not extend to all conduct outside of the grand jury room, including the falsification of affidavits or evidence). Thus, given the recent and rapidly developing case law surrounding the issue of the evidentiary use of grand jury, *good cause* exists for the plaintiff to amend his complaint. Thus, we urge this court to find that, in the interest of justice and pursuant to governing law, leave to amend the complaint should be granted.

Here, the plaintiff has previously alleged a vast amount of wrongful conduct beyond the Defendants' Grand Jury Testimony in the original and previously Amended Complaints. However, with limited discovery and a further evaluation of the facts and the new law, Darryl Coggins can in good faith allege that the misconduct of Defendants include both grand jury testimony and evidence of other conduct which far exceeds any of the aforementioned cases. It is clear that Mr. Coggins' claim does not rest solely on the substance of the Defendant Officers' testimony in the grand jury but rather on the fact that their perjured testimony was made in a much more complex series of events in furtherance of an intent to maliciously prosecute him. Plaintiff alleges that the wrongful conduct preceded the Grand Jury testimony, and as it relates to Plaintiff individually, commenced on October 9, 2004 when Plaintiff was illegally and improperly pulled over while in his vehicle,

4

improperly and illegally detained, threatened, assaulted and chased.  The wrongful conduct was further magnified when Defendants began to fabricate evidence, falsify documents, withhold evidence, fail to follow proper policies and protocols, failed to intervene, engage in conspiracy and then testified falsely before the Grand Jury.  In addition to alleging that Defendant BUONORA and VARA committed misconduct before the Grand Jury, Plaintiff seeks to allege the following: fabrication of falsified police reports, falsification of affidavits, falsification of memo books, falsification of complaints, fabrication of evidence (i.e. a recovered gun), failure to intervene, conspiracy to commit all of the aforementioned violations. Further, Plaintiff intends to offer evidence in support of the allegations, which includes but is not limited to: the testimony of various Floral Park Police Officers which directly contradict Defendant BUONORA and Defendant VARA's testimony; radio transmissions which substantiate the Floral Park officers' testimony; evidence of the investigation commenced by the Special Investigations Bureau of the Nassau County Police Department into Defendants' false arrest and prosecution on March 17, 2005;  evidence that on November 17, 2005, Defendant BUONORA appeared before a County Court judge and pled guilty to a reduced charge of Perjury in relation to his false arrest and prosecution; evidence that on December 1, 2005, Defendant BUONORA admitted to giving false testimony in the grand jury; evidence that the result of the March 2005 investigation, was that the police department determined that Defendant BUONORA engaged in conduct unbecoming of a police officer in that in or around October 9, 2004, while he was in foot pursuit of Mr. Coggins, defendant yelled "Just Shoot Him" or words to that effect; evidence that the further results of that investigation resulted in a determination that Defendant PICKERING and Defendant DELARGY failed to respond and supervise the scene of the incident; and evidence that all of the defendant Officer's knew that Mr.

5

Coggins was innocent but helped support each other in fabricating evidence and effectuating his false arrest, detention, and prosecution.

B.    THE PLAINTIFF WAS DILIGENT IN HIS REQUEST TO AMEND THE COMPLAINT.

Under the *good cause* standard, a party must also establish that they did not delay inexcusably in filing a motion to amend the complaint after the change in law or discovery of new evidence. *Woodworth,* 2009 WL 1652258 at 4.  For example, in *Woodworth*, the plaintiff established good cause because of the change in the substantive law but their motion was ultimately denied because they inexcusably delayed in the filing of the motion. *Id.*  In that case, the plaintiff waited over eleven months, alleging that they were waiting for the case law to develop. *Id.*

The court reasoned that at no time during the eleven-month period between the Court of Appeals decision and the plaintiffs' motion, did the plaintiff seek the consent of the defendant or the permission of the court to delay filing their anticipated motion. *Id.*  Moreover, the court found it compelling that discovery was on-going during that eleven-month period and indeed was scheduled to conclude a mere two days after plaintiffs filed the instant motion. *Id.*  The court held that under those circumstances, the plaintiffs' reason for the delay fell "short of the showing necessary to establish that they acted with the requisite diligence." *Id. (Citing Grochowski v. Phoenix Const.,* 318 F.3d 80, 86 (2d Cir. 2003) (plaintiffs' delay of over one year following a change in law not excused under good cause standard); *Lowry v. Eastman Kodak Co.,* 14 F. App'x 27, 30 (2d Cir. 2001) (five-month delay defeated claim of good cause); *Lawrence v. Town of Cheektowaga,* 2006 WL 2000124, at *3 (W.D.N.Y. 2006) (a delay of nearly one year was fatal to party's motion to amend complaint).

Here, the plaintiff has established that he did not inexcusably delay in filing the instant motion to amend the complaint after the change in law created by the Supreme Court. On August 24, 2012, approximately three months after the Supreme Court's decision, the plaintiff's counsel participated in a conference call with the defense and Judge Bianco. During that call, all parties engaged in a discussion about the plaintiff's position on *Rehberg*. Judge Bianco indicated that a motion in the form of a motion for summary judgement would not be appropriate at this juncture as there has been very little discovery completed. On September 19, 2012, another conference call took place where the *Rehberg* issue was again discussed along with Plaintiff's intention to file an Amended Complaint. Thus, unlike the *Woodworth* case, the defendant has had ample notice about the plaintiff's intention to amend the complaint in regards to the new case law, well within a few weeks of the *Rehberg* case being decided by the Supreme Court. Further, unlike *Woodworth* and cases cited by that court, Plaintiff's notice to the Court and Defense Counsel was diligent and well within the time periods found to be an excusable delay. Finally, unlike *Woodworth*, where discovery was almost complete, there has been very little discovery in this case. Indeed, the defense has filed several motions to stay discovery. Thus, the concerns articulated by the *Woodworth* case are not present here. The plaintiff diligently and without delay, informed the Court and Defense Counsel that he intended to amend the complaint because of the Supreme Court's decision in *Rehberg*.

Therefore, for the aforementioned reasons, this Court should grant the Plaintiff's motion to amend the complaint because Defendants had ample notice of the possibility of Plaintiff filing an Amended Complaint in light of the new law, Plaintiff diligently filed the instant application and there is clearly good cause as mentioned above.

7

## POINT II

## THIS COURT SHOULD GRANT THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT IN THE INTEREST OF JUSTICE AND JUDICIAL EFFICIENCY

A.   CLEARLY, DEFENDANTS WOULD NOT HAVE TO EXPEND SIGNIFICANT ADDITIONAL RESOURCES TO CONDUCT DISCOVERY AND PREPARE FOR TRIAL:

Plaintiff seeks to amend the factual allegations of the Complaint based on the new law and the evidence obtained during the limited discovery, which is fully available and in possession of all Parties. In the case at bar, the amendment of the Complaint would not require Defendants to expend any additional resources to conduct discovery at all because the additional claims and causes of action alleged by Plaintiff are based on the same theories of law.

Further, all relevant Parties and Non-parties have not yet been deposed in this matter and believe that all necessary documentary evidence has not fully been exchanged. Indeed, Defendants would be "hard pressed" to articulate what (if any) additional discovery would have to be conducted due to Plaintiff's proposed amendment. In short, as the proposed Amendment to the complaint/caption "arises from the same set of operative facts as the original claims." Cemar Tekstil Ithalat Ihracat San ve Tic. A.S. v. Joinpac, Inc., *supra*. Defendants cannot assert prejudice relating to Plaintiff's amendment of the Complaint at this juncture. At this juncture in the case, Plaintiff's repeated attempts to take Defendant BUONORA's deposition was met with resistance by Defendant. However, it appears that reluctance to be deposed has in fact supported Plaintiff's instant request. Since no deposition of BUONORA has yet been taken, there will be no need to re-open a deposition, just take one.

B.    THE PROPOSED AMENDMENTS RELATES BACK TO THE ORIGINAL
      AMENDED COMPLAINT AND DEFENDANTS CANNOT CLAIM SURPRISE
      OR PREJUDICE:

According to Fed.R.Civ.P. 15( c)(1) and (2):

An amendment of a pleading relates back to the date of the original pleading when:

  (1)    relation back is permitted by the law that provides the statute
         of limitations applicable to the action, or

  (2)    the claim or defense asserted in the amended pleading arose
         out of the conduct, transaction, or occurrence set forth or
         attempted to be set forth in the original pleading,

Fed.R.Civ.P. 15( c)

This Circuit maintains that "amendments that do no more than restate the original claim with greater particularity or amplify the details of the transaction alleged in the preceding pleading fall within Rule 15( c)." U.S. v. The Baylor University Medical Center, 2006 WL 3317695 (2nd Cir 2006); citing, 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1497 (2d ed. 2006). "The pertinent inquiry ... is whether the original complaint gave the defendant fair notice of the newly alleged claims." Wilson v. Fairchild Republic Co., 143 F.3d 733, 738 (2d Cir.1998) overruled on other grounds. "Under [Rule] 15( c), the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." U.S. v. The Baylor University Medical Center; supra; quoting Rosenberg v. Martin, 478 F.2d 520, 526 (2d Cir.1973). "The rationale of Rule 15( c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 159 n. 3, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

With respect to FRCP Rule 15( c)(2), as Plaintiff is not asserting completely new legal

9

theories, Defendants cannot assert (in good faith) that the "conducts, transactions, or occurrences" in the proposed amended complaint did not arise out of the same exact conduct asserted in the original pleading. *Fed.R.Civ.P.* 15( c).

<strong><u>CONCLUSION</u></strong>

Given the above circumstances, we respectfully submit that allowing Plaintiff to amend the complaint in this matter would be appropriate and warranted. As the "decision whether to grant leave to amend is within the sound discretion of the Court" (*Twisted Records v. Rauhofer, supra*), Plaintiff respectfully avers that granting leave to amend the Complaint would be proper.

Dated: Hempstead, NY
      November 7, 2012

Respectfully Submitted,

By:    VALERIE M. CARTRIGHT(VC7327)
       Law Offices of Frederick K. Brewington
       *Attorneys for Plaintiffs*
       556 Peninsula Boulevard
       Hempstead, New York 11550
       (516) 489-6959