UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DARRYL T. COGGINS,

                 Plaintiff,

- against -

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
JAMES VARA, in his individual and official
capacity, and POLICE OFFICER CRAIG
BUONORA, in his individual and official
capacity, SERGEANT PICKERING, in his
individual and official capacity, LIEUTENANT
DELARGY, in his individual and official
capacity, and JOHN DOES "1-10", in their
individual and official capacity,

                 Defendants.
-----------------------------------------------------------X

Docket No.: 07-CV-3624 (JFB) (AKT)

**DECLARATION OF
LAURENCE JEFFREY WEINGARD**

      **LAURENCE JEFFREY WEINGARD**, an attorney duly licensed to practice law before the Courts of the State of New York and the United States District Court for the Eastern District of New York, under penalties of perjury, hereby declares that:

      1.     I am the attorney of record for defendant POLICE OFFICER CRAIG BUONARA. As such, I am familiar with the facts and circumstances set forth herein. The source of my information is the litigation file in connection with this case that is maintained in my office and conversations that I have had with my client.

      2.     This declaration is submitted in support of our motion pursuant to Federal Rules of Civil Procedure 8(a)(2), 12(b)(6) and 12(d) to dismiss plaintiff's Third Amended Complaint. (A copy of the Third Amended Complaint is submitted herewith as Exhibit A.)

      3.     The instant action was commenced by the filing of plaintiff's Complaint on or

about August 28, 2007. (Copies of the Second Amended Complaint and the defendants' respective Answers are submitted herewith as Exhibits B., C. (County defendants) and D. (defendant Buonora).)

4. For the reasons discussed below as well as in the Memorandum of Law submitted herewith, defendant Buonora is entitled to the dismissal of all of the claims in plaintiff's Third Amended Complaint because he has absolute immunity pursuant to *Rehberg v. Paulk*, 566 S.Ct. ---, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012), and *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), as well as for numerous other reasons.

## STATEMENT OF FACTS

5. Plaintiff Darryl T. Coggins, the driver of a vehicle containing himself and two passengers, was pulled over by Nassau County Police Officer James Vara at approximately 4:30 A.M. on the morning of October 9, 2004, at the intersection of Jericho Turnpike and Holland Avenue in Floral Park, Nassau County, New York. Vara radioed for assistance and defendant Buonora arrived on the scene in response at approximately 4:40 A.M.

6. Coggins fled the scene on foot as he was being given a field sobriety test by Vara and as defendant Buonora arrived. Vara and Buonora gave chase. Buonora subsequently returned to the scene of the stop where a Floral Park Police Department Officer had remained with the two other occupants of plaintiff's vehicle. A loaded .380 caliber magazine was subsequently found next to the vehicle's front passenger door. Vara was unable to catch Coggins, who escaped after jumping over a fence in a nearby driveway. At approximately 5:00 A.M., a Floral Park officer informed everyone that he had located a loaded, defaced 9mm Hi-Point pistol near the fence Coggins had jumped over to escape. Buonora was ordered to sign off duty at approximately 7:40

A.M., just after the end of his regularly scheduled tour. He then left the scene. That was Buonora's last involvement with plaintiff's criminal matter until at or about the time of the grand jury in or about March 2005, months after the arrest.

7. At approximately 4:00 P.M. on October 9, 2004, Coggins appeared at the Third Precinct accompanied by his attorney and surrendered himself. N.C.P.D. Detective Alexander Barnych effectuated the arrest of Coggins.

8. Submitted herewith are copies the following exhibits, all of which show no involvement by Buonora in plaintiff's arrest and prosecution other than his perjury, for which he has absolute immunity:

| | |
|---|---|
| Exhibit E. | Arrest Report; |
| Exhibit F. | Arrest Report prepared by Det. Barnych; |
| Exhibit G. | Arrest Report prepared on behalf of Vara; |
| Exhibit H. | Crime Report; |
| Exhibit I. | Felony Complaints; |
| Exhibit J. | Vara's Memorandum Book entries for the times at issue; |
| Exhibit K. | Buonora's Memorandum Book entries for the times at issue; |
| Exhibit L. | Vara's Standard Departmental Recognition Request; |
| Exhibit M. | Coggins' Demand the District Attorney present witnesses and submit charges against Police Officer Vara; |
| Exhibit N. | Buonora Indictment; |
| Exhibit O. | Buonora plea; |
| Exhibit P. | Nassau County Police Department Internal Affairs Unit Summary; |
| Exhibit Q. | I.A.U. Findings; |
| Exhibit R. | I.A.U. interview of Buonora; |
| Exhibit S. | I.A.U. interview of Vara; |
| Exhibit T. | Statement given to I.A.U. by Buonora; |
| Exhibit U. | Statement given to I.A.U. by Vara; and |

Exhibit V.     I.A.U. Executive Summary.

9.     The arrest report indicated that Barnych interviewed Vara and the remaining passengers during the course of his investigation. The two felony complaints were filed against Coggins by Barnych and Sergeant Mitchell Tepperman charging him with violating New York State Penal Law §§ 265.02(3) (Criminal Possession of a Weapon in the Third Degree) and 265.02(4) (Criminal Possession of a Weapon in the Third Degree).

10.     The only report prepared by Vara was a Standard Departmental Recognition Request dared October 26, 2004. Vara did not make any reference therein to Buonora. However, he claimed credit himself for finding the 9mm Hi Point handgun and for safeguarding it as well.

11.     Coggins was subsequently arraigned on the felony complaints. After several adjournments, the matter was presented to a grand jury in March 2005. Vara and Buonora, along with Coggins and, upon information and belief, others, testified before the grand jury. Buonora testified, falsely, that he had located the loaded, defaced 9mm Hi Point pistol and secured it until he was relieved by a Floral Park Officer. The grand jury returned a true bill and Coggins was indicted under Indictment Number 663N-2005 for two counts of Criminal Possession of a Weapon in the Third Degree.

12.     It should be noted that Coggins served a "Demand the District Attorney present witnesses and submit charges against Police Officer Vara" in connection with the March 17, 2005, grand jury proceeding. There was no reference to defendant Buonora, let alone any claim he did anything improper. The necessary presumption is that if Coggin's counsel had sufficient familiarity to make accusations against Vara, he would have been able make accusations against Buonora -- if there were any to be made. It's obvious no accusations were made against Buonora prior to his grand jury testimony because there was nothing of which could properly be accused.

4

13. Subsequently, the criminal case against Coggins was dismissed on motion of the Nassau County District Attorney when the false testimony of Buonora came to light during the course of evidentiary hearings. Buonora never testified at the evidentiary hearings.

14. On or about September 8, 2005, Buonora was indicted by a Nassau County grand jury on the sole charge of one count of violating New York State Penal Law §210.15 (Perjury in the First Degree). Subsequently, Buonora pleaded guilty to one count of Perjury in the Third Degree and received a one thousand dollar fine, a court surcharge in the amount of one hundred-forty dollars, a crime victim's assistance fee in the amount of twenty dollars and a conditional discharge. He was granted a Certificate of Relief from Civil Disabilities at the time of his sentencing. Following disciplinary proceedings which resulted in substantial fines and disciplinary probation, all of which Buonora complied with and successfully completed, he remains employed as a Nassau County Police Officer.

15. Buonora has repeatedly claimed, and discovery to date has fully confirmed, that he did not have any involvement in Coggins' criminal matter from the time he was sent from the scene until contacted by the district attorney's office to testify at the grand jury, nor he did have any knowledge of the criminal matter or even that Coggins was arrested and a prosecution commenced.

16. This motion is based on a number of legal issues. The records and documents submitted herewith confirm that all that defendant Buonora did in connection with plaintiff's arrest and prosecution was in relation to his grand jury appearance, for which he has absolute immunity. They also conclusively demonstrate that none of the fatal flaws in plaintiff's Third Amended Complaint can be cured in a fifth complaint or that there is any additional discovery that would require the denial of this motion.

## DISCUSSION

17. All of plaintiff's claims regarding defendant Buonora's perjury and any and all conspiracies relating to the perjury must be dismissed because he has absolute immunity pursuant to the United States Supreme Court's holding in *Rehberg v. Paulk*, 566 S.Ct. ---, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012).

18. All of plaintiff's remaining claims must also be dismissed as well, for the reasons discussed in the Memorandum of Law submitted herewith. In brief, these reasons include the following.

19. Plaintiff's claim pursuant to 42 U.S.C. §1981 must be dismissed because of multiple fatal failures in pleading including, but not limited to, a failure to plead with sufficient specificity. Vague, conclusory allegations without any substantiation are insufficient as a matter of law. It is clear from the discovery provided to date that to substantiate or expand on the legally insufficient allegations in the complaint.

20. Defendant Buonora did not arrest or detain plaintiff. He did not have any involvement in plaintiff's arrest, brief detention, or prosecution. His only involvement in the prosecution was limited his grand jury appearance which occurred more than five months after the October 9, 2004, incident. Buonora has absolute immunity for his grand jury testimony and for any conspiracy regarding his testimony. Therefore, plaintiff cannot have any claim pursuant to §§1983 and 1985 against Buonora.

21. In addition, pursuant to the Intracorporate Conspiracy Doctrine, plaintiff cannot have any claim for any conspiracy because the individual defendants were all employees of the same entity -- the Nassau County Police Department.

22. §1986 requires a valid conspiracy. This action has none and cannot have any valid conspiracy. In addition, §1986 has a strict one year statute of limitations. The subject action was commenced just short of three years after the subject incident. Since the charges were dismissed against the plaintiff no later than August 2005, and this action was commenced in August 2007, the §1986 claim is untimely. Therefore, that claim must be dismissed.

23. Plaintiff also makes claims based on New York state law. Defendant Buonora's absolute immunity extends to all of the state claims. In addition, all of the state claims are improperly pleaded and are untimely. They had to be commenced no later than one year and ninety days after they accrued. Even if they accrued when the criminal charges were dismissed, this action was commenced more than two years later.

24. When we moved for summary judgment in 2008, plaintiff's counsel claimed that C.P.L.R. §213-b was controlling. That statute gives victims of crimes a seven year statute of limitations. (The Court decided to defer a decision on plaintiff's argument. *See, Coggins v. County of Nassau*, 2008 WL 2522501 *13 (E.D.N.Y., Bianco, J., 2008), That statute cannot be applicable in the instant case. Defendant Buonora did not commit the subject criminal act -- perjury in his grand jury testimony -- until more than five months after the arrest of plaintiff and the subsequent prosecution. As discussed in the accompanying Memorandum, defendant's crime cannot be the single subject of this action. This is because the crime occurred after plaintiff's arrest and the commencement of the prosecution. In addition, defendant Buonora has absolute immunity for the crime, perjury before a grand jury and any conspiracy to commit perjury before the grand jury.

25. In addition, plaintiff was required to allege the filing of a Notice of Claim and that thirty days has elapsed without the public defendant satisfying the claim. Plaintiff failed to

comply with those requirements and therefore the state claims fail and must be dismissed. As noted in our Memorandum of Law, that failure is fatal.

26. Plaintiff must have known by the time the Third Amended Complaint was drafted that numerous allegations were false or cannot be proven. For example, he claims at ¶3 that there was an unstated conspiracy and fabrication of evidence. In fact the only conspiracy with which Buonora could have been involved would involve his grand jury testimony for which he has absolute liability. His grand jury appearance was his only involvement in Coggins' prosecution. He did not appear at any other hearing nor was he involved in Coggins' arrest.

27. Plaintiff also alleges in ¶3 a failure to intervene. However, that would relate to plaintiff's cause of action pursuant to §1986. Besides the claim being asserted untimely, the statute requires that there is a valid conspiracy. In the case at bar, there is no valid conspiracy involving Buonora. The only conspiracy would be in connection with the grand jury testimony, for which he has absolute immunity. His lack of any actionable involvement is clear from the records submitted herewith. All have been in plaintiff's possession since at least early 2010, if not earlier, at least two and one half years before the Third Amended Complaint was drafted.

28. At ¶35 of the Third Amended Complaint, plaintiff alleges that "[u]pon information and belief, Defendant [sic] VARA and BUONORA conspired with each other and agreed to an altered version of what transpired on October 9, 2004 and made a conscious decision to omit certain information and include false information in the Police Report and accompanying arrest paperwork".

29. As plaintiff should have known, and as the records and documents that have been produced make clear , defendant Buonora was not involved in preparing any reports or paperwork nor was he requested to prepare same nor was he required to prepare any since he had

no involvement in plaintiff's arrest. This alleged conspiracy did not happen and it could not have happened and is without any basis at all. The sole possibly conspiracy involving Vara and defendant Buonora involved their respective grand jury testimony -- for which defendant Buonora has absolute immunity. *See, Rehberg, supra.*

30. At ¶77 of the Third Amended Complaint, plaintiff alleges that "[o]n October 9, 2004, Detective BUONORA prepared a report documenting his interactions with Defendant VARA as they relate to this case". No such report is referenced or included among the more than 750 pages of documents exchanged to date, including among the 150 pages served by the plaintiff. Clearly, if plaintiff made this allegation based on any document in his possession, same would have been served with the other materials he served. It is obvious that this allegation was made solely to defeat a dispositive motion. In addition, defendant Buonora is not a detective nor was he one at any time at issue.

31. Plaintiff's first Count alleges violations pursuant to 42 U.S.C. §1981. In regard to defendant Buonora, plaintiff alleges he "deprived Plaintiff of his Fourth, Fifth, Sixth and Fourteenth Amendment rights, and caused such deprivation of rights by unlawfully stopping, falsely detaining, unlawfully accusing, wrongfully arresting and falsely imprisoning the Plaintiff for two days...." Id, at ¶96. It is clear from the provided records that defendant Buonora had no involvement in stopping, detaining, accusing, arresting or imprisoning plaintiff.

32. In addition, plaintiff was required to demonstrate that non-minorities were treated differently than minorities, including plaintiff, were. He failed to make that requisite pleading. Therefore, as discussed in our Memorandum of Law, his Count regarding his §1981 is improperly pleaded and must be dismissed.

33. Plaintiff further claims that defendant Buonora

9

> deprived the plaintiff of his due process rights; specifically by attempting to prolong the Defendant's [sic] unlawful detainment without probable cause, investigation, rule of law and by further denying the plaintiff his Fifth Amendment rights via an attempt to cover up the misconduct of said officers and officials and to prevent plaintiff from being compensated for his wrongful arrest, detainment, and other physical and emotional harm herein.

Id, at ¶97.

34. Again, the submitted records and documents prove that defendant Buonora was not involved with the alleged "unlawful detainment without probable cause, investigation, rule of law and by further denying the plaintiff his Fifth Amendment rights via an attempt to cover up the misconduct of said officers and officials". Id. Plaintiff's claim that defendant Buonora "prevent[ed] plaintiff from being compensated for his wrongful arrest, detainment, and other physical and emotional harm herein" is insensible. Is plaintiff actually claiming that defendant Buonora is doing something actionable by defending himself in this action?

35. Plaintiff claims defendant Buonora, among the other "Defendant officers prolonged the plaintiff's captivity by failing to investigate plaintiff's protest that the alleged perpetrator and by conspiring to set bail at an unreasonable amount". Buonora has consistently claimed that he had absolutely no involvement in Coggins' criminal matter from the time he was directed to leave the scene later the morning of the incident, after Coggins' successful flight, until he met with an assistant district attorney in connection with his grand jury testimony. All of the records produced confirms defendant Buonora's assertions.

36. Plaintiff's second cause of action is based on alleged violations of §1983 in connection with his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments. As in his first cause of action, plaintiff alleges defendant Buonora's involvement in numerous acts all of which would have occurred between the time Buonora was directed to leave the scene of the

October 9, 2004, incident and when he met with an A.D.A. in connection with his grand jury testimony. Again, the submitted materials confirm his repeated, consistent assertions that he did not have any other involvement in Coggins' criminal proceeding.

37. ¶¶106-116 are new to the subject complaint. They claim falsifications and fabrications of evidence and documents by the named Nassau County Police Department defendants including defendant Buonora. None of the produced materials identify any such falsification or fabrication by Buonora except for his perjury in his grand jury testimony for which he has absolute immunity.

38. Plaintiff further alleges, vaguely and without specificity, that the N.C.P.D. defendants including defendant Buonora withheld evidence, failed to follow proper policies and protocols, failed to intervene, and conspired as to all the claimed acts. All of these assertions are baseless. Therefore, plaintiff's second Count must be dismissed as alleged against defendant Buonora.

39. Plaintiff's third cause of action alleges a violation of his rights pursuant to §1983 on the ground that falsification of evidence was "part of an ongoing culture". Plaintiff's proposed Third Amended Complaint at ¶139. Obviously, this Count is alleged only against defendant County. Therefore, Buonora is entitled to the dismissal of this Count.

40. Plaintiff's fourth and fifth Counts are alleged for the first time in this action in the Third Amended Complaint. They claim violations under §§1985 and 1986, conspiracy and failure to intervene, respectfully. Again, intracorporate conspiracy doctrine requires that these claims be dismissed as a matter of law. Defendant Buonora has absolute liability for any conspiracy involving his grand jury testimony. Also, a §1986 claim requires a valid §1985 conspiracy. There is no such conspiracy involving Buonora. In addition, claims pursuant to

11

§1986 have a one year statute of limitations. This action was commenced on or about August 28, 2007, almost three years after the October 9, 2004, incident and more than two years after criminal charges against Coggins were dismissed. The claim is untimely.

41.     As discussed in the accompanying Memorandum of Law, Coggins' state claims are all predicated on Buonora's grand jury perjury and any conspiracy to commit perjury before the grand jury. Again, Buonora has absolute immunity for that. In addition, all of the state claims are untimely.

42.     As noted above, plaintiff argued in the course of defendant Buonora's prior motion for summary judgment in or about 2008 that the applicable statute limitation was the seven year period of C.P.L.R. §213-b.

43.     The sole conviction herein is defendant Buonora's perjury conviction. Buonora committed perjury more than five months after Coggins was arrested and the prosecution against him commenced. Therefore, plaintiff's claims accrued long before Buonora testified before the grand jury. Buonora's conviction is not the basis of this action, nor can it be. In addition, his crime is one for which he has absolute immunity from civil liability. Therefore, §213-b cannot be applicable.

44.     As we argued previously, the one year period of C.P.L.R. §215(3) is the applicable statute of limitations. As such, the state claims are patently untimely and must be dismissed. Alternatively, given that defendant Buonora was, of course, employed by a public entity -- the County of Nassau -- the applicable statute of limitations would be the one year and ninety days period of New York General Municipal Law §50-e. In any case, all the state claims must be dismissed as untimely.

45.     The five state claims must also be dismissed for plaintiff's failure to comply with

New York General Municipal Law §50-i(1) which requires an allegation in the complaint that at least thirty days elapsed since the service of the requisite Notice of Claim. In addition, none of the state claims herein accrued within one year and ninety days of the commencement of this action on or about August 28, 2007.

46. In addition, if the federal civil rights claims are dismissed, the pendent state claims should be dismissed as well.

47. For all the reasons discussed above as well as in the accompanying Memorandum of Law, all of plaintiff's claims must be dismissed as to defendant Buonora or he should be granted summary judgment dismissing the complaint.

**WHEREFORE**, it is respectfully requested that the instant motion be granted in all respects, together with such and further relief as this Court deems just and proper.

Dated: New York, New York
June 7, 2013

Respectfully submitted,

_____
Laurence Jeffrey Weingard (LW2618)
**Law Offices of Laurence Jeffrey Weingard**
250 West 57th Street, Suite 401
New York, NY 10107
(212) 974-5200
*Attorneys for Defendant*
*Police Officer Craig Buonora*