UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DARRYL T. COGGINS,

                                    Plaintiff,

v.

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER JAMES VARA, in his individual and official capacity, and POLICE OFFICER CRAIG BUONORA, in his individual and official capacity, and JOHN DOES "1-10", in their individual and official capacity,

                                      Defendants.
------------------------------------------------------------------------ x

**07-CV-3624
(JFB)(AKT)**

**ANSWER TO SECOND AMENDED COMPLAINT**

        DEFENDANTS COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT and POLICE OFFICER JAMES VARA ("County Defendants"), appearing herein by their attorney LORNA B. GOODMAN, Nassau County Attorney, by Donna A. Napolitano, Deputy County Attorney, for their answer to the amended complaint allege as follows:

### PRELIMINARY STATEMENT

1. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1, except aver that Judge Joseph Bianco issued an Order on this matter on August 24, 2011.

2. Deny knowledge or information sufficient to forma a belief as to the allegations set forth in paragraph 2.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3, and refer all questions of law to the Court.

4. Deny the allegations set forth in paragraph 4.

5. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5, except to aver that the car operated by Plaintiff Coggins was stopped on Jericho Turnpike and Holland Avenue in Floral Park at approximately 0430 hours on October 9, 2004.

6. Deny the allegations set forth in paragraph 6.

7. Deny the allegations set forth in paragraph 7.

**JURISDICTION**

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, except to admit that paragraph 8 purports to set forth the jurisdictional basis for this action.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, and respectfully refer all matters of law to the Court.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, except to admit that paragraph 10 purports to set forth the venue for this action.

**PARTIES**

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12, except to admit that the County of Nassau is a municipality duly organized and existing pursuant to the laws of the State of New York

and County Defendant Vara is employed by the Nassau County Police Department as a Police Officer.

13. Admit the allegations set forth in paragraph 13.

14. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 14, except to aver that County Defendant Vara is a police officer employed by the Nassau County Police Department.

15. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 15, except to aver that Defendant Buonora is a police officer employed by the Nassau County Police Department.

16. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 16, except to aver that County Defendant Vara is a police officer employed by the Nassau County Police Department.

17. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 16, except to aver that County Defendant Pickering is a police officer employed by the Nassau County Police Department.

18. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 16, except to aver that County Defendant Delargy is a police officer employed by the Nassau County Police Department.

19. Deny knowledge and information sufficient to form a belief as to the allegations in paragraph 19.

20. Deny the allegations set forth in paragraph 20.

21. Deny the allegations set forth in paragraph 21

22. Deny the allegations set forth in paragraph 22..

## FACTUAL ALLEGATIONS

23. County Defendants repeat, reiterate and re-allege each and every response contained in paragraphs 1-22 with the same force and effect as if more fully set forth at length herein.

24. Deny the allegations set forth in paragraph 24, except to aver that Plaintiff Coggins was arrested on October 4, 2004 and arraigned on October 10, 2004 under docket no. 2004NA021116.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25, except to aver that the criminal matter was presented to the Grand Jury on March 17, 2005.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27. Deny the allegations set forth in paragraph 27, except to aver that Plaintiff Coggins was indicted by the Grand Jury on March 22, 2005 on two (2) counts of criminal possession of a weapon in the third degree in violation of Section 265.02(3) and (4) of the Penal Law, and one (1) count of resisting arrest in violation of Section 205.30 of the Penal Law. In addition, Plaintiff Coggins was further accused by the Grand Jury of a violation of section 1180-d of the Vehicle and Traffic Law.

28. Deny the allegations set forth in paragraph 28, except to aver that County Defendant Vara testified in the Grand Jury on March 17, 2005 as a witness and not as a complaining witness.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30. Deny the allegations set forth in paragraph 30, except to aver that Floral Park Police Officer John Wilson advised the Nassau County District Attorney's Office that he had found and safeguarded the gun.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31, except to aver that the underlying criminal matter was referred to the Special Investigations Bureau of the Nassau County District Attorney's Office.

32. Deny the allegations set forth in paragraph 32.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

41. Deny knowledge or information sufficient to forma a belief as to the truth of the allegations set forth in paragraph 41.

42. Deny the allegations set forth in paragraph 42.

## AS AND FOR AN ANSWER TO COUNT ONE
## 42 U.S.C. § 1981

43. County Defendants repeat, reiterate and re-allege each and every response contained in paragraphs 1-42 with the same force and effect as if more fully set forth at length herein.

44. Deny the allegations set forth in paragraph 44.

45. Deny the allegations set forth in paragraph 45.

46. Deny the allegations set forth in paragraph 46.

47. Deny the allegations set forth in paragraph 47.

48. Deny the allegations set forth in paragraph 48.

49. Deny the allegations set forth in paragraph 49.

50. Deny the allegations set forth in paragraph 50.

51. Deny the allegations set forth in paragraph 51.

52. Deny the allegations set forth in paragraph 52

## AS AND FOR AN ANSWER TO COUNT TWO
## 42 U.S.C. § 1983 – FOURTH, FIFTH, SIXTH and FOURTEENTH AMENDMENTS

53. County Defendants repeat, reiterate and re-allege each and every response contained in paragraphs 1-52 with the same force and effect as if more fully set forth at length herein.

54. Deny the allegations set forth in paragraph 54.

55. Deny the allegations set forth in paragraph 55.

56. Deny the allegations set forth in paragraph 56.

57. Deny the allegations set forth in paragraph 57.

58. Deny the allegations set forth in paragraph 58.

59. Deny the allegations set forth in paragraph 59.

60. Deny the allegations set forth in paragraph 60.

61. Deny the allegations set forth in paragraph 61.

62. Deny the allegations set forth in paragraph 62.

63. Deny the allegations set forth in paragraph 63.

64. Deny the allegations set forth in paragraph 64.

65. Deny the allegations set forth in paragraph 65.

66. Deny the allegations set forth in paragraph 66.

67. Deny the allegations set forth in paragraph 67.

68. Deny the allegations set forth in paragraph 68.

69. Deny the allegations set forth in paragraph 69.

## AS AND FOR AN ANSWER TO COUNT THREE
## 42 U.S.C. § 1983 – MUNICIPAL LIABILITY

70. County Defendants repeat, reiterate and re-allege each and every response contained in paragraphs 1-69 with the same force and effect as if more fully set forth at length herein.

71. Deny the allegations set forth in paragraph 71.

72. Deny the allegations set forth in paragraph 72.

73. Deny the allegations set forth in paragraph 73.

74. Deny the allegations set forth in paragraph 74.

75. Deny the allegations set forth in paragraph 75 (a), (b), (c),(d), and (e).

76. Deny the allegations set forth in paragraph 76.

77. Deny the allegations set forth in paragraph 77.

78. Deny the allegations set forth in paragraph 78.

## AS AND FOR AN ANSWER TO COUNT FOUR
## STATE LAW FRAUDULENT MISREPRESENTATION

79. County Defendants repeat, reiterate and re-allege each and every response contained in paragraphs 1-78 with the same force and effect as if more fully set forth at length herein.

80. Deny the allegations set forth in paragraph 80.

81. Deny the allegations set forth in paragraph 81.

82. Deny the allegations set forth in paragraph 82.

83. Deny the allegations set forth in paragraph 83, and aver that Plaintiff never went to trial on the indicted charges.

84. Deny the allegations set forth in paragraph 84.

85. Deny the allegations set forth in paragraph 85.

## AS AND FOR AN ANSWER TO COUNT FIVE
## STATE LAW ABUSE OF PROCESS and MALICIOUS PROSECUTION

86. County Defendants repeat, reiterate and re-allege each and every response contained in paragraphs 1-85 with the same force and effect as if more fully set forth at length herein.

87. Deny the allegations set forth in paragraph 87.

88. Deny the allegations set forth in paragraph 88.

89. Deny the allegations set forth in paragraph 89.

90. Deny the allegations set forth in paragraph 90.

91. Deny the allegations set forth in paragraph 91.

92. Deny the allegations set forth in paragraph 92.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the amount of legal expenses incurred as set forth in paragraph 93 and deny all other allegations within said paragraph.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's loss of possession of his vehicle and expenses incurred to regain possession as set forth in paragraph 94 and deny all other allegations within said paragraph.

95. Deny knowledge or information to form a belief as to the truth of the allegations of Plaintiff's expense of posting bond as set forth in paragraph 95 and deny all other allegations within said paragraph.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's loss of wages as set forth in paragraph 96 and deny all other allegations within said paragraph.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's lost employment opportunity as set forth in paragraph 97 and deny all other allegations within said paragraph.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's lost security guard license as set forth in paragraph 98 and deny all other allegations within said paragraph.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's lost employment opportunity with the Suffolk County Police Department as set forth in paragraph 99 and deny all other allegations within said paragraph.

100. Deny the allegations set forth in paragraph 100.

### AS AND FOR AN ANSWER TO COUNT SIX
### STATE LAW FALSE ARREST/FALSE IMPRISONMENT

101. County Defendants repeat, reiterate and re-allege each and every response contained in paragraphs 1-100 with the same force and effect as if more fully set forth at length herein.

102. Deny the allegations set forth in paragraph 102.

103. Deny the allegations set forth in paragraph 103.

104. Deny the allegations set forth in paragraph 104.

105. Deny the allegations set forth in paragraph 105.

### AS AND FOR AN ANSWER TO COUNT SEVEN
### STATE LAW NEGLIGENCE

106. County Defendants repeat, reiterate and re-allege each and every response contained in paragraphs 1-105 with the same force and effect as if more fully set forth at length herein.

107. Deny the allegations set forth in paragraph 107.

108. Deny the allegations set forth in paragraph 108.

109. Deny the allegations set forth in paragraph 109.

110. Deny the allegations set forth in paragraph 110.

### AS AND FOR AN ANSWER TO COUNT EIGHT
### STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

111.	County Defendants repeat, reiterate and re-allege each and every response contained in paragraphs 1-110 with the same force and effect as if more fully set forth at length herein.

112.	Deny the allegations set forth in paragraph 112.

113.	Deny the allegations set forth in paragraph 113.

114.	Deny the allegations set forth in paragraph 114.

115.	Deny the allegations set forth in paragraph 115.

116.	Deny the allegations set forth in paragraph 116.

117.	Deny the allegations set forth in paragraph 117.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a cause of action upon which relief can be granted.

2. Plaintiff failed to comply with the requirements of the General Municipal Law § 50-e, 50-h, and 50-i.

3. Defendant Nassau County Police Department is a non-suaeble entity and as such, all claims should be dismissed against the Police Department.

4. That at all times mentioned in the complaint, the County Defendant Police Officer, agents, servants and/or employees of the County Defendants having anything to do with the Plaintiff were in the performance of their respective duties as police officers, agents, servants and/or employees of the County Defendants; that all of the acts of such persons of each police officer, agent and/or employee of the County Defendant in connection with the Plaintiff were performed in good faith, without malice and with reasonable and proper cause in the ordinary course of their duties.

5. County Defendants, at all applicable times herein, enjoyed a full, partial or qualified immunity from civil suit.

6. The actions complained of were in full accord with the applicable law.

7. The Plaintiff's claims under 42 U.S.C. § 1983 against County Defendants are barred under the holding of *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978) and its progeny.

8. The alleged acts of conduct of the named County Defendants herein, under the case of *Monell v. Department of Social Services* do not create vicarious liability pursuant to the doctrine of respondeat superior and consequently the County of Nassau cannot be liable for any acts or conduct of any individual herein, as a matter of law.

9. The doctrine of qualified immunity shields police officers acting in their official capacity from suits for damages under 42 U.S.C. § 1983.

10. The doctrine of absolute immunity shields police officers from suits for damages under 42 U.S.C. § 1983 for giving testimony to a grand jury. *Briscoe v. LaHue,* 460 U.S. 325 (1983). *See also, White v. Frank et al.,* 855 F.2d 956 (2d Cir. 1988).

11. Plaintiff's constitutional and statutory rights have not been violated by the named defendants herein.

12. There was not and is not a policy, custom or usage of the County Defendants to violate constitutional and/or statutory rights of the Plaintiff.

13. Punitive damages may not be recovered against the County of Nassau as a matter of law.

14. That if the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent conduct of the Plaintiff without any negligence on the part of County Defendants contributing thereto.

15. That should Plaintiff recover damages as a result of a finding of liability in whole or in part against County Defendants such recovery should be reduced and diminished to the degree of comparative negligence of Plaintiff in contributing to such damage.

16. Plaintiff's allegations of conspiracy are barred due to the intra-corporate or intra-enterprise conspiracy doctrine. *Herrmann v. Moore*, 576 F.2d 453 (2d Cir. 1978). See also, *Rini v. Zwirn*, 886 F.Supp. 270 (E.D.N.Y. 1995); *Silverman v. City of New York*, 2001 U.S. Dist. Lexis 22537 No. 98-CV-6277 (E.D.N.Y. November 19, 2001).

17. Plaintiff has failed to mitigate his damages in this matter.

18. That if Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained through and by virtue of the conduct of parties other than the County Defendants, over whom the County Defendants exercised no control, without any negligence on the part of the County Defendants, its agents, servants or employees contributing thereto.

19. Plaintiff's claims are barred by statute of limitations.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, together with Plaintiff's prayer for relief contained in paragraphs (a) through (i) in the wherefore paragraph, be denied in its entirety and that the Court grant such other and further relief it deems just and proper.

Dated: Mineola, New York
        September 16, 2011

                              JOHN CIAMPOLI
                              NASSAU COUNTY ATTORNEY
                              BY: _____
                                    Diane C. Petillo
                                    Deputy County Attorney
                                    One West Street
                                    Mineola, New York 11501
                                    (516) 571-6190

TO:    Frederick K. Brewington, Esq.
         Law Office of Frederick K. Brewington
         50 Clinton Street, Suite 501
         Hempstead, New York 11550
         *Attorney for Plaintiff Coggins*

         Laurence Jeffrey Weingard, Esq.
         Law Offices of Laurence Jeffrey Weingard
         250 West 57th Street, Suite 401
         New York, New York 10107
         *Attorney for Defendant Buonora*