```
STATE OF NEW YORK      :    NASSAU COUNTY
COUNTY COURT           :    PART VI
------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,

              -against-                    INDICTMENT NO.
                                           1957N/05

CRAIG BUONARA,

              Defendant.


------------------------------------x
              262 Old Country Road
              Mineola, N.Y.  11501

              November 17, 2005

              MINUTES OF PLEA
```

B E F O R E:   HON. JEFFREY S. BROWN
               County Court Judge

A P P E A R A N C E S:

       HON. DENIS DILLON
       District Attorney of Nassau County
       BY:  JAMES CLARKE, ESQ.,
       Assistant District Attorney,
       Of Counsel, for the People

       LAWRENCE J. WEINGARD, ESQ.
       Attorney for the Defendant
       1600 Stewart Avenue
       Garden City, New York  11530

NASSAU COUNTY

000394

COPY 2

       Cindy Kaye-Fink
       Official Court Reporter

ckf

```
 1              THE CLERK: Indictment number 1957N of 2005,
 2    Craig Buonara. Counsels, give your appearances, please.
 3              MR. WEINGARD: Lawrence Jeffrey Weingard, 1600
 4    Stewart Avenue, Garden City, New York.
 5              MR. CLARKE: James Clarke, for the People.
 6              THE CLERK: Are you Craig Buonara?
 7              THE DEFENDANT: Yes.
 8              THE CLERK: People's application.
 9              MR. CLARKE: People's application with regard
10    to the defendant, Craig Buonara, defendant is charged
11    under indictment number 1957N of '05 with one count of
12    perjury in the first degree, a Class D felony, under
13    Penal Law section 210.15. With the Court's permission,
14    the People would allow the defendant to plead guilty to
15    perjury in the third degree, a Class A misdemeanor,
16    under Penal Law section 210.05, in satisfaction of the
17    indictment.
18              Your Honor, this is contingent on the
19    defendant waiving his right to appeal all aspects of the
20    case, including the plea and sentence.
21              MR. WEINGARD: Your Honor, at this time we
22    respectfully move to withdraw our previously entered
23    plea of not guilty to the indictment and we offer to
24    plead guilty to the Class A misdemeanor of perjury in
25    the third degree, a violation of section 210.05, and we
```

NASSAU COUNTY
000395
COPY

```
 1    will waive our right to appeal.
 2              THE COURT:  You join in the People's
 3    application?
 4              MR. WEINGARD:  That's correct.
 5              (Whereupon the defendant is duly sworn by the
 6    clerk of the court.)
 7              THE COURT:  Now, Mr. Buonara, have you
 8    completely discussed the facts of this case with your
 9    attorney, Mr. Weingard?
10              THE DEFENDANT:  Yes.
11              THE COURT:  During the course of my
12    questioning, you have the right to stop me and ask me or
13    your attorney any questions.  Do you understand that?
14              THE DEFENDANT:  Yes, I do.
15              THE COURT:  How old are you?
16              THE DEFENDANT:  Thirty-five.
17              THE COURT:  Do you read and write English?
18              THE DEFENDANT:  Yes.
19              THE COURT:  Are you a citizen of the United
20    States?
21              THE DEFENDANT:  Yes.
22              THE COURT:  What's the highest grade you
23    completed in school?
24              THE DEFENDANT:  Bachelors in business
25    administration.
```

ckf

```
 1              THE COURT:  Do you feel in good physical and
 2   mental condition as you stand here today?
 3              THE DEFENDANT:  Yes.
 4              THE COURT:  Have you taken any alcohol or
 5   drugs in the last 24 hours?
 6              THE DEFENDANT:  No.
 7              THE COURT:  Have you ever been treated or
 8   confined to a hospital for any mental illness?
 9              THE DEFENDANT:  No.
10              THE COURT:  Have you had enough time to speak
11   with your attorney before pleading guilty today?
12              THE DEFENDANT:  Yes.
13              THE COURT:  Are you satisfied with the manner
14   in which he's represented you?
15              THE DEFENDANT:  Yes.
16              THE COURT:  Do you understand that if this
17   case should go to trial, you are entitled to certain
18   constitutional rights, one of which is the right to a
19   trial by jury with the assistance of your attorney and
20   the district attorney would have to prove your guilt by
21   proof beyond a reasonable doubt?  That's the standard of
22   proof.  Do you understand that?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Do you also understand that you
25   have a right to listen to the witnesses against you and
```

ckf

```
 1   have your attorney cross-examine those witnesses?
 2              THE DEFENDANT:  Yes.
 3              THE COURT:  Do you understand that you do not
 4   have to take the stand and testify; however, you have
 5   the right to bring in your own witnesses to testify in
 6   your behalf?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  Do you understand that by pleading
 9   guilty, you give up those rights?
10              THE DEFENDANT:  Yes, your Honor.
11              THE COURT:  Do you understand that a plea of
12   guilty is the same as a conviction after trial?
13              THE DEFENDANT:  Yes, your Honor.
14              THE COURT:  Has anyone threatened you or in
15   any way tried to force you to plead guilty today?
16              THE DEFENDANT:  No, your Honor.
17              THE COURT:  Do you understand that you have a
18   right to appeal to a higher Court after sentence for a
19   review of what has taken place in this case and the
20   district attorney is asking you to give up that right
21   and waive your right to appeal as a condition of this
22   plea?  Do you understand that?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Have you discussed with your
25   attorney the waiver or giving up of your right to
```

1    appeal?

2    THE DEFENDANT: Yes.

3    THE COURT: Has anyone made any threat to

4    force you to give up your right to appeal?

5    THE DEFENDANT: No.

6    THE COURT: Are you voluntarily, of your own

7    free will, giving up your right to appeal?

8    THE DEFENDANT: Yes.

9    THE COURT: Do you understand that by giving

10   up your right to appeal, no higher Court can review

11   what's happened in this case?

12   THE DEFENDANT: Yes.

13   THE COURT: Are you presently on probation or

14   parole?

15   THE DEFENDANT: No, your Honor.

16   THE COURT: Now, under indictment number 1957N

17   of 2005, there is one count, perjury in the first

18   degree, that is a Class D felony with a maximum term of

19   imprisonment of seven years in jail. Do you understand

20   the original charge that you face in this indictment?

21   THE DEFENDANT: Yes.

22   THE COURT: Now, for plea, the district

23   attorney has offered to allow you to plead guilty to

24   perjury in the third degree, a Class A misdemeanor.

25   Maximum term imprisonment for that crime is one year in

ckf

```
 1    jail.  Do you understand the plea offer?
 2            THE DEFENDANT:  Yes, your Honor.
 3            THE COURT:  Is there a sentence recommendation
 4    by the People?
 5            MR. CLARKE:  No, your Honor.
 6            THE COURT:  Mr. Buonara, I've had a conference
 7    with your attorney and with the district attorney, and
 8    based on that conference, I make a commitment and
 9    promise to you that the maximum sentence you will
10    receive is as follows:  I will sentence you to
11    three years probation, with a special condition of
12    therapy, as directed by the Probation Department.
13            THE DEFENDANT:  Yes.
14            THE COURT:  Do you understand my commitment
15    and promise as to your sentence?
16            THE DEFENDANT:  Yes.
17            THE COURT:  District attorney aware of the
18    Court's commitment and prepared to proceed with this
19    disposition?
20            MR. CLARKE:  Yes.
21            THE COURT:  Other than the promise I made to
22    you, has anyone made a different promise to you?
23            THE DEFENDANT:  No.
24            THE COURT:  I'm going to order what we call a
25    probation report or a presentence report, and should
```

NASSAU COUNTY
000400
COPY 2

ckf

```
 1    this report come back and recommend more jail time or
 2    for any reason after reviewing this report I cannot or
 3    choose not to honor my promise and commitment as to your
 4    sentence, I will give you permission to take your plea
 5    back as if nothing has happened and you can proceed to
 6    trial.  Do you understand that?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  I also want to advise you that if
 9    you fail to appear for sentence or you get arrested for
10    a new crime between now and the date of sentence, my
11    commitment as to your sentence is off, which means I am
12    not bound by my commitment and I can sentence you to
13    anything up to the maximum term of imprisonment for what
14    you are pleading guilty to today.  Do you understand
15    that?
16              THE DEFENDANT:  Yes.
17              THE COURT:  I also advise you, if you fail to
18    appear and on the date of sentence, we will proceed in
19    your absence; do you understand?
20              THE DEFENDANT:  Yes.
21              THE COURT:  Now, on March the 17th, 2005, did
22    you appear before the Nassau County grand jury in your
23    capacity as a police officer?
24              THE DEFENDANT:  Yes, your Honor.
25              THE COURT:  And you were sworn in to give
```

ckf

|   |   |
|---|---|
| 1 | testimony for the grand jury of Nassau County on that |
| 2 | date? |
| 3 | THE DEFENDANT: Yes, your Honor. |
| 4 | THE COURT: That's located at 262 Old Country |
| 5 | Road in Mineola, County of Nassau, State of New York? |
| 6 | THE DEFENDANT: Yes. |
| 7 | THE COURT: Now, you testified in the grand |
| 8 | jury, in front of the grand jury, that you heard a |
| 9 | clunk? |
| 10 | THE DEFENDANT: Yes, your Honor. |
| 11 | THE COURT: While chasing a perpetrator; is |
| 12 | that correct? |
| 13 | THE DEFENDANT: Yes, your Honor. |
| 14 | THE COURT: And you saw a gun and you stood by |
| 15 | this gun until you were relieved by another officer; is |
| 16 | that correct? |
| 17 | THE DEFENDANT: Yes. |
| 18 | THE COURT: You intentionally made this |
| 19 | statement knowing it to be false; is that correct? |
| 20 | THE DEFENDANT: Yes. |
| 21 | THE COURT: Any additional questions by the |
| 22 | People? |
| 23 | MR. WEINGARD: No -- I'm sorry, I thought you |
| 24 | were asking me if I had any thoughts. |
| 25 | THE COURT: People? |

ckf

```
 1              MR. CLARKE: I would like to inquire what
 2   portion of the statement was false.
 3              THE COURT: Certainly.
 4              MR. CLARKE: Mr. Buonara, the statement that
 5   the judge described to you with your grand jury
 6   testimony, what portion of that statement is false?
 7              THE DEFENDANT: The entire statement was
 8   false.
 9              MR. WEINGARD: I'm sorry?
10              THE COURT: Entire statement was false.
11              MR. CLARKE: Did you make that statement
12   falsely intentionally?
13              THE DEFENDANT: At the time, yes.
14              MR. CLARKE: Thank you, your Honor, People are
15   satisfied.
16              THE COURT: Are you prepared to plead guilty
17   at this time, Mr. Buonara?
18              THE DEFENDANT: Yes, your Honor.
19              THE COURT: Everything you told me today has
20   been under oath. Is everything you told me today the
21   truth?
22              THE DEFENDANT: Yes.
23              THE COURT: The Court is satisfied defendant
24   understands the nature of the charges, the nature of the
25   plea, as well as the possible consequences of his plea.
```

ckf

```
 1    He has discussed his legal rights with his attorney.
 2    Defendant understands he is waiving his constitutional
 3    rights and this plea is voluntary and of his own free
 4    will.  The Court is further satisfied defendant
 5    acknowledges his guilt.  The Court believes it is in the
 6    interests of justice to accept the plea from this
 7    defendant.  The clerk is directed to take the plea.
 8              THE CLERK:  Craig Buonara, do you now wish to
 9    withdraw your previously entered plea of not guilty and
10    enter a plea of guilty to perjury in the third degree,
11    in full satisfaction of indictment 1957N of 2005?
12              THE DEFENDANT:  Yes.
13              THE CLERK:  How do you plead; guilty or not
14    guilty?
15              THE DEFENDANT:  I plead guilty, sir.
16              THE COURT:  Mr. Weingard, January date for
17    sentence?
18              MR. WEINGARD:  Yes, please, Judge.  May we go
19    off the record?
20              THE COURT:  Yes.  Counsel, approach.
21              (A discussion was held off the record.)
22              THE COURT:  Mr. Weingard, January 17th, 2006
23    is a good date for you?
24              MR. WEINGARD:  That's fine.
25              THE COURT:  Mr. Clarke?
```

NASSAU COUNTY
000404
COPY

1      MR. CLARKE: Yes, thank you, your Honor.

2      THE CLERK: Your case is adjourned to January

3 17th. If you do not appear, your bail will be

4 forfeited, a bench warrant issued for your arrest, and

5 the case will proceed in your absence; do you

6 understand?

7      THE DEFENDANT: Yes.

8      THE CLERK: Let the record reflect, I am

9 handing the defendant a copy of the presentence

10 investigation for a presentence report. Report to

11 probation today.

12      MR. WEINGARD: Thank you.

13          *       *       *

14      I, Cindy Kaye-Fink, Official Court Reporter, hereby

15 certify that the foregoing is a true and correct transcript

16 of the within proceedings.

_____
Cindy Kaye-Fink
Official Court Reporter

NASSAU COUNTY
000405

COPY 2

ckf