<u>IAU 34 - 2005</u>

Date Complaint Received:        July 12, 2005

Complainant:                    ADA Francis D. Quigley

Origin of Complaint:            Special Investigations Bureau Memo

Complaint Tracking Number:      410 - 2005

Date of Incident:               March 17, 2005

Accused:                        PO James Vara, Serial 8204, Shield 2526, HPB
                                PO Craig Buonora, Serial 8097, Shield 406, 3rd Pct.

Accused's Attorney:             Lawrence Weingard Esq. and Edward McHugh Esq.

Nature of Allegation:           **Unlawful Conduct:** Subjects committed perjury while
                                testifying in the Grand Jury.

Findings:                       **Founded:** PO Buonora committed Perjury 1st Degree
                                210.15 NYS Penal Law.

Additional Findings:            See case for details

Recommendations:                It is recommended that PO Buonora be served with
                                PDCN Form 209 for violation of departmental rules.

Additional Recommendations:     See case for details.

Investigation submitted
To Commissioner of Police
For Review:

District Attorney Review:       Grand Jury

Disciplinary Charges:           Yes.                        APPROVED

Final Disposition:                                    Office of Commissioner of Police

Investigated by:                NASSAU COUNTY    Detective Sergeant Bruce Duryee        FEB 0 9 2006
                                                 Detective Lieutenant John W. Feil
                                0 0 0 2 3 4

                                                                            COPY

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 34 - 2005                                               PAGE 26

**FINDINGS: Founded:**

**1.** That P.O. Buonora engaged in unlawful conduct in that on March 17, 2005, he appeared before the Nassau County Grand Jury in his capacity as a Police Officer and did give false sworn testimony in violation of the New York State Penal Law 210.15 Perjury First Degree, A Class D Felony.

**2.** That on November 17, 2005, P.O. Buonora appeared before Judge Jeffrey Brown, County Court Judge, and pled Guilty to a reduced charge of 210.05 of the New York State Penal Law Perjury Third Degree, A Class A. Misdemeanor.

**3.** On December 1, 2005 P.O. Buonora was interviewed at the Internal Affairs Unit office and did admit that he gave false sworn testimony in the Grand Jury on March 17, 2005.

**Undetermined:** That PO Vara committed Perjury while testifying in the Grand Jury. There is insufficient evidence to either prove or disprove the allegation. PO Vara was granted immunity and his testimony was essentially the same as his testimony in the first Grand Jury.

**Additional Findings:**

**1. Founded:** That P.O. Buonora engaged in Conduct Unbecoming a Police Officer: In that on October 9, 2004 while he was in foot pursuit of Darryl Coggins, P.O. Buonora yelled, "Just shoot him" or words to that effect.

    A. Darryl Coggins alleged in his interview that one of the Officers said, "Shoot him in the back" or words to that effect.

    B. P.O. Vara reported that during the foot pursuit, P.O. Buonora yelled, "Just shoot him" or words to that effect.

NASSAU COUNTY

000235

COPY

INTERNAL AFFAIRS UNIT

NASSAU COUNTY POLICE

IAU NUMBER 34 - 2005                                           PAGE 27

**2. Founded:** That P.O. Vara submitted a false official report in that on October 26, 2004 P.O. Vara submitted PDCN Form (Standard Departmental Recognition) reporting that he was in foot pursuit, heard a metal noise, observed a black object on the ground and safeguarded the weapon and broadcasted a radio description of the Defendant.

   **A.** On December 7, 2005, P.O. Vara was interviewed at Internal Affairs and admitted he submitted the false report.

**3. Founded:** That P.O. Vara failed to properly document his observations and Activities in his memorandum book and failed to record three failed attempts to administer the portable breath test to Mr. Coggins.

**4. Founded:** That on October 9, 2004, Sergeant ███████ failed to respond to the scene at Holland Ave and Jericho Turnpike as directed by the Desk Officer through Communications Bureau.

   **A.** Communications Bureau records indicate that Lt. ███████ transmitted an assignment for Sgt. ███████ to respond to Holland and Jericho Turnpike.

   **B.** Sgt. ███████ reported that the first time he was aware of an incident at Holland Avenue and Jericho Turnpike was the following day. He reported that he entered the Station House at 0520 hours (There is no record that Sgt. ███████ notified Communications Bureau he was entering the Station House.)

   **C.** As a result of Sgt. ███████ not answering the assignment, no supervisor responded to Holland Avenue and Jericho Turnpike the following tour.