UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DARRYL T. COGGINS,

                              Plaintiff,

          - against -                                    Docket No.: 07-CV-3624 (JFB) (AKT)

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
JAMES VARA, in his individual and official
capacity, and POLICE OFFICER CRAIG
BUONORA, in his individual and official
capacity, SERGEANT PICKERING, in his
individual and official capacity, LIEUTENANT
DELARGY, in his individual and official
capacity, and JOHN DOES "1-10", in their
individual and official capacity,

                              Defendants.
----------------------------------------------------------X


## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT POLICE OFFICER CRAIG BUONORA'S
## <u>MOTION TO DISMISS</u>

Laurence Jeffrey Weingard (LW2618)
Mitchell F. Senft (MS2594)
**The Law Offices of Laurence Jeffrey Weingard**
250 West 57th Street, Suite 401
New York, NY 10107
(212) 974-5200
*Attorneys for Defendant*
*Police Officer Craig Buonora*

## TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................i

TABLE OF AUTHORITIES ...........................................................................................iii

PRELIMINARY STATEMENT ......................................................................................1

STATEMENT OF FACTS ...............................................................................................5

ARGUMENT

POINT I
      THE STANDARD FOR DECIDING THE INSTANT MOTION .....................................6

POINT II
      IF DEFENDANT BUONORA IS NOT ENTITLED TO ABSOLUTE IMMUNITY FOR
      THE CIVIL RIGHTS CLAIMS NOT INVOLVING GRAND JURY TESTIMONY, HE
      IS NONETHELESS ENTITLED TO QUALIFIED IMMUNITY ...................................11

POINT III
      PLAINTIFF'S FIRST COUNT, ALLEGING A VIOLATION OF 42 U.S.C. §1981,
      MUST BE DISMISSED ................................................................................................12

POINT IV
      COUNTS TWO AND THREE, ALLEGING VIOLATIONS OF 42 U.S.C. §1983,
      MUST BE DISMISSED AS ASSERTED AGAINST DEFENDANT BUONORA .......14

POINT V
      PLAINTIFF'S FOURTH AND FIFTH COUNTS ALLEGING VIOLATIONS OF 42
      U.S.C. §§1985 AND 1986 MUST BE DISMISSED .......................................................15

POINT VI
      PLAINTIFF'S §1986 COUNT MUST BE DISMISSED BECAUSE IT IS UNTIMELY
      .......................................................................17

POINT VII
      PLAINTIFF'S COUNTS PREDICATED ON STATE CAUSES OF ACTION ARE
      UNTIMELY AND SHOULD BE DISMISSED ............................................................17

POINT VIII
      PLAINTIFF'S COUNT OF NEGLIGENCE AS AGAINST DEFENDANT BUONORA
      MUST BE DISMISSED AS A MATTER OF LAW ......................................................23

POINT IX
      IF THE COURT CONVERTS THIS MOTION TO ONE SEEKING SUMMARY

JUDGMENT, THE COURT SHOULD FIND THAT THERE ARE NO TRIABLE
ISSUES OF FACT AND THE COMPLAINT SHOULD THEREFORE BE DISMISSED
.......................................................24

CONCLUSION ..............................................................................................................25

# Table of Authorities

*Cases*

*Ashcroft v. Iqbal*
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ..............................................2, 6, 7, 10, 11

*Briscoe v. LaHue*
460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) .......................................................................1

*Brown v. City of Oneonta, New York*
221 F.3d 329, 339 (2d Cir. 2000) ..............................................................................................13, 15

*City of New York v. College Point Sports Ass'n, Inc.*
61 AD3d 33, 40, 876 N.Y.S.2d 409 (2d Dept., 2009) ...............................................................19, 20

*Dory v. Ryan*
25 F.3d 81 (2nd Cir. 1994) ............................................................................................................1

*Greiner v. County of Greene*
811 F.Supp 796 (N.D.N.Y., 1993) ...................................................................................................22

*Havell v. Islam*
292 A.D.2d 210 (1st Dept., 2002) ..............................................................................................23, 24

*Heingling v. Colapinto*
946 F.Supp. 260 (S.D.N.Y., 1996) ..................................................................................................21

*Jastrzebski v. City of New York*
423 F.Supp. 669 (S.D.N.Y., 1976) ..................................................................................................22

*Jovanovic v. City of New York*
486 Fed.Appx. 149, 2012 WL 2331171 (2nd Cir., June 20, 2012) ..................................................1

*K.D. ex rel. Duncan v. White Plains Sch. Dist.*
--- F.Supp.2d ---, 11 CIV. 6756 ER, 2013 WL 440556 (S.D.N.Y. Feb. 5, 2013) .................11, 16

*Lettis v. U.S. Postal Service*
39 F.Supp.2d 181 (E.D.N.Y., 1998) ................................................................................................22

*Mahmud v. Kaufmann*
454 F.Supp.2d 150, 157-58 (S.D.N.Y. 2006) on reconsideration in part, 496 F.Supp.2d 266
(S.D.N.Y. 2007) ...............................................................................................................................13

*Manliguez v. Joseph*
226 F.Supp2d 377 (E.D.N.Y., 2002) ...............................................................................................22

*Matthews v. City of New York*
889 F.Supp.2d 418, 428 (E.D.N.Y., Matsumoto, J., 2012) .................................................6, 14, 19

*Mejia v. City of New York*
228 F.Supp.2d 234 (E.D.N.Y., 2002) ...................................................................................21, 22

*Michael v. County of Nassau*
09-CV-5200 JS AKT, 2010 WL 3237143 (E.D.N.Y., 2010) .........................................................15

*Mitchell v. Forsyth*
472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) ....................................................2, 11

*Newell v. LaGattuta*
9 Misc 3d 1119(A) , 808 N.Y.S.2d 919 (Table) (Sup. Ct., Kings Cty., 2005) .............................21

*Parker v. City of Long Beach*
11-CV-5412 SJF WDW, 2013 WL 596624 (E.D.N.Y. Feb. 15, 2013) .........................................12

*Pearson v. Callahan*
555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed. 565 (2009) .........................................................2, 11

*Pentagen Technologies Intern. Ltd. v. U.S.*
172 F.Supp.2d 464 (S.D.N.Y., 2001) .........................................................................................21

*Rehberg v. Paulk*
566 S.Ct. ---, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012) ..........................1, 8, 11, 14, 16, 17, 22, 23

*Rose v. County of Nassau*
12-CV-0536 ADS ARL, 2012 WL 5467535 (E.D.N.Y. Nov. 9, 2012) .........................................18

*San Filippo v. U.S. Trust Co. of N.Y.*
737 F.2d 246 (2nd Cir. 1984), *cert denied* 470 U.S. 1035 ...............................................................1

*Saucier v. Katz*
533 U.S. 194, 200-201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ....................................................2

*Sclafani v. Spitzer*
734 F.Supp.2d 288, 297 (E.D.N.Y. 2010) ...................................................................................14

*Solomon v. Southampton Union Free School Dist.*
08-CV-4822 SJF ARL, 2011 WL 3877078 (E.D.N.Y., Feuerstein, J., Sept. 1, 2011) *affd*, 504 Fed
Appx 60 (2d Cir 2012) ...............................................................................................................18

*Torino v. Rieppel*
2009 WL 3259429 (E.D.N.Y., Bianco, J.) .................................................................................2, 11

*United States v. Kasuboski*
834 F.2d 1345 (7th Cir. 1987) ................................................................10

## Statutes

42 U.S.C. §1981 ...............................................................3, 12, 13, 14, 24

42 U.S.C. §1983 .................................................................3, 4, 14, 15, 24

42 U.S.C. §1985 ........................................................................4, 15, 17

42 U.S.C. §1986 ........................................................................4, 15, 17

Federal Rules of Civil Procedure 8(a)(2) ............................................................3

Federal Rules of Civil Procedure 12(b)(6) ..........................................................3

Federal Rules of Civil Procedure 12(d) .............................................................3

Federal Rules of Civil Procedure 56(e) ...........................................................10

Federal Rules of Civil Procedure 56(f) ............................................................10

New York Civil Practice Law and Rules §213-b .......................................5, 19, 20, 21

New York Civil Practice Law and Rules §215(3) .............................................21, 22

New York General Municipal Law §50-i .....................................................4, 18, 21

## Rules

E.D.N.Y. Local Rule 56.1 ..........................................................................10

## PRELIMINARY STATEMENT

This lawsuit is an attempt by plaintiff Darryl T. Coggins to gain financially from his alleged criminal behavior. The criminal proceedings against him were dismissed when it was discovered that defendant Police Officer Craig Buonora had testified falsely as to who had discovered a handgun found at the location where Coggins had fled police during the course of a field sobriety test. The complaint is predicated on allegations of federal civil rights violations, conspiracy and New York State intentional torts.

Defendant Buonora is entitled to absolute immunity in this action. The only properly pleaded allegations against him in plaintiff's Third Amended Complaint involve Buonora's appearance before the grand jury in the prosecution of plaintiff. The Second Circuit's exceptions to *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), in *San Filippo v. U.S. Trust Co. of N.Y.*, 737 F.2d 246 (2nd Cir. 1984), *cert denied* 470 U.S. 1035 (1985) and *Dory v. Ryan*, 25 F.3d 81 (2nd Cir. 1994) were resolved by the recent Supreme Court decision in *Rehberg v. Paulk*, 566 S.Ct. ---, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012), in which a unanimous panel held, *inter alia*, that *all* witnesses before a grand jury have absolute immunity and that no law enforcement officer witness before a grand jury can be deemed a complaining witness. The Supreme Court also affirmed the Eleventh Circuit's holding -- which conformed to the holdings in seven other Circuits -- that absolute immunity "may not be circumvented by claiming that a grand jury witness conspired to present false testimony". 132 S.Ct., at 1506. In view of *Rehberg*, all of plaintiff's claims against Officer Buonora must fail. *See, Jovanovic v. City of New York*, 486 Fed.Appx. 149, 2012 WL 2331171 (2nd Cir., June 20, 2012) (acknowledging that *Briscoe* immunity was explicitly extended to grand jury proceedings by *Rehberg*).

Absolute immunity or, for that matter, qualified immunity, is both a defense to liability

and an entitlement not to stand trial or face the other burdens of litigation. Such a privilege is "an immunity from suit rather than a mere defense to liability; and... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). *See, Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed. 565 (2009); *Saucier v. Katz*, 533 U.S. 194, 200-201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Torino v. Rieppel*, 2009 WL 3259429 (E.D.N.Y., Bianco, J.).

It is therefore our position that defendant Buonora has absolute immunity as to all of the plaintiff's civil rights claims. To hold otherwise would deprive him of the benefits of absolute immunity. *Rehberg* doesn't only hold that a police officer has absolute immunity for grand jury testimony and for any conspiracy regarding grand jury testimony. It also holds that the grand jury testimony cannot serve as the basis for any other civil rights claim. In the case at bar, defendant Buonora had absolutely no involvement in Coggins' arrest. His only involvement in Coggins' prosecution was the grand jury proceeding. Therefore, his absolute immunity requires that all of plaintiff's federal civil rights claims be dismissed as against defendant Buonora.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court once again indicated that "qualified immunity... is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Iqbal*, 556 U.S. 662, 672 (citing, *Mitchell*, 472 U.S. at 526).The Court went on to explain that "a district-court order denying qualified immunity ""'conclusively determine[s]'" that the defendant must bear the burdens of discovery....'" [*Mitchell*]*,* at 527-528 (citing *Cohen* [*v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)]." *Iqbal*, at 672. Needless to say, if qualified immunity entitles a defendant to avoid the "burdens of discovery", absolute immunity can provide no less.

2

If the Court limits defendant's absolute immunity to his grand jury testimony and any conspiracy regarding same, we will instead assert that defendant Buonora has qualified immunity as to all of the plaintiff's other civil rights claims.[1] Courts have repeatedly stressed that it is important to determine the issue of immunity as early in an action as possible. Immunity is not just a defense to liability but immunity from suit. A party entitled to immunity should not be required to endure the burdens of litigation.

In addition, Plaintiff's Third Amended Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) or, in view of defendant Buonora's submissions in support of this motion, the instant motion could and should be converted to one for summary judgment pursuant to Federal Rules of Civil Procedure 12(d).

To the extent the Court may decline to find that defendant Buonora is not entitled to absolute immunity as to all of the plaintiff's civil rights claims, we further assert that there are additional reasons why they should be dismissed.

Plaintiff's first Count, pursuant to 42 U.S.C. §1981, must be dismissed because of the plaintiff's failure to plead the claim sufficiently. Third Amended Complaint, at ¶¶95-104. Plaintiff has failed to allege any instances in which non-minorities in the same situation as plaintiff were treated differently than he was.

The second and third Causes of Actions, based on §1983, must be dismissed for two reasons. Id, at ¶105-141. First, defendant Buonora is not a proper party for a claim based on §1983 as a matter of law. Second, the sole involvement by defendant Buonora that would be

---

[1] While we believe the entire complaint should be dismissed as against defendant Buonora, at the very least plaintiff's Second, Fourth and Fifth Counts must be dismissed pursuant to *Rehberg, supra*. To the extent plaintiff alleges any specific acts, which involve defendant Buonora's grand jury testimony and/or a conspiracy to commit perjury before the grand jury, pursuant to *Rehberg, supra*, defendant Buonora has absolute immunity for all the acts relating to the grand jury. In addition, his absolute immunity extends to the state claims based on his participation in the grand jury or any conspiracy to commit perjury before the grand jury.

actionable under §1983 is perjury in his grand jury testimony and any conspiracy related to that. He had no involvement in plaintiff's arrest. However, he has absolute immunity regarding his role in the grand jury proceeding.

Plaintiff's fourth Count alleges a conspiracy pursuant to §1985. Id, at ¶¶142-146. Defendant Buonora's involvement in the underlying criminal matter was limited to chasing plaintiff with defendant Vara when plaintiff fled from the scene where he was stopped by Vara. Buonora had no other involvement in this matter other than the grand jury proceeding. He has absolute immunity for any conspiracy involving his grand jury testimony. In addition, any claim alleging a conspiracy would also have to be dismissed both under *Rehberg* and the intracorporate conspiracy doctrine.

Plaintiff's fifth Count is pursuant to §1986 and seeks damages for the violation of §1985. Id, at ¶¶147-151. However, §1986 has a strict one year statute of limitations. This action was commenced on or about August 28, 2007, at least one year too late. In addition, there is not any actionable conspiracy in which Buonora was involved other than the grand jury proceeding nor any sufficiently pleaded claim alleging one. Buonora couldn't be involved with any other conspiracy because he had no involvement with plaintiff's criminal proceeding except for the grand jury matter. §1986 requires a valid §1985 conspiracy. There is no valid conspiracy in which Buonora was involved. Therefore that Count must be dismissed.

Plaintiff's remaining five Causes of Actions are based on New York state law. Id, at ¶¶152-190. Should the federal claims against defendant Buonora be dismissed, all pendent claims must fail. Moreover, since defendant County of Nassau is a municipality, the applicable statute of limitations is the one year and ninety days period of New York General Municipal Law §50-i. The criminal charges against plaintiff were dismissed on or about August 12, 2005.

Therefore, the latest state Counts could have been brought would have been long before the instant action was commenced in or about August 2007. In addition, the seven year statute of limitations of C.P.L.R. §213-b is inapplicable. Plaintiff has also failed to allege matters regarding his Notice of Claim in his complaint. That is fatal under New York law and further requires the dismissal of this action as against defendant Buonora.

For all of these reasons, defendant Buonora is entitled to the dismissal of each and every Count herein and the instant motion should be granted in all respects.

### STATEMENT OF FACTS

The relevant facts are fully discussed in the Declaration of Laurence Jeffrey Weingard, Esq., submitted herewith.

This motion is based on a number of legal issues. There are no issues of fact. Discovery held to date is only relevant to demonstrate that the fatal flaws in plaintiff's Third Amended Complaint cannot be cured in a fifth complaint or that there is any additional discovery that would require the denial of this motion.

### ARGUMENT

### POINT I
### THE STANDARD FOR DECIDING THE INSTANT MOTION

In deciding a Rule 12(c) motion for judgment on the pleadings, courts apply the same standard as that applicable to a motion to dismiss, accepting the allegations in the complaint as true and drawing all inferences in favor of the non-moving party. *LaFaro,* 570 F.3d at 475–76. To survive a motion for judgment on the pleadings, the "complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice"; "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." *Id.* at 678–79, 129 S.Ct. 1937.

*Matthews v. City of New York*, 889 F.Supp.2d 418, 428 (E.D.N.Y., Matsumoto, J., 2012).

Many of the allegations in plaintiff's Third Amended Complaint are "'[t]hreadbare recitals of the elements of [a] cause of action, supported by mere conclusory statements [and as such can] not suffice'". Id. They appear to be allegations made solely to defeat a dispositive motion. However, the discovery exchanged and conducted to date show that many of the allegations lack any supporting facts and therefore cannot be proven.

In *Iqbal*, the Supreme Court addressed the issue of how much factual matter needs to be pleaded in a complaint in order to defeat a motion to dismiss. The Court stated:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.

*Iqbal, supra*, at 677-78.

The complaint herein contains mostly "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" except in regard to Buonora's grand jury perjury. Id. However, Buonora has absolute immunity for his perjury. Therefore, those allegations cannot save the complaint.

> To survive a motion to dismiss, a complaint must contain *sufficient* factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly*], at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

6

*Id*, at 678 (emphasis added). "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice. [*Twombly*]*,* at 555, 127 S.Ct. 1955...." *Id*.

> Determining whether a complaint states a plausible claim for relief will... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id*, at 679. In the case at bar, the facts as pleaded in the fourth complaint still "do not permit the

court to infer more than the mere possibility of misconduct". *Id*. In addition, at this point in pre-

trial proceedings, there is sufficient proof to confirm whether a fact is documented or whether

it's no more than a supposition submitted solely in the hope of defeating a motion to dismiss.

"In keeping with these principles a court considering a motion to dismiss can choose to

begin by identifying pleadings that, because they are no more than conclusions, are not entitled

to the assumption of truth." *Id*. An unsubstantiated "assertion of an unlawful agreement [i]s a

"'legal conclusion'" and... not entitled to the assumption of truth." *Id*, at 680, citing *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

The complaint herein is rife with apparent facts that are actually fictions. For example,

plaintiff alleges that "Defendant [sic] VARA and BUONORA conspired with each other and

agreed to an altered version of what transpired October 9, 2004 and made a conscious decision to

omit certain information and to include false information in the Police Report and accompanying

arrest paperwork". Third Amended Complaint at ¶35. Discovery to date, including over 750

pages of documents and reports -- 150 pages of which were provided by the plaintiff -- shows

that the quoted claim is completely untrue. There is no documentation to support it. Both

defendants Buonora and Vara have repeatedly denied that anything such as alleged occurred.

Plaintiff fails to allege when and where this conspiracy occurred. Only Vara prepared any "Police Report" or arrest paperwork, to wit, a single document, an application for a commendation for his effort to apprehend Coggins. Buonora did not nor was he required to prepare any arrest paperwork.

"To prevail... the complaint must contain facts plausibly showing" what the defendants are accused of. *Iqbal*, at 682. The complaint herein fails to meet that standard. As in *Iqbal*, Coggins submits facts that only suggest but fail to provide sufficient "factual content to 'nudg[e]' his claim of purposeful discrimination 'across the line from conceivable to plausible.' *Twombly*, 550 U.S., at 570, 127 S.Ct. 1955". *Id*, at 683. (Even if proven, such a claim must be dismissed under *Rehberg* since it cannot support a cause of action given Buonora's absolute immunity with regard to such actions.)

Another example: Plaintiff alleges that "[d]uring the prosecution of Mr. Coggins, Defendant BUONORA provided and relied on false documents, statements and perjured testimony. Defendant BUONORA assisted in and conspired with Defendant VARA to arrest Plaintiff COGGINS, to fabricate evidence and failed to intervene to prevent the malicious prosecution of" plaintiff. Third Amended Complaint, at ¶57.

In fact, Coggins successfully fled from Vara and Buonora who then gave chase. Buonora claims that he was sent home from the scene shortly afterwards. Later on the day of the incident, hours after Buonora logged out for his shift, plaintiff surrendered at the N.C.P.D. Third Precinct, at which time he was arrested. Buonora was not present nor had any involvement with the arrest. In addition, the only identified grand jury witnesses in Coggins' criminal matter is plaintiff and defendants Vara and Buonora. So the reference to perjured testimony has to be to Vara's testimony. However, *Rehberg*'s grant of absolute immunity to witnesses who commit perjury

8

while testifying before a grand jury extends to any conspiracy regarding the testimony. Buonora has absolute immunity for any perjury or, for that matter, any conspiracy involving the grand jury testimony to the extent alleged in the complaint.

Buonora didn't have any involvement in the criminal matter from the time he left the scene of the incident until at or about the time of his grand jury testimony. Therefore, he couldn't assist Vara or anyone else in the arrest of plaintiff nor could he have conspired with Vara to arrest plaintiff. While he committed perjury, he didn't fabricate any evidence. Given his complete lack of involvement in plaintiff's criminal matter, Buonora couldn't "intervene to prevent the malicious prosecution of" plaintiff. Id. He had no knowledge of the prosecution.[2]

Plaintiff also alleges as fact that "[o]n December 1, 2005, Defendant BUONORA created a report for the Nassau County Police Department containing inaccurate and blatantly false and fabricated facts." Id, at ¶59. That purported report was a statement given as part of an investigation by the N.C.P.D.'s Internal Affairs Unit, approximately four months after the charges against plaintiff were dismissed and after defendant Buonora pleaded guilty to perjury. Plaintiff's counsel has known the true nature of that report since service of the County defendants' discovery responses in or about early 2010 -- two and a half years before the subject complaint was drafted. Indeed, counsel may well have known about it far earlier since Coggins was interviewed by the I.A.U. Obviously, defendant's statement to the I.A.U. is not a report made as part of Coggins' arrest but a statement acknowledging his own wrongdoing (perjury), following his plea of guilty and as part of the disciplinary charges pending against him.

The Supreme Court also noted in *Iqbal, supra*, Second Circuit Judge Cabranes'

---

[2] The Court is reminded that there is no dispute that plaintiff fled from Vara and Buonora nor that a 9mm Hi-Point handgun was found where he jumped a fence to escape from them and that a loaded magazine was found next to plaintiff's car. Buonora's perjury involved him claiming credit for acts that were performed by others. There is no dispute that the acts for which Buonora falsely claimed credit actually occurred.

identification of "the uneasy compromise... between a qualified immunity privilege... and the

pleading requirements of Rule 8 (a)...." *Id.* at 670 (*quoting, Iqbal v. Hasty*, 490 F.3d 143, 178

(2nd Cir. 2007)). Judge Cabranes "urged this Court to address [the pleading standard] 'at the

earliest opportunity.'" *Id.* The Supreme Court took up Judge Cabranes' suggestion and then,

among other holdings, rejected "the careful-case-management approach" stating:

> We decline... to relax the pleading requirements on the ground that the Court of Appeals
> promises petitioners minimally intrusive discovery. That promise provides especially
> cold comfort in this pleading context where we are impelled to give real content to the
> concept of qualified immunity.... Because respondent's complaint is deficient under Rule
> 8, he is not entitled to discovery, cabined [sic] or otherwise.

*Id.* at 686. The Court theren affirmed the district court's dismissal of the plaintiff's complaint

*prior to discovery*, reversing the Second Circuit's reversal of the lower court. In the case at bar,

there has been sufficient discovery to demonstrate that the failings in the complaint cannot be

cured by yet another complaint or, for that matter, by inappropriate discovery. There is no

available proof of any involvement in Coggins' criminal matter by Buonora except in regard to

the grand jury proceeding.

In connection with defendant Buonora's prior summary judgment motion, Coggins did

not dispute Buonora's claim of absolute immunity in either his F.R.C.P. 56(f) Affidavit or his

E.D.N.Y. Local Rule 56.1 Statement of Material Facts. Coggins' failure is an admission under

F.R.C.P. 56(e). *United States v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987). Among plaintiff's

admissions is that another officer arrested Coggins; another officer interviewed Coggins; the

felony complaints were not prepared by Buonora; and Buonora did not testify at any evidentiary

proceedings. Subsequent discovery establishes Buonora's complete lack of involvement in

plaintiff's arrest or prosecution other than the grand jury proceedings. Therefore, plaintiff cannot

now back away from his earlier admissions.

**POINT II**

**IF DEFENDANT BUONORA IS NOT ENTITLED TO ABSOLUTE IMMUNITY FOR THE CIVIL RIGHTS CLAIMS NOT INVOLVING GRAND JURY TESTIMONY, HE IS NONETHELESS ENTITLED TO QUALIFIED IMMUNITY**

Defendant Buonora has absolute immunity for his grand jury testimony as well as any conspiracy in regard to said testimony. *Rehberg, supra*. It is also our position that he is entitled to absolute immunity as to all of plaintiff's other civil rights claims.

The Supreme Court has held that the issue of immunity should be resolved "'at the earliest possible stage in litigation.' *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) *(per curiam)*." *Pearson, supra*, at 223. *See, too, K.D. ex rel. Duncan v. White Plains Sch. Dist.*, --- F.Supp.2d ---, 11 CIV. 6756 ER, 2013 WL 440556 (S.D.N.Y. Feb. 5, 2013).

Absolute immunity and qualified immunity are not just a defense to liability but more importantly an entitlement not to stand trial or face the other burdens of litigation. Such a privilege is "'an immunity from suit rather than a mere defense to liability; and... it is effectively lost if a case is erroneously permitted to go to trial.'" *Mitchell, supra. See, Iqbal, supra*, at 685 ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.' *Siegert v. Gilley,* 500 U.S. 226, 236, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)....") *See, too, Torino, supra*.

The Court in *Iqbal* added that "a district-court order denying qualified immunity "'"conclusively determine[s]"'" that the defendant must bear the burdens of discovery... [*Mitchell*], at 527-528 (citing *Cohen, supra,* at 546, 69 S.Ct. 1221)." *Iqbal, supra*, at 672.

Plaintiff, now on his fourth complaint (Third Amended Complaint), has still failed to come forward with any facts indicating that defendant Buonora had any involvement with the underlying criminal matter other than chasing Coggins with defendant Vara and then appearing before the Coggins grand jury. This has been confirmed by the discovery conducted to date

11

which has included, among other documents and records, all of the records regarding plaintiff's

arrest and the report of the I.A.U. investigation.

> "Qualified immunity 'shields police officers acting in their official capacity from suits for damages under 42 U.S.C. § 1983, unless their actions violate clearly-established rights of which an objectively reasonable official would have known.'" *Holeman v. City of New London,* 425 F.3d 184, 189 (2d Cir.2005) (quoting *Thomas v. Roach,* 165 F.3d 137, 142 (2d Cir.1999). Qualified immunity is "a shield from *suit,* not simply liability." *Id.* (citing *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). A two-step analysis is applied to determine whether a suit against a police officer may proceed: "(1) the court must determine whether the facts, taken in the light most favorable to the party asserting an injury, show a violation of a constitutional right; and (2) the court must determine whether the constitutional right was 'clearly established' such that '[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id.* (quoting *Saucier,* 533 U.S. at 201–06) (alterations in original).

*Parker v. City of Long Beach*, 11-CV-5412 SJF WDW, 2013 WL 596624 (E.D.N.Y. Feb. 15,

2013). However, Buonora did not arrest Coggins. His sole involvement in the criminal

proceeding involved his grand jury testimony, for which he has absolute immunity.

It is clear from the Supreme Court's holdings that the issue of defendant Buonora's

immunity must be resolved at the earliest opportunity. The discovery conducted to date is

sufficient for the instant motion. Certainly, the record before the Court fully supports dismissal

of all of the civil rights claims as alleged against Buonora due to his absolute immunity.

### POINT III
### PLAINTIFF'S FIRST COUNT, ALLEGING A VIOLATION OF 42 U.S.C. §1981, MUST BE DISMISSED

Besides defendant's immunity, there are additional reasons why all of plaintiff's civil

rights claims should be dismissed as asserted against him.

Plaintiff's first Count alleges violations of 42 U.S.C. §1981. Plaintiff alleges that

Buonora "deprived Plaintiff of his Fourth, Fifth, Sixth and Fourteenth Amendment rights, and

caused such deprivation of rights by unlawfully stopping, falsely detaining, unlawfully accusing,

wrongfully arresting and falsely imprisoning the Plaintiff for two days...." Plaintiff's Third

Amended Complaint, at ¶96. Buonora did none of those alleged acts, as is confirmed in the

records exchanged in discovery to date. Buonora did not stop, detain, arrest or imprison Coggins.

Coggins was stopped by Vara. Buonora did not detain Coggins; Coggins successfully fled the

scene. Buonora did not arrest or imprison plaintiff. All of this is documented and was known to

plaintiff years before the subject complaint was drafted. Buonora's perjury did not involve any

accusation against Coggins but involved taking credit for what a Floral Park police officer did.

     In addition, the complaint fails to plead the §1981 claim properly.

     A §1981 claim requires a plaintiff to allege: (1) that he is a member of a racial minority; (2) that defendants had an intent to discriminate against him on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute, namely make and enforce contracts, sue and be sued, give evidence, etc. *See* [*Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085 (2d Cir., 1993)]. *To survive a motion to dismiss, "the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent."* Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir.1994); *see Albert v. Carovano*, 851 F.2d 561, 571-72 (2d Cir.1988). "It is well settled in this Circuit that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court would find a violations of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." *Martin v. N.Y. State Dep't of Mental Hygiene,* 588 F.2d, 371, 372 (2d Cir.1978).

*Mahmud v. Kaufmann*, 454 F. Supp. 2d 150, 157-58 (S.D.N.Y. 2006) *on reconsideration in part*,

496 F.Supp.2d 266 (S.D.N.Y. 2007) (emphasis added). Coggins has completely failed to allege

any specific events "'giving rise to a plausible inference of racially discriminatory intent'". Id.

     *Section 1981... only prohibits intentional racial discrimination. See General Building Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982); *see also Albert v. Carovano,* 851 F.2d 561, 573 (2d Cir.1988) (holding that to plead a § 1981 claim alleging selective enforcement, plaintiff must allege instances in which "similarly situated" non-minorities were treated differently). [T]hese claims were insufficiently pleaded.... We therefore affirm the dismissal of plaintiffs' § 1981 claims.

*Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000) (emphasis added).

     Plaintiff has failed to allege any instances in which non-minorities were treated any

differently than he was allegedly treated by the defendants. Records produced to date do not show that Coggins was treated with any intentional racial discrimination nor does the I.A.U. report show that discrimination was an issue. Therefore, his §1981 Count must be dismissed.

In addition, the only conspiracy properly pled by plaintiff involves the grand jury testimony. However, Buonora has absolute immunity for both his grand jury testimony as well as for any conspiracy in connection with same. *See, Rehberg, supra.*

Therefore, plaintiff's Count of a violation of §1981 must be dismissed.

### POINT IV
### COUNTS TWO AND THREE, ALLEGING VIOLATIONS OF 42 U.S.C. §1983, MUST BE DISMISSED AS ASSERTED AGAINST DEFENDANT BUONORA

Plaintiff is not claiming that Buonora was acting in his individual capacity at any time at issue. As such, he cannot be subject to liability for any violation of §1983.

> It is well-settled that state officials acting in their official capacities are not persons within the meaning of Section 1983, and, as such, are not subject to liability under Section 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Accordingly, plaintiffs' claims against the Individual Defendants in their official capacities are dismissed.

*Matthews, supra*, at 447 [Fn 4] (reference omitted). There is no properly pleaded allegation in the complaint indicating that defendant Buonora was not acting in his official capacity at all times at issue. An allegation that he may not have been acting in his official capacity at any time is unsupported by the exchanged records.

Plaintiff's allegation of a conspiracy pursuant to §1983 is also insufficiently pleaded.

> Conspiratorial liability under Section 1983 requires 1) "an agreement between the state [actor] and private party," 2) "to act in concert to inflict an unconstitutional injury," and 3) "an overt act done in furtherance of the goal causing damages." *Ciambriello,* 292 F.3d at 324-25. "[M]erely conclusory allegation[s] that a private entity acted in concert with a state actor does not suffice to state a [Section] 1983 claim against the private entity." *Id.*

*Sclafani v. Spitzer*, 734 F.Supp.2d 288, 297 (E.D.N.Y. 2010). Coggins does not allege the

conspiracy involved any private party. The alleged conspiracy was limited to Nassau County police. That failure is another reason the claims of §1983 violations must be dismissed.

In addition, the only possible conspiracy in which Buonora may have participated would have related his grand jury appearance. That is yet another reason the claims of §1983 violations must be dismissed.

## POINT V
### PLAINTIFF'S FOURTH AND FIFTH COUNTS ALLEGING VIOLATIONS OF 42 U.S.C. §§1985 AND 1986 MUST BE DISMISSED

These Counts, being made for the first time in the current Third Amended Complaint, are both conclusory and devoid of any facts. They are insufficiently pleaded and as such must be dismissed.

> It is well-settled that, under the intracorporate conspiracy doctrine, an entity cannot conspire with itself. *See Quinn v. Nassau County Police Dep't,* 53 F.Supp.2d 347, 360 (E.D.N.Y.1999). This doctrine applies to municipalities. *Catcove Corp. v. Patrick Heaney,* 685 F.Supp.2d 328, 337 (E.D.N.Y.2010). And here, all Defendants are part of, or work for, the same municipal entity—Nassau County. Moreover, there are no factual allegations suggesting that any Defendant was pursuing "personal interests wholly separate and apart" from Nassau County's. *Quinn,* 53 F.Supp.2d at 360. So, under the intracorporate conspiracy doctrine, Plaintiff's § 1985 claim must be dismissed. And because "a § 1986 claim must be predicated on a valid § 1985 claim," Plaintiffs' § 1986 claim also fails. *Brown v. City of Oneonta, New York,* 221 F.3d 329, 341 (2d Cir.2000) (internal citations and quotations omitted).

*Michael v. Cnty. of Nassau*, 09-CV-5200 JS AKT, 2010 WL 3237143 (E.D.N.Y., 2010). Other than the grand jury matter, *Michael* presents exactly the same situation presented in the case at bar.

As noted by *Michael*, a §1986 claim requires a valid §1985 claim. *Brown, supra.* Since Coggins does not and cannot have, a valid §1985 claim, he cannot have a valid §1986 claim.

> "It is well settled that claims of conspiracy 'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss .'" *Gallop v. Cheney,* 642 F.3d 364, 369 (2d Cir.2011) (quoting *Leon v. Murphy,* 988 F.2d 303, 311 (2d Cir.1993)), *reh'g denied,* 645 F.3d 519 (2d Cir.2011); *see*

*also Gallop,* 642 F.3d at 369 (affirming district court's dismissal of conspiracy claim as baseless where plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators."). Plaintiffs' conspiracy claims thus fail because the Complaint is devoid of any specific facts relating to the purported conspiracies. *Ciambriello,* 292 F.3d at 325 (affirming dismissal of § 1983 conspiracy claim under Rule 12(b)(6) because allegations were "strictly conclusory," where plaintiff had not provided "any details of time and place, and had "fail[ed] to specify in detail the factual basis" of the claim (internal quotation marks and citations omitted)); *see also Temple of the Lost Sheep Inc. v. Abrams,* 930 F.2d 178, 185 (2d Cir.1991) (affirming dismissal of section 1985(3) claims under Rule 12(b)(6) "since they were couched in terms of conclusory allegations and failed to demonstrate some ... invidiously discriminatory animus behind the conspirators' actions." (internal quotation marks and citation omitted)).

*K.D. ex rel. Duncan v. White Plains Sch. Dist., supra.*

To withstand a motion to dismiss a § 1983 or § 1985(3) conspiracy claim, a plaintiff "must provide some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve the unlawful end," *augmented by "some details of time and place and the alleged effects of the conspiracy." Romer v. Morgenthau,* 119 F.Supp.2d 346, 363 (S.D.N.Y.2000) (quoting *Warren v. Fischl,* 33 F.Supp.2d 171, 177 (E.D.N.Y.1999)) (internal quotation marks omitted); *see also Fisk v. Letterman,* 401 F.Supp.2d 362, 376 (S.D.N.Y.2005) ("A plaintiff is not required to list the place and date of defendants['] meetings and the summary of their conversations when he pleads conspiracy, but *the pleadings must present facts tending to show agreement and concerted action.*"

*Id.* Coggins has completely failed to provide any facts substantiating his allegations of civil rights violations. Plaintiff, for the fourth time and after sufficient discovery, yet again comes forward with only vague baseless allegations. The only conspiracy that plaintiff arguably substantiates with any facts involves the grand jury testimony for which Buonora has absolute immunity pursuant to *Rehberg.*

Alternatively, plaintiff's conspiracy Count against defendant Buonora should be dismissed because of the intracorporate conspiracy doctrine.

Under the intracorporate conspiracy doctrine, employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring together. *Herrmann v. Moore,* 576 F.2d 453, 459 (2d Cir.1978) ("[T]here is no conspiracy [under section 1985] if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own ...

16

officers[ ] and employees ...."); *see also Kogut v. Cnty. of Nassau,* Nos. 06 Civ. 6696(JS)(WDW), 06 Civ. 6720(JS)(WDW), 2009 WL 2413648, at *12–13 (E.D.N.Y. Aug. 3, 2009) (dismissing § 1983 conspiracy claim under the intracorporate conspiracy doctrine because plaintiff asserted a conspiracy only between actors of the same municipal entity).

*Id.*

In addition, Buonora has absolute immunity for the only conspiracy in which he could have been involved -- his grand jury appearance. For the above reasons, plaintiff's §1985 Count must be dismissed as asserted against defendant Buonora.

**POINT VI**
**PLAINTIFF'S §1986 COUNT MUST BE DISMISSED BECAUSE IT IS UNTIMELY**

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured... for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.... * * But *no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.*

42 U.S.C. §1986 (emphasis added). Defendant Buonora had no knowledge of the criminal proceeding until contacted for an appearance before the grand jury. As such, he was never in any position to have any knowledge of any "wrong".

Any actionable conspiracy in the case at bar had to end with the dismissal of the criminal action against plaintiff on or about August 12, 2005, at the latest. This action was commenced on or about August 28, 2007, more than a year after the §1986 statute of limitations had run. It is clearly untimely and must be dismissed.

**POINT VII**
**PLAINTIFF'S COUNTS PREDICATED ON STATE CAUSES OF ACTION ARE UNTIMELY AND SHOULD BE DISMISSED**

All of plaintiff's state law Counts as asserted against Buonora must be dismissed because of his absolute immunity pursuant to *Rehberg.*

17

In addition, if the Court dismisses all of the federal Causes of Action as against defendant Buonora, all of the pendent state Counts should be dismissed as well. "'Federal courts, absent exceptional circumstances, should abstain from exercising pendent jurisdiction when federal claims in a case can be disposed of by summary judgment.' *Walker v. Time Life Films, Inc.,* 784 F.2d 44 (2d Cir.1986); *see also Kavit v. A.L. Stamm & Co.,* 491 F.2d 1176 (2d Cir.1974)." *Solomon v Southampton Union Free School Dist.*, 08-CV-4822 SJF ARL, 2011 WL 3877078 (E.D.N.Y., Feuerstein, J.,  Sept. 1, 2011) *affd,* 504 Fed Appx 60 (2d Cir 2012).

Plaintiff alleges five Causes of Action involving state law: Fraudulent misrepresentation (Count Six); Abuse of process and malicious prosecution (Count Seven); False arrest/false imprisonment (Count Eight); Negligence (Count Nine); and Intentional Infliction of Emotional Distress (Count Ten).

Pursuant to New York General Municipal Law §50-i, these Causes of Action had to have been commenced within one year and ninety days of accrual.

> Section 50-i provides that a plaintiff must commence any action against a county for "personal injury" within one year and ninety days from the claim's accrual. *See Campbell v. City of N.Y.,* 4 N.Y.3d 200, 203, 825 N.E.2d 121, 122, 791 N.Y.S.2d 880, 882 (2005); *see, e.g., Geslak v. Suffolk Cnty.,* No. 06 Civ. 251, 2008 WL 620732, (E.D.N.Y. Mar. 5, 2008) (applying section 50–i limitations period to a state claim in federal court). Under New York General Construction Law, section 37–a, "personal injury" includes "malicious prosecution... assault, battery, false imprisonment, or other actionable injury to the person... of the plaintiff...."
>
> * *
>
> [T]he Court notes that federal courts do borrow the relevant state law limitation periods for personal injury claims brought pursuant to Section 1983. *See Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *see also Pearl v. City of Long Beach,* 296 F.3d 76, 81 (2d Cir.2002); *Spigner v. City of New York, Bronx County, et al,,* 94 Civ. 8015, 1995 WL 747813, at *1 (S.D.N.Y. Dec. 18, 1995).

*Rose v. County of Nassau*, 12-CV-0536 ADS ARL, 2012 WL 5467535 (E.D.N.Y. Nov. 9, 2012).

All five state Counts are personal injury claims. None could have accrued any later than

August 12, 2005, the date Coggins' criminal matter was resolved. This action was commenced

August 28, 2007, more than two years after the latest that the state claims could have accrued. As

such, all of the state Counts are untimely.

Plaintiff's failure to plead the Notice of Claim also requires the dismissal of all of the

state claims.

> [A] plaintiff asserting state tort law claims against a municipal entity or its employees
> must plead in the complaint that: (1) the Notice of Claim was timely served within ninety
> days after such claim arose; (2) at least thirty days have elapsed since the Notice of Claim
> was filed and before the complaint was filed; and (3) the defendant failed to satisfy the
> claim in that time. *Horvath v. Daniel,* 423 F.Supp.2d 421, 423 (S.D.N.Y.2006); *see* N.Y.
> Gen. Mun. L. §§ 50-e(1), 50-i(1).
>
> * *
>
> [P]laintiffs may not assert state tort law claims against the City and its employees because
> they fail to plead compliance with the Notice of Claim requirements

*Matthews, supra*, at 448.

Coggins argued in opposition to Buonora's prior summary judgment motion that the

applicable statute of limitations was the one in C.P.L.R. §213-b.

> Notwithstanding any other limitation set forth in this article... an action by a crime
> victim... may be commenced to recover damages from a defendant: (1) *convicted of a
> crime which is the subject of such action*, for any injury or loss resulting therefrom within
> seven years of the date of the crime....

C.P.L.R. §213-b (emphasis added).

> A crime victim may commence an action to recover damages from a defendant convicted
> of a crime which is the subject of the action, for any injury or loss resulting therefrom
> (*see Elkin v Cassarino,* 248 AD2d 35, 40 [1998]; *Boice v Burnett,* 245 AD2d 980, 981
> [1997]). CPLR 213-b, which provides a statute of limitations for crime victims, also
> incidentally sets forth the elements that plaintiffs must establish, namely, that (1) the
> plaintiff is a crime victim, (2) the defendant has been convicted of a crime, (3) the
> defendant's crime is the subject of the civil action, and (4) the plaintiff's injury resulted
> from that crime (*see Elkin v Cassarino,* 248 AD2d at 40; *Boice v Burnett,* 245 AD2d at
> 981).

*City of New York v College Point Sports Ass'n, Inc.*, 61 AD3d 33, 40, 876 N.Y.S.2d 409 (2d

Dept., 2009).

The sole crime herein is Buonora's March 2005 testimony. However, the state claims all came into existence when Coggins was arrested then prosecuted. Had Buonora not committed perjury, plaintiff would still have his various claims for the arrest and prosecution all of which occurred before the perjury. Therefore Buonora's perjury cannot be "the subject of [this] action".

It is uncontroverted that Vara heard what he claimed to have been a gun strike the ground as Coggins jumped over the fence. Vara failed to find a gun. The gun was found approximately forty minutes later by a Floral Park police officer. Nonetheless, Coggins was arrested in part for possession and then the prosecution proceeded. Those charges obviously flowed from the information Detective Barnych obtained from Officer Vara and incorporated in his report. Obviously, Buonora had absolutely nothing to do with that report.

The prosecution proceeded without any involvement by Buonora until more than five months after Coggins' arrest when he testified in the grand jury. Coggins' arrest was predicated solely on Vara's representations. Buonora did not have any involvement in the arrest. Therefore, plaintiff's state claims all existed long before Buonora's crime. In those cases where §215-b has been held applicable, the crime caused the claimed injuries. In this case, Coggins sustained his injuries and damages months before there was a crime. *See, College Point, supra.* Again, Buonora's perjury could not be the crime that is the subject of the instant action, as required by §213-b and the statute is inapplicable.

Coggins has failed to cite any authority to support a claim that Buonora' crime

> [Coggins] cites no authority to support his contention that [Buonora]'s conviction... can be considered as the "subject crime" for the purposes of CPLR 213-b and indeed none appears to exist. Since the language of CPLR 213–b, which requires that a subject crime be alleged, is clear and unambiguous and must be given its plain meaning (*see Raritan Development Corp. v. Silva,* 91 N.Y.2d 98, 106–107 [1997]; *Patrolmen's Benevolent Assn. v. City of New York,* 41 N.Y.2d 205, 208 [1976]), plaintiff's contention that the

[Buonora] was convicted of the subject crime which he set forth in the complaint is unavailing.

*Newell v. LaGattuta*, 9 Misc 3d 1119(A) , 808 N.Y.S.2d 919 (Table) (Sup. Ct., Kings Cty., 2005). The state claims herein all pre-existed Buonora's crime. As in *Newell*, Coggins' contention regarding Buonora's conviction nearly a year after the incident regarding a crime that occurred five months after the incident is unavailing. Therefore, Coggins cannot benefit from the §213-b's seven-year statute of limitations.

As C.P.L.R. §213-b is inapplicable, G.M.L.§50 should be controlling and the state Counts found to have been commenced untimely and, for the fourth time, improperly pleaded. For all these reason, the state Counts must all be dismissed.

If the Court does not find the statute of limitations G.M.L. §50-i applicable, the state claims are still untimely.

Plaintiff's allegations contained in Count Seven of his complaint sound in abuse of process and malicious prosecution. C.P.L.R. §215(3) provides a one year time period in which to bring such allegations. *See, Pentagen Technologies Intern. Ltd. v. U.S.*, 172 F.Supp.2d 464 (S.D.N.Y., 2001) (statute of limitations for New York State abuse of process claim is one year); *Heingling v. Colapinto,* 946 F.Supp. 260 (S.D.N.Y., 1996) (statute begins running at time criminal complaint is filed); *Mejia v. City of New York*, 228 F.Supp.2d 234 (E.D.N.Y., 2002) (cause of action for malicious prosecution accrues on the date that the criminal proceeding is terminated in favor of the plaintiff). Accordingly, taking the facts in the best light available to plaintiff, the statute of limitations for his claims that he was subject to abuse of process and malicious prosecution began to run at the latest in or about August 2005, more than two years prior to the August 28, 2007, commencement of this action. .

Plaintiff's allegations of false arrest/false imprisonment (Count Eight) are time barred as

21

they were brought after the one year statute had run. *See*, C.P.L.R. §215(3). *See also, Mejia, supra* (cause of action for false arrest begins to run on date plaintiff was released on bail); *Greiner v. County of Greene*, 811 F.Supp 796 (N.D.N.Y., 1993) (plaintiff's causes of action for false arrest and malicious prosecution are subject to one year statute of limitations, not three year statute of limitations for federal civil rights actions); *Jastrzebski v. City of New York*, 423 F.Supp. 669 (S.D.N.Y., 1976) (the section of the C.P.L.R. providing for a one year statute of limitations to claims of false imprisonment and malicious prosecution also apply to claims of false arrest). Again taking plaintiff's allegations as true for purposes of the motion, the one year statute of limitations for plaintiff's Counts in Count Eight began to run in October 2004, when he was freed on bail, clearly more than a year prior to the date plaintiff initiated this action, August 28, 2007. Moreover, all of these Counts are included with Buonora's claim of absolute immunity. *See, Rehberg, supra.*

Plaintiff's allegations contained in Count Ten allege intentional infliction of emotional distress. The time period for bringing such an action is one year. *See*, C.P.L.R. §215(3). *See also*, *Manliguez v. Joseph* 226 F.Supp2d 377 (E.D.N.Y., 2002) (statute begins to run one year from date of last act complained of); *Lettis v. U.S. Postal Service*, 39 F.Supp.2d 181 (E.D.N.Y., 1998) (New York's one year statute of limitations applies to claims of intentional infliction of emotional distress). Given that plaintiff failed to file his action until August 28, 2007, more than one year after October 2004, plaintiff's Counts in Count Ten are time barred. Once again, absolute immunity prevents this claim from being sustained.

Plaintiff has titled his allegations in Count Six "Fraudulent Misrepresentation". While he alleges that in some manner, without specifically alleging any facts in support, defendants Vara and Buonora were negligent or reckless in giving false testimony before the grand jury, the

22

pleading sounds as an intentional tort. Buonora and Vara have absolute immunity for their grand jury testimony pursuant to *Rehberg*. Specifically, the gravamen of the allegation is "[t]hat the false representations, false arrest, false imprisonment and violations of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a *clear and intentional abuse of process* causing Plaintiff damages". Plaintiff's Complaint, Count Six, ¶157 (emphasis added). Accordingly, New York's intentional tort statute of limitations is applicable to the allegations contained within this count. *See, Havell v. Islam*, 292 A.D.2d 210 (1st Dept., 2002). In addition, Buonora has absolute immunity even if this claim was timely and properly pleaded.

For the reasons set forth above, to the extent this allegation is a second pleading of an "abuse of process", such allegations are time barred. In the event that the claim is for damages for an unspecified intentional tort, New York's one year statute of limitations is still applicable. *See, Id*.

All of the state Counts are untimely. They have been improperly pleaded by the failure to make the required claims regarding service of Notice of Claim. All the state Causes of Action must be dismissed.

## POINT VIII
### PLAINTIFF'S COUNT OF NEGLIGENCE AS AGAINST DEFENDANT BUONORA MUST BE DISMISSED AS A MATTER OF LAW

Coggins' complaint, in Count Nine (¶¶180-182), alleges that defendant Buonora is liable for damages to plaintiff under a New York State theory of negligence. Coggins states, that

> Defendants COUNTY, VARA, BUONORA, PICKERING and DELARGY had a duty under 42 U.S.C. §§1981 and 1983, as well as under the Fourth, Fifth, Sixth and Fourteenth Amendments, and under New York State Law and their own rules and regulations, to prevent and cease the wrongful detainment, false arrest, false imprisonment, malicious and false charging and prosecuting, as well as a duty to hire, to train, to investigate, supervise and discipline Defendants VARA, BUONORA,

23

PICKERING and DELARGY and JOHN DOES "1-10" and prevent other wrongful acts that were committed against plaintiff....

Plaintiff's Third Amended Complaint, at ¶180.

Plaintiff further alleges that

[i]n actively inflicting and failing to prevent the above stated abuses incurred by DARRYL T. COGGINS, all of the defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, detained custody and arrest without Miranda warnings, and other due process violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C. §1983 and by the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution.

Id, at ¶181.

Coggins' allegation of "negligence" is merely an attempted restatement of his claims under 42 U.S.C. §§1981 and 1983. *See, Havell, supra.* As such, this Count should be dismissed as to Officer Buonora because he is immune from civil liability because his only role in the prosecution of Coggins was his testimony before the grand jury for which he has absolute immunity. Buonora was indicted for and pled guilty to perjuring himself before the grand jury. Taken in the light most favorable to the plaintiff, his actions can not be construed as "negligent." Accordingly, his claim that he was damaged as a result of Buonora's negligence must be dismissed.

**POINT IX**
**IF THE COURT CONVERTS THIS MOTION TO ONE SEEKING SUMMARY JUDGMENT, THE COURT SHOULD FIND THAT THERE ARE NO TRIABLE ISSUES OF FACT AND THE COMPLAINT SHOULD THEREFORE BE DISMISSED**

Because of the submission of defendant Buonora's Affidavit and copies of records and documents in support of this motion, F.R.C.P. 12(d) requires the Court to convert this motion to one for summary judgment.

These additional materials make clear that there is not and cannot be any triable issue of fact. They make clear that defendant Buonora's involvement in plaintiff's criminal proceeding

24

was limited to the grand jury proceeding, for which he has absolute immunity.

As there is no triable issue of fact, the complaint must be dismissed.

## CONCLUSION

Coggins, driving a vehicle registered to himself, fled from the scene of a traffic stop. A loaded, defaced 9mm Hi-Point pistol was found where he jumped a fence in his flight and a loaded .380 caliber magazine was found by his car. Plaintiff alleges that Office Buonora is liable for civil damages under 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and New York State theories of abuse of process, malicious prosecution, false arrest and negligence.

Defendant Buonora has immunity for all the federal civil rights Counts. All are also insufficiently pleaded or time-barred and dismissal is required.

All of the state Counts are untimely and suffer from improper pleading. Defendant Buonora's absolute immunity extends to all of the state claims.

Therefore, each and every one of the claims against Officer Buonora must be dismissed.

Dated: New York, New York
      June 7, 2013

                    Respectfully submitted,

                    Laurence Jeffrey Weingard (LW2618)
                    **Law Offices of Laurence Jeffrey Weingard**
                    250 West 57th Street, Suite 401
                    New York, NY 10107
                    (212) 974-5200
                    *Attorneys for Defendant*
                    *Police Officer Craig Buonora*