UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DARRYL T. COGGINS,

                                  Plaintiff,

    -against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER JAMES VARA,
In his individual and official capacity, and
POLICE OFFICER CRAIG BUONORA, in his
invidual and official capacity, SERGEANT PICKERING,
in his individual and official capacity, LIEUTENANT
DELARGY, in his individual and official capacity,
and JOHN DOES "1-10", in their individual and official
capacity,

                                  Defendants.
-------------------------------------------------------------------X

07-CV-3624
(JFB)(AKT)

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

                                                               John Ciampoli
                                                               Nassau County Attorney
                                                               By: Diane C. Petillo
                                                               Deputy County Attorney
                                                               One West Street
                                                               Mineola, New York 11501
                                                               (516) 571-6190
                                                               Attorney for County Defendants

# TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITY | ii |
| PRELIMINARY STATEMENT | 1 |
| CLAIMS AS ALLEGED IN PROPOSED THIRD AMENDED COMPLAINT | 1 |
| STANDARD OF REVIEW | 3 |
| ARGUMENT | 4 |
| I. PLAINTIFF FAILS TO SATISFY THE CRITERIA FOR A § 1985 CONSPIRACY | 4 |
| II. VARA IS ENTITLED TO ABSOLUTE IMMUNITY FOR HIS TESTIMONY BEFORE THE GRAND JURY | 7 |
| III. PLAINTIFF FAILS TO SATISFY THE CRITERIA FOR A § 1986 FAILURE TO INTERVENE CLAIM | 7 |
| CONCLUSION | 8 |

# TABLE OF AUTHORITIES

## CASES

Anderson News, L.L.C. V. American Media, Inc.,
680 F.3d 162 (2dCir. 2012) ........................................ 3

Absolute Activist Master Value Fund Ltd. V. Ficeto,
677 F.3d 60 (2dCirc. 2012) ........................................ 3

*Ferlito v. City of Oswego* 2006 U.S. Dist. LEXIS 54561
(N.D.N.Y. Aug. 4, 2006) ........................................... 6

Foman v. Davis, 371 U.S. 178 (1962) ............................. 3

Goodrich v. Long Island Railroad Co.,
654 F.3d 190 (2d Cir. 2012) ...................................... 3

Graham v. Henderson, 89 F.3d 75 (2d Cir. 1996) .................. 7

*Harris v. County of Nassau*, 2008 U.S. Dist. LEXIS 80830
(E.D.N.Y. Sept. 29, 2008) ........................................ 4

*Hartline v. Gallo* 2006 U.S. Dist. LEXIS 75849
(E.D.N.Y. Sept. 30, 2006) ........................................ 6

Hunter v. Jewish Bd. of Family and Children Servs. Inc,
90 Civ. 4818, 1991 U.S. Dist. LEXIS 12228 ....................... 8

*Kamara v. City of New York*, CV 03 0337
2005 U.S. Dist. LEXIS 41754 (E.D.N.Y. Nov. 21, 2005) ............ 6

*Mass v. McClenahan*, 893 F. Supp. 225 (S.D.N.Y. 1995) ........... 4

*Platsky v. Kilpatrick*, 806 F. Supp. 358, 366 (E.D.N.Y. 1992) ... 6

Rehberg v. Paulk, 56 S.Ct.--, 132 S. Ct. 1497, 182 L.Ed. 2d 593 . 7

*Ricciuti v. New York City Transit Auth.*, 941 F.2d 119 (2d Cir. 1991) . 3

*Sargent v. County of Nassau*, 2007 U.S. Dist. LEXIS 17474
(E.D.N.Y. Mar 13, 2007) .......................................... 6

*Thomas v. Roach*, 165 F.3d 137 (2d Cir. 1999). .................. 4

## Preliminary Statement

Defendants, the County of Nassau, the Nassau County Police Department, Police Officer James Vara, ("Vara"), Sergeant Pickering, Lieutenant Delargy (collectively, the "County Defendants,") submit this Memorandum of Law in opposition to the motion of plaintiff Darryl Coggins ("Plaintiff") to amend his complaint pursuant to Fed. R. Civ. P. 15(a) and 15 (c).

The Court is also respectfully referred to the accompanying Declaration of Deputy County Attorney Diane C. Petillo, submitted herewith, including Exhibit "A", Plaintiff's Second Amended Complaint, and Exhibit "B," Plaintiff's Proposed Third Amended Complaint.

Plaintiff has mistakenly requested to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure, Rule 15 (a) and 15 (c); however, the complaint is entitled Plaintiff's Third Amended Complaint. (hereinafter "PTAC") See DE 133-1. Plaintiff's request to file an Third Amended Complaint should be denied as Plaintiff's new allegations and causes of action would not withstand a motion to dismiss for the following reasons. First, Plaintiff fails to satisfy the criteria for a § 1985 conspiracy. Second, Plaintiff's claims under 42 U.S.C. § 1986 must fail as Plaintiff cannot establish a claim under 42 U.S.C. § 1985.

## Claims as alleged in Proposed Third Amended Complaint

Plaintiff alleges that on October 9, 2004 Vara stopped Plaintiff even though Plaintiff had committed no violation of law because of his race and color. See PTAC ¶ 24. Plaintiff, upon exiting his car, asked why he was being stopped for which he received no response. *Id* @ ¶ 25. It is also alleged that Vara forced Plaintiff to perform a series

1

of tests to determine if Plaintiff was intoxicated, including breathing into a machine twice, count to thirty on one foot, while touching his nose and other things, which he passed. See *Id @* ¶ 24. Plaintiff further alleges that during the stop he was threatened and grabbed by Vara which caused him to fear for his life and run from the scene of the traffic stop. *Id @* ¶ 27. It is alleged that Plaintiff surrendered himself and was arrested and falsely charged under Docket No. 2004NA021116, with violating Penal Law § 265.02 (3), Criminal Possession of a Weapon in the Third Degree, a class D Felony. A conviction under Penal law §§ 265.02 (3) and/or 262.02 (4) carries with it a potential penalty of law, tow (2) years to seven (7) years incarceration. Bail was set at $10,000.00 cash and $25,000.00 Bond. On October 11, 2004, bail was posted on behalf of Mr. Coggins. *Id @* ¶ 27.

Plaintiff alleges that Vara and Buonora conspired with each other and agreed to an altered version of what transpired on October 9, 2004 and made a conscious decision to omit certain information and include false information in the Police Report and accompanying arrest paperwork. *Id @* ¶ 27.

On March 17, 2005, the matter was presented to the Grand Jury at which time the Grand Jury returned a True Bill, voting to indict Plaintiff for criminal possession of a weapon in the third degree and resisting arrest. *Id @* ¶ 38. Plaintiff alleges that the District Attorney denied Plaintiff's request that the Grand Jury consider the charges against the Police Officers for: perjury, making an apparently sworn false statement, making a punishable false written statement, and refusal to present certain eye witnesses before the Grand Jury. *Id @* ¶ 38. Further, Plaintiff also alleges that on March 17, 2005, Defendants Buonora and Vara intentionally and maliciously testified falsely before the

Grand Jury related to the arrest, detention and prosecution of Plaintiff Coggins. *Id @* ¶ 35.

Plaintiff also alleges that Vara instigated, assisted and conspired with Defendant Buonora to fabricate evidence, fabricate testimony and failed to intervene to prevent the malicious prosecution of Mr. Coggins. Buonora *Id @* ¶ 66 It is also alleged that Vara, Buonora, Pickering and Delargy conspired to deprive Plaintiff of his due process rights; specifically by attempting to prolong Mr. Coggins unlawful detainment without probable cause, investigation, and rule of law. *Id @* ¶ 35.

## **Standard of Review**

When a party requests leave to amend his complaint, permission generally should be freely granted. *See, e.g., Foman v. Davis,* 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a) (2); *Anderson News, L.L.C. v. American Media, Inc.,* 680 F.3d 162, 185 (2d Cir. 2012). However, leave to amend may properly be denied if the amendment would be futile, *see, e.g., Foman,* 371 U.S. at 182, as when the proposed new pleading fails to state a claim on which relief can be granted. *Absolute Activist Master Value Fund Ltd. v. Ficeto,* 677 F.3d 60, 71 (2d Cir. 2012). As the Second Circuit noted in the recent case of *Goodrich v. Long Island Railroad Co.,* 654 F.3d 190, 200 (2d Cir. 2012), "a request to replead should be denied in the event that repleading would be futile." The adequacy of a proposed amended complaint to state a claim is to be judged by the same standards as those governing the adequacy of a filed pleading. *See, e.g., Ricciuti v. N.Y.C. Transit Authority,* 941 F.2d 119, 123 (2d Cir. 1991).

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO SATISFY THE CRITERIA FOR A § 1985 CONSPIRACY CLAIM

In order to state a claim for relief under 42 U.S.C. § 1985, a Plaintiff must allege the existence of four elements: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; 3) an act in furtherance of the conspiracy; and 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Britt v. Garcia*, 457 F.3d 264, 269 n.4 (2d Cir. 2006). Furthermore, he must allege that the alleged conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (quoting *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). A conspiracy claim under § 1985 must be pled with some degree of specificity; plaintiffs must offer more than "vague, general or conclusory accusations," *Mass v. McClenahan*, 893 F. Supp. 225, 231 (S.D.N.Y. 1995). Specifically, a plaintiff must allege "with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy." *Harris v. County of Nassau*, CV 07-1866, 2008 U.S. Dist. LEXIS 80830 at \*\*16-17 (E.D.N.Y. Sept. 29, 2008). Failure to allege any facts in support of a claim results in dismissal. *Id.* at \*\*17.

In the instant case, Plaintiff's Proposed Third Amended Complaint sets forth no facts in support of any claim of conspiracy against the County Defendants. Plaintiff's fourth cause of action alleges that "Defendant Vara and Defendant Buonora expressly

4

and impliedly, agreed with each other to bring about plaintiff's seizure, arrest, detention and false accusation, all without lawful or proper basis or justification on account of Mr. Coggins race, color and gender. All without consideration of plaintiff's rights." PATC ¶ 144. Plaintiff further alleges that "Defendant Vara and Defendant Buonora, and the Nassau county Police Department expressly and implidly, agreed with each other to deny Plaintiff any rights to which he was entitled, all in furtherance of the conspiracy and all without lawful or proper basis or justification on account of his race, color and gender. All without consideration of the damage caused to plaintiff's rights." PATC ¶ 144.

However, Plaintiff only offers mere "vague, general or conclusory accusations" in support of his claims. *Mass v. McClenahan*, 893 F.Supp at 231. Plaintiff fails to plead a § 1985 conspiracy with any degree of specificity. He does not allege exactly what the Defendant Police Officers agreed to and does not identify the overt act in furtherance of the conspiracy. Plaintiff's Complaint only asserts that defendants conspired with other defendants to arrest Plaintiff on trumped up charges that were not true and proffered other charges against Plaintiff which were also not true....., his right to be safe and secure in his person." *See Pl.'s Compl.* ¶ 106. The Complaint does not state when the conspiracy occurred nor does it state who started the conspiracy and when the other defendants became part of the conspiracy. Moreover, instead of providing details of the specific harm suffered as a result of the alleged conspiracy, Plaintiff merely includes a list of rights that were allegedly violated by the Defendants without stating how each right was violated.

Furthermore, Plaintiff fails to identify any racial motivation or discriminatory animus behind the alleged conspiracy. He has not pled that he is a member of a class of

individuals protected by § 1985, nor has Plaintiff stated that the Defendants' alleged actions were motivated by racial animus towards him as a member of any such class. Therefore, Plaintiff's § 1985 conspiracy claim must be dismissed because he fails to satisfy each of the elements required under the statute.

Notwithstanding, a conspiracy claim will not stand where individual Defendants are employees of the same institutional Defendant unless the Plaintiff alleges that those individuals were pursuing personal interests wholly separate and apart from the entity. *See Sargent v. County of Nassau*, 2007 U.S. Dist. LEXIS 17474, at \*36-\*37; *Hartline v. Gallo*, 03 Civ. 1974, 2006 U.S. Dist. LEXIS 75849, at \*30-31 (E.D.N.Y. Sept. 30, 2006) (citing cases)); *see also Ferlito v. City of Oswego*, 03 CV 96, 2006 U.S. Dist. LEXIS 54561, at \*40-\*41 (N.D.N.Y. Aug. 4, 2006) (citing cases)); *Kamara v. City of New York*, CV 03 0337, 2005 U.S. Dist. LEXIS 41754, at \*20-\*21 (E.D.N.Y. Nov. 21, 2005) (citing cases); *Platsky v. Kilpatrick*, 806 F. Supp. 358, 366 (E.D.N.Y. 1992).

Here, the County Defendants are all officers, agents and employees of a single corporate entity, Nassau County. Plaintiff's allegations fail to demonstrate that the County Defendants were pursuing personal interests wholly separate and apart from the entity. Because Plaintiff's Complaint does not allege in other than a conclusory fashion that the County Defendants' alleged unconstitutional acts were committed it must be dismissed.

## POINT II

### VARA IS ENTITLED TO ABSOLUTE IMMUNITY FOR HIS TESTIMONY BEFORE THE GRAND JURY

To the extent that Plaintiff's claims against Vara are based on his testimony before the Grand Jury, Vara is entitled to absolute immunity for his testimony as well as any conspiracy stemming from said testimony. *Rehberg v. Paulk*, 566 S.Ct.---, 132 S. Ct. 1497, 182 L.Ed. 2d 593 (2010).

The Court in *Rehberg* held that absolute immunity "may not be circumvented by claiming that a grand jury witness conspired to present false testimony". 132 S. Ct., at 1506. Any claims for conspiracy against Vara stemming from his grand jury testimony must fail. Therefore, any claims for conspiracy with respect to this issue are frivolous as they would not survive a motion to dismiss. Plaintiff's motion to amend the complaint to include this claim must therefore be denied.

## POINT III
### PLAINTIFF FAILS TO SATISFY THE CRITERIA FOR A § 1986 FAILURE TO PREVENT CLAIM

Section 1986 provides for a cause of action for failure to prevent a section 1985 conspiracy. 42 U.S.C. § 1986. This section is specifically tied to § 1985 and does not set forth a general cause of action for failure to prevent any violation of § 1983. *Harris v. County of Nassau*, 2008 U.S. Dist. LEXIS 80830 at **17 (quoting *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996).

In order to impose Section 1986 liability for failure to intervene under Section 1983 or Section 1985, a valid claim of conspiracy must be pled under those sections. *See Sargent*, 2007 U.S. Dist. LEXIS 17474, at *37; *Sylla*, 2005 U.S. Dist. LEXIS 31817, at

7

\*23; *Platsky*, 806 F. Supp. at 366; *Hunter v. Jewish Bd. of Family and Children Servs. Inc.*, 90 Civ. 4818, 1991 U.S. Dist. LEXIS 12228, at *8 (S.D.N.Y. Sept. 5, 1991).

Plaintiff's § 1986 claim must be dismissed because he fails to allege a § 1985 conspiracy claim. *Graham*, 89 F.3d at 82 (dismissing § 1986 claim where complaint did not have a valid § 1985 claim). Accordingly, these claims must fail, and the County Defendants respectfully request that the Court dismiss Plaintiff's fifth cause of action against them for failure to intervene.

## CONCLUSION

For all the foregoing reasons, defendants Nassau County, the Nassau County Police Department, Police Officer James Vara, Sergeant Pickering, and Lieutenant Delargy respectfully request that plaintiff's motion to amend his complaint pursuant to Fed. R. Civ. P. 15 be denied in its entirety, together with all such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
June 13, 2013

JOHN CIAMPOLI
Nassau County Attorney

By: _____/dcp/_____
Diane C. Petillo
Deputy County Attorney
Attorneys for Defendants
County of Nassau, Nassau County Police
Department, Police Officer James Vara,
Sergeant Pickering, and Lieutenant Delargy

Law Offices of Frederick K. Brewington (VIA ECF)
Attorneys for Plaintiff Darryl Coggins
556 Peninsula Boulevard
Hempstead, NY 11550