UNTIED STATES DISTRICT COURT     **DOCKET NO.:CV-07-3624**
EASTERN DISTRICT OF NEW YORK    *(JFB) (AKT)*
------------------------------------------------------------------------X
DARRYL COGGINS,

        *Plaintiff,*

    - against -



  COUNTY OF NASSAU, NASSAU
  COUNTY POLICE DEPARTMENT,
  POLICE OFFICER JAMES VARA AND
  POLICE OFFICER CRAIG BUONORA
  and JOHN DOES "l-10",

        *Defendants.*

------------------------------------------------------------------------X




MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT BUONORA'S MOTION TO DISMISS AND MOTION
FOR SUMMARY JUDGMENT






          LAW OFFICES OF
          FREDERICK K. BREWINGTON
          *Attorneys for Plaintiff*
          556 Peninsula Boulevard
          Hempstead, NY 11550
          (516) 489-6959


*COUNSEL:*

*FREDERICK K. BREWINGTON, ESQ.*
*VALERIE M. CARTRIGHT, ESQ.*

**TABLE OF CONTENTS**

PAGE NO.

**TABLE OF CASES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**PRELIMINARY STATEMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF FACTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STANDARD OF REVIEW** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**POINT I**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

DEFENDANT'S EXHIBITS ATTACHED TO THE MOTION SHOULD BE DISREGARDED AS THE INSTANT MOTION SHOULD BE SOLELY CONSIDERED AS A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND IT SHOULD NOT BE CONVERTED INTO A RULE 56 MOTION

**POINT II**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

DEFENDANT BUONORA IS NOT ENTITLED TO ABSOLUTE IMMUNITY NOR IS HE ENTITLED TO QUALIFIED IMMUNITY

**POINT III**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

PLAINTIFF'S FIRST COUNT, ALLEGING A VIOLATION OF 42 U.S.C. §1981, WAS PLEAD PROPERLY AND MUST NOT BE DISMISSED

**POINT IV**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

PLAINTIFF'S CLAIMS ALLEGING VIOLATIONS OF 42 U.S.C §1983 AGAINST DEFENDANT BUONORA, MUST NOT BE DISMISSED AS THEY ARE PLEAD PROPERLY

i

**POINT V.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

PLAINTIFF'S FOURTH AND FIFTH COUNTS ALLEGING VIOLATIONS OF 42 U.S.C.
§ §1983 and 1985 CONSPIRACY AND 1986 CLAIMS MUST NOT BE DISMISSED

**POINT VI.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19**

PLAINTIFF'S §1986 COUNT NOT UNTIMELY

**POINT VII.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **20**

PLAINTIFF'S COUNTS PREDICATED ON STATE CAUSES OF ACTIONS ARE NOT
UNTIMELY AND SHOULD NOT BE DISMISSED

**POINT VIII.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **21**

PLAINTIFF'S COUNTS OF NEGLIGENCE AS AGAINST DEFENDANT BUONORA
MUST NOT BE DISMISSED

**POINT IX.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **22**

IF THE COURT CONVERTS THIS MOTION TO ONE SEEKING SUMMARY
JUDGEMENT, THE COURT SHOULD FIND THAT THERE ARE TRIABLE ISSUES OF
FACT AND THE COMPLAINT SHOULD NOT DISMISSED

**POINT X.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **23**

THE COURT SHOULD IMPOSE SANCTIONS ON DEFENDANT

**CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **25**

<u>**TABLE OF CASES**</u>

<u>**FEDERAL CASES**</u>

<u>**CASE NAME**</u>

<u>**PAGE NO.**</u>

Agee v. Paramount Commc'n, Inc.,
114 F.3d 395 (2d Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Al-Jundi v. Estate of Rockefeller,
885 F.2d 1060 (2d Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Allstate Life Ins. Co. v. Guerrerio,
143 BR 605 (S.D.N.Y. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 22

Ashcroft v. Iqbal,
556 U.S. 662, 1937 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Baldwin County Welcome Ctr. v. Brown,
466 U.S. 147 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Bell Atlantic Corp. v. Twombly,
127 S. Ct. 1955 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Broomfield v. Doolittle,
2 F.R.D. 517. (S.D.N.Y. 1942). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cavanaugh v. Watanabe
806 N.Y.S.2d 848 (N.Y.Sup.2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Central Hudson Gas and Electric Corp. v. Empresa Naviera Santa S.A.,
56 F.3d. 359 (2d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 23

Champion v. Artuz,
76 F.3d 483 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Contractual Obligation Prods., LLC v. AMC Networks, et al.,
2008 U.S. Dist. LEXIS 24004 (S.D.N.Y. March 25, 2008). . . . . . . . . . . . . . . . . . . . . . . 25

Cortec Industries, Inc. v. Sum Holding L.P.,
949 F.2d 42 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cross v. General Motors Corp.,
721 F.2d 1152 (2nd Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

DLC Mgmt. Corp. v. Town of Hyde Park,
163 F.3d 135-136 (2d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Elkin v. Cassarino,
680 N.Y.S.2d 601 (2d Dep't 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Faulkner v . National Geographic Enterprises. Inc.,
409 F.3d 26 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 22

Frederick v. New York City,
2012 WL 4947806, at * 5 (S.D.N.Y Oct. 11, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Gelb v. Royal Globe Ins. Co.
798 F.2d. 38 (2d Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 23

Grand St. Realty, LLC v. McCord,
2005 U.S. Dist. LEXIS 45314 (E.D.N.Y. September 30, 2005). . . . . . . . . . . . . . . . . . . . . . . . 24

Havell v. Islam,
739 N.Y.S.2d 371 (151 Dep't 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Hellstrom v. U.S. Dept. Of Veterans Affairs,
201 F.3d 94 (N.Y. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Hewitt v. City of New York,
2012 WL 4503277, at * 9 (E.D.N.Y. Sept. 28, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Iqbal v. Hasty,
490 F.3d 143 (2d Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8, 15

Kennedy v. Finley,
2012 WL 2564796, at * 6 (D. Colo. July 2, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Knight v. United States Fire Insurance Co.,
804 F.2d 9 (2d Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Mackler Prod., Inc. v. Cohen,
146 F.3d 126 (2d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

iv

Malley v Briggs,
475 U.S.335 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

McNair  v.  McMickens,
115  F.R.D.  196 (S.D.N.Y.1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Mejia v. City of New York,
119 F. Supp .2d 232 (E.D.N.Y. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Oliveri v. Thompson,
803 F.2d 1265 (2d Cir. 1986), cert. denied, 480 U.S. 918 (1987). . . . . . . . . . . . . . . . . . . . . 24

Palmer v. Goss,
2003 WL 22519446 (S.D.N.Y. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 23

Paulino v. Carrion
2008 WL 2627767, 3 (S.D.N.Y.,2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Pinkney v. Keane,
920 F.2d 1090 (2d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 22

Pizzuto v. County of Nassau.
239 F.Supp.2d. 301 (E.D.N.Y.  2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 22

Rehberg v. Paulk,
132 S. Ct. 1497 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 20

Ricutti v. N.Y.C. Transit Authority,
124 F.3d 123 (2d Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Roadway Express, Inc. v. Piper,
447 U.S. 752 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Roniger v. McCall,
57 F.3d. 202 (2d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rosenberg v. Martin,
478 F.2d 520 (2d Cir.1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Roth v. Jennings,
489 F.3d 499 (2d Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Sankar v. City of New York,
2012 WL 2923236, at * 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Sawh v. Bridges,
507 N.Y.S.2d 632 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Scaglione v. Mamaroneck Union Free School Dist.,
2005 WL 681880 (N.Y. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Scheuer v. Rhodes,
416 U.S. 232 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

Schlaifer Nance & Co., Inc.,
194 F 323 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

Security and Exchange Commission v. Everest Management Corp.,
466 F.Supp 167 (S.D.N.Y.1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 23

State of NewYork v. Hendrickson Bros .. Inc.,
840 F.2d 1065 (2d Cir .1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 23

Tomika v. Seiler Corp.,
66 F.3d 1295 (2d. Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

U.S. v. The Baylor University Medical Center,
2006 WL 3317695 (2nd Cir 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

United States v. Seltzer,
227 F.3d 36 (2d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Volk v. Coler,
845 F.2d 1422  (2d Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Volt Viewtech, Inc. v. D'Aprice
2006 WL 3159205, *9 (N.Y.Sup.2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Wahad v. FBI, at 232.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

Wilson v. Fairchild Republic Co.,
143 F.3d 733 (2d Cir.1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## STATUTES

F.R.C.P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

F.R.C.P. 12( c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

F.R.C.P. 12(g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

F.R.C.P.  15 ( c)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

F.R.C.P.  15 ( c)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

F.R.C.P. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

42 U.S.C. § 1981. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

42 U.S.C. § 1986. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

42 U.S.C. § 1985. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

Federal Practice and Procedure § 1497 (2d ed. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . *PASSIM*

## PRELIMINARY STATEMENT

The Plaintiff, DARRYL T. COGGINS (hereinafter "COGGINS") respectfully submits the within memorandum of law in opposition to the motion to dismiss and for summary judgment, as filed by the Defendant CRAIG BUONORA in this matter. In the first instance, as illustrated by case law, Plaintiff has properly pled all federal and state law claims against Defendant BUONORA and notwithstanding the premature nature of the summary judgment motion, Plaintiff will undoubtedly show that there are material factual issues in dispute, which a rational fact finder could resolve in favor of the Plaintiff. If resolved in Plaintiff's favor, said facts would further support all of the legal elements necessary to sustain Plaintiffs Federal and state claims against the Defendant BUONORA The questions raised by Defendant are clearly those which are proper for the jury and only serve to require this Court to unnecessarily apply limited Judicial resources. Furthermore, the Court should be reminded that Defendant BUONORA has previously filed a motion to dismiss and summary judgment which was denied , in part, by this same Court. A copy of the Court's decision is annexed hereto as Exhibit "I".)  Plaintiff contends that the circumstances have not changed sufficiently to permit for any deviation from the Court's prior decision on these motions.

## STATEMENT OF FACTS

For the sake of brevity, the Court is respectfully referred to the factual statements set forth in Plaintiffs 56.1 Statement of Facts, and the exhibits and facts that are referenced in the arguments section, below.

## STANDARD OF REVIEW

In the first instance, numerous issues and arguments raised by Defendant in his motion  have already been brought before the court and a judgment has already been offered by this Court. Under FRCP rule 60(b)(5), if a judgment has been satisfied on an issue,  that issue cannot be brought forth a second time.  FRCP rule 60(b)(5) states, in relevant part that, "the court may relieve a party or its

legal representative from a final judgment, order, or proceeding for the following reasons:...(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable".   Furthermore, this also seems to rest on the doctrines of res judicata and collateral estoppel.   Therefore, the Court should initially assess whether each issue raised by Defendant has already been argued before and decided by this Court.   The issues that have already been decided by this Court should not be considered. This Court should next make a determination as to whether Defendant is precluded from making certain arguments in this motion as Defendant failed to avail himself of the opportunity to include these arguments in the 2008 motion.   Just as in the 2008 motion filed by Defendant Buonora, Defendant is yet again seeking that Plaintiff's claims be dismissed pursuant to FRCP Rules 12(b)(6), 12(c), and 56.   As such, Plaintiff requests that this Court take the same approach that it took in responding to Defendant's first motion and hold that,   "the Court agrees with plaintiff and, pursuant to Federal Rule of Civil Procedure 56(f), denies Buonora's motion for summary judgment without prejudice to Buonora's renewing it at the close of discovery".   (See Exhibit "I", pg. 4.)

A.      **RULE 12(B)(6) MOTION/RULE 12(C) MOTION**

The standard applicable in a Fed. R. Civ. P. 12(b)(6) and 12(c) motion as enunciated in Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), is well known to this Court and will not be elaborated here. However, "[t]his cautionary standard **applies with greater force** where the Plaintiff alleges **civil rights violations**." Roniger v. McCall, 57 F.3d. 202, 206 (2d Cir. 1995) [emphasis added]. Applying the above standards to the Complaint (hereinafter referred to as "Comp."), the Defendant has clearly failed to meet his legal burden under Fed. Rule Civ. Pro. 12(B)(6)– thus his motion to dismiss must be denied. A motion for judgment on the pleadings under Rule 12(c) that seeks to dismiss for failure to state a claim is analyzed under the same standard applicable to a motion under

2

Rule 12(b)(6). <u>Paulino v. Carrion</u>  2008 WL 2627767, 3 (S.D.N.Y.,2008)

In the Court's Memorandum and Order dated June 20, 2008, Your Honor ruled that, in this case, there is no requirement for a "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." See Exhibit "I", pg. 7, quoting <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1969 (2007).  This standard of view was adopted by the Court after a clear evaluation of <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-58 (2d Cir. 2007).  (See Exhibit "I", pg. 7). Plaintiff contends that this position should also apply to this case as Plaintiff's amendment to the Complaint is simply related to one issue and the framework of the Complaint outside of that issue is essentially the same as the Complaint that the Court evaluated when determining Defendant's first motion to dismiss/summary judgment.

**B.      RULE 56 MOTION**

The standard applicable in a summary judgment motion as enunciated in <u>Tomika v. Seiler Corp.</u>, 66 F.3d 1295, 1304 (2d. Cir. 1995), and <u>Knight v. United States Fire Insurance Co.</u>, 804 F.2d 9, 11(2d Cir. 1986)is well known to this Court and will not be elaborated here.

**ARGUMENT**

**POINT I**

**DEFENDANT'S EXHIBITS ATTACHED TO THE MOTION SHOULD BE DISREGARDED AS THE INSTANT MOTION SHOULD BE SOLELY CONSIDERED AS A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND IT SHOULD NOT BE CONVERTED INTO A RULE 56 MOTION**

At the outset, Plaintiff urges this Court to disregard the portion of Defendant's motion which is labeled a summary judgment motion and strike from the motion all of the exhibits annexed to the Defendant's Affidavit in Support of its Motion.  Plaintiff argues that the Court's consideration of Defendant's motion as a motion for summary judgment would be inappropriate as the motion is premature and  no discovery has yet been conducted.

3

In reviewing a motion under FRCP Rule 12(b)(6) and 12(c), the Court should adopt its prior ruling that "the district court is normally required to look only to the allegations on the face of the complaint," Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007), as well as any documents appended. See Exhibit "A", pg. 7. Plaintiff's Second Amended Complaint was filed in the same fashion as the first Complaint and Amended Complaint, with no appending documents. Therefore, should the Court review the documents attached to Defendant's motion, and deem it necessary to consider any of these documents, at most, the only documents that should be considered in rendering a decision on this motion is the Grand Jury Transcript, in relevant part.

It is axiomatic that a party may not introduce affidavits, depositions or other extraneous documents not set forth in the complaint for the court to consider on a Rule 12(b)(6) motion. See Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 C.A.2 (N.Y.1991) [emphasis added]; See also Fed. Rule Civ. Pro. 10(c) (For purposes of a Rule 12(b)6 motion to dismiss, pleadings shall include the complaint plus any exhibits that Plaintiff attaches to said complaint) [emphasis added]. In this case, the pleadings consist of only the Complaint as Plaintiff did not attach any exhibits to his Complaint. Indeed, should this Court properly treat the within motion solely as a Fed. Rule 12 (b) or 12 (c) motion to dismiss for failure to state a claim, matters outside the pleadings [such as the Defendant's Exhibits] are presented to and not excluded by the court, the motion shall (a) be treated as one for summary judgment and disposed of as provided in Rule 56. See Scaglione v. Mamaroneck Union Free School Dist., 2005 WL 681880 (N.Y. 2005); See Fed. Rule Civ. Pro Rule 12(b) and 12(c) . Moreover, the defendants cannot properly argue that their proposed Exhibits in the within motion should be considered by the court:  plaintiff did not rely upon said documents in bringing suit, and Defendant's Exhibits were not integral to Plaintiff's Complaint. See, Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991); Roth v. Jennings, 2007 WL 1629889 (2d Cir. 2007) (additional documents allowed, where integral to plaintiff's complaint and referenced in

4

plaintiff's pleadings). Therefore Defendant's exhibits and all arguments related to such documents should be disregarded.

Moreover, even if this Court were to allow the Defendant to attach Exhibits to his motion to dismiss, said exhibits do <u>not</u> refute the factual allegations of the complaint. Any factual assertions raised by Defendant to invalidate Plaintiff's claims cannot be raised in the instant motion as the motion before the Court is one to dismiss based on the Plaintiff's alleged failure to plead properly and Defendant's clam of absolute immunity. Therefore, the Court cannot accept such factual assertions by the moving party defendants, in the within Rule 12( b) motion to dismiss. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

However, should the court consider Defendant's motion as both a motion for summary judgment and a motion to dismiss, Plaintiff respectfully requests that Plaintiff's exhibits annexed hereto also be considered as they support Plaintiff's position that there exists triable issues of fact in this matter. A motion for summary judgment in the instant matter is premature as discovery has not been completed and there many facts that have not yet been made available to Plaintiff. (A copy of Plaintiff DARRYL T. COGGINS' Affidavit is annexed hereto). In particular, as to Defendant BUONORA, there exists triable issues of fact as to the specific involvement of Defendant BUONORA in the arrest and prosecution of Plaintiff besides his false testimony at the Grand Jury proceeding, the specific motive of Defendant BUONORA in testifying falsely at the Grand Jury proceeding, the specific role that Defendant BUONORA played in conspiring to prosecute Plaintiff, and the steps, if any, taken by Defendant BUONORA to prevent the constitutional violations against Plaintiff. These are some examples of the triable issues of fact that cannot be resolved at this early stage.

Furthermore, once the shield of absolute immunity is lifted,[1] there exists triable issues of fact

---

[1] As mentioned, *infra* in Point II, Defendant BUONORA is not entitled to absolute immunity as a matter of law.

as to whether qualified immunity should be afforded Defendant BUONORA in this matter. It is anticipated that once the Court determines that Defendant BUONORA is not entitled to absolute immunity, Defendant BUONORA will assert that any allegedly tortious conduct was undertaken pursuant to the exercise of his discretionary authority. At that point, the burden will then shift to the Plaintiff to rebut this "good faith" defense. In such case, through information that will be gathered through the discovery process, the plaintiff must then establish that the defendant's alleged wrongful conduct violated clearly established law.   On motion for summary judgment, the nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion, and only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery. Hellstrom v. U.S. Dept. Of Veterans Affairs, 201 F.3d 94 (N.Y. 2000).   Should the Court consider this motion as a summary judgment motion, Plaintiff respectfully requests that Defendant's motion for summary judgment be denied in its entirety.

Furthermore, the Plaintiff's allegations against Defendant BUONORA are so strong, in both fact and law,  that had Plaintiff chosen to move for partial summary judgment at this stage, it is Plaintiff's position that he would have been successful.   Specifically, Defendant BUONORA pled guilty to Perjury in the Third Degree, a Class "A" Misdemeanor, as set forth in Paragraph 21 of Defendant's 56.1 Statement and Defendant BUONORA's Affidavit annexed to Defendant's Motion. "Pursuant to the doctrine of non-mutual collateral estoppel, a judgment in a criminal proceeding in favor of the prosecuting attorney is preclusive in favor of a third party in a subsequent civil action against the defendant in the criminal prosecution, or his or her privies". Allstate Life Ins. Co. v. Guerrerio, 143 BR 605 (S.D.N.Y. 1992). *See also*, Pinkney v. Keane, 920 F.2d 1090 (2d Cir. 1990).  In the Federal Courts, it is well settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the private party in a subsequent civil action with regard to any

issue of fact or law [1] that is identical to the issue raised in a prior proceeding; [2] that was actually litigated and decided in a prior proceeding; [3] that the defendants had a full and fair opportunity to litigate; and [4] that needed to be determined in order to reach a valid and final judgment on the merits. See, Faulkner v. National Geographic Enterprises, Inc., 409 F.3d 26, 37 (2d Cir. 2005); Pizzuto v. County of Nassau, 239 F.Supp.2d. 301, 308 (E.D.N.Y. 2003), citing Central Hudson Gas and Electric Corp. v. Empresa Naviera Santa S.A., 56 F.3d. 359, 368 (2d Cir. 1995). Even "a guilty plea qualifies as actual litigation for the purposes of collateral estoppel in a subsequent civil trial." Id. at 308, citing Gelb v. RoyalGlobe Ins. Co. 798 F.2d. 38, 43 (2d Cir. 1986).

"A prior judgment of conviction may be used as prima facie evidence in a subsequent civil suit only with respect to matters of fact or law 'necessarily decided by the conviction and the verdict [or plea] on which it was based'." State of New York v. Hendrickson Bros., Inc. 840 F.2d 1065 (2d Cir.1988).   Furthermore, the higher standard of proof and the *numerous safeguards in criminal proceedings are given as rationale for the rule allowing judgments in criminal proceeding to have preclusive effect* in subsequent civil actions [*emphasis supplied*]. Security and Exchange Commission v. Everest Management Corp.,466 F.Supp 167 (S.D.N.Y.1979).   The burden is on the party attempting to defeat the  application of collateral estoppel to establish the absence of a full and fair opportunity to litigate. Palmer v. Goss, 2003 WL 22519446 (S.D.N.Y. 2003).

Based upon Defendant's admission under oath and on the record, Plaintiff has satisfied each element of a 42 U.S.C. §§ 1981 and 1983 civil claims, as well as the State law claims of false arrest, false imprisonment, abuse of process, malicious prosecution, and intentional infliction of emotional distress.   There is no question that the issues in both proceedings are identical.   Defendant BUONORA is a State Actor, operating under color of law and has intentionally, willfully and with his authority as a police officer deprived Plaintiff of vital Constitutional rights.   These deprivations

7

more than satisfy the statute as well as the defendant's motion that this claim has met the burdens outlined in Iqbal..   There is no question that Defendant BUONORA plead to criminal charges that lend support to Plaintiff's false arrest, false imprisonment, abuse of process, malicious prosecution and intentional infliction of emotional distress claims.   Clearly as to each civil claim the Defendant is liable and has so admitted to it.   Accordingly, the granting of Defendant's motion in any respect would be in contravention of the controlling case law.

## POINT II

## DEFENDANT BUONORA IS NOT ENTITLED TO ABSOLUTE IMMUNITY NOR IS HE ENTITLED TO QUALIFIED IMMUNITY

### A.   ABSOLUTE IMMUNITY

Defendant, Craig BUONORA, takes the position that he is entitled to absolute immunity based upon the facts in this case. Defendant BUONORA is not entitled to absolute immunity or qualified immunity in this case. In the first instance, it is too early to determine exactly specifically, and with certainty, what Defendant BUONORA's role was in the initial arrest and prosecution of Plaintiff. Due to the fact that there has been no discovery, the facts in this matter have yet to be fully developed.   Therefore, Defendant BUONORA's request for summary judgment and dismissal based solely upon his alleged "limited" involvement in the grand jury proceeding should be denied. The Complaint clearly alleges that Defendant BUONORA's involvement was more than just his false testimony at the Grand Jury proceeding.   (See Exhibit "H" at 28, 34, 35, 37, 38, 43, 44, 46, 47, and 51-84).   Plaintiff is confident that once discovery is commenced in this matter, facts supporting Defendant BUONORA's involvement from the initial arrest throughout the prosecution will be unveiled.

However, Defendant BUONORA contends that his sole involvement was his false testimony

at the grand jury proceeding and that alone is insufficient to pierce the shield of absolute immunity. In particular, Defendant BUONORA cites to Rehberg v. Paulk, 132 S. Ct. 1497, 1507, 182 L. Ed. 2d 593 (2012). Plaintiff does not dispute that the recent Rehberg decision narrowly broadened the immunity rule to afford witnesses, including police officers, absolute immunity for testifying in the grand jury. Id. At 1507. However, the Rehberg decision is not entirely applicable in this case.

In Rehberg, grand jury witnesses should enjoy the same immunity as witnesses at trial; this means that a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony. Id.. However, evidence against Defendant BUONORA goes beyond the scope of false testimony presented at the grand jury, as Plaintiff has alleged other actions and inactions that help to form the basis for liability in this case.  Numerous courts have interpreted Rehberg to stand for the proposition that law enforcement officers are not entitled to absolute immunity where a plaintiff presents evidence in addition to grand jury testimony which establishes that the defendant engaged in conduct which "laid the groundwork for a prosecution." Sankar v. City of New York, 2012 WL 2923236, at * 3 (explicitly distinguished Rehberg as inapplicable where the defendant submitted two contemporaneous incomplete police reports; failed to properly investigate the crime; failed to collect evidence; and failed to take photos of the crime scene, in addition to falsely testifying at the grand jury); Hewitt v. City of New York, 2012 WL 4503277, at * 9 (E.D.N.Y. Sept. 28, 2012) (concurring with the reasoning applied by Sankar); Frederick v. New York City, 2012 WL 4947806, at * 5 (S.D.N.Y Oct. 11, 2012) (holding that Rehberg did not "create a categorical bar to the use of grand jury testimony as evidence against §1983 defendants and affirmatively establishing that grand jury testimony may be used against other §1983 defendants); Kennedy v. Finley, 2012 WL 2564796, at * 6 (D. Colo. July 2, 2012) (holding that absolute immunity did not extend to all conduct outside of the grand jury room, including the falsification of affidavits or evidence).  Thus, given the recent and

rapidly developing case law surrounding the issue of the evidentiary use of grand jury proceedings, it is clear that <u>Rehberg</u> is not a bar to Plaintiff's claims against Defendant.

Here, Plaintiff has previously alleged a vast amount of wrongful conduct beyond the Defendants' Grand Jury Testimony in the original and previously Amended Complaints. However, with limited discovery and a further evaluation of the facts and the new law, DARRYL COGGINS can in good faith allege that the misconduct of Defendants include both grand jury testimony and evidence of other conduct which far exceeds any of the aforementioned cases. It is clear that Mr. COGGINS' claim does not rest solely on the substance of the Defendant Officer's testimony in the grand jury but rather on the fact that their perjured testimony was made in a much more complex series of events in furtherance of an intent to maliciously prosecute him. (See Exhibit "H") Plaintiff alleges that the wrongful conduct preceded the Grand Jury testimony, and as it relates to Plaintiff individually, commenced on October 9, 2004 when Plaintiff was illegally and improperly pulled over while in his vehicle, improperly and illegally detained, threatened, assaulted and chased. (See Exhibit "H", paragraphs 24-37)    The wrongful conduct was further magnified when Defendants began to fabricate evidence, falsify documents, withhold evidence, fail to follow proper policies and protocols, failed to intervene, engage in conspiracy and then testified falsely before the Grand Jury. (<u>Id.</u> At 34, 35, 37, 38, 43, 46, 47, and 51-84).

In addition to alleging that Defendant BUONORA and VARA committed misconduct before the Grand Jury, Plaintiff seeks to allege the following: fabrication of falsified police reports, falsification of affidavits, falsification of memo books, falsification of complaints, fabrication of evidence (i.e. a recovered gun), failure to intervene, conspiracy to commit all of the aforementioned violations. <u>Id.</u> Further, Plaintiff intends to offer evidence in support of the allegations, which includes but is not limited to: the testimony of various Floral Park Police Officers which directly contradict

Defendant BUONORA and Defendant VARA's testimony; radio transmissions which substantiate the Floral Park officers' testimony; evidence of the investigation commenced by the Special Investigations Bureau of the Nassau County Police Department into Defendants' false arrest and prosecution on March 17, 2005;  evidence that on November 17, 2005, Defendant BUONORA appeared before a County Court judge and pled guilty to a reduced charge of Perjury in relation to his false arrest and prosecution; evidence that on December 1, 2005, Defendant BUONORA admitted to giving false testimony in the grand jury; evidence that the result of the March 2005 investigation, was that the police department determined that Defendant BUONORA engaged in conduct unbecoming of a police officer in that in or around October 9, 2004, while he was in foot pursuit of Mr. Coggins, defendant yelled "Just Shoot Him" or words to that effect; evidence that the further results of that investigation resulted in a determination that Defendant PICKERING and Defendant DELARGY failed to respond and supervise the scene of the incident; and evidence that all of the defendant Officers knew that Mr. Coggins was innocent but helped support each other in fabricating evidence and effectuating his false arrest, detention, and prosecution. (See Exhibit "H"at  28, 34, 35, 37, 38, 43, 44, 46, 47, and 51-84).

First, it is clear that the evidence against Defendant BUONORA, even without the benefit of discovery at this early stage,  is beyond the scope of his grand jury testimony. The Plaintiff has reason to believe that once discovery is complete, there is an abundance of outside evidence showing Defendant BUONORA's involvement in the aforementioned complaints. The court should not dismiss the complaints prior to discovery if there is evidence that discovery was withheld from the plaintiff willfully or contumaciously. Sawh v. Bridges, 120 A.D.2d 74, 507 N.Y.S.2d 632 (1986). Plaintiff is still awaiting to move forward with discovery by the defendants.

Secondly, we have not deposed defendant BUONORA. Thus, it is likely that there is more

11

information to gain from all of the defendants in regard to BUONORA's involvement with the complaints. Moreover, in an Internal Correspondence dated 12/01/2005, BUONORA made a statement where he admitted to running after COGGINS. In an internal correspondence statement made by Detective Alexander J. Barnych, defendant BUONORA was at the scene and involved in the foot pursuit. However, defendant BUONORA was not listed as one of the officers at the scene in the arrest report dated 08/14/2005. Yet, the District Attorney called upon him at the criminal matter to testify to his knowledge of the incident while he was never listed in the report. This clearly raises questions as to BUONORA's actual involvement with the initial arrest, detention and prosecution of COGGINS, questions that can only be answered through further discovery and potential trial in this matter. This is further pointed out by the Court's Memorandum and Order dated June 20, 2008 (Exhibit "A"), wherein Judge Bianco found that (1) the Court cannot determine at this juncture, as a matter of law, whether Buonora served as a "complaining witness" in COGGINS' prosecution; and (2) the complaint alleges an extra-judicial conspiracy to commit perjury." (See Exhibit "I", page 8). We request that this Court find in the same manner as it relates to Plaintiff's Third Amended Complaint.

**B.**    <u>**QUALIFIED IMMUNITY**</u>

As to the issue of qualified immunity, Justice Dearie was clear in <u>Sankar v. City of New York</u>, that in a § 1983 claim alleging malicious prosecution in violation of the Fourth Amendment, where a court finds an issue of material fact as to probable cause to prosecute, the element of malice also becomes an issue of material fact as well, precluding summary judgment. <u>Sankar v. City of New York</u>, 867 F. Supp. 2d 297 (E.D.N.Y. 2012) Moreover, where there is a genuine issue of material fact as to whether probable cause was so totally lacking as to reasonably permit an inference that the proceeding was maliciously instituted, the court cannot grant a defendant qualified immunity. <u>Id</u>.

Furthermore, Defendant BUONORA's conduct alone supports the contention that he is not entitled to qualified immunity. Qualified immunity does not protect those who "knowingly violate the law," Malley, 475 U.S. at 341, "the right to be free from ...prosecution in the absence of probable cause is a long established constitutional right," Ricutti v. N.Y.C. Transit Authority, 124 F.3d 123, 130 (2d Cir. 1997). One who gives false information to a prosecutor that he/she knows will induce a prosecutor to continue proceedings against a Defendant knowingly violates the law and is not entitled to qualified immunity for his/her actions. Mejia v. City of New York, 119 F. Supp .2d 232, 273 (E.D.N.Y. 2000) The extension of qualified immunity to one who knowingly violates the law would thwart the basic purpose of Section 1983 which is to protect persons from abuse of official authority. Mejia,119 F. Supp.2d at 272. It is undisputed that Defendant BUONORA plead guilty to the crime of Perjury in the Third degree, a class "A" misdemeanor as it relates to the arrest and prosecution of COGGINS. The crime of perjury itself encompasses the element of intent and shows bad faith, therefore Defendant BUONORA would not be entitled to qualified immunity. Accordingly, based on Defendant BUONORA's knowing and intentional violation of the law, as evidenced by his plea of guilty to Perjury in the Third Degree, Defendant BUONORA is not entitled to qualified immunity.    It is further alleged that BUONORA continued to knowingly, intentionally and maliciously violate the laws   (See Exhibit "H" 34, 53, and 107-129).

It is important to note that this Court has also previously considered the issue of qualified immunity. Judge Bianco concluded, that "in light of the particular factual circumstances of this case, that dismissing COGGINS' case on immunity grounds at this juncture is inappropriate under Second Circuit law...he is not entitled to such immunity at this juncture." (See Exhibit "I", pages 13-14). Plaintiff requests that this Court rule in the same fashion on this motion.

13

## POINT III

### PLAINTIFF'S FIRST COUNT, ALLEGING A VIOLATION OF 42 U.S.C. §1981, WAS PLEAD PROPERLY AND MUST NOT BE DISMISSED

As per the conferences with the Court and the parties, Plaintiff is of the understanding that Defendant's motion to dismiss and motion for summary judgment should be limited and only apply to portions of the complaint which are amended. A claim under Section 1981 was plead in Plaintiff's original complaint and the amended complaints thereafter. Therefore, Defendant is precluded from bringing this portion of the motion for dismissal under Section 1981 based upon Plaintiff's alleged failure to properly plead.

Fed. Rule Civ. Pro. 12(g)(2) states in relevant part, that a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion. Under Fed. Rule Civ. Pro. 12(g), since the defense had opportunity to file for this dismissal previously, they have now lost the opportunity to bring this claim. The courts have found that the right to raise these defenses by preliminary motion is lost when the defendant neglects to consolidate them in his initial motion. *See* Broomfield v. Doolittle, D.C.N.Y. 1942, 2 F.R.D. 517. (S.D.N.Y. 1942)

In the alternative, the Defendant claims that the 42 U.S.C. §1981 motion must be dismissed on grounds that the complaint fails to plead the §1981 properly. We respectfully disagree. Our complaint has sufficient factual allegations to support a viable §1981 claim. "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). Several portions of the complaint allege that Officer BUONORA, in his individual and official capacity, deprived Plaintiff of his Fourth, Fifth, Sixth and Fourteenth Amendment rights, and caused such deprivation of rights by unlawfully stopping, falsely detaining, unlawfully accusing, wrongfully arresting and falsely

imprisoning the Plaintiff for two days as described in paragraphs 1 through 83 of our Complaint. Said acts were motivated by race and color, and  were marked by the conduct of Defendants to support the motivation. (See Exhibit "H", paragraphs 24, 96, 99, 107-116, 144, 145 and 149).

Under the standard set out in Iqbal, a complaint has to contain facts plausibly showing that officials purposefully adopted policy of so classifying detainees because of their race.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). As Plaintiff's Third Amended Complaint  alleges, Defendant BUONORA falsely reported that he did not make any statement about shooting Mr. Coggins and he admitted that he never found nor secured a gun.  Furthermore, Defendant BUONORA falsely testified at the grand jury that he heard a metal object  hitting the ground. Defendant BUONORA falsely testified that he looked at the object that fell and found it to be a gun. Defendant falsely testified that he stayed with a gun until a Floral Park Police Officer relieved him. It has always been, and continues to be Plaintiff's position that Defendant BUONORA's actions and inactions were racially motivated.

## POINT IV

### PLAINTIFF'S CLAIMS ALLEGING VIOLATIONS OF 42 U.S.C §1983 AGAINST DEFENDANT BUONORA, MUST NOT BE DISMISSED AS THEY ARE PLEAD PROPERLY

Again, as per the conferences with the Court and the parties, Plaintiff is of the understanding that this motion to dismiss and motion for summary judgment should be limited and only apply to portions of the complaint which are amended. Plaintiff's claims for violations under Section 1983 were plead in the original Complaint and the subsequent Amended Complaints. See supra, Point III for arguments related to FRCP 12(g).

Notwithstanding our position, Plaintiff contends that the Third Amended Complaint has

sufficient factual matter to raise a §1983 claim properly. To assert a claim for damages under 42 U.S.C. Sections 1983 (as well as 1981, 1985, and 1986), the defendants must be sued in their individual capacities. Champion v. Artuz, 76 F.3d 483 (2d Cir. 1996); Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989). To properly plead such individual capacity, plaintiff must allege "personal involvement" by defendants. Id., at 1065. Here, Defendant BUONORA seeks dismissal of Plaintiffs' 42 U.S.C. Section 1983 claims against him, on the misguided contention that he had no "personal involvement" in the deprivation of Plaintiff's constitutional rights. (Def. Mem. Of law, pg. 11-12). Here, Defendants' arguments must fail, as they fail to correctly state both the law and the facts, which support Plaintiff's 42 U.S.C. 1983 Section claims.

Plaintiff's Third Amended Complaint amply pleads facts, showing personal involvement by the Defendant BUONORA, in violation of Plaintiff's civil rights. First, it is well settled law that, for purposes of sustaining a Section 1983 claim against individual defendants, "deliberate indifference, failure to act, or failure to train employees as to non-discriminatory acts are all elements of personal involvement, beyond "mere" respondeat superior supervisory status." Al-Jundi v. Estate of Rockefeller, 885 F. 2d 1060 (2nd Cir., 1989). See also Gomez v. Coughlin, 685 F. Supp. 1291 (S.D.N.Y., 1988) (liability may be imposed on supervisory personnel, where there is an affirmative link between the constitutional violation and the supervisors' adoption of a plan or policy, express or otherwise, showing authorization or approval of the other employees' misconduct at issue). Here, as addressed at length in Point II, supra., Plaintiff has amply pleaded deliberate indifference and/or failure to act, by the Defendant BUONORA, with respect to: fabrication of evidence, falsification of documents and arrest paperwork, falsification of official records, withholding of evidence, failure to follow proper policies and protocols, failure to intervene, falsely testifying before the Grand Jury,

16

conspiracy as it relates to the above and conspiracy as it relates to the false arrest, false imprisonment, abuse of process and malicious prosecution of Plaintiff, all of which support Plaintiff's claims for constitutional violations. (See Exhibit "H", paragraphs 106-131 and 131-140). Plaintiff also alleges that Defendant BUONORA was directly involved in, fabricating documents, evidence and official records as it relates to the incident involving Plaintiff on October 9, 2004 which constituted violations of his constitutional rights under Fourth, Fifth, Sixth and Fourteenth Amendments. (See Exhibit "H", paragraphs 106-131 and 131-140). Plaintiff alleges that this conduct was intentional and malicious and based on race, color and gender. Moreover, Plaintiff has further pleaded factual allegations, showing direct involvement and active participation by Defendant BUONORA, in the violation of Plaintiff's civil rights. (See Exhibit "H", paragraphs 24-93).

**POINT V**
**PLAINTIFF'S FOURTH AND FIFTH COUNTS ALLEGING VIOLATIONS OF 42 U.S.C.**
**§ §1983 and 1985 CONSPIRACY AND 1986 CLAIMS MUST NOT BE DISMISSED**

Notwithstanding Plaintiff's position, Plaintiff contends that the Section 1985 and 1986 claims were sufficiently plead. Defendant's arguments are misplaced and without merit. In that regard, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the plaintiff in a civil rights action, like the plaintiff in any civil case, must include in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." McNair v. McMickens, 115 F.R.D. 196, *198 (S.D.N.Y.1987) . It is alleged that Defendant BUONORA expressly and impliedly, agreed with the other defendants  to bring about plaintiff's seizure, arrest, detention and false accusation, all without lawful or proper basis or justification on account of Mr. COGGINS' race, color and gender. (See Exhibit "H", paragraphs 143-145).  All without consideration of plaintiff's rights and in violation of all of plaintiff's rights. Defendant BUONORA expressly and impliedly, agreed with the other defendants to bring about Plaintiff's loss of rights and threat of bodily harm, and expressly and

17

impliedly agreed with each other to deny Plaintiff any rights to which he was entitled, all in furtherance of the conspiracy and all without lawful or proper basis or justification on account of his race, color and gender. Id. All without consideration of the damage caused to plaintiff's rights. That the false arrest, false imprisonment, excessive force, malicious prosecution and violation of the laws of the State of New York and plaintiff's civil rights were brought about and caused by the actions of defendants and that the same were a clear and intentional abuse of process causing plaintiff damages. All of these rights are secured to plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985. Id.

Defendant's next argument – that the defendants are all part of the same institutional defendant —   is belied by the intra-entity conspiracy doctrine. See, e.g., Volk v. Coler, 845 F.2d 1422, 1434-35 (2nd Cir. 1988) (§ 1985(3) may apply to intra-entity conspiracies, even if employees acted within scope of authority); Cross v. General Motors Corp., 721 F.2d 1152, 1156 (2nd Cir. 1983) (individual defendants separate if they "acted outside the scope of their employment or for personal reasons").   Thus, to the extent that the defendant vaguely asserts that Plaintiff does not plead that BUONORA "was not acting in his official capacity at all times at issue" (Defendant's Memorandum, page 14),   Plaintiff's complaint unequivocally pleads that the defendants were acting outside the scope of their lawful employment and for personal and/or unlawful / discriminatory reasons.      (See Exh. "H". Par. 129). Absent any legal or factual deficit in the pleadings, there are no legal grounds for dismissing Plaintiff's conspiracy claims against the individual defendants, under 42 U.S.C. §§ 1983 and 1985.

As per Plaintiff's 42 U.S.C. § 1986 claim, the legal standard is that "if [Defendants were and/or are] able to prevent the commission of a 1985(3) conspiracy between [themselves] and the other [Defendants] and failed to do so, [they] will face liability under § 1986." Wahad v. FBI, at 232. "One who knows of and has the ability to aid in preventing a § 1985 conspiracy has a duty to do so.

18

If that person declines to take steps preventing that conspiracy he or she shall be liable to the injured party for damages which could have been prevented. Id. citing 42 USC § 1986.

In this matter, the defendants do not dispute (nor can they dispute) that Plaintiff has pleaded sufficient facts to sustain a 42 U.S.C. § 1986 failure to intervene claim. (See Exh. "H". Par. 147-151). Rather, defendants assert that this Court should dismiss Plaintiff's § 1986 claim, for lack of a valid underlying 42 U.S.C. § 1985 claim. (Def. Mem. Of Law, pg. 15, Point V). However, as the Plaintiff has amply demonstrated a valid and properly pleaded § 1985 conspiracy (addressed *supra*), the defendants cannot argue any grounds upon which to dismiss Plaintiffs' 42 U.S.C. § 1986 claims.

## POINT VI
## PLAINTIFF'S §1986 COUNT MUST NOT BE DISMISSED BECAUSE IT IS UNTIMELY

This Circuit maintains that "amendments that do no more than restate the original claim with greater particularity or amplify the details of the transaction alleged in the preceding pleading fall within Rule 15( c)." U.S. v. The Baylor University Medical Center, 2006 WL 3317695 (2nd Cir 2006); *citing*, *6A Charles Alan Wright, et al., Federal Practice and Procedure* § 1497 (2d ed. 2006); Fed.R.Civ.P. 15( c)(1) and (2). "The pertinent inquiry ... is whether the original complaint gave the defendant fair notice of the newly alleged claims." Wilson v. Fairchild Republic Co., 143 F.3d 733, 738 (2d Cir.1998) *overruled on other grounds*. "Under [Rule] 15( c), the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." U.S. v. The Baylor University Medical Center; supra; *quoting* Rosenberg v. Martin, 478 F.2d 520, 526 (2d Cir.1973). "The rationale of Rule 15( c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 159 n. 3, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Therefore, the claim under Section 1986 relates

back to the original claims and Defendant was on fair notice of this claim.

## POINT VII
### PLAINTIFF'S COUNTS PREDICATED ON STATE CAUSES OF ACTIONS ARE NOT UNTIMELY AND SHOULD NOT BE DISMISSED

Point VII under the defendant's second motion for dismissal has already been brought before the court and a judgement has already been offered. Under FRCP rule 60(b)(5), if a judgment has been satisfied on an issue that issue cannot be brought forth a second time. The issue of whether the state causes of action are timely has already been brought before this court and this Court rendered a decision. (See Exhibit "I", pgs. 14-16).

Defendant's argument that Plaintiff's state claims should be dismissed because of his absolute immunity under <u>Rehberg</u> is misplaced. Rehberg only applies to the grand jury testimony in this case. Plaintiff's state law claims are based on more than just the grand jury testimony.     Defendant BUONORA alleges that Plaintiff's claims for intentional torts of fraudulent misrepresentation, abuse of process and malicious prosecution, false arrest/false imprisonment and intentional infliction of emotional distress Defendant's arguments are based upon the one year time statutory time period under New York Civil Practice Law and Rules 215. (See Defendant's Memo, Page 11).  However, in certain cases, such as the instant matter, the one year statute of limitations under CPLR 215 for intentional torts can be tolled pursuant to CPLR 213-b. <u>Elkin v. Cassarino</u>, 248 A.D.2d 35, 680 N.Y.S.2d 601 (2d Dep't 1998). See also, <u>Volt Viewtech, Inc. v. D'Aprice</u> 2006 WL 3159205, *9 (N.Y.Sup.2006) and <u>Cavanaugh v. Watanabe</u> 10 Misc.3d 1043, *1044, 806 N.Y.S.2d 848, **848 (N.Y.Sup.2005)

CPLR 213-b , entitled "Action by a victim of a criminal offense", provides, in relevant part, that, any action by a crime victim may be commenced to recover damages from a defendant convicted of a crime which is the subject of such action, for any injury or loss resulting therefrom within seven

years of the date of the crime. Based upon the aforementioned case law, Plaintiff COGGINS, a crime victim in this case, may invoke CPLR 213-b to lengthen the statute of limitations for the state law claims alleged in the Complaint for ten years after the conviction of Defendant BUONORA for perjury.   In or around January 2007, Defendant BUONORA was convicted of Perjury in the Third Degree, a class "A" Misdemeanor. Accordingly, Plaintiff's state law claims against defendant BUONORA are actionable until the year 2017 and therefore Plaintiff's claims are not time barred.

**POINT VIII**
**PLAINTIFF'S COUNTS OF NEGLIGENCE AS AGAINST DEFENDANT BUONORA**
<u>**MUST NOT BE DISMISSED**</u>

Point VIII under the defendant's second motion for dismissal has already been brought before the court and a judgement has already been offered. Under FRCP rule 60(b)(5), if a judgment has been satisfied on an issue that issue cannot be brought forth a second time. The issue of whether the state causes of action are timely has already been brought before this court and this Court rendered a decision. (See Exhibit "I", pgs. 16-17).

Additionally, Defendant BUONORA cites to <u>Havell v. Islam</u>, 292 A.D.2d 210, 739 N.Y.S.2d 371 (151 Dep't 2002) in support of his position that Plaintiff's negligence claim is duplicitous of Plaintiff's Section 1981 and 1983 claims and should therefore be dismissed. However, the law stated in <u>Havell</u> are not applicable to this case and the fact are distinguishable from the facts in this case. In <u>Havell</u>, the Plaintiff was seeking to avoid a statute of limitations bar by labeling the action as one to recover damages from a prima facie tort. <u>Id</u>. In the instant matter, Plaintiff does not seek to avoid and time bars as it relates to the statute of limitations as Plaintiff commenced this action in a timely fashion. Plaintiff was well within the statute of limitations when he filed all claims against Defendant BUONORA and therefore would derive no benefit from nor would Plaintiff need to make any attempts at circumventing the statute of limitations .

21

As to the arguments made by Defendant BUONORA as the §§ 1981, 1983 and negligence claims, Plaintiff is well within his right to plead all three claims. Parties may plead alternative and contradictory theories of liability. Raglan Realty Corp . v . Tudor Hotel Corp ., 149 AD. 2d 373, 540 N.Y.S.2d 240 (151 Dep't1989). See also, Averett v. County of Broome 2007 WL 2265516, *3 (N.Y.Sup. 2007) (Where the court allowed alternative pleading under CPLR § 3014 for theories of intent and negligence under§ 1983 and Fourth Amendment claims). Accordingly, Plaintiff's claims under§§ 1981,1983 and negligence are properly plead in Complaint.

## POINT IX
### IF THE COURT CONVERTS THIS MOTION TO ONE SEEKING SUMMARY JUDGEMENT, THE COURT SHOULD FIND THAT THERE ARE TRIABLE ISSUES OF FACT AND THE COMPLAINT SHOULD NOT DISMISSED

Plaintiff's allegations against Defendant BUONORA are so strong, in both fact and law, that had Plaintiff chosen to move for partial summary judgment at this stage, it is Plaintiff's position that he would have been successful. Specifically, Defendant BUONORA pled guilty to Perjury in the Third Degree, a Class "A" Misdemeanor, as set forth in Paragraph 21 of Defendant's 56.1 Statement and Defendant BUONORA's Affidavit annexed to Defendant's Motion. "Pursuant to the doctrine of non-mutual collateral estoppel, a judgment in a criminal proceeding in favor of the prosecuting attorney is preclusive in favor of a third party in a subsequent civil action against the defendant in the criminal prosecution, or his or her privies". Allstate Life Ins. Co. v. Guerrerio, 143 BR 605 (S.D.N.Y. 1992). See also, Pinkney v. Keane, 920 F.2d 1090 (2d Cir. 1990).In the Federal Courts, it is well settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the private party in a subsequent civil action with regard to any issue of fact or law [1] that is identical to the issue raised in a prior proceeding; [2] that was actually litigated and decided in a prior proceeding; [3] that the defendants had a full and fair opportunity to litigate; and [4] that needed to be determined in order to reach a valid and final judgment on the merits. See, Faulkner v . National Geographic Enterprises. Inc., 409 F.3d 26, 37 (2d Cir. 2005); Pizzuto v. County of Nassau. 239

22

F.Supp.2d. 301, 308 (E.D.N.Y.  2003), citing Central Hudson Gas and Electric Corp.v. Empresa Naviera Santa S.A., 56 F.3d. 359, 368 (2d Cir. 1995). Even "a guilty plea qualifies as actual litigation for the purposes of collateral estoppel in a subsequent civil trial." Id. at 308, citing Gelb v. RoyalGlobe Ins. Co. 798 F.2d. 38, 43 (2d Cir. 1986). "A prior judgment of conviction may be used as prima facie evidence in a subsequent civil suit only with respect to matters of fact or law 'necessarily decided by the conviction and the verdict [or plea] on which it was based'." State of NewYork v. Hendrickson Bros .. Inc. 840 F.2d 1065 (2d Cir .1988). Furthermore , the higher standard of proof and the numerous safeguards in criminal proceedings are given as rationale for the rule allowing judgments in criminal proceeding to have preclusive effect in subsequent civil actions [emphasis  supplied]. Security and Exchange Commission v. Everest Management Corp.,466  F.Supp 167 (S.D.N.Y.1979).   The burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity to litigate. Palmer v. Goss. 2003 WL 22519446 (S.D.N.Y.  2003). Based upon Defendant's admission under oath and on the record, Plaintiff has satisfied each element of a 42 U.S.C. §§ 1981and1983 civil claims, as well as the State law claims of false arrest, false imprisonment, abuse of process, malicious prosecution, and intentional infliction of emotional distress. There is no question that the issues in both proceedings are identical. Defendant BUONORA is a State Actor, operating under color of law and has intentionally, willfully and with his authority as a police officer deprived Plaintiff of vital Constitutional rights.   These deprivations more  than satisfy the statute. There is no question that he has plead to what amounts to false arrest , false imprisonment, abuse of process, malicious prosecution and intentional infliction of emotional distress of Plaintiff. Clearly as to each civil claim the Defendant is liable and has so admitted to it. Accordingly, the granting of Defendant's motion in any respect would be in contravention to the controlling case law.

## POINT X
### THE COURT SHOULD IMPOSE SANCTIONS ON DEFENDANT

Federal courts have a "well-acknowledged inherent power to levy sanctions in response to

abusive litigation practices." <u>DLC Mgmt. Corp. v. Town of Hyde Park</u>, 163 F.3d 135-136 (2d Cir. 1998) (quoting <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 764 (1980)). The Second Circuit has held that a district court "may act as accuser, fact finder and sentencing judge, not subject to restrictions of any procedural code and at times not limited by any rule of law governing the severity of sanctions that may be imposed." <u>Mackler Prod., Inc. v. Cohen</u>, 146 F.3d 126, 128 (2d Cir. 1998).

An award of sanctions pursuant to a court's inherent authority requires both "clear evidence that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes, and a high degree of specificity in the factual findings of the [the] lower courts." <u>Oliveri v. Thompson</u>, 803 F.2d 1265, 1272 (2d Cir. 1986), <u>cert. denied</u>, 480 U.S. 918 (1987). Therefore, prior to imposing sanctions under the court's inherent authority, there must be "clear evidence that (1) the offending party's claims were entirely without color, and (2) the party acted in bad faith, that is "motivated by improper purposes such as harassment or delay." <u>Schlaifer Nance & Co., Inc.</u>, 194 F.3d at 336; see also <u>Agee v. Paramount Commc'n, Inc.</u>, 114 F.3d 395, 398 (2d Cir. 1997).

There simply is no explanation for the duplicative nature of the instant motion. Defendant intentionally argued issues in this motion that have already been decided in this case by Your Honor. Federal Rules of Civil Procedure 11(b) and 37 are clearly implicated here as the Defendants have presented this signed motion for no other reasons but to harass, cause unnecessary delay and to increase the cost of this litigation. Rule 11(b)(1) provides that by providing this motion and arguing on its behalf, Defendant has essentially certified that the motion has no improper purpose. A review of the caselaw on sanctions demonstrates that bad faith is the "touchstone" for a sanctions award. See <u>United States v. Int'l Bhd. of Teamsters</u>, 948 F.2d 1338, 1345 (2d Cir. 1991); <u>United States v. Seltzer</u>, 227 F.3d 36, 40 (2d Cir. 2000). Clearly, sanctions are warranted here.

It appears that under the Federal Rules of Civil Procedure 37, by frivolous and unethical conduct, the Defendant has exhibited consistent efforts to prejudice the Plaintiff. See <u>Grand St. Realty,</u>

LLC v. McCord, 2005 U.S. Dist. LEXIS 45314 (E.D.N.Y. September 30, 2005)(where the lower court's imposition of attorney's fees and costs were upheld as the sanctioned party's refusal of cooperation was found to demonstrate bad faith).   See also, Contractual Obligation Prods., LLC v. AMC Networks, et al., 2008 U.S. Dist. LEXIS 24004 (S.D.N.Y. March 25, 2008) (sanctions imposed due to finding that legal theories of claimant asserting standing to pursue claim were objectively unreasonable). Given these facts, we ask that the Court reject and/or deny the instant motion and grant to Plaintiffs counsel fees and costs associated with the response to the motion.

## CONCLUSION

For all of the aforementioned reasons, Defendant's motion to dismiss and  for summary judgment should be denied in its entirety, and the should court grant Plaintiff any and all further relief that it deems proper and just.

Dated:  Hempstead, NY
             July 26, 2013

                                                            Respectfully Submitted,


                                                                    */S/*


                                        _____
                                        By: VALERIE M. CARTRIGHT(VC7327)
                                             Law Offices of Frederick K. Brewington
                                             *Attorneys for Plaintiff*
                                             556 Peninsula Boulevard
                                             Hempstead, New York 11550