UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARRYL T. COGGINS,

                        Plaintiff,

     - against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER JAMES VARA, in
his individual and official capacity, and POLICE OFFICER
CRAIG BUONORA, in his individual and official capacity,
and JOHN DOES "1-10", in their individual and official capacity,

                        Defendants.
------------------------------------------------------------X

DOCKET NO.:07-CV-3624
(JFB)(AKT)

COURTESY COPY

Pursuant to Local Rule 56.1 for the Eastern District of New York, Plaintiff DARRYL T. COGGINS, submits this Statement in Opposition to Defendant CRAIG BUONORA's (hereinafter "DEFENDANT BUONORA") Motion for Summary Judgment and Motion to Dismiss. Further, Plaintiff respectfully avers that this document is provided, pursuant to Local Civil Rule 56.1, as a counter-statement of facts in support of Plaintiff's contentions that genuine facts are in dispute and in contrast to the facts listed in Laurence Weingard's Declaration and Defendant Buonora's Affidavit. It should be noted that Defendant failed to provide a Statement of Disputed Facts, which is required in a Summary Judgment motion, thereby rendering the motion deficient on its face. Nonetheless, the facts and contentions listed below in Plaintiff's Counter Statement are not all-inclusive of each and every disputed issue, but are provided to demonstrate the level and complexity of the disputed issues which permeate this case. Further, references provided in support of each of the issues raised are not all-inclusive, and are offered to comply with the Local Rule. Further,

Plaintiff's object to Defendant's improper misstatement of facts so as to lead to deceptive and inaccurate conclusions and Plaintiff does not concur with the subject titles adopted by Defendant and only utilize them for purposes of recognition and consistency.

Finally, the facts and contentions listed below are derived from Plaintiff's Complaint, Defendant's Motion papers and Plaintiff's independent recollection. Plaintiff has no documentation attached as exhibits as no discovery has been conducted in this matter. Therefore, Plaintiff is not in possession of any documents that would refute Defendant's alleged statements of fact.

## PLAINTIFF'S COUNTER STATEMENT OF FACTS

1. On or about October 9, 2004, Plaintiff was arrested and charged under Docket No.:2004NA021116, with violating Penal Law § 265.02(3), Criminal Possession of a Weapon in the Third Degree, a Class D felony and Penal Law § 265.02(4), Criminal Possession of a Weapon in the Third Degree, a Class D Felony. (Cartright Decl. Exh. G) A conviction under Penal Law §§ 265.02(3) and/or 265.02 (4) carries with it a potential penalty of two (2) years to seven (7) years incarceration. Penal Law §70.02( c )

2. On March 17, 2005, this matter was presented to the Grand Jury by the Nassau County District Attorney's Office (hereinafter referred to as the "District Attorney").(Cartright Decl. Exh. B)

3. Plaintiff Coggins testified at this Grand Jury Proceeding on March 17, 2005. (GJ Trans. P.50:8-77:13).

4. During his testimony, Plaintiff indicated that on October 9, 2004, he was pulled over by the Police while driving down Jericho Turnpike and was asked for his driver's license. (GJ Trans. P.59:6-12; P.63:18-23)

5. Plaintiff also testified that despite his numerous requests, the Police Officer would not indicate why he had been pulled over. (GJ Trans. P.59:13-21)

6. Plaintiff testified that he was given some form of standard field sobriety test by an Officer and at some point in time Defendant BUONORA arrived on the scene. Op."(GJ Trans. P. 64:11-21; See also, Defendant's Exhibit "G", Page 38, Lines 5-9 and 21-25 ).

7. Plaintiff testified that one of the Police Officers grabbed Plaintiff and threatened to do more than grab him, so Plaintiff began to run because he was scared. (GJ Trans. P. 60:8-13; Page 73:3-5).

8. Defendant BUONORA testified that while on the scene, he participated in the chase of Plaintiff. (See Defendant's Exhibit "G", Page 38)

9. Plaintiff testified that he originally had intentions to stop running until he heard a Police Officer yell, "Shoot him in the back." (GJ Trans. P.60:20; P.74: 9-10).

10. Defendant BUONORA testified that he yelled out to Plaintiff.(See Defendant's Exhibit "G", Page 48, Line 20-22).

11. Plaintiff testified that he jumped over a fence and took a cab home. (GJ Trans. P. 60:24-25; P.68:17-19).

12. Plaintiff did not have a pistol on his person at that time nor did a pistol drop from his waistband. (GJ Trans. P.68:20-25; P.69:1-6).

13. Prior to the District Attorney presenting the criminal matter to the Grand Jury, counsel for Plaintiff requested, by way of formal demand, that the District Attorney request that the Grand Jury consider the charges of perjury, making an apparently sworn false statement, making a punishable false written statement, harassment and aggravated harassment, and requesting that

certain eyewitnesses be presented before the Grand Jury.(Cartright Decl. Exh. E)

14. The District Attorney failed to comply with the Plaintiff's requests and the Grand Jury rendered a True Bill, voting to indict Plaintiff on violating Penal Law § 265.02(3), Criminal Possession of a Weapon in the third degree; Penal Law §265.02(4), Criminal Possession of a Weapon in the third degree; and Penal Law §205.30, Resisting Arrest; under Indictment No. 663N-2005. (Cartright Decl. Exh. D)

15. Defendant VARA falsely testified that while he was chasing Plaintiff, DARRYL T. COGGINS, he saw an object fall from Plaintiff as Plaintiff was jumping over a fence. VARA testified that he continued his pursuit of Plaintiff, but later returned to determine that the object that had fallen was a 9-millimeter handgun. (GJ Trans. P.20-22)

16. Police Officer BUONORA falsely testified that he saw a 9-millimeter handgun fall from Plaintiff, DARRYL T. COGGINS, as he jumped the fence and that BUONORA stayed with the handgun until he was relieved by a Floral Park Officer. (GJ. Trans. P.49:10-14

17. As Plaintiff jumped over a fence, no pistol fell from Plaintiff's waistband. (GJ Trans. P.68:17-24

18. Plaintiff did not have a pistol in his possession (GJ Trans. P.68:25-P.69:2-9)

19. In or around July 2005, a Floral Park Officer informed this office that the story that Police Officers VARA and BUONORA told Grand Jury was inaccurate. The Floral Park Officer informed Plaintiff's counselor that he was the Officer who initially found the gun approximately forty minutes after the foot pursuit began and that radio transmissions of October 9, 2004 would substantiate his claim. The Floral Park Officer's version of the events directly contradicted the sworn testimony of VARA and BUONORA at the Grand Jury proceeding. (See Plaintiff's Complaint, ¶25)

4

20. Counsel reviewed the Floral Park and Nassau County Police Department's radio transmissions and found that they substantiated the claim of the Floral Park Police Officer. (Cartright Decl. Exh. E) The case was referred to the Special Investigations Division of the Office of the District Attorney for further investigation. (See Plaintiff's Complaint, ¶26)

19. The charges filed against Plaintiff were dismissed on motion of the District Attorney on August 12, 2005. (Cartright Decl. Exh. F)

20. Police Officer BUONORA was subsequently indicted and pleaded guilty to Perjury in the Third Degree, a Class "A" Misdemeanor. (See Plaintiff's Complaint, ¶28; Defendant BUONORA's Statement of Facts, ¶21, Defendant BUONORA's Affidavit, ¶12).

21. Defendant BUONORA filed a motion for summary judgment and motion to dismiss Plaintiff's Amended Complaint. A decision was rendered on June 20, 2008. (Cartright Decl. Exh. I)

22. Plaintiff filed a Second Amended Complaint on August 20, 2008 pursuant to the Court's directive of June 20, 2008 and filed a Third Amended Complaint on November 7, 2012. (Cartright Decl. Exh. H)

Dated:   Hempstead, New York
         July 26, 2013

                                        Respectfully submitted,

                                        LAW OFFICES OF
                                        FREDERICK K. BREWINGTON
                                By:     _____
                                        VALERIE M. CARTRIGHT (VC7327)
                                        Attorneys for Plaintiff
                                        556 Peninsula Boulevard
                                        Hempstead, New York 11550
                                        (516) 489-6959

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**DOCKET NO.:CV-07-3624 (JFB) (AKT)**

----------------------------------------X

DARRYL T. COGGINS,

Plaintiff,

- against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER JAMES VARA in his individual and official capacity, POLICE OFFICER CRAIG BUONORA, in his individual and official capacity, and JOHN DOES "1-10", in their individual and official capacity,

Defendants.

----------------------------------------X

**56.1 STATEMENT**

----------------------------------------X

**LAW OFFICES OF**
**FREDERICK K. BREWINGTON**
*Attorneys for the Defendant*
**556 Peninsula Boulevard**
**Hempstead, New York 11550**
**(516) 489-6959**