UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DARRYL T. COGGINS,

                                    Plaintiff,

        - against -                                          Docket No.: 07-CV-3624 (JFB) (AKT)

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
JAMES VARA, in his individual and official
capacity, and POLICE OFFICER CRAIG
BUONORA, in his individual and official
capacity, SERGEANT PICKERING, in his
individual and official capacity, LIEUTENANT
DELARGY, in his individual and official
capacity, and JOHN DOES "1-10", in their
individual and official capacity,

                                    Defendants.
----------------------------------------------------------X

### MEMORANDUM OF LAW
### IN REPLY TO PLAINTIFF'S OPPOSITION TO
### DEFENDANT POLICE OFFICER CRAIG BUONORA'S
### <u>MOTION TO DISMISS</u>

Laurence Jeffrey Weingard (LW2618)
Mitchell F. Senft (MS2594)
**The Law Offices of Laurence Jeffrey Weingard**
250 West 57th Street, Suite 401
New York, NY 10107
(212) 974-5200
*Attorneys for Defendant*
*Police Officer Craig Buonora*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................... ii

**PRELIMINARY STATEMENT** ........................................................................... 1

**ARGUMENT** ........................................................................................................ 1

**POINT I** ................................................................................................................. 1

      THIS IS AN APPROPRIATE TIME FOR BUONORA TO MAKE THIS MOTION

**POINT II** ............................................................................................................... 2

      IT HAS BEEN REPEATEDLY HELD THAT THE ISSUE OF IMMUNITY MUST BE
      DECIDED AT THE EARLIEST OPPORTUNITY

**POINT III** .............................................................................................................. 4

      THE SUBMITTED DOCUMENTS CAN AND SHOULD BE CONSIDERED BY THE
      COURT

**POINT IV** .............................................................................................................. 5

      BUONORA HAS ABSOLUTE IMMUNITY FOR HIS PERJURY AND ANY CLAIM
      OF CONSPIRACY TO COMMIT PERJURY

**POINT V** ............................................................................................................... 8

      INEXPLICABLY, PLAINTIFF'S COUNSEL APPEARS TO HAVE FAILED TO
      GRASP WHAT THE COURT DIRECTED AT PRE-MOTION CONFERENCES

**POINT VI** .............................................................................................................. 9

      ALL OF THE CIVIL RIGHTS CLAIMS AGAINST BUONORA, INDIVIDUALLY,
      FAIL AND MUST BE DISMISSED

**POINT VII** ........................................................................................................... 11

      THE STATE LAW CLAIMS ARE ALL UNTIMELY AND IMPROPERLY PLEADED

**CONCLUSION** ..................................................................................................... 12

**Table of Authorities**

*Cases*

*Ashcroft v. Iqbal*
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ...................................................... 5, 7, 10

*Briscoe v. LaHue*
460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) ................................................................. 2, 5

*Brown v. City of Oneonta, New York*
221 F.3d 329 (2d Cir., 2000) ........................................................................................................ 7

*Coggins v County of Nassau*
07-CV-3624 JFB AKT, 2008 WL 2522501 (E.D.N.Y., 2008) *affd in part, appeal dismissed in part and remanded sub nom. Coggins v Buonora, 362 Fed Appx 224 (2d Cir., 2010)* ... 3, 7, 8, 11

*Cortec Industries, Inc. v. Sum Holding L.P.*
949 F.2d 42 (2nd Cir., 1991), *cert. denied* 112 S.Ct. 1561 (1992) .................................................. 4

*Holeman v City of New London*
425 F3d 184 (2d Cir., 2005) ........................................................................................................ 10

*Mahmud v. Kaufmann*
454 F.Supp.2d 150 (S.D.N.Y., 2006) *on reconsideration in part*, 496 F.Supp.2d 266 (S.D.N.Y., 2007) ........................................................................................................................................ 7

*Michael v County of Nassau*
09-CV-5200 JS AKT, 2010 WL 3237143 (E.D.N.Y, 2010) ........................................................ 11

*Rehberg v. Paulk*
566 U.S. ---, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012) .......................................... 1, 2, 3, 4, 6, 8, 9

*Statutes*

42 U.S.C. §1981 ................................................................................................................. 1, 7, 9, 13

42 U.S.C. §1983 ............................................................................................................. 1, 3, 5, 6, 9, 10

42 U.S.C. §1985 ............................................................................................................................ 9, 10

42 U.S.C. §1986 ............................................................................................................................ 9, 10

Federal Rules of Civil Procedure 12(b)(2) .................................................................................. 8, 9

ii

New York Civil Practice Law and Rules §213-b ........................................................... 1, 9, 11, 12

New York General Municipal Law §50-i ................................................................................... 12

## Local Rules

E.D.N.Y. Local Rule 56.1 ............................................................................................................ 2

## PRELIMINARY STATEMENT

Coggins' counsel in opposition ignores the fact that our motion is based on legal arguments that demonstrate that plaintiff does not have any viable claims against defendant Buonora. The complaint is improperly pleaded, untimely, and alleges claims for which there is no viable issue that Buonora has absolute immunity. Counsel relies on inapposite cases and speculation in lieu of facts. Counsel repeatedly denies that there has been any discovery in this case and repeatedly claims that this Court has decided issues which it clearly did not. The extensive discovery conducted to date fails to support Coggins' assertions. This is confirmed by the failure to include any supporting documents among his submissions.

Counsel refuses to acknowledge that Buonora has absolute immunity for his grand jury perjury -- or, for that matter, any conspiracy to commit such an act -- pursuant to *Rehberg v Paulk*, 566 U.S. ---, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012). Counsel completely fails to discuss with specificity our arguments that the 42 U.S.C. §1981 and state law claims are improperly pleaded and therefore must be dismissed; that as C.P.L.R. §213-b is inapplicable, the state claims are all untimely; that Buonora cannot be individually liable pursuant to 42 U.S.C. §1983; and that the §§1985 and 1986 claims are without merit as well as untimely.

### POINT I
### THIS IS AN APPROPRIATE TIME FOR BUONORA TO MAKE THIS MOTION

Coggins claims that circumstances have not changed sufficiently since our 2008 summary judgment motion to allow the instant motion. That is untrue. Since our 2008 motion was decided, approximately 850[1] pages of records, reports, documents and grand jury transcripts have been exchanged between the parties, including approximately 150 unhelpful pages served

---

[1] Review of the exchanged materials in connection with drafting this reply memorandum indicated that the County served almost 700 pages of materials and Coggins served approximately 150 pages of materials. The lower number indicated in our moving papers therefore understated the scope of paper discovery.

by Coggins. Depositions of former detective Alexander J. Barnych and Det. Nicholas Occhino were conducted. (Barnych wrote the arrest report. Neither witness testified to any involvement by Buonora beyond what Buonora has asserted.) In addition, we were granted leave to make this motion based on the Supreme Court's holding in *Rehberg* and the Court's repudiation of the 2nd Circuit's extra-judicial conspiracy exception to *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

In his grand jury testimony, Coggins admitted to driving 40 miles per hour in a 35 miles per hour zone when stopped by defendant Vara and he admitted that he had had at least one beer and maybe more prior to the subject incident. Exhibit B to Cartright Declaration at pages 62-63. He does not dispute these admissions in his Local Rule 56.1 statement. Therefore, Vara's stop was made with probable cause as was his decision to administer a Field Sobriety Test. Given Coggins' admissions, there cannot be any credible claim that Coggins was treated in any way different than the way in which a non-minority, in the same position, would be treated nor is there any proof anywhere in the record that his race was ever a factor.

Our prior motion was denied without prejudice to renew upon the completion of discovery. Since the law governing this case has radically changed and sufficient discovery has been conducted, this Court should resolve our motion now. It is clear that Coggins does not have any viable claim against Buonora as a matter of law. Therefore, Buonora continues to be prejudiced by being put to the inconvenience and expense of defending a completely meritless action.

**POINT II**
**IT HAS BEEN REPEATEDLY HELD THAT THE ISSUE OF IMMUNITY**
**<u>MUST BE DECIDED AT THE EARLIEST OPPORTUNITY</u>**

At a pre-motion conference on September 19, 2012, this Court stated:

...The case law is clear that on... the issue of immunity... the Supreme Court has made

clear in... *Behrens v. Pelletier*, 516 U.S. 299 at page 306 (1966), that immunity provides an entitlement not to stand trial or face the burdens of the litigation conditioned on the resolution of the immunity question.

Then the Supreme Court... has made clear in... *Crawford El v. Britton*, 523 U.S. 574... that although the trial court has substantial discretion in discovery matters, "The trial court must exercise its discretion in a way that protects the substance [in this case, it was the qualified immunity defense]. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings."

...I think these cases made clear that if there is an immunity question that is still being briefed, that the defendant should not have undue expense. * * But here, I think the burden would be too great to warrant, given the briefing.

As such, there is not any reason not to move now to dismiss the entire complaint as against Buonora to avoid further prejudice to him.

Coggins wrongly claims that issues raised in our motion were conclusively and finally determined in the decision resolving our 2008 summary judgment motion. That motion was based on our claim of absolute immunity. The Court denied our motion, holding: "(1) the Court cannot determine at this juncture, as a matter of law, whether Buonora served as a 'complaining witness' in Coggins's prosecution; and (2) the complaint alleges an extra-judicial conspiracy to commit perjury." *Coggins v County of Nassau*, 07-CV-3624 JFB AKT, 2008 WL 2522501 (E.D.N.Y., 2008) *affd in part, appeal dismissed in part and remanded sub nom. Coggins v Buonora*, 362 Fed Appx 224 (2d Cir., 2010). Both issues were substantially resolved by the April 2012 decision in *Rehberg. Rehberg* held that all eight Circuit Courts of Appeal that held police absolutely immune from §1983 claims based on their perjury before a grand jury or any conspiracy to commit such acts were correct and that the Second Circuit's rulings to the contrary were wrong. This is a significant change from the law in 2008. In addition, discovery conclusively proves what Buonora has consistently claimed: His involvement in this matter was limited to responding to Vara's call for assistance, pursuing Coggins with Vara after Coggins

3

took flight, and committing perjury while testifying before the grand jury more than five months

after the subject October 9, 2004, incident. Contrary to plaintiff's assertions, none of Buonora's

acts could constitute exceptions to the holding in *Rehberg*. All of the cases cited by Coggins are

inapposite since Buonora was not involved in the arrest of the plaintiff nor did he file any

affidavits commencing the proceeding against him.

**POINT III**
**THE SUBMITTED DOCUMENTS CAN AND**
**SHOULD BE CONSIDERED BY THE COURT**

Next, Coggins' claim that extraneous documents cannot be considered by the court on a

Rule 12(b)(6) motion is incorrect. *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2nd

Cir., 1991), *cert. denied* 112 S.Ct. 1561 (1992), cited by plaintiff, states:

> The problem arises when a party seeks to introduce affidavits, depositions or other
> extraneous documents not set forth in the complaint for the court to consider on a Rule
> 12(b)(6) motion. We suggested nearly 50 years ago that such motions be treated as
> motions for summary judgment and disposed of as such. * * This provision of the Rules
> relating to extraneous material that causes a Rule 12(b)(6) motion to be translated into a
> Rule 56 motion is now mandatory.

Id, at 47 (citations omitted). Therefore, if the Court disagrees with our arguments showing that

the complaint must be dismissed in all respects as to Buonora, the submitted materials allows our

motion to be converted to one for summary judgment and granted on that basis. Of course, none

of the submitted materials are required for the complete dismissal of the complaint on the

grounds that it woefully fails to state causes of action or constitutes a failed pleading.

Counsel states: "Case law engrafted some flesh on the bare bones of Rule 12(b)(6).

Complaints, for example, are not dismissed unless it appears 'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson,

355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)...." Plaintiff's Memorandum of Law in

Opposition at p. 4. This is wrong because our arguments for dismissal are all based on legal

4

issues and uncontroverted facts. "[Q]ualified immunity [or, for that matter, absolute immunity]... is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.' *Mitchell, supra,* 472 U.S., at 526, 105 S.Ct. 2806." *Ashcroft v Iqbal*, 556 US 662, 672, 129 S Ct 1937, 1945-46, 173 L Ed 2d 868 (2009). See, also, the "*facial plausibility*" versus the "*possibility*" test applicable here as articulated in defendant's Reply Brief, p. 10, *infra*, as that test relates to the sufficiency of the complaint.

There are no issues of fact precluding granting our motion. Unsupported assertions, on which Coggins relies, are not facts but speculation. *Id, infra*. The uncontroverted facts in the record conclusively prove Buonora's extremely limited involvement, none of which is actionable. Coggins has submitted nothing in opposition that shows any involvement other than what Buonora claims. Coggins' claims of other acts by Buonora are completely belied by discovery.

**POINT IV**

**BUONORA HAS ABSOLUTE IMMUNITY FOR HIS PERJURY
AND ANY CLAIM OF CONSPIRACY TO COMMIT PERJURY**

Coggins' denial that Buonora has absolute immunity for his perjury pursuant to *Rehberg* is wrong. In *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983), the Supreme Court noted that at common law all persons who were integral parts of the judicial process were "provided absolute immunity from subsequent damages liability." *Id.* at 335.

Moreover, the Court precluded §1983 civil liability for perjury, holding that "[a] police officer on the witness stand performs the same functions as any other witness... and may be prosecuted subsequently for perjury." *Id*, at 342. The Court added: "Subjecting... police officers[] to damages liability under §1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties." *Id*, at 343.

The Supreme Court stated in *Rehberg*:

A trial witness sued under § 1983 enjoys absolute immunity from any claim based on his testimony. *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96. Without absolute immunity, the truth-seeking process would be impaired as witnesses might be reluctant to testify, and even a witness who took the stand "might be inclined to shade his testimony in favor of the potential plaintiff" for "fear of subsequent liability." *Id.*, at 333, 103 S.Ct. 1108. These factors apply with equal force to grand jury witnesses....

For the reasons identified in *Briscoe, supra,* at 342–344, 103 S.Ct. 1108, there is no reason to distinguish law enforcement witnesses from lay witnesses in §1983 actions. And the rule that a grand jury witness has absolute immunity from any §1983 claim based on the witness' testimony may not be circumvented by claiming that a grand jury witness conspired to present false testimony, or by using evidence of the witness' testimony to support any other §1983 claim concerning the initiation or maintenance of a prosecution. Were it otherwise, a criminal defendant turned civil plaintiff could reframe a claim to attack the preparatory activity—such as a preliminary discussion in which the witness relates the substance of his intended testimony—rather than the absolutely immune actions themselves. Pp. 1505 – 1507.

132 S.Ct., at 1499.

Counsel further claims that Buonora is collaterally estopped from relitigating the issue of his perjury. We are doing no such thing and have never denied Buonora's perjury. Counsel states: "There is no question that [Buonora] has plead [sic] to what amounts to false arrest, false imprisonment, abuse of process, malicious prosecution and intentional infliction of emotional distress of Plaintiff. Clearly as to each civil claim the Defendant is liable and has so admitted to it." Plaintiff's Memorandum at p. 23. By contorted reasoning, plaintiff would abrogate Buonora's absolute and/or qualified immunity from civil §1983 litigation -- i.e. immunity from suit -- by claiming he loses that immunity once he pleads guilty to the very perjury he committed before the grand jury -- this, despite the fact that the Supreme Court's very rationale for concluding that an officer enjoys such immunity is based upon the fact that his perjury may be punished by criminal prosecution. No such convoluted argument can prevail. Moreover, counsel's baseless extrapolation from a guilty plea of perjury to any other acts is wrong.

Therefore, collateral estoppel is irrelevant because Buonora is not relitigating the issue of his perjury for which he enjoys absolute immunity.

Coggins asserts, without explanation, that he satisfied every element of pleading §1981 as discussed in *Mahmud v. Kaufmann*, 454 F. Supp.2d 150 (S.D.N.Y. 2006) *on reconsideration in part*, 496 F.Supp.2d 266 (S.D.N.Y. 2007) and *Brown v. City of Oneonta, New York*, 221 F.3d 329 (2d Cir., 2000), both of which were cited and quoted in our Memorandum of Law in support at p. 13. It is clear that Coggins failed to plead his §1981 claim properly. See p. 10, *infra*.

Coggins' allegations in his latest complaint are still based on speculation, not facts. It completely ignores what's been documented in discovery. Coggins has failed to present any evidence of any actionable wrongdoing by Buonora other than his grand jury testimony.

Coggins' claims of evidence of acts, other than Buonora's perjury, is fully belied by his complete failure to produce any evidence either in discovery or in opposition to our motion. Discovery herein clearly and inarguably proves that Buonora did not fabricate any evidence, falsify any documents, withhold evidence, fail to follow proper policies and protocols, failed to intervene, or engage in any conspiracy with the possible exception of one in connection with his grand jury perjury. More is needed than unsupported allegations in order to oppose our motion. *See, Ashcroft v. Iqbal, supra*, at 677-68. It's clear from discovery that there is nothing that can support any of Coggins' claims against Buonora except for his grand jury perjury for which he is absolutely immune.

Coggins references the Court's finding in the June 20, 2008, decision that Your Honor was unable to determine whether Buonora was a complaining witness and notes that the complaint alleged an extra-judicial conspiracy. *Coggins v County of Nassau*, 07-CV-3624 JFB AKT, 2008 WL 2522501, at *8 (E.D.N.Y., 2008) *affd in part, appeal dismissed in part and*

7

*remanded sub nom. Coggins v Buonora*, 362 Fed Appx 224 (2d Cir., 2010). Pursuant to *Rehberg*, Buonora is not and cannot be a complaining witness. He also cannot be liable for any conspiracy related to his perjury. He can't be liable for any other conspiracy because of the operation of the intracorporate conspiracy doctrine, which Coggins fails to address, conceding that issue.

Coggins notes that this Court stated in the June 20, 2008, decision

that dismissing Coggins's case on immunity grounds at this juncture is inappropriate under Second Circuit law. Again, the Court reaches this conclusion without prejudice to Buonora arguing that he is entitled to immunity at the summary judgment stage, after the parties have had the opportunity to conduct discovery."

*Id*, at footnote 8. *Rehberg* changed the applicable Second Circuit law and now requires, at minimum, the dismissal of all perjury-related claims.

### POINT V
### INEXPLICABLY, PLAINTIFF'S COUNSEL APPEARS TO HAVE FAILED TO GRASP WHAT THE COURT DIRECTED AT PRE-MOTION CONFERENCES

Plaintiff claims that as per pre-motion conferences, the understanding was that our motion to dismiss and motion for summary judgment should be limited to portions of the complaint which are amended. However, it should have been clear to all that the issues affected by *Rehberg* were to be deleted or at least tested by motion. At the October 22, 2012, pre-motion conference, the Court stated: "...I know you talked about making a summary judgment motion on the absolute immunity issue but I think it would have to be basically a renewed motion to dismiss...," acknowledging that Coggins' reliance on F.R.C.P. 12(g)(2) is a misguided contention. Conference transcript at p. 5. In addition, discovery is sufficient to conclude that there is no merit to any of Coggins' claims against Buonora. The Court added:

...I think it's just a matter of my discretion that I think [Coggins] should be given -- given the change of the law and the fact that a significant period has gone by before facing any such motion to amend the complaint. Otherwise we could be in a position where you could win on your motion to dismiss but I'd have to give them a chance to replead and then there would be a second round. *Id*.

Plaintiff was given the opportunity to move to amend his complaint which resulted in the subject Third Amended Complaint which completely failed to narrow the issues rendered moot by *Rehberg* and instead added the frivolous, meritless §§1985 and 1986 claims.

Coggins' reliance on F.R.C.P. 12(g)(2) is also misguided. *Rehberg* was decided in April 2012, approximately four years after our 2008 motion. *Rehberg* resolved the issue of absolute immunity, on facts such as ours, in the Second Circuit. We also claim that the §1981 and all the state claims are improperly pleaded to the extent that they should be dismissed. The §1983 claim is not viable against Buonora as a matter of law. The §§1985 and 1986 claims are untimely. The state claims are untimely because C.P.L.R. §213-b is inapplicable. Therefore all of the claims against Buonora individually must be dismissed.

If the Court holds that F.R.C.P. 12(g)(2) bars any of our arguments for dismissing the complaint, we request that our motion be converted to one for summary judgment pursuant to which the complaint can and should be dismissed as against Buonora. There is not and cannot be a single triable issue against Buonora as a matter of law.

## POINT VI
### ALL OF THE CIVIL RIGHTS CLAIMS AGAINST BUONORA, INDIVIDUALLY, FAIL AND MUST BE DISMISSED

In his §1981 claim, Coggins fails to allege any instances in which non-minorities in the same situation as Coggins were treated differently than he was, as required for proper pleading. Coggins fails in his opposition to describe how he complied with the pleading requirements. He thereby concedes that we're correct that he failed to plead that claim accurately. Baldly claiming that he was treated in the manner he was is not enough as a matter of law. None of the references has anything to do with race.

Coggins' claim against Buonora alleging a violation of §1983 is not viable. "Qualified [or absolute] immunity 'shields police officers acting in their official capacity from suits for

damages under 42 U.S.C. §1983, unless their actions violate clearly-established rights of which an objectively reasonable official would have known.' *Thomas v. Roach,* 165 F.3d 137, 142 (2d Cir.1999)." *Holeman v City of New London*, 425 F3d 184, 189 (2d Cir., 2005). Responding to Vara's call and chasing a fleeing suspect with Vara can't credibly be violations of "clearly-established rights of which an objectively reasonable official would have known". *Id.* Buonora has absolute immunity for his perjury so that can't be actionable. Counsel's discussion of the law regarding pleading a §1983 claim is wrong and based solely on misguided contentions. Counsel's argument is also frivolous; he repeatedly refers to facts but doesn't identify any supporting his argument. His allegations of facts are vague, unsubstantiated and inadequate.

As the Supreme Court observed in *Ashcroft v. Iqbal, supra*, at 677-78:

*A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."* [*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544], at 555, 127 S.Ct. 1955[, 167 L.Ed.2d 929]. *Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id.*, at 557, 127 S.Ct. 1955.

*To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. *Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id.,* at 557, 127 S.Ct. 1955 (brackets omitted) [emphasis added].

A review of Coggins' Third Amended Complaint shows that he has completely failed to comply with these standards.

Coggins' claims of violations of §§1985 and 1986 are alleged for first time in the subject Third Amended Complaint, filed more than five years after this action was commenced. Clearly, these claims were submitted solely in hope of defeating a dispositive motion. However, the

10

intracorporate conspiracy doctrine bars any conspiracy claim herein since all of the members of any conspiracy alleged by Coggins are members of the same single entity. "Under the intracorporate conspiracy doctrine, officers, agents and employees of a single corporate entity are legally incapable of conspiring together." *Quinn v Nassau County Police Dept.*, 53 F.Supp.2d 347, 359 (E.D.N.Y., 1999). Coggins does not explain how his §1985 claim is not barred by the intracorporate conspiracy doctrine. Because the §1985 claim fails, the §1986 claim must fail as well. *Michael v County of Nassau*, 09-CV-5200 JS AKT, 2010 WL 3237143 (E.D.N.Y, 2010). In addition, §1986 sets a strict one year statute of limitation. Therefore, even if alleged in the initial complaint in 2007, the §1986 claim would have been untimely.

Counsel misguidedly contends that relation back enables these claims to be timely. Since the §1985 claim is not viable as a matter of law, there is no reason why any of the defendants herein should have expected these claims to have been made. Counsel's claim that the defendants were given adequate notice of these claims because of such facts as were alleged in the initial complaint is wrong because it was filed long after the statute of limitations for a §1986 claim had run. There is no reason why the defendants would have any notice of a legally null claim being made in an amended pleading. An untimely claim does not become timely because other claims are timely.

**POINT VII**
**THE STATE LAW CLAIMS ARE ALL UNTIMELY AND IMPROPERLY PLEADED**

Counsel contends that the timeliness of the state claims were determined in connection with the determination of our 2008 motion. Your Honor actually held that

> the Court declines to determine as a matter of law that no causal connection exists between Buonora's crime of perjury and the physical, emotional, and financial damage Coggins allegedly suffered. The Court finds, therefore, that discovery is warranted in order to determine the applicability of Section 213-b.

*Coggins, supra,* at*13. Determination of the issue was only deferred, not determined.

To begin with, since the state claims are pendent claims, if Coggins' federal claims are dismissed, as they should be here, all such state claims should be dismissed as well. Moreover, all of the state claims herein had to have been "commenced within one year and ninety days after the happening of the event upon which the claim is based". General Municipal Law §50-i. As Coggins' criminal matter was finally resolved in or about summer 2005, the latest the state claims could have been brought would have been in or about fall 2006 -- almost a year before this action was commenced on August 28, 2007.

Therefore, Coggins relied on C.P.L.R. §213-b's seven year statute of limitations for crime victims. It is clear from the cases cited by counsel that the claims must arise from a crime; but for the underlying crime, there would be no claim. In this case, Coggins was arrested October 9, 2004, and the criminal proceeding began thereafter. Counsel concedes that Coggins' claim began to accrue with the arrest. The matter continued for more than five months before Buonora committed perjury, the sole criminal act by any of the defendants.

C.P.L.R. §213-b refers to "a crime which is the subject of such action". Coggins would have had claims against the County regardless of Buonora's crime. Therefore, Buonora's crime cannot be "the" subject of Coggins' action.

The complaint fails to comply with the pleading requirements of G.M.L. §50-i. Therefore, the state claims must be dismissed. Coggins' state law claim of negligence is no exception.

## CONCLUSION

The pleading at bar fails to pass legal muster since none of the claims contained therein are "facially plausible", particularly in light of Buonora's absolute immunity. Moreover, should this motion be converted to one for summary judgment, there is no triable issue of fact precluding granting said relief to Buonora. Our exhibits clearly show the absence of any triable

issue of fact. The exhibits submitted by Coggins as well as his Local Rule 56.1 statement confirm the absence of any triable issues of fact.

Coggins' opposition to our motion consists of patently distorted discussions of the law and citations to inapposite cases. Counsel fails to oppose numerous arguments with anything more than empty statements including our arguments that the §1981 and state law claims were improperly pleaded. The subject complaint fails to delete claims for which Buonora inarguably has absolute immunity -- completely ignoring the holding in *Rehberg* -- and adds claims that are legally null, which is to say inarguably frivolous. Patently inadequate and improper opposition such as submitted by Coggins far more warrants the sanctions he seeks than does a proper motion made with leave of court after two pre-motion conferences. Stated another way, Coggins argument for entitlement to sanctions is far more germane to an argument for the sanctioning of Coggins. Coggins is the party engaging in frivolity by bringing untimely claims, by pleading improperly, and by bringing claims that are meritless as a matter of law. As a result, Buonora has been prejudiced by the need to defend this matter, make the instant motion, and to respond to a series of arguments made by Coggins in clear, inexcusable bad faith.

Dated: New York, New York
      August 15, 2013

                             Respectfully submitted,

                             Laurence Jeffrey Weingard (LW2618)
                             *Attorney for Defendant*
                             *Police Officer Craig Buonora*