UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

DARRYL T. COGGINS,

                     Docket No.: 07-CV-3624 (JFB) (AKT)

               Plaintiff,

- against -

                        **REPLY DECLARATION**

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
JAMES VARA, in his individual and official
capacity, and POLICE OFFICER CRAIG
BUONORA, in his individual and official
capacity, SERGEANT PICKERING, in his
individual and official capacity, LIEUTENANT
DELARGY, in his individual and official
capacity, and JOHN DOES "1-10", in their
individual and official capacity,

               Defendants.
----------------------------------------------------------X

       Mitchell F. Senft, an attorney duly licensed to practice law before the Courts of the State

of New York and the United States District Court for the Eastern District of New York, under

penalties of perjury, hereby declares that:

       1.      I am associated with Laurence Jeffrey Weingard, the attorney of record for

defendant Police Officer Craig Buonara. As such, I am familiar with the facts and circumstances

set forth herein. The source of my information is the litigation file in connection with this case

that is maintained in our office and conversations that I have had with the defendant.

       2.      This declaration is submitted in reply to plaintiff's opposition and in further

support of our motion pursuant to Federal Rules of Civil Procedure 8(a)(2), 12(b)(6) and 12(d) to

dismiss plaintiff's Third Amended Complaint and F.R.C.P. 56 for summary judgment.

       3.      For the reasons discussed below as well as in our Memoranda of Law submitted

herein, defendant Buonora is entitled to the dismissal of all of the claims in plaintiff's Third

Amended Complaint because he has absolute immunity pursuant to *Rehberg v. Paulk*, 566 U.S. -

--, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012), and *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108,

75 L.Ed.2d 96 (1983), as well as for numerous other reasons discussed in our Memoranda of Law

including, but not limited to, failures of pleading, untimely claims, and legally baseless claims.

    4.    Submitted herewith are copies the following exhibits, the first two of which show

no involvement by Buonora in plaintiff's arrest and prosecution other than his perjury, for which

he has absolute immunity, and the second two are transcripts of the pre-motion conferences held

in connection with our motion:

| | |
|---|---|
| Exhibit W | Deposition transcript of Alexander J. Barnych |
| Exhibit X | Deposition transcript of Det. Nicholas Occhino |
| Exhibit Y | Transcript of September 19, 2012, pre-motion conference |
| Exhibit Z | Transcript of October 22, 2012, pre-motion conference |

    5.    Buonora has repeatedly claimed that he did not have any involvement in Coggins'

criminal matter from the time he was sent from the scene following the subject October 9, 2004,

incident and directed to "punch out" for the conclusion of his shift until he was contacted by the

district attorney's office approximately five months later to testify at the grand jury.

    6.    During that time, Buonora did not have any knowledge of or any involvement in

the Coggins' criminal proceeding. He did not know that Coggins was arrested and a prosecution

commenced until he was contacted by the district attorney's office. This has been confirmed by

the discovery conducted to date. The discovery has consisted of the exchange of approximately

850 pages of records and documents, 150 pages of which were served by the plaintiff. In

addition, former detective Alexander J. Barnych and Det. Nicholas Occhino were deposed.

Neither testified to any involvement by Buonora beyond what he has consistently claimed.

7.      As discussed in our Memoranda of Law as well as below, the complaint herein must be dismissed as against Buonora individually.

8.      All of plaintiff's claims regarding defendant Buonora's perjury and any and all conspiracy relating to the perjury must be dismissed because he has absolute immunity pursuant to the United States Supreme Court's holding in *Rehberg v. Paulk*, 566 U.S. ---, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012).

9.      Plaintiff's claim pursuant to 42 U.S.C. §1981 must be dismissed because of multiple fatal failures in pleading including, but not limited to, a failure to plead with sufficient specificity -- the "*facial plausibility*" versus the "*possibility*" test articulated in *Ashcroft v Iqbal*, 556 U.S. 662, 672, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Vague, conclusory allegations without any substantiation are insufficient as a matter of law. Plaintiff continues to fail to meet this requirement.

10.     Defendant Buonora did not arrest or detain plaintiff. He did not have any involvement in plaintiff's arrest, brief detention, or prosecution. His only involvement in the prosecution was limited to his grand jury appearance which occurred more than five months after the October 9, 2004, incident and arrest. Buonora has absolute immunity for his grand jury testimony and for any conspiracy regarding his perjury. Therefore, plaintiff cannot have any claim pursuant to §§1983, 1985 and 1986 against Buonora.

11.     Pursuant to the intracorporate conspiracy doctrine, plaintiff cannot have any claim for any conspiracy because the individual defendants were all employees of the same entity -- the Nassau County Police Department.

12.     §1986 requires a valid conspiracy. This action has none and cannot have one because of the applicability of the intracorporate conspiracy doctrine. In addition, §1986 has a

strict one year statute of limitations. The subject action was commenced just short of three years after the subject incident. Since the charges were dismissed against the plaintiff no later than August 2005, and this action was commenced in August 2007, the §1986 claim cannot possibly be timely.

13.     Plaintiff also makes claims based on New York state law. Defendant Buonora's absolute immunity extends to all of the state claims. In addition, all of the state claims are improperly pleaded and are untimely. They had to be commenced no later than one year and ninety days after they accrued. Even if they accrued when the criminal charges were dismissed, this action was commenced more than two years later. In addition, New York General Municipal Law §50-i states certain allegations that must be alleged in the complaint. Plaintiff has repeatedly failed to comply with the requirements of G.M.L. 50-i.

14.     When we moved for summary judgment in 2008, plaintiff's counsel claimed that C.P.L.R. §213-b was controlling. That statute gives victims of crimes a seven year statute of limitations. The Court decided to defer a decision on plaintiff's argument. *See, Coggins v. County of Nassau*, 2008 WL 2522501 *13 (E.D.N.Y., Bianco, J., 2008), That statute cannot be applicable in the instant case. Defendant Buonora did not commit the subject criminal act -- perjury before the grand jury -- until more than five months after the arrest of plaintiff and the subsequent prosecution had commenced. As discussed in the accompanying Memorandum, defendant's crime cannot be the single subject of this action as per C.P.L.R. §213-b. This is because Buonoraa's crime -- perjury before the grand jury -- occurred more than five months after plaintiff's arrest and the commencement of the prosecution. Buonora's crime can't be "the subject" of this action since Coggins has alleged a number of claims that have nothing to do with and preceded Buonora's perjury.

15.     Given the discovery exchanged and conducted herein, plaintiff must have known by the time the Third Amended Complaint was drafted that numerous allegations were false or cannot be proven. For example, Coggins claims that there was an unstated conspiracy and fabrication of evidence. In fact the only conspiracy with which Buonora could have been involved would involve his grand jury testimony for which he has absolute liability. His grand jury appearance was his only involvement in Coggins' prosecution. He did not appear at any other hearing nor was he involved in Coggins' arrest.

16.     Coggins' counsel has not disputed our claims regarding the failure to correctly and adequately plead the §1981 and state law claims. Plaintiff has failed to dispute our argument regarding the applicability of the intracorporate conspiracy doctrine. Plaintiff further put forward a frivolous argument that *Rehberg, supra*, is somehow inapplicable.

17.     For a sufficient §1981 claim, Coggins was required to demonstrate he was treated differently than non-minorities were in the same situation as he was. However, Coggins essentially admitted in grand jury testimony that he was speeding at or about the time he was stopped by defendant Police Officer James Vara. He also admitted in his testimony that he had drank at least one alcoholic beverages before he was pulled over by Vara. Therefore Vara clearly had probable cause in having Coggins pull over and then to administer a field sobriety test.

18.     Coggins' civil rights claims also fail because of the failure to alleged specific facts as required by *Ashcroft v. Iqbal, supra*. Coggins instead made unsupported allegations with very few exceptions.

19.     Coggins claims F.R.C.P. 12(b)(6) is applicable and bars the instant motion. Contrary to plaintiff's assertions, circumstances have significantly changed since we moved for summary judgment in 2008. There has been extensive discovery herein. The Supreme Court

holding in *Rehberg* changed the law in the Second Circuit regarding perjury by police officers and conspiracy to commit perjury. The Supreme Court also held that a police officer cannot be a complaining witness.

20.     If the federal civil rights claims are dismissed, the pendent state claims must be dismissed as well.

21.     For all the reasons discussed above as well as in our Memoranda of Law, all of plaintiff's claims must be dismissed as to defendant Buonora individually or he should be granted summary judgment dismissing the complaint.

**WHEREFORE**, it is respectfully requested that the instant motion be granted in all respects, together with such and further relief as this Court deems just and proper.

Dated: New York, New York
       August 16, 2013

Respectfully submitted,
**Law Offices of Laurence Jeffrey Weingard**

By: Mitchell P. Senft (MS9445)
250 West 57th Street, Suite 401
New York, NY 10107
(212) 974-5200
*Attorneys for Defendant*
*Police Officer Craig Buonora*

6