```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

------------------------------------X
                                    :
DARRYL T. COGGINS,                  :   07-CV-3624 (JFB)
                                    :
              Plaintiff,            :
                                    :
         v.                         :   October 22, 2012
                                    :
COUNTY OF NASSAU, et al.,           :   United States Courthouse
                                    :   Central Islip, New York
                                    :
              Defendants.           :
------------------------------------X

       TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
            BEFORE THE HONORABLE JOSEPH F. BIANCO
                 UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:       FREDERICK K. BREWINGTON, ESQ.
                         VALERIE CARTRIGHT, ESQ.
                         Law Offices of Frederick K. Brewington
                         556 Peninsula Boulevard
                         Hempstead, New York 11550

For the Defendants:      DIANE C. PETILLO, ESQ.
                         Office of the Nassau County Attorney
                         One West Street
                         Mineola, New York 11501

For Defendant/Buonora:   LAURENCE JEFFREY WEINGARD, ESQ.
                         MITCHELL F. SENFT, ESQ.
                         250 West 57th Street, Suite 401
                         New York, New York 10107

Court Transcriber:       SHARI RIEMER
                         TypeWrite Word Processing Service
                         211 N. Milton Road
                         Saratoga Springs, New York 12866


Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

```
                                                                  2
 1   (Proceedings being at 1:58 p.m.)
 2   (Telephone conference muffled during proceeding)
 3             THE CLERK: Calling Case 07-CV-3624, Coggins v. County
 4   of Nassau.
 5             Counsel, please state your appearance for the record.
 6             MR. BREWINGTON:  For Darryl Coggins, The Law Offices
 7   of Frederick K. Brewington by Frederick K. Brewington and --
 8             MS. CARTRIGHT:  Valerie M. Cartright.  Good
 9   afternoon, Your Honor.
10             THE COURT: Good afternoon.
11             MS. PETILLO:  For County defendants, Diane C.
12   Petillo, the Nassau County Attorney's Office.  Good afternoon,
13   Your Honor.
14             THE COURT: Good afternoon, Ms. Petillo.
15             MR. WEINGARD:  For Officer Buonora, Laurence Jeffrey
16   Weingard and Mitchell F. Senft.
17             THE COURT: Good afternoon, gentlemen.
18             MR. SENFT: Good afternoon.
19             THE COURT: As you know, I scheduled this conference
20   because I received the October 1 letters from Ms. Petillo and
21   Mr. Weingard regarding the issue of whether or not the
22   defendants intended to file a motion to dismiss or a motion for
23   summary judgment in light of the court's -- in light of the
24   Rayberg decision by the Supreme Court and I had discussed that
25   if the defense were going to file such a motion that I would
```

3

1  give the plaintiffs an opportunity to amend their complaint to
2  reflect the current state of the law and to add additional
3  allegations with respect to it if they wished to.
4         In terms of any confusion that I may have created by
5  saying that, and this is to address the concerns raised in the
6  letters, it was not my intention that plaintiffs would be
7  simply reducing their claims and my intention I think was to
8  allow them to add any additional allegations or even a theory
9  of the case such as a failure to intervene theory in order to
10 address what the defendants clearly acknowledge is a change in
11 the law as it relates to immunity in this area.
12         So to the extent they were -- I had previously -- in
13 their complaint on Briskow [Ph.] were focusing their
14 allegations on conspiracy at least in part on other matters in
15 the grand jury they should be permitted to add any additional
16 non grand jury allegations that they wish to in light of the
17 Supreme Court's ruling as well as in light of the fact that
18 obviously a significant period has gone by since they filed the
19 amended complaint and through discovery or other means they may
20 have additional allegations.
21         So if in fact the defendants are going to move on
22 such grounds they should be given every opportunity to lay out
23 the non grand jury conduct that they have with respect to the
24 defendants.
25         So that was my intention.  First let me just ask Mr.

4

Brewington and Ms. Cartright, is it your intention to file such an amended complaint?

MR. BREWINGTON: I was our intention one way or the other, Your Honor.  So with regard to our understanding of the defendant's position [inaudible] they want to do is wait for us to file our amended motion and then take another crack at trying to do a motion to dismiss.  We thought there was going to be a motion to dismiss and as part of our response that we would be filing the amended complaint.

THE COURT: I didn't want you to -- I don't want them to make a motion and then you oppose it and cross move to amend your complaint.  I think that's a waste of everybody's time.  I think the way -- the progression which should be you should file your amended complaint adding whatever it is you'd like to add with respect to this issue and then once they see that they can determine whether or not they want to make the motion to dismiss or not rather than having them file the motion first.  Okay?

MR. BREWINGTON: Sure.

MR. WEINGARD: Judge, are we going to be given an opportunity to oppose the filing of the amended complaint or is it a fait accompli as you see it?

THE COURT: Well, you can put in -- if you want me to put -- make a briefing schedule for that we can put something in response.  I'm deeming them to have orally requested the

5

1  motion.  I don't need the law so if you want put in an
2  opposition on that but I think it's pretty clear that -- and I
3  know you talked about making a summary judgment motion on the
4  absolute immunity issue but I think it would have to be
5  basically a renewed motion to dismiss rather than a summary
6  judgment motion because I think the summary judgment motion
7  would be premature given that discovery is not complete.
8           So I think you would have to style it as a renewed
9  motion to dismiss and I think it's just a matter of my
10 discretion that I think they should be given -- given the
11 change of the law and the fact that a significant period has
12 gone by before facing any such motion to amend the complaint.
13 Otherwise we could be in a position where you could win on your
14 motion to dismiss but I'd have to give them a chance to re-
15 plead and then there would be a second round.
16          So I believe it's a matter of my discretion and I've
17 stated my view but if you want to put in something in writing
18 on that I'll take a look at it.
19          MR. WEINGARD:  I just remind the court that this was
20 the operative pleading.  I think that we argued for the Second
21 Circuit and which was the basis upon which we went to the
22 Supreme Court of a writ of certiorari.  It would seem that the
23 law has only changed with regard to Rayberg in the Second
24 Circuit since there was an extra judicial conspiracy exception
25 in the circuit and there were always issues of whether or not

1  one officer or another officer or anybody else could have been
2  a complaining witness.  So I don't see how Rayberg changes the
3  law in their favor at all.  If anything it reduces their
4  ability to make allegations certainly concerning -- you and I
5  can have further discussions on this in my papers but certainly
6  with regard to anything said before the grand jury or any
7  conspiracy that took place prior to the grand jury relating to
8  the grand jury testimony.
9           THE COURT: I agree with everything you just said
10 there but that's not what I'm suggesting they could add.  They
11 could add other --
12          MR. WEINGARD:  I know.
13          THE COURT: -- non grand jury related conduct but
14 those obviously as we discussed previously some of those
15 allegations are already in the complaint and I'm not even
16 suggesting that what they have in there wouldn't be sufficient
17 but I think again if you're going to brief this or even if you
18 decide not to pursue it they should have -- based upon what
19 they uncovered in discovery and based upon the fact that they
20 know that the focus of the inquiry now at least as it relates
21 to this issue has to be outside the grand jury based upon the
22 Supreme Court decision.
23          So I understand what you're saying and I'm not
24 suggesting that they add additional allegations regarding any
25 type of conspiracy to perjury in the grand jury but again, I

7

1  don't want to go back and forth on this.  If you want to put
2  something in writing on this I'll give you two weeks to do it
3  and then I'll give them a chance to respond and then we'll have
4  another conference call where I'll rule on that -- on their
5  motion to amend and we'll take it from there if that's what you
6  want to do.
7            MR. WEINGARD:  Judge, may I at least understand
8  whether or not it's Mr. Brewington's intention to withdraw
9  those claims related to perjury before the grand jury or
10 conspir -- extra judicial conspiracy to commit perjury before
11 the grand jury.  I'd really -- I'd like to understand that
12 before we get into further brief writing and motion practice.
13           THE COURT: Mr. Brewington.
14           MR. BREWINGTON: Judge, are you asking me to respond
15 to that?
16           THE COURT: If you'd like.  I mean the other
17 alternative if you don't want to get -- again, go back and
18 forth on this -- the other proposal I would make is for you to
19 draft the amended complaint, show it to Mr. Weingard, and then
20 he can decide whether he wants to -- then he'd have two
21 decisions to make.  One, whether he wants to oppose you filing
22 that amended complaint with the court or -- and/or whether he
23 wants to move to dismiss it.  It might be productive to draft
24 it first so that he could understand this better.  Okay?
25           MR. BREWINGTON: That was our plan, Judge.

8

1   THE COURT: Is that okay, Mr. Weingard, then?
2   MR. WEINGARD: That's certainly fine with me, Judge.
3   THE COURT: Okay.  Ms. Petillo?
4   MS. PETILLO:  Very well, Your Honor.
5   THE COURT: So how long do you want to do that, Mr.
6   Brewington?
7   MR. BREWINGTON: Two and a half weeks, Judge.
8   THE COURT: That's fine.
9   MR. WEINGARD: Then, Judge, what period of time do I
10  have to then review it and make a distinction on whether or not
11  I want to oppose the filing of that complaint [inaudible]
12  forward with other issues?
13  THE COURT: Two weeks.
14  MR. WEINGARD: We've run into some problems, Judge.  I
15  have some trials scheduled and I wonder if I might have three
16  weeks for that.
17  THE COURT: That's fine.  So by my calculation two and
18  a half weeks would be December 7th.  Actually --
19  MR. WEINGARD: Two and a half weeks would be the end
20  of November.
21  THE COURT: November -- one, two --
22  MR. WEINGARD:  Judge, I'm going to need a little more
23  time now that we're in November.  I have some plans for
24  Thanksgiving and I just don't want to be in a bind on
25  Thanksgiving.

9

1       THE COURT: December 7th.

2       MR. WEINGARD: Sounds good, Judge.

3       THE COURT: So you'll submit a letter to me on
4  December 7th indicating -- we don't necessarily have to have
5  another conference on this. If you decide you want to oppose
6  the amended -- the filing of an amended complaint you contact
7  Mr. Brewington and Ms. Cartright, agree on a schedule and put
8  it in the letter or if you decide you're going to accept the
9  filing of the amended complaint but want to move to dismiss on
10 the absolute immunity grounds, put the schedule in for that.

11      After discussing with them or if you decide to make
12 either of those motions just let me know that and obviously the
13 discovery -- you can then discuss a new discovery schedule.
14 Okay?

15      MR. BREWINGTON: Judge, this is Fred Brewington. I
16 hate to belabor this. I just want to be clear because
17 sometimes when we get off I'm not always clear so I speak to
18 counsel again. The time period for us to November 7th is to
19 provide the proposed amended complaint for their review and
20 then they'll have until December 7th to decide what they want to
21 do?

22      THE COURT: Correct.

23      MR. BREWINGTON: I'm just trying to think, Judge. If
24 we're going to do the amended complaint why don't we just do
25 our -- in this situation do the amended complaint and put in

10

our motion at this point and then they can just respond to it and say either we agree or don't agree?

THE COURT: You can do that too. If you want to -- as you provided to them on November 7th you can put in a formal motion with me requesting amendment and then I'll -- if you want to do that then I'll make December 7th a date for them to respond to that if they wish. Either consent to it or oppose it. Okay? Do you want to do that?

MR. BREWINGTON: That sounds good, Judge.

THE COURT: Mr. Weingard?

MR. WEINGARD: That's fine.

THE COURT: SO the motion to amend would be filed on November 7th and the opposition to that motion would be on December 7th and then if -- again, obviously if he chooses to not oppose the motion but to make the motion to dismiss on absolute immunity grounds then instead of opposing that motion to amend he can put in something to me with a briefing schedule for the motion to dismiss. Okay?

MR. WEINGARD: Judge, I just want to say this. We've been pressing absolute immunity all the way through and of course there are certain issues which Mr. Brewington may choose to insert which we would seek qualified [inaudible]. So it depends on what I see as to what I'm going to be alleging. If he was for example to withdraw all Rayberg issues there may still be some qualified -- I'm sorry, there may still be some

```
                                                                  11
1   absolute but certainly some qualified immunity grounds that we
2   would allege.
3              THE COURT: Okay.  It's up to you.
4              MR. WEINGARD: Thank you very much, Your Honor.
5              THE COURT: Thank you, Counsel.  Have a good day.
6              MS. PETILLO: Thank you, Your Honor.
7                             * * * * *
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                  12
 1      I certify that the foregoing is a court transcript from an
 2   electronic sound recording of the proceedings in the above-
 3   entitled matter.
 4
 5                                  _____
 6                                          Shari Riemer
 7   Dated:  November 8, 2012
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```