```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DARRYL T. COGGINS,                                              :
                                                                :
                        Plaintiff,                              :
                                                                :     MEMORANDUM AND ORDER
             -against-                                          :     07-CV-3624 (JFB)(AKT)
                                                                :
COUNTY OF NASSAU, NASSAU COUNTY                                 :
POLICE DEPARTMENT, POLICE OFFICER                               :
JAMES VARA, IN HIS INDIVIDUAL AND                               :
OFFICIAL CAPACITY, POLICE OFFICER                               :
CRAIG BUONORA, IN HIS INDIVIDUAL AND                            :
OFFICIAL CAPACITY, AND JOHN DOES                                :
1-10, IN THEIR INDIVIDUAL AND OFFICIAL,                         :
CAPACITY,                                                       :
                                                                :
                        Defendants.                             :
----------------------------------------------------------------X
```

JOSEPH F. BIANCO, District Judge:

Defendant Craig Buonora moves the Court to issue a gag order forbidding plaintiff Darryl Coggins and his counsel from discussing this case with anyone, including the press or in social media, and a protective order pursuant to Fed. R. Civ. P. 26(c) with respect to matters learned from discovery. According to Buonora, this relief is necessary because plaintiff discussed this case with *Newsday*, which published an article regarding the Nassau and Suffolk County Police Departments and detailing Coggins's lawsuit on December 18, 2013. Buonora claims that information plaintiff provided to *Newsday* was unsubstantiated or requires a jury finding, and Buonora is concerned that the misinformation will prejudice him and make it harder for him to get a fair trial. Buonora also requests a protective order because, for example, the *Newsday* article references an Internal Affairs ("IA") report exchanged in discovery. Plaintiff argues that Buonora does not make a proper showing for an injunction, prior restraint, or protective order. Plaintiff requests fees and costs for defending the present motion, and moves to strike Buonora's reply because it discussed items not addressed in the initial motion. For the

following reasons, the Court denies Buonora's motion, Coggins's request for fees and costs, and the motion to strike.

I.  Motion for a Gag Order and Protective Order

   A.  Gag Order

Buonora argues that a gag order is necessary to avoid tainting the prospective jury pool. Before a court may impose any sort of "gag order," it must, among other things, determine whether "other available remedies would effectively mitigate the prejudicial publicity." *In re App. of Dow Jones & Co.*, 842 F.2d 603, 611 (2d Cir. 1988); *see* Local Crim. R. 23.1(h) (requiring that before imposing an order governing "extrajudicial statements," the court "shall consider whether such an order will be necessary to ensure an impartial jury and must find that other, less extreme available remedies, singly or collectively, are not feasible or would not effectively mitigate the pretrial publicity and bring about a fair trial"). Possible measures include a change of venue, trial postponement, a searching voir dear, emphatic jury instructions, and emphatic warnings to the press and parties. *See Sheppard v. Maxwell*, 384 U.S. 333, 358–63 (1966); *United States v. Quattrone*, 402 F.3d 304, 311–12 (2d Cir. 2005); *Dow Jones*, 842 F.2d at 611; *see also* Local Crim. R. 23.1(h).

At this stage, the Court concludes that an appropriate combination of these "alternative remedies" will mitigate any prejudicial effects of the publicity in *Newsday*, or any subsequent publicity that may occur. The record before the Court does not indicate that Coggins has made any other statements to the press or other individuals. Most importantly, if the case ultimately proceeds to trial, the Court is prepared to conduct an exhaustive jury selection process to empanel a fair and impartial jury. Questions to prospective jurors could focus on each prospective juror's exposure to news coverage or other information on this case, as well as whether any prospective juror that has been exposed to such information could be able to put

aside anything she may have seen and decide the issues solely based on the evidence presented. Based on the Court's experience, it believes that, at least given the press coverage to date and the stage of the proceedings, this process alone will root out any bias. *See United States v. Wilson*, 925 F. Supp. 2d 410, 412 (E.D.N.Y. 2013) (denying request to restrain parties from speaking to member of press regarding criminal case because of existence of other available remedies); *see also Constand v. Cosby*, 229 F.R.D. 472, 475 (E.D. Pa. 2005) ("Given the First Amendment implications of a sweeping gag order, . . . limiting speech by parties and witnesses, particularly in a civil case and this early in the proceeding, is not likely to be undertaken.").[1]

Accordingly, Buonora's motion for a gag order is denied.

B. Protective Order

1. Legal Standard

A district court has "broad discretion to determine whether an order should be entered protecting a party from disclosure of information claimed to be privileged or confidential." *Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 391 (2d Cir. 1981); *AMW Materials Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 72 (E.D.N.Y. 2003) ("While the Federal Rules mandate a liberal standard, district courts are empowered to issue protective orders to temper the scope of discovery under [Rule 26(c)]."). Under Rule 26(c), "a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). This equitable power includes prohibiting the disclosure of certain materials. *See* Fed. R. Civ. P. 26(c)(A). "The unique character of the

---

[1] Nevertheless, the Court encourages all parties and counsel to minimize the risk of negative pre-trial publicity that may frustrate the ability to select a fair and impartial jury if the case proceeds to trial. The Court also refers counsel to their ethical obligations under Rule 3.6 of the New York State Rules of Professional Conduct. *See* N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.0 (Rule 3.6).

discovery process requires that the trial court have substantial latitude to fashion protective orders." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 26 (1984); *see also In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007) ("Much of the material produced in discovery is neither incorporated in motions made to the court nor admissible at trial. In order to mitigate the substantial risk of litigants' privacy and other rights posed by the expansive scope of pretrial discovery, courts are given broad discretion in Rule 26(c) to craft sealing orders"). Because protective orders can implicate the public's First Amendment and common law right of access to the courts, however, Rule 26(c) requires the party seeking the order to demonstrate good cause. *See In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987); *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 221 (S.D.N.Y. 2006).

Under Rule 26(c), the moving party must establish "particular and specific facts" rather than "conclusory assertions," that justify the imposition of a protective order. *Rofail v. United States*, 227 F.R.D. 53, 54–55 (E.D.N.Y. 2005) (quoting *AMW Materials*, 215 F.R.D. at 72); *see also Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y. 1997) ("Under Rule 26(c), the moving party is required to establish good cause by a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. . . . Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." (citations and quotations omitted)). "[I]f the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 455 (N.D.N.Y. 1999) (collecting cases). Such countervailing interests include the public's interest in the information contained in the documents. *See, e.g.*, *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 505 (E.D.N.Y. 1999); *In re Zyprexa Injunction*, 474 F.Supp.2d at 415 ("Balancing requires taking into account litigants' privacy rights as well as the general

4

public's interest in the information.").

    2.    Analysis

Buonora's request for a protective order is premised on Coggins's alleged disclosure of information in an IA report to *Newsday*. According to Buonora, such information is protected from public disclosure by N.Y. Civil Rights Law § 50-a(1), which provides that "[p]ersonnel records of police officers . . . used to evaluated performance toward continued employment or promotion, under the control of any police agency . . . of the state or any political subdivision thereof . . . shall be considered confidential and not subject to inspection or review without the express written consent of such police officer . . . except as mandated by lawful court order." Given that argument, to the extent Buonora requests a protective order over all discovery, the request is denied because Buonora fails to establish any good cause for a blanket protective order in this case.

The Court also concludes that Buonora has failed to show good cause to warrant restricting access to the IA report. Magistrate Judge Tomlinson's analysis in *Dorsett v. County of Nassau*, 762 F. Supp. 2d 500 (E.D.N.Y. 2011), is particularly instructive.[2] There, in considering a motion for a protective order under Rule 26(c), Judge Tomlinson examined an IA report, affidavits, and other information submitted by the defendants, held that the law enforcement privilege applied to the report and issued a protective order because the plaintiffs had failed to overcome the defendants' baseline showing of good cause. *See id.* at 519–26. Buonora, on the other hand, generally relies on conclusory assertions that a protective order is necessary. The Court has not been provided with the IA report, nor any other evidence to support a showing of good cause. This is insufficient. *See*

---

[2] Judge Spatt affirmed the portions of Judge Tomlinson's order that were not mooted by the parties' settlement in the case. *See generally Dorsett v. Cnty. of Nassau*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011); *Dorsett v. Cnty. of Nassau*, 289 F.R.D. 54 (E.D.N.Y. 2012). The Second Circuit affirmed Judge Spatt's decision to not unseal the IA report, which was based in part on Judge Tomlinson's finding of good cause in connection with defendants' Rule 26(c) motion. *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 167–68 (2d Cir. 2013).

*Rofail*, 227 F.R.D. at 54–55.

In *Dorsett*, Judge Tomlinson also addressed defendants' argument that the IA report enjoyed statutory protections against inspection and review because it was part of a personnel file pursuant to N.Y. Civil Rights Law § 50-a. Judge Tomlinson reasoned that, although portions of the IA report fell within the definition of "personnel records" under § 50-a(1), "even in state court where § 50-a is directly applied, police personnel records are not afforded absolute protection from disclosure." 762 F. Supp. 2d at 531 (citations omitted). She then applied the two-prong test established in *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988), and determined that defendants had not satisfied the threshold showing in *King* to bring the IA report within the confidentiality provisions of § 50-a. *Id.* at 532–33. Under the first prong of the *King* test, "the police bear the burden of making a 'substantial threshold showing' that harm is likely to occur as a result of disclosure of the requested documents." *Cody v. N.Y.S. Division of State Police*, No. CV 07-3735, 2008 WL 3252081, at *3 (E.D.N.Y. July 31, 2008) (quoting *King*, 121 F.R.D. at 189). "Unless the government, through competent declarations, shows the court *what interests* [of law enforcement or privacy] would be harmed, *how* disclosure under a protective order would cause the harm, and *how much* harm there would be, the court cannot conduct a meaningful balancing analysis." *King*, 121 F.R.D. at 189 (internal quotations omitted) (emphasis in original). The declaration or affidavit submitted must (1) be under oath and penalty of perjury; (2) from a responsible official within the agency who has personal knowledge of the principal matters to be attested to; and (3) upon personal review of the documents. *Id.* Only upon satisfying this initial threshold showing will a court turn to the next prong and weigh the factors in favor of and against disclosure. *See Cody*, 2008 WL 3252081, at *3. In this case, Buonora has not submitted any declarations to make the "substantial threshold showing." *King*, 121 F.R.D. at 189. Therefore, he has not shown that the IA report falls within the confidentiality provisions of § 50-a(1).

Accordingly, Buonora's motion for a protective order is denied.

II. Request for Fees and Costs

Plaintiff moves for fees and costs for defending the present motion. Plaintiff, however, does not justify the request. Further, under Rule 11, to avoid the risk of sanctions, counsel must undertake reasonable inquiry to "ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 307 (S.D.N.Y.2005) (internal quotation marks omitted) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). In considering a motion for sanctions under Rule 11, this Court applies an objective standard of reasonableness. *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1257–58 (2d Cir. 1996). Moreover, "Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) (internal quotation marks and citation omitted). Additionally, "when divining the point at which an argument turns from merely losing to losing and sanctionable, . . . courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (internal quotation marks omitted). The Court has no basis to conclude that the instant motion was brought in bad faith or that Buonora did not reasonably believe that his rights were prejudiced by plaintiff's statements to *Newsday*. That the Court denies the motion does not warrant the awarding plaintiff fees and costs. *See, e.g.*, *Eisenberg v. Yes Clothing Co.*, No. 90 CIV. 8280(JFK), 1992 WL 36129, at *4 (S.D.N.Y. Feb. 19, 1992) ("Rule 11 sanctions are not to be imposed on every litigant that files a motion that the Court deems premature, or ill-advised, or weak."). Accordingly, Coggins's request for fees and costs is denied.

III. Motion to Strike

Finally, there is no reason to strike Buonora's reply or provide plaintiff with a further opportunity to respond. First, the Court has denied Buonora's motion. Second, the issues Buonora

addresses in his reply were raised by plaintiff in his opposition, including prior restraint on the press, the applicability of Fed. R. Civ. P. 65, and plaintiff's reliance on New York statutes. There is no legal ground to deny Buonora the opportunity to respond to plaintiff's arguments, much less sanction him for doing so. Accordingly, Coggins's motion to strike is denied.

IV. Conclusion

For the foregoing reasons, the Court denies Buonora's requests for gag and protective orders, denies Coggins's request for fees and costs, and denies Coggins's motion to strike.

SO ORDERED.

_____
Joseph F. Bianco
United States District Judge

Dated: February __, 2014
       Central Islip, NY